**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
CITY OF ANAHEIM, JORGE
CISNEROS, PAUL DELGADO, BRETT
HEITMAN, KENNETH WEBER, and
CATALIN PANOV

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez, | Case No. 8:22-cv-1351-JVS-ADS [*Hon. James V. Selna, Dist. Judge; Hon. Autumn D. Spaeth, M. Judge*] **NOTICE OF MOTION AND MOTION TO CONTINUE CASE MANAGEMENT DEADLINES, INCLUDING TRIAL DATE** *Filed Concurrently with [Proposed] Order* |
| Plaintiffs, | |
| vs. | Date:    January 15, 2024 Time:    1:30 p.m. Crtrm.: 10C [Santa Ana] |
| CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10, | |
| Defendants. | FPTC:         April 29, 2024 Trial Date:   May 14. 2024 |

1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV (collectively "Anaheim Defendants") respectfully request that this Court continue the case management deadlines and trial in this mattery by approximately 3 months, because the Anaheim Defendants recently substituted in their counsel in this matter; additional discovery is needed to facilitate further mediation; the stay in this matter related to the completion of the California Department of Justice criminal investigation was just lifted; there is a possibility for settlement, but a second mediation cannot be fit into the calendar under the current deadlines; and the Anaheim Defendants' counsel has conflicts with the currently May 14, 2024 trial date.

The Anaheim Defendants' motion is based on this notice, the attached memorandum of points and authorities, and all pleadings, papers and records in this action.

<u>NOTICE OF CONFERENCE OF COUNSEL PER LOCAL RULE</u>: On November 2, 2023, the Anaheim Defendants began discussing the need for a continuance with all parties.  On November 14, 2023, the Anaheim Defendants circulated a stipulation for such continuance.  Counsel for Defendants CITY OF SANTA ANA and DAVID VALENTIN ("Santa Ana Defendants") timely provided revisions to the stipulation and approved the same for filing.  After no response from the respective counsel for the three sets of Plaintiffs in this matter, on or about November 20, 2023, the Anaheim Defendants' counsel was able to speak with counsel for Plaintiffs JOHANNA LOPEZ, ANTONIO LOPEZ, and S.L. and counsel for Plaintiffs B.L. and J.L., who stated they would potentially be amenable to a continuance, but would need to review the provided stipulation.  Counsel for Plaintiff M.R. did not respond to the Anaheim Defendants' counsel's call.  After multiple follow ups via both phone and e-mail, Plaintiffs' lack of response necessitated this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

motion to ensure the requested relief was before the Court prior to any pertinent case management deadlines.

Thus, the Anaheim Defendants do not expect the Santa Ana Defendants to oppose this Motion and further do not expect that Plaintiffs JOHANNA LOPEZ, ANTIONIO LOPEZ, S.L, B.L., and J.L. to oppose this Motion in principle (though they make take issue with some of the dates if there are conflicts the Anaheim Defendants were not made privy to).  The Anaheim Defendants are not aware if Plaintiff M.R. will oppose this Motion, due to lack of response.

DATED:  December 18, 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    _/s/ Tony M. Sain_
          DANA ALDEN FOX
          TONY M. SAIN
          TORI L. N. BAKKEN
          ABIGAIL J. R. McLAUGHLIN
     Attorneys for Defendants,
     CITY OF ANAHEIM, JORGE
     CISNEROS, PAUL DELGADO, BRETT
     HEITMAN, KENNETH WEBER, and
     CATALIN PANOV

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

**Page**

1. INTRODUCTION & SUMMARY OF THE ARGUMENT. ........................... 1

2. RELEVANT PROCEDURAL & FACTUAL HISTORY. ............................... 2

    A. Underlying Incident. ................................................................. 2

    B. Relevant Procedural History. .................................................. 2

    C. Anticipated Depositions. .......................................................... 3

    D. Anaheim Defendants' Counsel's Calendar Conflicts. ............. 3

    E. The Requested Continuance. .................................................... 5

3. THERE IS GOOD CAUSE FOR THIS COURT TO GRANT THE ANAHEIM DEFENDANTS' REQUESTED CONTINUANCE. ................... 6

    A. The Parties Need to Conduct Additional Discovery That Cannot Be Completed Before The Current Discovery Cut-Off. ........................ 6

