1  Angel Carrazco, Jr. Esq. (SBN 230845); angel@carrazcolawapc.com
   Kent M. Henderson, Esq. (SBN 139530); hendolaw@gmail.com
2  **CARRAZCO LAW A.P.C.**
3  18301 Irvine Boulevard
   Tustin, CA  92780
4  Tel: (714) 541-8600
5  Fax: (714) 541-8601

6  Attorneys for minor Plaintiffs J.L. and B.L.

7

8  UNITED STATES DISTRICT COURT FOR THE
9  CENTRAL DISTRICT OF CALIFORNIA
10

11

12  ANTONIO LOPEZ, individually;            ) CASE NO.: 8:22-cv-01351-JVS-ADS
    JOHANNA LOPEZ, individually; M.R.,     )
13  by and through his guardian ad litem,   ) **EX PARTE APPLICATION AND**
    April Rodriguez, individually and as    ) **PETITION FOR APPROVAL OF**
14  successor in interest to Brandon Lopez; ) **MINORS' COMPROMISES OF**
    B.L. and J.L., by and through their    ) **MINOR PLAINTIFFS J.L AND**
15  guardian ad litem Rachel Perez,         ) **B.L; MEMORANDUM OF POINTS**
    individually and as successors in interest) **AND AUTHORITIES IN SUPPORT**
16  to Brandon Lopez; S.L., by and through  ) **THEREOF; EXHIBIT NOS. 1 AND**
    his guardian ad litem, Rocio Flores,    ) **2 THERETO**
17  individually and as successor in interest)
    to Brandon Lopez,                       ) Declaration of Kent M. Henderson and
18                                          ) Declaration of Minors' Guardians,
                 Plaintiffs,                ) Rachel Perez and Exhibits thereto filed
19                                          ) concurrently herewith]
           vs.                              )
20                                          )
    CITY OF ANAHEIM, a municipal            ) [Proposed Order submitted
21  corporation; CITY OF SANTA ANA;         ) concurrently herewith]
    DAVID VALENTIN; JORGE                   )
22  CISNEROS; PAUL DELGADO;                 )
    BRETT HEITMAN; KENNETH                  ) Honorable James V. Selna
23  WEBER; CAITLIN PANOV; and               ) Hon. Mag. Judge Autmn D. Spaeth
    DOES 1-10, inclusive,                   )
24                                          )
25                                          )
                                            )
26  _____)

27  **TO THE HONORABLE JAMES V. SELNA, ALL PARTIES AND TO THEIR**
28  **ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Plaintiffs J.L. and B.L., minors by and through their Guardian Ad Litem, Rachel Perez, hereby petition this Court Ex Parte to approve the minors' proposed compromises of their claims in this matter. The details of the history of the litigation and the terms of the minors' compromises and settlement are set forth in the Petition for Compromise of the Claim of Minors, supporting Declarations and Exhibits attached hereto and/or filed herewith.

Statement of Local Rule 7-3 Compliance: Prior to filing this motion, the parties conferred regarding its contents and Defense counsel, Robert R. Fabela, Esq. of City of Anaheim, City Attorney's Office, has been given notice of this Application and Defendants have no objection to it. Defendants and their counsel have agreed to the terms of the minors' compromises and settlements, obtained the necessary approvals of them and have agreed to allow Plaintiffs to seek the Order Approving Minors' Compromises Ex Parte and to obtain the approval without a hearing.

This Application is based on this Petition, the Memorandum of Points and Authorities, the records and files of this Court, the attached Declaration of Kent M. Henderson, the Declarations of the Guardian Ad Litem and exhibits thereto.

Dated: May 3, 2024

                                       CARRAZCO LAW A.P.C.

                                       /S/ Kent M. Henderson
                                       KENT M. HENDERSON
                                       Attorneys for Plaintiffs J.L. and B.L.

# EX PARTE APPLICATION AND PETITON FOR ORDER APPROVING MINORS' COMPROMISES

## I. INTRODUCTION:

Rachel Perez, guardian *ad litem* for minor Plaintiffs J.L. and B.L., hereby submits this *ex parte* petition and proposed order for approval of the terms of the settlement of the minors' claims and the structured settlement annuity for the compromise of Plaintiffs J.L. and B.L.'s claims in this matter, and request that this Honorable Court approve of the proposed distribution of Plaintiffs J.L. and B.L. funds.

