1 | Kent M. Henderson, Esq. (SBN 139530)
hendolaw@gmail.com
2 | Angel Carrazco, Jr. Esq. (SBN 230845)
angel@carrazcolaw.com
3 | **CARRAZCO LAW A.P.C.**
18301 Irvine Boulevard
4 | Tustin, CA 92780
Tel: (714) 541-8600
5 | Fax: (714) 541-8601

6

7 | Attorneys for Minor Plaintiffs' J.L. and B.L., by and through their Guardian Ad Litem, RACHEL PEREZ

8

9

10 | **UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11

12 | ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successors in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,

Plaintiffs,

vs.

CITY OF ANAHEIM, a municipal corporation; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; and DOES 1-10, inclusive,

Defendants.

Case No.: 8:22-cv-01351-JVS-ADS

*Honorable Judge James V. Selna*

**DECLARATION OF KENT M HENDERSON. IN SUPPORT OF PLAINITFFS J.L. AND B.L.'S PETITION TO APPROVE MINORS' COMPROMISES**

**TO THE CLERK OF THE COURT, THE HONORABLE JAMES V. SELNA, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN: PLEASE TAKE NOTICE:**

That Plaintiffs J.L and B.L., minors, by and through their Guardian ad Litem, "RACHEL PEREZ", hereby submits the Declaration of Kent M. Henderson in support of Plaintiffs J.L. and B.L.'s Petition to Approve Minors Compromises.

## DECLARATION OF KENT M. HENDERSON

I, KENT M. HENDERSON, do hereby declare and state as follows:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California and the following Federal Courts:  Supreme Court of the United States; United States Court of Appeals for the Ninth Circuit; United States Court of Appeals for the Fifth Circuit; United States Court of Federal Claims; United States District Court for the Northern, Eastern, Central and Southern Districts of California and the Eastern District of Texas.  I am Of Counsel with CARRAZCO LAW A.P.C. (hereinafter, sometimes referred to as "Carrazco Law"), counsel of record for the Plaintiffs' J.L. and B.L.  in the above-entitled action.  The facts stated in this declaration are of my own personal knowledge and/or I am informed and believe they are true and if called upon to testify as a witness, I could and would competently testify thereto under oath.

2.      This case was prosecuted by a team of lawyers and three different law firms that specialize in Civil Rights, unreasonable use of force cases.  After our office was substituted in to represent Plaintiffs' J.L. and B.L., our law firm collaborated with the other Plaintiffs' law firms involved in the case.

**DECLARATION OF ATTORNEY KENT M. HENDERSON RE: MINORS' COMPROMISE**

3.     This case was prosecuted by Plaintiffs' attorneys who have extensive experience in prosecuting Civil Rights cases.  In general, Civil Rights / police use of force cases, can be difficult, risky, expensive and time-consuming to get a favorable result.  Handling these cases is its own area of specialization.  They are often filed and/or removed to Federal Court with enhanced emphasis on strict timelines, specialized rules regarding the size of the Jury, the time allowed to present evidence and unique defenses.  These are not non-complex, personal injury cases that require ordinary attorney efforts.

4.     42 U.S.C. Section 1983 cases recognize that this type of case is unique and requires additional compensation for counsel who will undertake them.  The companion statute, 42. U.S.C. Section 1988, provides for an award of attorneys' fees to a prevailing Plaintiff and this includes a "lodestar" enhancement of the attorney's hourly rate.  While the current matter was settled, and CARRAZCO LAW, A.P.C. is claiming only the 25% attorneys' fees for minors J.L. and B.L., the law recognizes the difficulty and unique nature of these cases in that it is rare for Congress to have allowed a Plaintiff to file in Federal Court (Federal Court jurisdiction is narrow) and rare to allow an award of attorneys' fees in civil litigation.  The Civil Rights Act of 1871 (42 U.S.C. Section 1983), passed in the era of post-Civil War reconstruction (notably by its main sponsor, Republican Congressman Samuel Shellabarger), provided this remedy of attorneys' fees for the very reason that it was believed that attorneys would have

3

to be encouraged by some reward to take on, file and prosecute these difficult cases.

