1  Kent M. Henderson, Esq. (SBN 139530); hendolaw@gmail.com
   Angel Carrazco, Jr., Esq. (SBN 230845); angel@carrazcolawapc.com
2  **CARRAZCO LAW A.P.C.**
3  18301 Irvine Boulevard
   Tustin, CA 92780
4  Tel: (714) 541-8600; Fax: (714) 541-8601

5  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successors in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM, a municipal corporation; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: 8:22-cv-01351-JVS-ADS<br><br>**DECLARATION OF MINORS' GUARDIAN AD LITEM RACHEL PEREZ IN SUPPORT OF EX PARTE APPLICATION FOR APPROVAL OF MINOR'S COMPROMISE OF PLAINTIFFS J.L. AND B.L. AND EXHIBIT NOS. 1 AND 2 THERETO**<br><br>[Filed Concurrently with EX PARTE PETITION AND APPLICATION FOR APPROVAL OF MINOR'S COMPROMISE OF MINOR PLAINTIFFS J.L. and B.L.; Declaration of Kent M. Henderson and Exhibits thereto and [Proposed] Order] Thereon |

- 1 -
DECLARATION OF MINORS' GUARDIAN AD LITEM RACHEL PEREZ

# DECLARATION OF RACHEL PEREZ

I, RACHEL PEREZ, do hereby declare and state as follows:

1. I am a competent adult over the age of eighteen and the biological mother and Guardian Ad Litem of Minors J.L. and B.L. I am living with and raising my children B.L. and J.L. in the County of Orange, California.

2. The facts stated in this Declaration are true and correct to the best of my knowledge and/or I am informed and believe them to be true and if called upon and sworn to testify, I could and would testify truthfully thereto.

3. I am the biological mother and appointed Guardian ad Litem in this matter for both my children J.L. and B.L.

4. My child J.L. was born on December 1, 2010. He is currently 13 years old.

5. My child B.L. was born on March 4, 2009. She is currently 15 years old.

6. This action arises from the death of my children's natural father, BRANDON LOPEZ, who died on September 28, 2021.

7. I have participated in multiple settlement negotiations in this matter on behalf of my children.

8. I have reviewed the Ex Parte Petition and Application for Approval of the Minors' Compromise prepared by attorney Kent M. Henderson and it is true and correct.

9. I understand and agree to the disbursement of the settlement proceeds on behalf of my children J.L., and B.L., as follows:

1. <u>Minor J.L.: $1,083,640.38 net settlement payable to "Prudential Assigned Settlement Services Corporation" to fund a structured settlement annuity with a</u>

1  payout schedule as set forth in Exhibit No. 1 ($1,450,000.00 gross settlement -
2  $362,500.00 [attorneys' fees]) - $3,859.62 [costs]; and

3      **2.**    Minor B.L.: $1,083,640.38 net settlement payable to "Prudential
4  Assigned Settlement Services Corporation" to fund a structured settlement annuity
5  with a payout schedule as set forth in Exhibit No. 2 ($1,450,000.00 gross settlement
6  - $362,500.00 [attorneys' fees]) - $3,859.62 [costs]; and

7      **3.**    **$725,000.00** ($362,500.00 each) are total attorneys' fees and $7,719.24
8  ($3,859.62 each minor) costs payable to CARRAZCO LAW A.P.C.

9      10.    I understand that the calculations of the above amounts are as follows:
10 For the attorneys' fees and costs: $1,450,000.00 gross settlement for J.L.
11 $362,500.00 (25 percent on gross recovery) attorneys' fees and $3,859.62 for
12 Plaintiff J.L., which equals a net recovery of $1,083,640.38.

13     11.    I understand that the calculations of the above amounts are as follows:
14 For the attorneys' fees and costs: $1,450,000.00 gross settlement for B.L.
15 $362,500.00 (25 percent on gross recovery) attorneys' fees and $3,859.62 for
16 Plaintiff B.L., which equals a net recovery of $1,083,640.38

17     12.    I signed a retainer on behalf of my children J.L. and B.L., with
18 CARRAZCO LAW A.P.C., the retainer provides that there would be a reduction
19 from the total amount recovered in the amount of 25% for attorney's fees plus
20 reimbursement of counsel for litigation costs advanced. I also consented to and
21 signed a request for Approval of Substitution of Counsel t have Carrazco Law,
22 A.P.C. be counsel of record for Plaintiffs K.L. and B.L

23     13.    I have reviewed the attorneys' fees and believe they are reasonable
24 given the amount of work that has been done in this case.

