**BURRIS, NISENBAUM, CURRY & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY & LACY LLP**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

Attorneys for Plaintiff
Antonio Lopez, Johanna Lopez, & S.L. by and through his guardian ad litem Rocio Flores

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successors in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,, <br><br>  Plaintiff, <br><br> vs. | Case No.: 8:22-cv-01351-JVS-ADS <br><br> *(Honorable James V. Selna; Magistrate Judge Autumn D. Spaeth)* <br><br> **AMENDED EX PARTE PETITION TO APPROVE MINOR'S COMPROMISE FOR MINOR PLAINTIFF S.L.** |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | |
|---|---|
| 1 | CITY OF ANAHEIM, a municipal corporation; CITY OF SANTA ANA, a municipal corporation; DAVID VALENTIN, individually and in his official capacity as the Chief of Police for the CITY OF SANTA ANA Police Department; JORGE CISNEROS, individually and in his official capacity as the Chief of Police for the CITY OF ANAHEIM Police Department; PAUL DELGADO, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; KENNETH WEBER, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; CAITLIN PANOV, individually and in her official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; DOES 1-10, individually and in their official capacity as law enforcement officers for the CITY OF ANAHEIM Police Department and CITY OF SANTA ANA Police Department,, |
| 17 | Defendants. |

**TO THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** Minor Plaintiff S.L., by and through his guardian ad litem Rocio Flores, individually and as successor-in-interest to Decedent Brandon Lopes hereby moves this ex parte Court for an Order approving the settlement of his claims and distribution of his settlement funds on the grounds that counsel has complied with all procedural requirements pursuant to California Rule of Court 7.950 and 7.951, the net recovery for S.L. is fair and reasonable, and Counsel's fees and costs are reasonable. Plaintiffs' counsel and petitioner thus respectfully requests that the Court approve the below-described distribution of the settlement proceeds.

PG. 2      Case No. 8:22-cv-01351-JVS-ADS
**AMENDED EX PARTE PETITION TO APPROVE MINOR'S COMPROMISE FOR MINOR PLAINTIFF S.L.**

This Petition is based on this amended ex parte petition, the attached memorandum of points and authorities, the concurrently filed Declaration of Lena P. Andrews (hereinafter "Andrews Decl.") and exhibits attached thereto; and the concurrently filed Proposed Order.

## AMENDED EX PARTE PETITION TO APPROVE MINOR'S COMPROMISE FOR MINOR PLAINTIFF S.L.

Plaintiff S.L., by and through his guardian ad litem Rocio Flores, hereby brings this amended ex parte application for approval of the settlement between Plaintiff S.L. and the City of Anaheim and the proposed distribution as contained herein.

Plaintiff S.L. previously filed a Petition for Minor's Compromise [Dkt. 114] which this Court granted [Dkt. 115]. After receiving the Order, Plaintiff S.L.'s counsel noticed a mathematical error in the original petition. The previous petition requested attorney's fees in the amount of 33.33%; however, the correct amount should have been 25%. Plaintiff S.L. is thus submitting this amended petition to correct this mathematical error. No other changes have been made to the structure nor the petition. (Andrews Decl. at ¶ 17).

I. **DISCUSSION**

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's

interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952."

Pursuant to Local Rule 17-1.3 and applicable State of California rules, Plaintiff V.R., by an through her guardian ad litem, ROCIO FLORES makes the following disclosures:

1. Petitioner is Rocio Flores, guardian ad litem to minor Plaintiff S.L. Plaintiff S.L. is represented by Burris, Nisenbaum, Curry & Lacy.

2. Minor Plaintiff S.L. is male. He was born in 2010. Plaintiff S.L. is the biological child of decedent Brandon Lopez.

3. The nature of Plaintiff S.L.'s claims are set forth in the operative complaint. Andrews Decl. at ¶ 2.

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

4. Medical treatment and medical billing are not relevant. Plaintiff S.L. has not received medical treatment in connection with this case. Andrews Decl. at ¶ 3.

5. Minor Plaintiffs S.L., B.L., J.L., and M.R and Defendants Officers and the City of Anaheim reached a settlement in this matter. The total settlement for this matter is in the amount of $5,800,000, inclusive of all costs and attorney's fees. Andrews Decl. at ¶ 4.

6. The minor Plaintiffs, by and through their respective guardian ad litems, have agreed to even apportionment of the total amount between the four minor Plaintiffs. Thus, Minor Plaintiff S.L.'s gross settlement amount shall be $1,450,000, equal to 25% of the total settlement. Andrews Decl. at ¶ 5.

7. Burris, Nisenbaum, Curry & Lacy hereby request attorney's fees in the amount of 25% of the total gross settlement to Minor Plaintiff S.L., equaling $362,500.00, pursuant to the contingency agreement between Minor Plaintiff S.L., by and through his guardian ad litem Rocio Flores, and Burris, Nisenbaum, Curry & Lacy LLP. Andrews Decl. at ¶ 6.

8. The minor Plaintiffs, by and through their respective guardian ad litems, have agreed to even apportionment of the total costs between the four minor Plaintiffs. Andrews Decl. at ¶ 7. The total costs expended by counsel in the course of litigation for all four Minor Plaintiffs in this matter is $14,573.95. (Andrews Decl. ¶ 8). Thus, Minor Plaintiff S.L. shall bear $3,643.49 in litigation costs. Id.

9. Minor Plaintiff S.L. will thus receive a net settlement in the amount of $1,083,856.51. Andrews Decl. at ¶ 9.

10. Minor Plaintiff S.L., by and through her Guardian ad Litem and counsel of record, request this Court approve the below tax-fee structured settlement for the entire net settlement amount, $1,083,856.51, through Melissa Baldwin of Baldwin

Settlements. Disbursements shall be made periodically after Plaintiff S.L. comes of age in accordance with the schedule outlined in Exhibit A, attached to Andrews Decl.

