**BURRIS, NISENBAUM, CURRY & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY & LACY LLP**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

Attorneys for Plaintiff
Antonio Lopez, Johanna Lopez, & S.L. by and through his guardian ad litem Rocio Flores

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successors in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,<br><br>Plaintiff,<br><br>vs. | Case No.: 8:22-cv-01351-JVS-ADS<br><br>*(Honorable James V. Selna; Magistrate Judge Autumn D. Spaeth)*<br><br>**PLAINTIFFS' AMENDED EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>*(Filed concurrently with Declaration of Lena P. Andrews and Proposed Order)* |

| | |
|---|---|
| 1 | CITY OF ANAHEIM, a municipal corporation; CITY OF SANTA ANA, a municipal corporation; DAVID VALENTIN, individually and in his official capacity as the Chief of Police for the CITY OF SANTA ANA Police Department; JORGE CISNEROS, individually and in his official capacity as the Chief of Police for the CITY OF ANAHEIM Police Department; PAUL DELGADO, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; KENNETH WEBER, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; CAITLIN PANOV, individually and in her official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; DOES 1-10, individually and in their official capacity as law enforcement officers for the CITY OF ANAHEIM Police Department and CITY OF SANTA ANA Police Department, |
| | Defendants. |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs Johanna Lopez, Antonio Lopez, and S.L. hereby move this Court ex parte for an Order modifying the scheduling order and continuing all dates and deadlines in this matter. This Motion is made on the grounds that good casue exists to modify the scheduling order as the parties need additional time to mediate Plaintiffs Johanna Lopez and Antonio Lopez's claims and there is insufficient time under the current scheduling order to finish conducting necessary discovery before the current cut off.

Since April 18, 2024, the parties were actively engaged in crafting a stipulation to extend all deadlines. However on May 2, 2024, the Defendants changed their position without warning, approximately one week before the current discovery cutoff, necessitating the filing of this Motion. The parties met and conferred extensively regarding the stipulation, including agreeing upon a new trial date. Once Defendants indicated that they would not move forward with the stipulation, Plaintiff immediately met and conferred with Defendants regarding the subject ex parte. Defendants indicated that they opposed Plaintiffs' Motion.

Plaintiffs previously filed an Ex Parte Motion to Modify the Scheduling Order [Dkt. 117]. The Court denied that Motion stating that the "Court will consider adjusting any dates other than the trial date and pretrial conference date." [Dkt. 119]. In accordance with the Court's Order, Plaintiffs hereby request a modest one month continuance of the pretrial dates.

This amended ex parte motion is based on this notice, the attached memorandum of points and authorities, the Declaration of Lena P. Andrews (hereinafter "Andrews Decl.") all pleadings, papers and records in this action, and any additional exhibits or oral argument as may be permitted by this Court.

Dated: May 9, 2024         **BURRIS, NISENBAUM, CURRY & LACY LLP**

By: /s/ *Lena Andrews*
    DeWITT M. LACY
    JOHN L. BURRIS
    JULIA N. QUESADA
    LENA P. ANDREWS
    Attorneys for Plaintiff,
    Antonio Lopez, Johanna Lopez, &
    S.L. by and through his guardian ad litem Rocio Flores

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Johanna Lopez, Antonio Lopez, and S.L. hereby move and respectfully request this Court grant Plaintiffs' request to modify the scheduling order in this matter as described *infra*.

### II. STATEMENT OF FACTS

Since the City of Anaheim Defendants filed their Motion to Continue, the parties have been diligently engaged in the litigation. (Andrews Decl., ¶ 2). As this Court is aware, the four Minor Plaintiffs and the City of Anaheim Defendants have agreed to settle their claims. (Dkt. 112). The parties are diligently working to finalize the settlement and make arrangements for structured settlements. (Andrews Decl., ¶ 2; see also Dkt. 114). Plaintiffs Johanna Lopez and Antonio Lopez were not parties to the settlement between the Minor Plaintiffs and the City of Anaheim Defendants. (Andrews Decl., ¶ 3; see also Dkt. 112).

On April 2, 2024, Plaintiffs Johanna Lopez and Antonio Lopez and the City of Anaheim Defendants were scheduled to attend a mediation with the Honorable Judge Joseph Biderman. (Andrews Decl., ¶ 4). Due to a conflict with her employment, Plaintiff Johanna Lopez became unavailable on April 2, 2024, necessitating the cancellation of the mediation. (Andrews Decl., ¶ 5). The intention was always to reschedule the mediation as both parties are hopeful that the remaining claims can be settled. (Andrews Decl., ¶ 6).