    B. Calendar Conflicts Prevent Discovery From Being Timely Completed. ...................................................... 7

    C. There Is Insufficient Availability For Further Mediation, Absent Continuance ..................................................... 8

    D. Anaheim Defendants' Counsel Have Conflicts With the Current Trial Dates. ............................................... 9

    E. There Was An Inexplicable Delay In Obtaining The Case File That Has Set Defense Counsel Back. ...................................... 9

4. THERE IS NO PREJUDICE TO PLAINTIFFS IN GRANTING THE REQUESTED CONTINUANCE. ..................................................... 9

5. CONCLUSION. ............................................................................. 10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION & SUMMARY OF THE ARGUMENT.

Defendants CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV (the "Anaheim Defendants") respectfully request that the honorable Court continue all of the still-pending case managements dates and deadlines for the following reasons.  First, the Anaheim Defendants recently substituted their counsel in this matter: and with the file transfer from old counsel to new counsel taking substantially longer than anticipated, the Anaheim Defendants' new counsel need additional time to review the file before being forced to actively defend the litigation.

Second, the Anaheim Defendants have been advised that, after a prior mediation failed to result in a settlement, there is now a reasonable prospect for a complete settlement of this matter between all plaintiffs and the Anaheim Defendants. However, in the face of back-to-back depositions and trials that cannot be moved, barring a continuance, counsel for the Anaheim Defendants currently have no calendar availability before the current Court-set for hearing (and presumably deciding) motions for summary judgment that could undermine the prospects for successful settlement negotiations.

Third, with the recent completion of the California Department of Justice's ("Cal. DOJ") homicide investigation, and the associated lifting of the Court's stay as to discovery/depositions pertaining to the officers who were subjects of the Cal. DOJ investigation, plaintiffs have requested depositions of these officers that, barring a continuance, will be unable to go forward before discovery closes, due to the same aforementioned immovable calendar conflicts of the Anaheim Defendants' counsel.

Fourth, the Anaheim Defendants' attorneys, including both lead attorneys Mr. Sain and Mr. Fox, have immovable trial conflicts with the current *Lopez* trial date.

Accordingly, since – despite the Anaheim Defendants' best efforts – plaintiffs refuse to stipulate to such a continuance, to permit the Anaheim Defendants to have a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

fair and meaningful opportunity to defend this matter in a manner that is conducive to productive settlement discovery and/or to needed discovery and trial, the Anaheim Defendants need about three more months to get all that needs doing on this case to be done in a timely fashion: and we thus respectfully request a conforming continuance of all of the still-pending case management dates and deadlines.

## 2.    RELEVANT PROCEDURAL & FACTUAL HISTORY.

### A.    Underlying Incident.

This case arises from an officer-involved shooting that took place on September 28, 2021, at the intersection of Santa Ana Blvd. and Bristol Street in the City of Santa Ana, California, that involved deployment of deadly force against Brandon Lopez. Plaintiffs contend this use of force was unconstitutional/unlawful, in part, because Mr. Lopez was unarmed at the time, and they have filed various causes of action accordingly. All defendants dispute such claims and assert that the use of deadly force was reasonable/lawful because Mr. Lopez was reported to be armed with a gun, ignored hours of commands to peacefully surrender, made threats to attempt suicide-by-cop, and then reached for an object in his waistband that officers believed to be a gun while charging toward Anaheim SWAT officers.

### B.    Relevant Procedural History.

On or about November 1, 2023, the Parties learned that the California Department of Justice ("Cal. DOJ") had finally completed its criminal investigation into this incident. [Dkt. 102, ¶ 5.] Cal DOJ concluded that it would not file criminal charges against the involved officers. [*Id.*, ¶ 6.] Thus, as a result, Plaintiffs respectfully requested that the Court Order staying discovery as to the Anaheim officer defendants be lifted, due to the conclusion of Cal DOJ's criminal investigation. [*Id.*, ¶ 7.]  On November 21, 2023, the Court granted this request.  [Dkt. 103.]