The instant claim of Plaintiffs J.L. and B.L. arose out of the officer-involved shooting death of their father, Brandon Lopez ("Mr. Lopez" or "Decedent") during an incident involving officers from The City of Anaheim (Anaheim Police Department). Plaintiffs J.L and B.L. are two of the four of Decedent's biological children and successors in interest. The two other children of Decedent are Marcus Rodriguez, who is represented by The Law Offices of Dale K. Galipo and; S.L., a minor by and his guardian ad litem Rocio Flores who is represented by DeWitt Lacy of Burris, Nisenbaum, Curry & Lacy, are Plaintiffs in this matter. In addition to Plaintiffs J.L., B.L., S.L., and Marcus Rodriguez, the biological parents of Decedent, Antonio Lopez and Johana Lopez who are represented by DeWitt Lacy of Burris, Nisenbaum, Curry & Lacy. This settlement does not involve the biological parents of Decedent (the parents have not settled).

Plaintiffs and Defendants have agreed to settle the case of the settling Plaintiff which includes minors J.L. and B.L. referenced herein. The settlement has been approved by the appropriate governmental body. The settlement obligates Defendants to pay to the four (4) settling Plaintiffs and their attorneys of record a total global settlement sum of $5,800,000.00 ($1,450,000.00 each), with the settlement proceeds being shared 25% for each Plaintiff J.L., B.L., S.L., and Marcus Rodriguez. The settlement sum and division / distribution will be set forth to below:

## II. THE PROPOSED SETTLEMENT AND DISTRIBUTION

### A. The Overall Settlement

Plaintiffs J.L., B.L., S.L, and Marcus Rodriguez are the natural born minor sons and daughters of Decedent BRANDON LOPEZ.  The instant claims of J.L., B.L., S.L., and Marcus Rodriguez arise from the fatal shooting of the minors' father by CITY OF ANAHEIM Police Officers PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, AND CATLIN PANOV (hereinafter sometimes referred to as "APD OFFICERS) on September 28, 2021. The claims by minor Plaintiffs J.L. and B.L. include against the individual officers for violation of Federal Civil Rights under color of law (42 U.S.C. Section 1983) under the Fourth Amendment (Excessive force) and J.L. and B.L. also timely presented Government Claims and filed wrongful death claims based on Battery and Negligence against all Defendants.

The minor Plaintiffs in this petition are:

1. J.L. (current Age: 13 years old; Date of Birth [12-1-2010]), Guardian Ad Litem:  Rachel Perez (mother); and

2. B.L. (current Age: 15 years old; Date of Birth [03-04-2009]), Guardian Ad Litem: Maria Rosas (mother).

The overall total settlement regarding minors J.L. and B.L. is that Defendants will pay $2,900,000.00 gross total settlement to minor Plaintiffs J.L. and B.L. and their respective counsel, and in exchange for said settlement payment, Plaintiffs J.L. and B.L. will dismiss their claims in the current action. The breakdown of the settlement proceeds is set forth below.

**B. The Proposed Settlement Distribution regarding minors J.L. and B.L.**

The overall $2,900,000.00 gross settlement as to minor Plaintiffs J.L and B.L. will be distributed as follows:

**1. Minor Plaintiff J.L**. Total Gross Settlement: $1,450,000.00 -- (25% of the overall gross settlement of all settling Plaintiffs). Attorneys' fees $362,500.00 (25%). Litigation (including expert) costs: $3,859.62 (Pro-rata 25% of total costs). <u>Net to Minor J.L. (to fund structure/annuity): $1,083,640.38</u>. [1,450,000.00 - 362,500.00 - 3,859.62 = $1,083,640.38].

**2. Minor Plaintiff B.L**. Total Gross Settlement: $1,450,000.00 -- (25% of the overall gross settlement of all settling Plaintiffs). Attorneys' fees $362,500.00 (25%). Litigation (including expert) costs: $3,859.62 (Pro-rata 25% of total costs). <u>Net to Minor B.L. (to fund structure/annuity): $1,083,640.38</u>. [1,450,000.00 - 362,500.00 - 3,859.62 = $1,083,640.38].