5.     I make this declaration in support of Plaintiffs' counsel's (CARRAZCO LAW A.P.C. ["CARRAZCO LAW"] attorneys' fees for this action.  Plaintiffs' counsel is requesting, and the client has agreed to, a 25% attorneys' fee from the gross settlement for each minor Plaintiff J.L. and B.L., the retainer agreement in this matter allows for a 25% contingency fee. The Retainer Agreement allows for the deduction / reimbursement to the attorneys for the litigation costs (expert fees, deposition costs, etc.) expended / advanced by Plaintiffs' J.L. and B.L.'s attorneys.

6.     This was an intricate Civil Rights / Deputy involved shooting death case.  Before getting into the particulars of the time and effort spent it is worth noting a few things.  First, the counsel for all of the Plaintiffs and Defendants in this case were and are, skilled, experienced and able trial counsel and they advanced the positions on behalf of their clients with great preparation and, at the same time, utmost professionalism.  Second, the result that was achieved on behalf of the Plaintiffs is a good result, not only for the dollar value on this type of case in this venue with potential defense issues but also because it took into consideration the Plaintiffs' overall interests to achieve an outcome that is the best for the minor Plaintiffs all the way around (which includes the ability to achieve a secured stream of benefits payments for each minor Plaintiff J.L. and B.L. through

DECLARATION OF ATTORNEY KENT M. HENDERSON RE: MINORS' COMPROMISE

a structured settlement annuity that could not be achieved by trial verdict or judgment).

7.      In this Civil Rights / use of deadly force case, we were able to obtain $5,800,000.00 of gross settlement as to settling Plaintiffs. The three Plaintiffs' Law firms were also able to negotiate that twenty-five percent (25%) ($1,450,000.00 each minor) of the settlement be allocated evenly to all four settling plaintiffs.  The clients we represent, the surviving children, Plaintiffs J.L. and B.L., will each receive $1,450,000.00 gross settlement and the other two plaintiffs S.L. by and through his Guardian ad Litem Rosie Flores, and Marcos Rodriguez will also receive twenty five percent (25 %) ($1,450,000.00) of the settlement.

8.      Decedent BRANDON LOPEZ was a self-employed worker and contributing the household / raising both his children J.L. and B.L. at the time of his death.  The details of the settlement and the structured settlement annuity, including some payments to the Guardian, Rachel Perez, to take care of her children, J.L. and B.L., until age of majority, are more fully set forth in the Minors' Compromise Petition which is filed concurrently herewith.

9.      This Declaration details some of the work performed in support of the attorneys' fees of 25% of the gross being charged to Plaintiff's J.L. and B.L., as provided in the retainer agreement.  The total attorneys' fees being charged to Plaintiff J.L. and B.L. are in the amount of $362,500.00 each (25% of the

**DECLARATION OF ATTORNEY KENT M. HENDERSON RE: MINORS' COMPROMISE**

$1,450,000.00 settlement of each Plaintiff) **$725,000.00** total.  Additionally, there

were reimbursable pro-rata litigation costs that were paid / advanced by Plaintiffs'

J.L. and B. L's attorneys and former attorneys and are deducted from the

settlement as allowed by the Retainer Agreement.  The amount of the total costs

are set forth in the Ex Parte Application and Petition for Approval of Minors'

Compromises filed concurrently herewith and Plaintiffs J.L. and B.L. are

reimbursing their pro rata share of these litigation costs out of their settlement.

10.   Plaintiffs J.L. and B.L. retained, LAW OFFICES OF DALE K.

GALIPO and later substituted CARRAZCO LAW A.P.C., to prosecute this matter

following the death of Decedent, BRANDON LOPEZ (sometimes hereinafter

referred to as "Brandon", "Lopez", "Decedent" and/or "Plaintiffs' Decedent").

Plaintiff J.L. was born on December 1, 2010, and he was 10 years old when his

father, BRANDON LOPEZ, died and he is 13 years old now.  Plaintiff B.L. was

born on March 4, 2009, and she was 12 years old when her father, Brandon

Lopez, died and she is now 15 years old.  Decedent Brandon Lopez was 32 years

old when he was fatally shot to death by multiple Officers at the scene, on

September 28, 2021, in Santa Ana, California.  Brandon Lopez was born on

December 2, 1987, in Orange, California.  Decedent BRANDON LOPEZ was

self-employed at the time of his death.