25     14.    I have also reviewed the litigation costs and agree that they are likewise
26 reasonable. I am in agreement with the payment of the $725,000.00 in total

DECLARATION OF MINORS' GUARDIAN AD LITEM RACHEL PEREZ

1  attorneys' fees and $7,719.24 in total costs. I approve of the payment of
2  $732,719.24 out of the proceeds of the settlements of minors J.L. and B.L. to
3  CARRAZCO LAW A.P.C., for the attorneys' fees and costs owed to CARRAZCO
4  LAW A.P.C.

5  15. I have fully conferred with my attorneys, and I am in agreement that
6  my children's J.L. and B.L.'s recovery be paid as set forth in the structured
7  payout(s), referenced in the Application for Approval of the Compromise and
8  Exhibit No. 1 and Exhibit No. 2 as follows:

9  16. Under the structured settlement annuity for my child, J.L., he will
10 receive the following payments set forth in the Addendum with the payout schedule
11 in Exhibit No. 1 and I approve of this payment schedule:

**Periodic Payment payable to Rachel Perez, guardian ad litem for the benefit of J.L.:**

Commencing on 07/15/24

Payable to Rachel Perez, Guadian ad litem for J.L.:

$2,000.00 payable monthly for four years and five months 07/15/2024 – 02/15/27 (Under the age of 18)

**Payable to J.L.:**

Commencing at age 18 (12/1/2028)

$4,953.42 payable monthly 12/1/2028 – guaranteed for 25 years & Life (age 18).

17. Under the structured settlement annuity for my child, B.L., she will receive the following payments set forth in the Addendum with the payout schedule in Exhibit No. 2 and I approve of this payment schedule:

**Periodic Payment payable to Rachel Perez, guardian ad litem for the benefit of B.L.:**

- 4 -
DECLARATION OF MINORS' GUARDIAN AD LITEM RACHEL PEREZ

Commencing on 07/15/24

Payable to Rachel Perez, Guadian ad litem for B.L.:

$2,000.00 payable monthly for two years and 8 months 07/15/24 – 02/15/27 (under the age of 18)

**Payable to B.L.:**

Commencing at age 18 (03/4/2027)

$4,626.18 payable monthly 03/4/2027 – guaranteed for 25 years and & Life (age 18).

18.  I am in agreement with establishing a structured settlement annuity program on behalf of my children and the terms and conditions have been explained to me. I believe that said terms and conditions are in the best interests of my children J.L. and B.L. These terms and conditions are included in the Petition for Compromise of my children's claim. The annuity total for each is $1,083,640.00, the guaranteed payout for J.L. is $1,592,026.00 and the guaranteed payout for B.L. is $1,451,854.00.

19.  As indicated in the Addendum with the proposed structure payment schedules in Exhibit No. 1 and Exhibit No. 2, I am requesting a monthly allotment payable to me as biological mother and Guardian ad Litem for the benefit of my children J.L. and B.L., in the amount of $2,000.00 for each child, until the time my children J.L. and B.L. each turn 18 years of age. This is described in the Addendum with the payment schedules in Exhibit A: "$2,000 payable monthly for J.L., guaranteed for 4 year(s) and 5 month(s), beginning on 07/15/2024, with the last guaranteed payment on 11/15/2028, and $2,000.00 payable monthly for B.L., guaranteed for 2 years and 8 month(s), beginning on 07/15/2024, with the last guaranteed payment on 02/15/2027."

DECLARATION OF MINORS' GUARDIAN AD LITEM RACHEL PEREZ

20. My child J.L. resides with me. I am solely responsible for J.L.'s care and upbringing.

21. My child B.L. resides with me. I am solely responsible for B.L.'s care and upbringing.

22. I am not a claimant in this matter and will not receive any settlement money of my own.

23. I work and my earnings are $1,300.00 per month after taxes.

24. My family's current monthly expenses are as follows:

a) $1,400.00 for rent;

b) $600 per month for food;

c) $150 on utilities per month;

d) $228 for cell phone service;

e) $100 per month on laundry;

f) $200 a month on clothing for child;

g) $250 a month for gas & transportation;

h) $150 for other needs.