11. The annuity check will be made payable to Met Life Assignment Company, Inc. (hereinafter referred to as "Assignee") which will provide the following periodic payments in Exhibit A, Section A to be made by Metropolitan Tower Life Insurance Company, (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company.

12. Periodic Payments payable to Plaintiff S.L.:

$37,750.00 Payable semi-annually guaranteed for 4 years, beginning on 09/03/2028 with last guaranteed payment on 03/03/2032

$40,000.00 Lump Sum Payment guaranteed on 09/03/2032

$50,000.00 Lump Sum Payment guaranteed on 09/03/2034

$90,000.00 Lump Sum Payment guaranteed on 09/03/2036

$245,000.00 Lump Sum Payment guaranteed on 09/03/2038

$1,305,806.00 Lump Sum Payment guaranteed on 09/03/2040

Exhibit A, attached Andrews Decl.

13. The Defendant will execute a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant's liability to make the periodic payments described in paragraph (A) herein. Such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant from such obligations hereunder as are assigned to Assignee. Exhibit A, attached Andrews Decl.

14. The Defendant shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset", within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier. Exhibit A, attached Andrews Decl.

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

15. The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check or via wire transfer, in the amount specified above. Exhibit A, attached Andrews Decl.

16. The Plaintiff hereto expressly understands and agrees that upon the qualified assignment being made by the Defendant to Assignee as authorized by this agreement, all of the duties and responsibilities to make the periodic payments otherwise imposed upon the Defendant by this agreement shall instead be binding upon Assignee, and the Defendant shall be released from all obligations to make said periodic payments, and Assignee shall at all times remain directly and solely responsible for and shall receive credit for all such payments made to Plaintiff. It is further understood and agreed that, upon such a qualified assignment, Assignee assume all of the duties and responsibilities of the Defendant to make the periodic payments. Exhibit A, attached Andrews Decl.

17. Payments hereunder cannot be accelerated, deferred, increased or decreased by the Plaintiff and/or Assignee and no part of the payment(s) called for herein or any assets of the Defendant and/or Assignee is to be subject to execution of any legal process for any obligation in any manner. Furthermore, the Plaintiff shall not have the power to sell or mortgage or encumber the same, or any part thereof, anticipate the same, or any part thereof, by assignment or otherwise. Exhibit A, attached Andrews Decl.

18. The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership. The Assignee will have the Annuity Carrier mail payments directly to the Plaintiff. The Plaintiff shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee. Exhibit A, attached Andrews Decl.

19. Petitioner Rocio Flores has reviewed the proposed settlement and structured disbursement schedule in Exhibit A. Andrews Decl. at ¶ 10.

20. Petitioner understands that if the compromise proposed in this petition is approved by the Court and is consummated, Plaintiff S.L. will be forever barred from seeking any further recovery of compensation even though Plaintiff S.L.'s injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner is informed and believes that Plaintiff S.L. has made sufficient recovery so as to justify the resolution of this matter in accordance with the terms of the settlement agreement. Petitioner recommends the compromise and the proposed distribution to Plaintiff S.L. to the Court as being fair, reasonable, and in the best interest of Plaintiff S.L. and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable.

21. Petitioner Rocio Flores has no claims against the Defendants or Plaintiff S.L.

22. California Welfare and Institutions Code Section 14124.73 does not apply. Andrews Decl. at ¶ 11.

23. This motion does not seek an order for payment of money to a special needs trust. Andrews Decl. at ¶ 12.

24. This petition was prepared by Burris, Nisenbaum, Curry & Lacy LLP, counsel for Minor Plaintiff S.L. in this action. DeWitt M. Lacy, Julia N. Quesada, and Lena P. Andrews are counsel of record for Minor Plaintiff S.L. Andrews Decl. at ¶ 13. Burris, Nisenbaum, Curry & Lacy is in agreement with the terms of this Petition. Id.

25. Plaintiff S.L.'s counsel also represent Plaintiffs Antonio Lopez and Johanna Lopez. Andrews Decl. at ¶ 14. Plaintiffs Antonio Lopez and Johanna Lopez are not parties to the subject settlement. Andrews Decl. at ¶ 15.

26. DeWitt M. Lacy, Julia N. Quesada, and Lena P. Andrews, hereby represent to the Court that they became involved in this case at the request of Plaintiffs and have not received any compensation for their services in connection with this action from any person. Andrews Decl. at ¶ 16.

27. Petitioner and her counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the subject incidents, the responsibility therefore, and the nature and extent of injury to the minor plaintiff, and fully understand that if the compromise herein proposed is approved by the Court and is consummated, said minor plaintiff will be forever barred and prevented from seeking any further recovery of compensation as against all Defendants in this action, even if said minor's losses and injuries might in the future prove to be more serious than they are now thought to be.

28. Petitioner recommends this compromise settlement to the Court as being fair, reasonable, and in the best interests of said minor plaintiff.

29. Defense counsel has no objection to the proposed distribution.

Dated:  May 9, 2024                                **BURRIS, NISENBAUM, CURRY & LACY LLP**

By: /s/ *Lena Andrews*
    DeWITT M. LACY
    JOHN L. BURRIS
    JULIA N. QUESADA
    LENA P. ANDREWS
    Attorneys for Plaintiff,
    Antonio Lopez, Johanna Lopez, &
    S.L. by and through his guardian ad
    litem Rocio Flores