Thereafter attorneys for all parties, including DeWitt Lacy, Julia Quesada, Lena Andrews, Tony Sain, and Tori Bakken, began a federal trial in the courtroom of the Honorable Judge Robbinson in the Southern District of California. (Andrews Decl., ¶ 7). The trial began on April 16, 2024, and concluded on April 29, 2024. (Andrews Decl., ¶ 8). Due to the trial and counsel for all parties unavailability, it

was not possible to reschedule the mediation between April 2, 2024, and April 29, 2024. (Andrews Decl., ¶ 9).

On April 18, 2024, counsel for Plaintiffs reached out to counsel for the City of Anaheim Defendants via email and requested the parties meet and confer regarding a stipulation to modify the scheduling order due to the impending discovery cut off, the necessity to re-schedule the mediation prior to the fact discovery cut off and expert disclosure deadline, and Plaintiffs' counsel's conflict with the currently scheduled trial date in this matter. (Exhibit A to Andrews Decl.) Plaintiffs did not receive a response. *Id*.

On April 22, 2024, Plaintiffs' counsel again reached out via email regarding the proposed stipulation. *Id*. On April 23, 2024, at the request of defense counsel, Plaintiffs' counsel circulated a draft stipulation to assist the Defendants in determining their availability for trial. *Id*.

On April 26, 2024, after receiving no response, Plaintiffs' counsel again followed up via email. *Id*. That day, Mr. Sain responded that counsel was still trying to coordinate their schedule and would provide a suggested trial date soon. *Id*. Mr. Sain also stated that they could not agree to a continuance unless the mediation had been "<u>rescheduled</u>." *Id*.  Later that day, Ms. Bakken indicated that defense counsel's first availability for trial would be June of 2025. *Id*. Plaintiffs agreed to this date. *Id.*

The parties thereafter worked to find a date to reschedule the mediation and May 14, 2024. (Andrews Decl., ¶ 10). Suddenly, on May 2, 2024, after two weeks of discussions during which the parties had agree on a time frame for trial and had confirmed the date for the mediation, counsel for Defendants changed their position and stated that they would not agree to continue any dates and deadlines until the mediation had *occurred.* (Exhibit B to Andrews Decl.) The previous agreement, per Mr. Sain, that Plaintiffs relied upon was that the stipulation would be signed once the mediation had been *rescheduled.* (Exhibit A to Andrews Decl.)

Plaintiffs thereafter informed Defendants that they would be moving ex parte to modify the scheduling order in accordance with the previous agreement as Plaintiffs had relied on the representations of defense counsel regarding the stipulation. (Exhibit A to Andrews Decl.) Defendants indicated that they would oppose this Motion but would be amenable to reconsider the stipulation after the mediation scheduled for May 14, 2024, if the case does not resolve. *Id*.

Plaintiffs thereafter filed their ex parte motion. [Dkt. 117]. Defendants opposed the motion. [Dkt. 118]. The Court thereafter denied Plaintiffs' ex parte motion, stating "Court will consider adjusting any dates other than the trial date and pretrial conference date." [Dkt. 119].

Plaintiffs' counsel thereafter reached out to counsel for Defendants to meet and confer regarding a stipulation to move only the pretrial dates in accordance with the Court's Order and Plaintiffs intention to file an amended ex parte motion should the parties not be able to reach an agreement. (Exhibit C to Andrews Decl.) Defendants again stated that they would be unwilling to stipulate to any continuance until after the mediation had occurred on May 14, 2024. Id.

As previously explained, there is still additional discovery that Plaintiffs need to complete, including the depositions of the named Defendant officers. (Andrews Decl., ¶ 11). Due to the previously scheduled mediation on April 2nd, the trial which lasted from April 16th to April 29th, and both parties desire to mediate the case prior to incurring additional costs, the depositions of the Defendant Officers have not yet occurred. (Andrews Decl., ¶ 12). In addition, the depositions of the Defendant Officers had not occurred previously as the discovery as to the Defendant Officers was stayed until late November of 2023. [Dkt. 103]. Thereafter, the parties were diligently engaged in settlement negotiations. (Andrews Decl., ¶ 13). Accordingly, the depositions of the Defendant Officers have not yet been taken. (Andrews Decl., ¶ 14). Additional time is thus necessary to permit the mediation to go forward on

May 14, 2024, and, if the case is not resolved on that date, to allow time to finish fact discovery prior to incurring the expense of retaining experts. (Andrews Decl., ¶ 15).