On November 2, 2023, this Court granted the Anaheim Defendants' Request to Substitute Attorney Tony M. Sain as counsel of record for the Anaheim Defendants.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

On or about November 29, 2023, Mr. Sain and his office finally received the complete file on this matter from prior counsel and our office was able to determine the status of this matter as we begin to evaluate how to best proceed with this litigation, including the need to continue the pending case management deadlines.

### C. Anticipated Depositions.

Particularly, with the stay associated with the Cal. DOJ investigation now lifted, the Anaheim Defendants anticipate that the following depositions will likely now need to take place:

- Damages Deposition of Plaintiff **Antonio Lopez** by Santa Ana Defendants (currently scheduled for January 15, 2024)

- Incident Deposition of Anaheim Defendant Ofcr. **Jorge Cisneros** by Plaintiffs (not yet scheduled)

- Incident Deposition of Anaheim Defendant Ofcr. **Paul Delgado** by Plaintiffs (not yet scheduled)

- Incident Deposition of Anaheim Defendant Ofcr. **Brett Heitman** by Plaintiffs (not yet scheduled)

- Incident Deposition of Anaheim Defendant Ofcr. **Catalin Panov** by Plaintiffs (not yet scheduled)

- Other Incident Depositions of **Non-Defendant Officers** To Be Determined by Plaintiffs (not yet scheduled)

- Other Incident Depositions of **Non-Party Civilians** To Be Determined by Defendants (not yet scheduled)

- Other Damages Plaintiffs' Depositions.

- Expert Depositions (once disclosures are exchanged).

### D. Anaheim Defendants' Counsel's Calendar Conflicts.

Counsel for the Anaheim Defendants have looked closely at their calendars for November 2023 through May 2024 and found a tangle of immovable calendar conflicts that makes a continuance in this case a desperate need.

At the time of receiving notice that the instant case was being transferred to the Lewis Brisbois law firm, counsel for the Anaheim Defendants had: (1) only one date in early November 2023 that was unencumbered by immovable depositions, client


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

meetings in preparation for court proceedings, holidays, or associated travel; (2) only one date in mid-December 2023 that was similarly unencumbered; (3) no dates in January 2024 that were similarly unencumbered by immovable depositions, client meetings in preparation for court proceedings, holidays, associated travel, or trial; (4) two dates in early February 2024 that were similarly unencumbered; (5) no dates in March 2024 that were similarly unencumbered; (6) no dates in April 2024 that were similarly unencumbered; and (7) only 5 non-consecutive dates in May 2024 that were similarly unencumbered.

This was, in part, due to having the following conflicting trial dates:

(a)     01/09/2024-~01/19/2024 (Trial in *Magdaleno v. County of Riverside, et al.*, C.D. Cal./Riverside, Hon. Jesus G. Bernal);

(b)     01/23/2024-~02/06/2024 (Trial in *Zumwalt-Hernandez v. County of Riverside, et al.*, C.D. Cal./Riverside, Hon. Jesus G. Bernal);

(c)     02/16/2024-~03/29/2024 (Trial in *Lowrie (Serrano) v. County of Riverside, et al.*, Riverside Cty. Super. Ct./Riverside, Hon. Carol A. Greene);

(d)     04/16/2024-~04/26/2024 (Trial in *Nunis v. City of Chula Vista, et al.*, S.D. Cal./San Diego, Hon. Anthony J. Battaglia);

(e)     05/01/2024-~05/08/2024 (Trial in *Jane Doe #2 v. Whittier Union High School*, Los Angeles Sup. Ct., Hon. Lynne M. Hobbs);

(f)     05/10/2024-~05/15/2024 (Trial in *Gibson v. County of Riverside, et al.*, Riverside Cty. Super. Ct./Murrieta, Hon. Raquel A. Marquez);