The Net Proceeds of the Settlements (after attorneys' fees and costs) will be distributed as follows:

1. As to **Minor Plaintiff J.L.**, the net $1,083,640.38 will be payable to "Prudential Assigned Settlement Service Corporation" to fund a structured settlement annuity with a payout schedule as follows:

**Payable to Rachel Perez guardian ad litem For the Beneift of J.L**.
Monthly Income
Commencing on (07/15/2024)
$ 2,000.00 payable monthly for 4 years and 5 months. Last Guaranteed payment on 11/15/2028

**Payable to J.L**.
Commencing at 18 (12/01/2028)
$4,953.42 payable monthly for life, guaranteed for 25 years & Life.

The expected payout of this structured settlement annuity is $1,592,026.00. The structured settlement annuity for J.L. is with Prudential Insurance Company of America which is rated A+ XV A.M. Best's Credit Ratings (See Henderson Dec., para. 29 and Exhibit No. 1 hereto).

2. As to **Minor Plaintiff B.L.**, the net $1,083,640.38 will be payable to "Prudential Assigned Settlement Service Corporation" to fund a structured settlement annuity with a payout schedule as follows:

**Payable to Rachel Perez guardian ad litem For the Beneift of B.L**.
Monthly Income
Commencing on (07/15/2024)
$ 2,000.00 payable monthly for 2 years and 8 months. Last Guaranteed payment on 02/15/2027

**Payable to B.L.**
Commencing at 18 (03/04/2027)
$4,626.18 payable monthly for life, guaranteed for 25 years & Life.
The expected payout of this structured settlement annuity is $1,451,854.00. The structured settlement annuity for B.L. is with Prudential Insurance Company of America which is rated A+ XV A.M. Best's Credit Ratings (See Henderson Dec., para. 29 and Exhibit No. 2 hereto).

**C. Description of the Attorneys' Fees and Costs**

The extensive litigation included: CARRAZCO LAW A.P.C. (hereinafter Carrazco Law) were substituted in the case by replacing the Law Offices of Dale K. Galipo. Carrazco Law, A.P.C. represented plaintiffs in Mediation. (See Henderson Dec. filed herewith).

Additionally, Carrazco Law, A.P.C. assisted the Law offices of Dale K. Galipo with extensive litigation by obtaining the records and responding to written discovery, propounded written discovery and drafting Motions, obtained the autopsy and autopsy photographs, conducted additional investigation, advised clients and attended settlement conferences at district court, prepared additional paperwork and prepared the current petitions.

The attorneys' fees are being charged at 25% ($362,500.00 each minor) as allowed under the Carrazco Law, A.P.C. retainer agreements and given the special skill and difficult nature of these type of civil rights cases.

Carrazco Law, A.P.C. expended and advanced $7,719.24 in total costs in this case (comprised of $3,859.62 (each minor) [including costs of previous counsel] in litigation costs [filing fees, deposition transcript costs, copies of records, etc.] (See

Henderson Dec.).

The settlement includes a Qualified Assignment/structured settlement annuity with payment schedules for periodic payments for two of the minor Plaintiffs (J.L. and B.L.). The $5,800,000.00 overall global settlement as to all settling Plaintiffs is inclusive of all attorney's fees and costs of litigation. The proposed settlement distribution for Minor Plaintiff's J.L. and B.L. of the net settlement amounts is set forth above.

**TOTALS:**

Therefore, Minor Plaintiffs J.L. and B.L. hereby requests an order directing disbursements to be made from the settlement proceeds as follows:

| Check No./ Payable to | Amount |
|---|---|
| 1. Prudential Assigned Settlement Service Corporation (Annuity Draft/Annuity Company) [for J.L. settlement] | $1,083,640.38 |
| 2. Prudential Assigned Settlement Service Corporation (Annuity Draft/Annuity Company) [for B.L. settlement] | $1,083,640.38 |
| 3. Carrazco Law A.P.C. (Attorneys' fees and reimbursed litigation costs for both minor Plaintiffs J.L. and B.L.) | $732,719.24 |
| TOTAL: | $2,900,000.00 |

## II. DISCUSSION

### A. Procedural Framework

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c). In general, all transactions involving the claims of minors and their proceeds are subject to court approval.