11.   The brief facts of the case are that on September 28, 2021, Decedent

BRANDON LOPEZ was shot to death by CITY OF ANAHEIM Police Officers

PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, AND CATLIN
PANOV (hereinafter "APD OFFICERS").  The Decedent was being pursued by
officers of the City of Anaheim.  The Decedent drove into the city of Santa Ana,
where his vehicle became stuck in a light rail construction zone near the
intersection of Santa Ana Boulevard and Bristol Street. The Santa Ana Police
Department took over the scene, establishing a perimeter, and surrounding
Decedent's vehicle with patrol cars and SWAT vehicles.  Shortly after the CITY
OF ANAHEIM SWAT team arrived, the SWAT officers, including DELGADO,
HEITMAN, WEBER, and PANOV, deployed a flash grenade into DECEDANT'S
vehicle.  After the flash grenade was deployed, Decedent exited his vehicle.
Immediately after Decedent exited his vehicle, The SWAT officers including
DELGADO, HEITMAN, WEBER, and PANOV shot Decedent multiple times,
killing him at the scene.

12.     Minor Plaintiffs J.L. and B.L. have appeared in the action by and
through their natural mother, and appointed Guardian ad Litem, RACHEL
PEREZ.

13.     In agreeing to take on this matter, Plaintiff's counsel agreed to take
the risk on a contingency basis on a Civil Rights case that had a number of
potential adverse issues.  The case required an analysis of the physical evidence
compared to the testimony of Defendants and other evidence including a civilian
eyewitness. The California Department of Justice's Office conducted an

DECLARATION OF ATTORNEY KENT M. HENDERSON RE: MINORS' COMPROMISE

investigation of the shooting and did not file criminal charges.

14.   CARRAZCO LAW, A.P.C. substituted in as counsel for minor Plaintiffs J.L. and B.L. on September 14, 2023.

15.   After being substituted in as counsel for minor Plaintiffs J.L. and B.L., Mr. Carrazco and I reviewed Defendant City of Anaheim's Initial Disclosures, Plaintiffs' Initial Disclosures and Defendants City of Santa Ana and David Valentin's Initial Disclosures which had all been served on October 10, 2022.

16.   I reviewed the Government Claims of J.L. and B.L. presented to City of Anaheim (December 16, 2021) and to City of Santa Ana (March 18, 2022)

17.   I reviewed the second Amended Complaint filed June 28, 2023.  I reviewed the Application for Appointment of Guardian ad Litem of Rachel Perez for Minor Plaintiffs J.L. and B.L. filed July 21, 2022, and Declaration of Rachel Perez for Minor Plaintiffs J.L. and B.L. as Successors in Interest to Brandon Lopez.

18.   I reviewed the Answer(s) to Complaint(s) filed by Defendants City of Anaheim and the individual Anaheim Police Officer Defendants.

19.   I reviewed the public records requests and responses.  I reviewed the YouTube Anaheim Police Department Critical Incident Community Briefing Video (21-142831) regarding the September 28, 2021, shooting of Decedent Brandon Lopez which includes helicopter and body camera videos.

DECLARATION OF ATTORNEY KENT M. HENDERSON RE: MINORS' COMPROMISE

20.     I reviewed Plaintiff B.L.'s First Set of Request for Production of Documents to Defendant City of Santa Ana and Plaintiff M.R.'s First Set of Request for Production of Documents to Defendant City of Anaheim which had been served on November 15, 2022.

21.     I reviewed the responses of Defendants City of Anaheim and City of Santa Ana to Plaintiffs' Requests for Production of Documents, including reports, records, radio traffic logs, audio, body worn videos, scene photos, autopsy photos, privilege logs and other documents a records produced.

22.     I reviewed the various motions to stay the action pending the completion of the California Department of Justice Review and the Plaintiffs' Joint Oppositions(s) thereto.

23.     I kept apprised of the docket including the substitution of attorneys for Defendant City of Anaheim and the  Anaheim Police Officer Defendants (October and November, 2023), the Status Reports (November, 2023), the request to lift the Stay ((December, 2023), Continuance of Case Management Deadlines and opposition thereto.  I helped prepare the Oppositions filed by our office on December 29, 2023.  I reviewed the Reply and the Court's Ruling.

24.     Mr. Carrazco participated in the finalization of the Settlement.  Our office agreed to the Notice of Settlement as to Plaintiffs M.R., B.L., J.L. and S.L. which was filed February 9, 2024 [Doc. 112].