21. Given my current income and benefits in contrast to the standard monthly expenses, my family is barely able to make ends meet on a monthly basis. We live very frugally and forego outings such as going to the movies or other modest forms of entertainment because of the expenses.

25. I expect that as my child gets older extracurricular and education expenses will arise, including the need for pediatric psychological therapy.

26. My request is for the $2,000.00 monthly maintenance stipend to be used for the benefit of J.L. until he reaches age 18, from my child's recovery, will allow me to provide food, clothing and help pay for monthly expenses.

27. My request is for the $2,000.00 monthly maintenance stipend to be used for the benefit of B.L. until she reaches age 18, from my child's recovery, will allow me to provide food, clothing and help pay for monthly expenses

28. Because of the large amount of my children's settlement and their young age, I am satisfied that my children will still receive a substantial benefit from the settlement once all of the structured payments have been made.

I declare under the penalty of perjury under the laws of the state of California and the United States of America, that the foregoing is true and correct, and this Declaration is signed on the 3rd day of May, 2024 at Anaheim, California.

_____
RACHEL PEREZ, Declarant

- 7 -
DECLARATION OF MINORS' GUARDIAN AD LITEM RACHEL PEREZ

EXHIBIT NO. 1

## Minor's Compromise Addendum
## For


$1,083,640.38 is to be used, with the court's permission, to purchase an annuity, in which Prudential Assigned Settlement Services Corporation will provide for the following Periodic Payments to be made by The Prudential Insurance Company of America, rated A+XV by A.M. Best.

Assignor/Defendant agrees to make the periodic payments set forth in section (a), herein below. All sums constitute damages on account of personal injuries arising from an occurrence within the meaning of Section 104(a)(2).

a) The periodic payment schedule for J▓▓▓ L▓▓▓ is as follows:

<u>Periodic Payments payable to Rachel Perez guardian ad litem FBO J▓▓▓ L▓▓▓</u>

### Monthly Certain Income
Commencing on 07/15/2024
$2,000.00 payable monthly for 4 years and 5 months
Last guaranteed payment on 11/15/2028

<u>Periodic Payments payable to J▓▓▓ L▓▓▓</u>

### Monthly Lifetime Income
Commencing at age 18 (12/01/2028)
$4,953.42 payable monthly for life
Guaranteed for 25 years & life

Total Guaranteed Payout: $1,592,026.00

Claimant acknowledges and agrees that the Defendant and/or the Insurer may make "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the periodic payments required herein. Any such assignment, if made, shall be accepted by the Claimant without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligations hereunder as are assigned to Prudential Assigned Settlement Services Corporation (hereinafter "Assignee"). The Claimant recognizes that, in the event of such an assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

EXHIBIT NO. 2

# Minor's Compromise Addendum
## For

## B▇▇▇ L▇▇

$1,083,640.38 is to be used, with the court's permission, to purchase an annuity, in which Prudential Assigned Settlement Services Corporation will provide for the following Periodic Payments to be made by The Prudential Insurance Company of America, rated A+XV by A.M. Best.

Assignor/Defendant agrees to make the periodic payments set forth in section (a), herein below. All sums constitute damages on account of personal injuries arising from an occurrence within the meaning of Section 104(a)(2).

    a) The periodic payment schedule for B▇▇▇ L▇▇ is as follows:

**Periodic Payments payable to Rachel Perez guardian ad litem FBO B▇▇▇ L▇▇**

**Monthly Certain Income**
Commencing on 07/15/2024
$2,000.00 payable monthly for 2 years and 8 months
Last guaranteed payment on 02/15/2027

**Periodic Payments payable to B▇▇▇ L▇▇**

**Monthly Lifetime Income**
Commencing at age 18 (03/04/2027)
$4,626.18 payable monthly for life
Guaranteed for 25 years & life

Total Guaranteed Payout: $1,451,854.00

    Claimant acknowledges and agrees that the Defendant and/or the Insurer may make "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the periodic payments required herein. Any such assignment, if made, shall be accepted by the Claimant without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligations hereunder as are assigned to Prudential Assigned Settlement Services Corporation (hereinafter "Assignee"). The Claimant recognizes that, in the event of such an assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.