Finally, Plaintiffs' counsel is not available on the date currently set for trial. (Andrews Decl., ¶ 16). The Court previously set a trial date of September 17, 2024, in response to Defendants' Motion to Continue Case Management Deadlines, Including Trial Date. [Dkts. 104, 110]. Plaintiffs' Counsel is scheduled to begin another trial on September 9, 2024, in the courtroom of the Honorable Magistrate Judge Chistopher D. Baker, Eastern District of California, in the matter of *Dibbern v City of Bakersfield et al*, case no. 1:22-cv-00723-CDB. *Id*. The trial is expected to last at least two weeks. *Id*. The *Dibbern* trial was scheduled prior to the trial in this matter. (Andrews Decl., ¶ 17).

### III.    ARGUMENT

#### A. Procedural Standards for Ex Parte Motions

Local Rule 7-19 et seq. require movant to make a good faith effort to advise opposing counsel of the date and substance of the ex parte motion. In addition, it requires the memorandum of points and authorities to contain the name and contact information for the opposing party.

Here, the parties met and conferred regarding the anticipated stipulation to continue for almost two weeks. Plaintiffs counsel circulated a draft stipulation that outlined Plaintiffs' contentions regarding good cause and included proposed dates based on both counsels' availability. The same good cause underscores this Motion. In addition, Plaintiffs counsel informed opposing counsel that they would be filing an ex parte without delay. Defendants indicated that they opposed the motion.

Plaintiffs thereafter filed their ex parte and Defendants filed their opposition. The Court ultimately denied the ex parte but stated that it would "consider adjusting any dates other than the trial date and pretrial conference date." [Dkt. 119]. Plaintiff

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

thereafter met and conferred with Defendants about a more modest continuance that would leave the final pretrial conference and trial date in place and included a table of suggested dates. Plaintiffs clearly stated that they would be filing an amended ex parte if an agreement could not be reached. Defendants stated they would not be willing to enter into any stipulation unless the May 14, 2024, mediation was unsuccessful. Plaintiffs agreed to note their continued opposition in the moving papers.

Contact information for counsel for the opposing party is as follows:

Tony Sain & Tori Bakken, Manning & Kass Ellrod Trester Ramirez, 801 S Figueroa St 15th Floor, Los Angeles, CA 90017; (213) 624-6900.

Thus, Plaintiff has complied with Local Rule 7-19.

### B. Standard for Ex Parte Motions

As stated in this Court's Initial Order, *Ex parte* applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Engineering Company v. Continental Casualty Co.*, 883 F. Supp. 488 (C. D. Cal. 1995).

In this matter, an *ex parte* application is appropriate due to the impending deadlines and Plaintiffs' counsel's reasonable reliance on the representations of counsel pertaining to the stipulation. Plaintiffs' counsel began meeting and conferring with defense counsel on April 18, 2024. At no point between April 18 and May 2, 2024, did defense counsel indicate that it would not be willing to agree to the stipulation until after the mediation had *occurred*. The only conditions suggested by Defendants were their requested trial date in June of 2025 and that the mediation be *rescheduled* prior to signing the stipulation. Plaintiff met both conditions. After working diligently to confirm the mediation so the stipulation could be timely filed prior to the discovery cut off, defense counsel abruptly changed their position and refused to agree to the stipulation until *after* the mediation took

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

place. This would leave Plaintiff in a very uncertain position should the case not settle as fact discovery will have closed and expert disclosures would be due in a matter of days. This would necessitate late motion work to re-open discovery and extend the expert deadlines, which would unnecessarily burden the Court. Instead, Plaintiff is diligently seeking a modification of the scheduling now to ensure that all requests are timely made.

Plaintiffs will suffer irreparable harm if the scheduling order is not modified. If the case does not settle on May 14, 2024, then Plaintiffs will be left without necessary depositions and will have to expend additional funds to obtain rush reports from their experts. In addition, not modifying the scheduling order is likely to hinder full and meaningful settlement discussions.

This harm and prejudice can be avoided by modifying the scheduling order to allow the fact discovery deadline to fall after May 14, 2024, to allow the parties to complete discovery prior to disclosing experts and expending unnecessary funds and judicial resources should the case not settle.