(g)     05/20/2024-~06/10/2024 (Trial in *Caldwell, et al. v. Live Nation Worldwide, Inc.*, Los Angeles Cty. Super. Ct., Hon. Kerry Bensinger);

(h)     05/21/2024-~05/31/2023 (Trial in *Sartor v. County of Riverside, et al.*, C.D. Cal./Riverside, Hon. Jesus G. Bernal);

(i)     06/18/2024-~06/28/2024 (Trial in *Huerta v. County of Tulare, et al.*, E.D. Cal./Fresno, Hon. Erica P. Grosjean); and


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1     (j)    07/29/2024-~08/09/2024 (Trial in *Laspada v. City of Antioch, et*
2 *al.*, N.D. Cal./San Francisco, Hon. Thomas S. Hixson).

3     Given that there are five sets of attorneys whose calendars must be aligned for
4 depositions and mediations – Anaheim Defendants; Santa Ana Defendants; and 3 sets
5 of attorneys for plaintiffs – the Anaheim Defendants are certain that the limited spaces
6 currently available on their calendar will be insufficient to allow for the completion
7 of needed depositions or discovery that could facilitate settlement through proper
8 evaluation of the basis for plaintiffs' damages claims, let alone for a second mediation.

9     **E.    The Requested Continuance.**

10     In light of the foregoing, the Anaheim Defendants believe that with a
11 continuance of about three months, additional dates will thus become available for
12 timely completion of the tasks needed to advance this litigation.

13     Notably, this motion constitutes the <u>second</u> request for any continuance of any
14 case management deadlines in this action, and the <u>first</u> request made after the
15 conclusion of the Cal. DOJ criminal investigation.  [*See* Dkt. 35, 82.]  The current
16 case management deadlines and the requested new deadlines are as follows:

17
| Event | Current Date | Continued Date |
|---|---|---|
18, 19 | Fact/Non-Expert Discovery Cutoff – Last Day to Complete | February 16, 2024 | May 10, 2024 |
20 | Initial Expert Disclosures – Service Due | February 29, 2024 | May 17, 2024 |
21 | Rebuttal/Supplemental Expert Disclosures – Service Due | March 14, 2024 | May 31, 2024 |
22, 23 | Expert Discovery Cutoff – Last Day to Complete | April 15, 2024 | June 14, 2024 |
24 | Law and Motion Cutoff- Last Day for Filing | February 26, 2024 | June 17, 2024 |
25 | Law and Motion Cutoff – Last Day for Hearing | March 25, 2024 at 1:30 p.m. | July 15, 2024 at 1:30 p.m. |
26 | Last Day to File Motions *in Limine* | April 1, 2024 | July 22, 2024 |
27 | PreTrial Documents – Last Day to File | April 22, 2024 | July 22, 2024 |

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133018915.1

5

DEFTS.' MOTION TO CONTINUE CASE MANAGEMENT DEADLINES, INCLUDING TRIAL DATE

| Pretrial Conference | April 29, 2024 | August 12, 2024 at 11:00 a.m. |
| TRIAL | May 14, 2024 | August 27, 2024 at 8:30 a.m. (Tu-F) |

## 3.   THERE IS GOOD CAUSE FOR THIS COURT TO GRANT THE ANAHEIM DEFENDANTS' REQUESTED CONTINUANCE.

Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order may be modified "only for good cause."  Fed. R. Civ. P. 16(b)(4).

> Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment.  . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (cleaned up).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2022) (quoting *Johnson*, 975 F.2d at 609).  "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion."  *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

As the facts above show, the moving party has been diligent, but needs additional time due to extenuating circumstances.

### A.   The Parties Need to Conduct Additional Discovery That Cannot Be Completed Before The Current Discovery Cut-Off.

As an initial matter, no amount of diligence by the moving party could have prevented Cal. DOJ from conducting its criminal/homicide investigation into this incident, or have altered Cal. DOJ's investigative timing.  That Cal. DOJ completed its investigation right when the Anaheim Defendants were in the process of replacing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133018915.1                                    6

DEFTS.' MOTION TO CONTINUE CASE MANAGEMENT DEADLINES, INCLUDING TRIAL DATE

their attorneys in this case is the kind of thing that no moving party could be expected to control or remedy by diligence.