The Local Rules provide the applicable procedural framework. Local Rule 17-1.2 provides that no claim involving a minor "shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384."

These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952." Finally, Local Rule 17-1.5 provides that in all cases involving the claims of minors, "the Court shall fix the amount of attorney's fees." This application also requests that the Court fix the amount of attorneys' fees at the

amounts set forth above.

**B.     Disclosures pursuant to California Rule of Court 7.950**

1.     Petitioner Rachel Perez is the Guardian Ad Litem for her son, Plaintiff J.L.

2.     Petitioner Rachel Perez is the Guardian Ad Litem for her daughter, Plaintiff B.L.

4.     The claimants J.L. and B.L. are minor children of the decedent BRANDON LOPEZ in this case.

5.     The Minor J.L.'s gender is male, and he was born on December 1, 2010. J.L. is currently 13 years old.

6.     The Minor B.L.'s gender is female, and she was born on March 4, 2009. B.L. is currently 15 years old.

8.     The nature of J.L. and B.L.'s claims in this lawsuit are set forth in the operative Second Amended Complaint [Doc. 71, filed 06/28/2022] filed in this action. Plaintiffs J.L and B.L. brought claims for the loss of the love, aid, comfort, society, affection, guidance, etc. of their father under state law (Battery and Negligence) and for the conscious pain and suffering of Decedent under Federal Law. Plaintiffs J.L. and B.L. reached a settlement of this matter.

9.     Plaintiffs J.L. and B.L.'s damages in this case arise from (1) their individual loss of their father's comfort, care, companionship, training, support, and guidance and (2) the conscious pain and suffering of Decedent under Federal Law. (Henderson Dec. para. 32).

10. Medical treatment is not relevant. Plaintiffs J.L. and B.L. have not received medical treatment in connection with this case.

11. Medical billing is not relevant. Plaintiffs J.L. and B.L. have not received medical treatment in connection with this case.

12. The total gross amount of J.L. and B.L.'s portion of the $5,800,000.00 global settlement of all settling Plaintiffs is $1,450,000.00 (25% each). Minor Plaintiff J.L. is receiving: $1,450,000.00 gross settlement (25% of total global settlement). Minor Plaintiff B.L. is receiving $1,450,000.00 gross settlement (25% of total global settlement). (Henderson Dec. para. 33).

13. The net proceeds for J.L are $1,083,640.38. $362,500.00 were deducted for attorneys' fees (25%) and $3,859.62 was deducted for costs (25% proportional share of overall costs). [$1,450,000.00 – $362,500.00 – $3,859.62 = $1,083,640.38]. (Henderson Dec. para. 34).

14. The proceeds for B.L. are $1,083,640.38. $362,500.00 were deducted for attorneys' fees (25%) and $3,859.62 was deducted for costs (25% proportional share of overall costs). [$1,450,000.00 – $362,500.00 – $3,859.62 = $1,083,640.38]. (Henderson Dec. para. 35).

16. The net proceeds for J.L. of $1,083,640.38 will be used to fund a structured settlement/annuity to be distributed over time that will have two aspects. There will be monthly income commencing on July 15, 2024 of $2,000.00 monthly payable to Rachel Perez guardian ad litem For the Benefit of J.L. (full name to be used in Order) for four years and five months. Once J.L. reaches the age of 18 there

will be a new monthly income rate of $4,953.42 paid to J.L. for 25 years or life guaranteed with the expected payout of this structured settlement annuity is $1,592,026.00. (Henderson Dec. para. 36, Declaration of GAL Rachel Perez and Exhibit No. 1).

17. The net proceeds for B.L. of $1,083,640.38 will be used to fund a structured settlement/annuity to be distributed over time that will have two aspects. There will be monthly income commencing on July 15, 2024, of $2,000.00 monthly payable to Rachel Perez guardian ad litem For the Benefit of B.L. (full name to be used in Order) for two years and eight months. Once B.L. reaches the age of 18 there will be a new monthly income rate of $4,626.18 annually paid to B.L. for 25 years or life guaranteed with the expected payout of this structured settlement annuity is $1,451,854.00. (Henderson Dec. para. 37, Declaration of GAL Rachel Perez and Exhibit No. 2).