25.     Plaintiffs and Defendants have agreed to settle the case of the settling Plaintiff which includes minors J.L. and B.L. referenced herein. The settlement has been approved by the appropriate governmental body. The settlement obligates Defendants to pay to the four (4) settling Plaintiffs and their attorneys of record a total global settlement sum of $5,800,000.00 ($1,450,000.00 each), with the settlement proceeds being shared 25% for each Plaintiff J.L., B.L., S.L., and Marcus Rodriguez.

26.     The minor Plaintiffs represented by Carrazco Law, A.P.C. are:  1. J.L. (current Age: 13 years old; Date of Birth [12-1-2010]), Guardian Ad Litem:  Rachel Perez (mother); and 2.  B.L. (current Age:  15 years old; Date of Birth [03-04-2009]), Guardian Ad Litem:  Maria Rosas (mother).

27.     The overall total settlement regarding minors J.L. and B.L. is that Defendants will pay $2,900,000.00 gross total settlement to minor Plaintiffs J.L. and B.L. and their respective counsel, and in exchange for said settlement payment, Plaintiffs J.L. and B.L. will dismiss their claims in the current action.

28.     The overall $2,900,000.00 gross settlement as to minor Plaintiffs J.L and B.L. will be distributed as follows:  **1. <u>Minor Plaintiff J.L</u>**.  Total Gross Settlement:  $1,450,000.00 -- (25% of the overall gross settlement of all settling Plaintiffs).  Attorneys' fees $362,500.00 (25%).  Litigation (including expert) costs:  $3,859.62 (Pro-rata 25% of total costs).  <u>Net to Minor J.L. (to fund structure/annuity):  $1,083,640.38</u>.  [1,450,000.00 - 362,500.00 - 3,859.62 =

$1,083,640.38]; and **2**. **Minor Plaintiff B.L.**  Total Gross

Settlement:  $1,450,000.00 -- (25% of the overall gross settlement of all settling

Plaintiffs).  Attorneys' fees $362,500.00 (25%).  Litigation (including expert)

costs: $3,859.62 (Pro-rata 25% of total costs).  <u>Net to Minor B.L. (to fund</u>

<u>structure/annuity):  $1,083,640.38</u>.  [1,450,000.00 - 362,500.00 - 3,859.62 =

$1,083,640.38].

29.     The Net Proceeds of the Settlements (after attorneys' fees and costs)

will be distributed as follows:

1. As to **Minor Plaintiff J.L.**., the net $1,083,640.38 will be payable to

"Prudential Assigned Settlement Service Corporation" to fund a structured

settlement annuity with a payout schedule as follows:

**<u>Payable to Rachel Perez guardian ad litem For the Beneift of J.L</u>**.
<u>Monthly Income</u>
Commencing on (07/15/2024)
$ 2,000.00 payable monthly for 4 years and 5 months. Last Guaranteed
payment on 11/15/2028
**<u>Payable to J.L</u>**.
Commencing at 18 (12/01/2028)
$4,953.42 payable monthly for life, guaranteed for 25 years & Life.
The expected payout of this structured settlement annuity is $1,592,026.00.
The structured settlement annuity for J.L. is with Prudential Insurance Company
of America which is rated A+ XV A.M. Best's Credit Ratings.

2.  As to **Minor Plaintiff B.L.**., the net $1,083,640.38 will be payable to

"Prudential Assigned Settlement Service Corporation" to fund a structured

settlement annuity with a payout schedule as follows:

> **Payable to Rachel Perez guardian ad litem For the Beneift of B.L.**
> Monthly Income
> Commencing on (07/15/2024)
> $ 2,000.00 payable monthly for 2 years and 8 months. Last Guaranteed
payment on 02/15/2027

> **Payable to B.L.**
> Commencing at 18 (03/04/2027)
> $4,626.18 payable monthly for life, guaranteed for 25 years & Life.

The expected payout of this structured settlement annuity is $1,451,854.00. The structured settlement annuity for B.L. is with Prudential Insurance Company of America which is rated A+ XV A.M. Best's Credit Ratings.


30.     Carrazco Law, A.P.C. expended and advanced $7,719.24 in total

costs in this case (comprised of $3,859.62 (each minor) [including costs of

previous counsel] in litigation costs [filing fees, deposition transcript costs, copies

of records, etc.]