C. <u>Requested Modification</u>

In accordance with the Court's Order [Dkt. 119], Plaintiffs respectfully request this Court modify the scheduling order as follows:

| Case Event | Current Deadline [Dkt 110] | Proposed Deadline |
|---|---|---|
| Jury Trial | September 17, 2024, at 8:30 am | no change. |
| File Findings of Fact and Conclusions of Law | September 10, 2024 | no change. |
| Final Pre-Trial Conference | September 9, 2024, at 11:00 am | no change. |
| File Pre-Trial Documents | August 26, 2024 | no change. |
| File Motions in Limine | August 5, 2024 | August 19, 2024 |
| Fact Discovery Cut-off | May 10, 2024 | June 7, 2024 |
| Expert Discovery Cut-off | June 14, 2024 | July 12, 2024 |

| Initial Disclosure of Experts | May 17, 2024 | June 14, 2024 |
|---|---|---|
| Rebuttal Disclosure of Experts | May 31, 2024 | June 28, 2024 |
| Law and Motion Cut-off | July 15, 2024, at 1: 30 pm | August 12, 2024, at 1:30 pm |
| Motions to be filed and served | June 17, 2024 | July 15, 2024 |

### D. Good Cause Exists for This Court to Modify the Scheduling Order

Pursuant to FRCP 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). The Court's Chambers' Rules further provide that, "[t]he dates and times set in the Scheduling Order will not be modified except for good cause shown." The "good cause" standard under FRCP 16 focused on the "reasonable diligence" of the moving party. *Noyes v. Kelly Services*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). A party demonstrates good cause by showing that, even with the existence of due diligence, he or she was unable to meet the timetable set forth in the order. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

#### a. Plaintiffs Have Demonstrated Reasonable Diligence

As the facts above demonstrate, Plaintiffs have been diligently pursuing discovery in this case. Plaintiffs have propounded significant written discovery in this matter, despite the extended stay of discovery as to the Defendant Officers. The stay was only lifted as of November 21, 2023.

Since the stay, Plaintiffs have been diligently engaged in negotiating resolution of the case. The claims of all the Minor Plaintiffs have been settled and the parties are working towards finalizing the settlement and distribution of funds. Plaintiffs Johanna Lopez and Antonio Lopez have also been working towards resolution of their claims and the parties now have now confirmed that the mediation will go forward on May 14, 2024. The parties were previously set to go to mediation

on April 2, 2024, however Plaintiffs were forced to cancel to an employment related scheduling conflict. Counsel for both Plaintiffs Johanna Lopez and Antonio Lopez and the City of Anaheim Defendants thereafter began a trial together that lasted from April 16, 2024, to April 29, 2024. This trial created an immovable scheduling conflict thus no depositions nor mediations could take place during this time.

Realizing the parties were running out of time to participate in a mediation prior to incurring additional costs of depositions and retaining experts, Plaintiffs' counsel reached out and attempted to negotiate a stipulation that would allow the case to go to mediation prior to incurring these expenses and wasting the Court's time with unnecessary motion work. Defense counsel then strung Plaintiffs' counsel along for two weeks while Plaintiffs' counsel worked in good faith towards a stipulation. Thereafter, on May 2, 2024, defense counsel changed its position without warning and stated that it would not agree to a stipulation until after the mediation had occurred, rather than after it was rescheduled and confirmed.

Plaintiffs remain optimistic that the case could resolve on May 14, 2024. However, Plaintiffs cannot wait to see how the mediation turns out prior to seeking relief given the impending fact discovery and expert disclosure deadlines. A modification of the scheduling order will benefit both sides as all parties will be able to avoid unnecessary costs pertaining to depositions, rushed transcript orders, and expert fees while promoting meaningful negotiations between the parties. The modification of the scheduling order will also conserve judicial resources and alleviating additional motion work should the case not settle on May 14, 2024.

//
//
//

      b. <u>No Undue Prejudice to Defendants Will Occur if the Court Grants Plaintiffs' Motion</u>

As evidenced by Defendants initial agreement to stipulate to modify the scheduling order, Defendants will not incur any prejudice if the Court grants Plaintiffs Motion. The requested schedule takes into account defense counsel's schedule and professed unavailability until June of 2025. Moreover, the modification will also save Defendants from expending unnecessary costs and attorneys' fees in taking additional depositions and hiring experts before the parties have had a chance to meaningfully negotiate.

Thus, extending the discovery deadlines will benefit Defendants as well.

### IV.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant this Amended Ex Parte Motion to Modify the Court's Scheduling Order.

Dated: May 9, 2024                **BURRIS, NISENBAUM, CURRY & LACY LLP**

By: /s/ *Lena Andrews*
    DeWITT M. LACY
    JOHN L. BURRIS
    JULIA N. QUESADA
    LENA P. ANDREWS
    Attorneys for Plaintiff,
    Antonio Lopez, Johanna Lopez, &
    S.L. by and through his guardian ad litem Rocio Flores

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212