Moreover, as stated above, on November 21, 2023, the Court lifted the stay of discovery as to Defendants Brett Heitman, Kenneth Weber, Paul Delgado, and Catalin Panov. [Dkt. 103.] Accordingly, Plaintiffs will more than likely be seeking these defendants' depositions. Additionally, some of Plaintiffs' depositions still need to be taken in order to properly assess their damages claims before any meaningful attempt at settlement can be completed. However, under the current case management deadlines, the last day to conduct depositions is February 9, 2024. [*See* Dkt. 34 at 2:22-23; Dkt. 82.] As the parties have not even begun discussing scheduling these depositions, especially with the Anaheim Defendants' counsel's current unavoidable scheduling conflicts (see above) and the additional coordination of the calendars of each set of Plaintiffs' counsel and counsel for the Santa Ana defendants, there is no realistic opportunity to squeeze needed depositions into the current calendar before to the operative discovery cut-off.

Thus, without the requested continuance, such needed depositions cannot be timely completed.

**B.      Calendar Conflicts Prevent Discovery From Being Timely Completed.**

Due to the Anaheim Defendants' current calendar conflicts, it is further unlikely that the necessary discovery can be completed in advance of the current case management deadlines and a continuance is needed. *See TML Recovery, LLC v. Cigna Corp., et al.*, No. 20-269, 2022 WL 18397539, at *1-2 (C.D. Cal. Sep. 12, 2022) (finding good cause in part due to unavoidable scheduling conflicts).

Specifically, the Anaheim Defendants' counsel has a number of unavoidable calendar conflicts that leave only a handful of available dates for completion of any depositions before the current February 16, 2024 non-expert/fact discovery cut-off ("DCO"). Indeed, for counsel for the Anaheim Defendants, for all of November and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133018915.1

7

DEFTS.' MOTION TO CONTINUE CASE MANAGEMENT DEADLINES, INCLUDING TRIAL DATE

December 2023, such defense counsel had only one unclaimed/available date (now past); for all of January 2024, such defense counsel have only one unclaimed/unavailable date; and for all of February 2024, such defense counsel have no more than four (impractical) date-options available – at a time when such defense counsel would be just completing one jury trial and days away from starting another, far lengthier, jury trial.  Put simply, under the current case management deadlines, there are not enough remaining-available dates to complete needed discovery and depositions.

These conflicts occurred through no fault of the Anaheim Defendants, but are associated with earlier-filed matters and Court orders that cannot be modified at this point in time.  The Anaheim Defendants continue to act with all due diligence associated with this matter, but are unable to accomplish all necessary tasks prior to the pending case management deadlines in this matter.

**C.      There Is Insufficient Availability For Further Mediation, Absent Continuance**.

Moreover, Plaintiffs and Anaheim Defendants are discussing engaging in a second mediation regarding this matter.  In order to engage in that second mediation in good faith, and potentially resolve this case, the Anaheim Defendants must take the appropriate and relevant depositions of Plaintiffs and other damages witnesses.  Moreover,  such defendants will likely need to pursue additional written discovery relevant to damages and settlement valuation.  Specifically, the deposition of plaintiff Antonio Lopez has not yet occurred, but is scheduled for the first available date of January 15, 2024; as well as other as yet incomplete damages discovery.

However, absent the continuance sought, such additional discovery cannot be timely completed.

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### D.   Anaheim Defendants' Counsel Have Conflicts With the Current Trial Dates.

In addition to needing additional time to complete pre-trial discovery and otherwise prepare the defense in this case, the Anaheim Defendants' new counsel currently have immovable conflicts that prevent the current case management deadlines from being met, including the current May 14, 2023 trial date in this matter. *See United States ex rel. Holder v. Special Devices, Inc.*, 296 F. Supp. 2d 1167, 1178 (C.D. Cal. 2003) (taking into account attorneys' trial conflicts when granting motion to continue trial date).