18. Attached as "Exhibit No. 1" to this petition is a structured settlement annuity regarding minor Plaintiff J.L. with a payment schedule which is incorporated herein in its entirety by reference. J.L.'s Guardian ad Litem agrees to this structure and believes that it is in the best interests of her son, J.L.

19. Attached as "Exhibit No. 2" to this petition is a structured settlement annuity regarding minor Plaintiff B.L. with a payment schedule which is incorporated herein in its entirety by reference. B.L.'s Guardian ad Litem agrees to this structure and believes that it is in the best interests of her daughter, B.L.

20. The moving Guardian ad Litem Rachel Peres does not have any claims

against the minor plaintiffs in connection with the subject incident.

21. California Welfare and Institutions Code Section 14124.73 does not apply.

22. This motion does not seek an order for payment of money to a special needs trust for minors J.L. or B.L. (Henderson Dec., para. 38).

### C. Disclosures pursuant to California Rule of Court 7.951

1. This petition was prepared by Carrazco Law, A.P.C. located at 18301 Irvine Blvd. Tustin, CA 92780.

2. Carrazco Law A.P.C. did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. (Henderson Dec. para. 40).

3. Carrazco Law A.P.C. represents Plaintiffs J.L. and B.L. but are not employed by any other party or any insurance carrier involved in the matter. (Henderson Dec. para. 41).

4. Carrazco Law A.P.C. has not to date received any compensation for services in connection herewith from any person. (Henderson Dec., para. 42).

5. Carrazco Law A.P.C. accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 25 percent attorney fee recovery if the matter concludes after commencement of a lawsuit. The retainer agreement also provides that the 25 percent retainer is in addition to any attorneys' fees awarded under Section 1988. Plaintiffs' counsel is taking a 25% attorneys' fee in this matter. (Henderson Dec. para. 43). The

attorneys' fees total $725,000.00 ($362,500.00 each minor) and the costs total $7,719.24 ($3,859.62 each minor) The attorneys' fees will be paid $725,000.00 and $7,719.24 costs will be paid by check in the amount of $732,719.24.

### D. Special Needs Trust for D.C.G. Settlement

Plaintiffs' J.L. and B.L. do not require a special needs trust. (Henderson Dec., para. 38).

### E. Petitioners' Endorsement

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors' claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioner further understands the transactions proposed in this petition, and requests that the Court approve it.

Petitioner recommends these transactions and the proposed distribution to the Minors J.L., and B.L. to the Court as being fair, reasonable, and in the best interests of Minors J.L., and B.L., and request the Court approve them and make such other and further orders as may be just and reasonable.

Petitioner specifically requests that the Court enter an order approving the proposed annuities described in Exhibit Nos. 1 and 2. Petitioner submits that these disbursements are reasonable and in their respective mother's, son's and daughter's best interests, and request that the Court approve them and make such other and further orders as may be just and reasonable.

///

### F. Attorneys' fees and Minor Plaintiffs

Local Rule 17-1.5 provides that in all cases involving the claims of minors, "the Court shall fix the amount of attorney's fees." See also Local Rule 83-5.3 (identical rule effective June 1, 2012, superseded by current rule). The attorneys' fees that are requested to be approved represent an amount due under the existing retainer agreement, 25%.

This case involved a substantial amount of risk, a great deal of work and was vigorously litigated by a hardworking team of attorneys from Carrazco Law A.P.C., Law Offices Dale K. Galipo, and Burris, Nisenbaum, Curry & Lacy. Plaintiffs' counsel obtained outstanding results for their clients in this case. As a result of the attorneys' efforts, J.L, and B.L. will enjoy net payments of $3,043,880.00 [1,592,026.00 (J.L.) + $1,451,854.00 (B.L.)] (the total of the annuities expected payouts and settlement payment) spread throughout their lives. As a result of the work of Plaintiffs' counsels the City of Anaheim and Anaheim Police Officers responsible for their father's death was the subject of an important civil rights settlement, which (it is hoped) will deter future police misconduct of this kind. Put simply, the result in this case served the public interest.