31.     Minor Plaintiffs J.L. and B.L. are requesting an order directing

disbursements to be made from the settlement proceeds as follows:

> Check No./ Payable to                                          Amount

> 1.

> $1,083,640.38 Prudential Assigned Settlement Service Corporation
> (Annuity Draft/Annuity Company)
> [for J.L. settlement]

**DECLARATION OF ATTORNEY KENT M. HENDERSON RE: MINORS' COMPROMISE**

2.

> $1,083,640.38
> Prudential Assigned Settlement Service Corporation
> (Annuity Draft/Annuity Company)
> [for B.L. settlement]

3.  Carrazco Law A.P.C.                                              $732,719.24

> (Attorneys' fees and reimbursed litigation costs for both minor
> Plaintiffs J.L. and B.L.)

TOTAL:                                                               $2,900,000.00

32.   Plaintiffs J.L. and B.L.'s damages in this case arise from (1) their individual loss of their father's comfort, care, companionship, training, support, and guidance and (2) the conscious pain and suffering of Decedent under Federal Law.

33.   The total gross amount of J.L. and B.L.'s portion of the $5,800,000.00 global settlement of all settling Plaintiffs is $1,450,000.00 (25% each).  Minor Plaintiff J.L. is receiving:  $1,450,000.00 gross settlement (25% of total global settlement).  Minor Plaintiff B.L. is receiving $1,450,000.00 gross settlement (25% of total global settlement).

34.   The net proceeds for J.L are $1,083,640.38.  $362,500.00 were deducted for attorneys' fees (25%) and $3,859.62 was deducted for costs (25% proportional share of overall costs).  [$1,450,000.00 – $362,500.00 – $3,859.62 = $1,083,640.38].

35.    The proceeds for B.L. are $1,083,640.38.  $362,500.00 were deducted for attorneys' fees (25%) and $3,859.62 was deducted for costs (25% proportional share of overall costs).  [$1,450,000.00 – $362,500.00 – $3,859.62 = $1,083,640.38].

36.    The net proceeds for J.L. of $1,083,640.38 will be used to fund a structured settlement/annuity to be distributed over time that will have two aspects.  There will be monthly income commencing on July 15, 2024 of $2,000.00 monthly payable to Rachel Perez guardian ad litem For the Benefit of J.L. (full name to be used in Order) for four years and five months. Once J.L. reaches the age of 18 there will be a new monthly income rate of $4,953.42 paid to J.L. for 25 years or life guaranteed with the expected payout of this structured settlement annuity is $1,592,026.00.

37.    The net proceeds for B.L. of $1,083,640.38 will be used to fund a structured settlement/annuity to be distributed over time that will have two aspects.  There will be monthly income commencing on July 15, 2024, of $2,000.00 monthly payable to Rachel Perez guardian ad litem For the Benefit of B.L. (full name to be used in Order) for two years and eight months. Once B.L. reaches the age of 18 there will be a new monthly income rate of $4,626.18 annually paid to B.L. for 25 years or life guaranteed with the expected payout of this structured settlement annuity is $1,451,854.00.

38.    The Petition for Minors Compromise filed does not seek an order for

DECLARATION OF ATTORNEY KENT M. HENDERSON RE: MINORS' COMPROMISE

payment of money to a special needs trust for Minor Plaintiffs' J.L. and B.L.

39.     The Petition for Minors' Compromise (filed concurrently herewith) was prepared by Kent M. Henderson of CARRAZCO LAW A.P.C.

40.     CARRAZCO LAW A.P.C., did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted.

41.     CARRAZCO LAW A.P.C., represents Plaintiffs' J.L. and B.L., but are not employed by any other party or any insurance carrier involved in the matter.

42.     CARRAZCO LAW A.P.C. has not to date received any compensation for services in connection herewith from any person.

43.     CARRAZCO LAW A.P.C., accepted this engagement for a contingency fee, plus reimbursement for any costs advanced.  The retainer agreement provides for a 25 percent attorney fee recovery.  The retainer agreement also provides that the 25 percent retainer is in addition to any attorneys' fees awarded under 42 U.S.C. Section 1988.  Plaintiffs J.L. and B.L.'s counsel, CARRAZCO LAW, A.P.C., is taking a 25% attorneys' fee in this matter.