As detailed above, absent a continuance, Anaheim Defendants will not have their chosen counsel available to defend them at the trial as currently calendared.

### E.   There Was An Inexplicable Delay In Obtaining The Case File That Has Set Defense Counsel Back.

For reasons unknown and beyond the control of the Anaheim Defendants or their new counsel, it took nearly a month for substitute counsel to receive the case file records from prior counsel.  This inexplicable delay further impairs the Anaheim Defendants' ability to meet the current case management deadlines.

### 4.   <u>THERE IS NO PREJUDICE TO PLAINTIFFS IN GRANTING THE REQUESTED CONTINUANCE.</u>

In the event that Plaintiffs oppose this Motion (though the majority of Plaintiffs are not expected to oppose this Motion in principle), there would be no prejudice from this Court granting an approximately 3 month continuance of all case management deadlines, including trial in this matter.  As discussed above, Plaintiffs still need to take the depositions of the individual defendants in this matter, now that the partial discovery stay was lifted.  Moreover, continuing the case management deadlines will allow Plaintiffs and the Anaheim Defendants to participate in their intended second mediation in this matter: which will promote judicial economy if all parties are available to participate in good faith based on the damages evidence obtained and a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

settlement is potentially reached.  Thus, the requested continuance is beneficial to all parties and should be granted accordingly.

## 5.  CONCLUSION.

The Anaheim Defendants respectfully request that this Court grant this Motion in its entirety and revise the case management deadlines as follows:

| Event | Current Date | Continued Date |
|---|---|---|
| Fact/Non-Expert Discovery Cutoff – Last Day to Complete | February 16, 2024 | May 10, 2024 |
| Initial Expert Disclosures – Service Due | February 29, 2024 | May 17, 2024 |
| Rebuttal/Supplemental Expert Disclosures – Service Due | March 14, 2024 | May 31, 2024 |
| Expert Discovery Cutoff – Last Day to Complete | April 15, 2024 | June 14, 2024 |
| Law and Motion Cutoff- Last Day for Filing | February 26, 2024 | June 17, 2024 |
| Law and Motion Cutoff – Last Day for Hearing | March 25, 2024 at 1:30 p.m. | July 15, 2024 at 1:30 p.m. |
| Last Day to File Motions *in Limine* | April 1, 2024 | July 22, 2024 |
| PreTrial Documents – Last Day to File | April 22, 2024 | July 22, 2024 |
| Pretrial Conference | April 29, 2024 | August 12, 2024 at 11:00 a.m. |
| TRIAL | May 14, 2024 | August 27, 2024 at 8:30 a.m. (Tu-F) |

DATED:  December 18, 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ Tony M. Sain
          DANA ALDEN FOX
          TONY M. SAIN
          TORI L. N. BAKKEN
          ABIGAIL J. R. McLAUGHLIN
       Attorneys for Defendants,
       CITY OF ANAHEIM, JORGE
       CISNEROS, PAUL DELGADO, BRETT
       HEITMAN, KENNETH WEBER, and
       CATALIN PANOV



# FEDERAL COURT PROOF OF SERVICE

LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.

Case No. 8:22-cv-1351

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 18, 2023, I served the following document(s):  NOTICE OF MOTION AND MOTION TO CONTINUE CASE MANAGEMENT DEADLINES, INCLUDING TRIAL DATE

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Dale K. Galipo, Esq.
Renee V. Masongsong, Esq.
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Tel: (818) 347-3333
Fax: (818)  347-4118
dalekgalipo@yahoo.com
rvalentine@galipolaw.com

**ATTORNEYS FOR PLAINTIFFS:**
**B.L., J.L., and M.R.**

The documents were served by the following means:

☒  (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 18, 2023, at Los Angeles, California.

/s/ Corinne Taylor

Corinne Taylor

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133018915.1

1

DEFTS.' MOTION TO CONTINUE CASE MANAGEMENT DEADLINES, INCLUDING TRIAL DATE