If J.L. and B.L.'s counsel were not awarded a compensatory fee in such cases, then this would discourage similarly situated attorneys from taking these types of cases. Specifically, it would provide a disincentive for skilled attorneys to take cases involving minor plaintiffs, which if anything requires a higher level of legal expertise and experience than cases involving adult plaintiffs. Minor plaintiffs, such

as J.L. and B.L. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs J.L., B.L.'s attorneys request the approval of the requested attorneys' fees and costs as to J.L. and B.L..

## III. CONCLUSION

For the reasons above, the Court should enter the [Proposed] Order Approving Minors Compromise for Minors J.L. and B.L. submitted concurrently herewith.

Dated: May 3, 2024

CARRAZCO LAW, A.P.C.

/S/ Kent M. Henderson
KENT M. HENDERSON
Attorneys for Plaintiffs J.L., and B.L.

ENDORSEMENT OF PETITION: I, Rachel Perez, as Guardian Ad Litem of my son, J.L., and my daughter B.L., have reviewed the foregoing Petition for Approval of Minors' Compromise and I know and approve of its contents.

DATED: May 3, 2024

Rachel B. Perez
Rachel Perez, as Guardian ad Litem
of J.L. and B.L.

EXHIBIT NO. 1

## Minor's Compromise Addendum
## For


$1,083,640.38 is to be used, with the court's permission, to purchase an annuity, in which Prudential Assigned Settlement Services Corporation will provide for the following Periodic Payments to be made by The Prudential Insurance Company of America, rated A+XV by A.M. Best.

Assignor/Defendant agrees to make the periodic payments set forth in section (a), herein below. All sums constitute damages on account of personal injuries arising from an occurrence within the meaning of Section 104(a)(2).

    a) The periodic payment schedule for J▮▮▮▮▮ L▮▮▮ is as follows:

**Periodic Payments payable to Rachel Perez guardian ad litem FBO J▮▮▮▮▮ L▮▮▮**

**Monthly Certain Income**
Commencing on 07/15/2024
$2,000.00 payable monthly for 4 years and 5 months
Last guaranteed payment on 11/15/2028

**Periodic Payments payable to J▮▮▮▮▮ L▮▮▮**

**Monthly Lifetime Income**
Commencing at age 18 (12/01/2028)
$4,953.42 payable monthly for life
Guaranteed for 25 years & life

Total Guaranteed Payout: $1,592,026.00

    Claimant acknowledges and agrees that the Defendant and/or the Insurer may make "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the periodic payments required herein. Any such assignment, if made, shall be accepted by the Claimant without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligations hereunder as are assigned to Prudential Assigned Settlement Services Corporation (hereinafter "Assignee"). The Claimant recognizes that, in the event of such an assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

EXHIBIT NO. 2

# Minor's Compromise Addendum
## For
## B▒▒▒ L▒▒

$1,083,640.38 is to be used, with the court's permission, to purchase an annuity, in which Prudential Assigned Settlement Services Corporation will provide for the following Periodic Payments to be made by The Prudential Insurance Company of America, rated A+XV by A.M. Best.

Assignor/Defendant agrees to make the periodic payments set forth in section (a), herein below. All sums constitute damages on account of personal injuries arising from an occurrence within the meaning of Section 104(a)(2).

    a) The periodic payment schedule for B▒▒▒ L▒▒ is as follows:

**Periodic Payments payable to Rachel Perez guardian ad litem FBO B▒▒▒ L▒▒**

**Monthly Certain Income**
Commencing on 07/15/2024
$2,000.00 payable monthly for 2 years and 8 months
Last guaranteed payment on 02/15/2027

**Periodic Payments payable to B▒▒▒ L▒▒** 

**Monthly Lifetime Income**
Commencing at age 18 (03/04/2027)
$4,626.18 payable monthly for life
Guaranteed for 25 years & life

Total Guaranteed Payout: $1,451,854.00

    Claimant acknowledges and agrees that the Defendant and/or the Insurer may make "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the periodic payments required herein. Any such assignment, if made, shall be accepted by the Claimant without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligations hereunder as are assigned to Prudential Assigned Settlement Services Corporation (hereinafter "Assignee"). The Claimant recognizes that, in the event of such an assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.