44.     CARRAZCO LAW is made up of practitioners with many years of combined experience in the field of civil rights litigation.  In the late 1980's and early 1990's, I worked on numerous police misconduct and civil rights cases, including cases of injuries suffered in the Orange County Jails.  In the 1990's I

15

worked on the Rodney King Federal civil case, and I drafted the affirmative

Motion of Summary Judgement that was filed on behalf of the Plaintiff Rodney

Glenn King.  At a point in time after filing the Motion, the City of Los Angeles

stipulated liability and I continued to work on the case working on the documents

for the case when it was tried in Federal Court.

45.    Continuing to represent victims of law enforcement shooting and use

of force, I worked on cases against the County of Orange, City of Santa Ana, City

of Anaheim, City of Los Angeles, and the County of Los Angeles throughout the

1990's until present.  I wrote the briefing for the Motion for Summary Judgment

Opposition and, later all the 9th Circuit Court of Appeals briefing for the

Plaintiff/Appellant in the case, *Drummond v. City of Anaheim*, 343 F.3d 1052 (9th

Cir. 2003).  The *Drummond* opinion authored by Justices James R. Browning,

Harry Pregerson and Stephen Reinhardt, and relying in part on *Deorle v.

Rutherford*, 272 F.3d 1272 (9th Cir. 2001), emphasized that when law enforcement

agents are dealing with a person who appears to be emotionally disturbed or

mentally ill, this may be a factor to consider in relation to the need and/or level of

force to be used.  This factor has been later incorporated into Ninth Circuit Pattern

Jury Instruction 9.25 "Unreasonable Use of Force" as an available factor for

consideration by the Jury in cases that involve an appropriate fact pattern (factor

No. 10).  I was later co-trial counsel, and I tried the Drummond case in Federal

Court (including Opening Statement, Closing Argument and several of the expert

witnesses).  Other cases which were published in other areas include *Hernandez v. Paicius* 109 Cal.App.4th 452 (2003) and *Hernandez v. KWPH Enterprises*, 116 Cal.App.4th 170 (2004).

46.    In cases where I have sought to have my hourly fee approved by the Federal Courts, there was evidence in some cases of being within the upper quartile of practitioners in this area and/or of having the fees requested approved based on experience, etc.

47.    Among cases that I have worked on they include cases that gained international attention:  the shooting of Ernesto Canepa in Santa Ana, California (which Mr. Carrazco also participated) and the shooting of Antonio Zambrano-Motes in Pasco, Washington [which Mr. Carrazco and I were admitted Pro Hac Vice to the U.S. District Court for the Eastern District of Washington].

48.    Currently our firm has an active case list, with approximately 15 high profile use of force cases all involving serious injuries or death.

49.    This case involved a substantial amount of risk, a great deal of work and was vigorously litigated by a hardworking team of attorneys from CARRAZCO LAW A.P.C., LAW OFFICES OF DALE K. GALIPO, and BURRIS, NISENBAUM, CURRY & LACY.  Plaintiffs' counsel obtained outstanding results for their clients in this case.  As a result of the attorneys' efforts, Plaintiffs' J.L. and B.L., will enjoy payments from structured settlement annuities spread throughout a period of time (rather than receiving all the funds at

17

age 18).  As a result of the work of Plaintiffs' counsels, our clients' father's death

was the subject of an important civil rights settlement, which (it is hoped) will

deter future police misconduct of this kind.  Put simply, the result in this case

served the public interest.

50.    If Plaintiffs' counsel were not awarded a fully compensatory fee in

such cases, then this would discourage similarly situated attorneys from taking

these types of cases.  Specifically, it would provide a disincentive for skilled

attorneys to take cases involving minor plaintiffs, which if anything require a

higher level of legal expertise and experience than cases involving adult plaintiffs.

In the absence of appropriate compensation of Plaintiffs' counsel, minor plaintiffs,

such as J.L. and B.L., would not be able to attract competent counsel in civil rights

cases who could achieve similar results.  Accordingly, Plaintiff J.L. and B.L.'s

attorneys request the approval of the requested 25% contingency attorneys' fees

and reimbursement of the pro-rata litigation costs.

I declare under penalty of perjury of the laws of the United States of

America that the foregoing is true and correct, and that this declaration was

executed this 3rd day of May, 2024 at Tustin, California.


/S/ Kent M. Henderson,
Declarant

**DECLARATION OF ATTORNEY KENT M. HENDERSON RE: MINORS' COMPROMISE**