**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CAITLIN PANOV

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10,<br><br>Defendants. | Case No. 8:22-cv-1351-JVS-ADS<br>[*Hon. James V. Selna, Dist. Judge*; *Hon. Autumn D. Spaeth, M. Judge*]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' AMENDED EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER [121]**<br><br>*Filed Concurrently with Declaration of Abigail J.R. McLaughlin & Exhibits*<br><br><br>Complaint Filed: 05/07/2022<br>Fact DCO: 05/10/2024<br>Trial Date: 09/17/2024 |

140113249.1

DEFTS.' OPPOSITION TO PLTFS.' AMENDED EX PARTE MTN. TO MODIFY THE SCHEDULING ORDER

# TABLE OF CONTENTS

1. INTRODUCTION & SUMMARY OF OPPOSITION. ................................. 1

2. RELEVANT FACTUAL AND PROCEDURAL HISTORY. ......................... 2

3. PLAINTIFFS FAIL TO DEMONSTRATE THE NECESSARY DILIGENCE TO SUPPORT THEIR REQUEST FOR MODIFICATION OF THE SCHEDULING ORDER. ................................... 4

4. PLAINTIFFS' REQUEST FOR CONTINUANCE OF THE CASE MANAGEMENT DEADLINES IN THIS MATTER IS PREMATURE & LACKS GOOD CAUSE. ........................................................................ 7

5. CONCLUSION. ........................................................................................ 8

**1.     INTRODUCTION & SUMMARY OF OPPOSITION.**

Defendants CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CAITLIN PANOV (collectively "Defendants") respectfully oppose Plaintiffs ANTIONIO LOPEZ and JOHANNA LOPEZ's[1] (collectively "Plaintiffs") Amended *Ex Parte* Motion to Modify the Scheduling Order for the followings reasons:

As an initial matter, Plaintiffs' Amended *Ex Parte* Motion to Modify the Scheduling Order is substantially similar to Plaintiffs' previously filed *ex parte* [Dkt. 117], but for the fact that Plaintiffs no longer request a continuance of the pre-trial conference and trial date in this matter and the requested continuance is only approximately a month, rather than several months.  However, this change in requests does not change the fact that Plaintiffs' requested relief should be denied and, thus, Defendants re-assert their Opposition on the same bases as when they opposed Plaintiffs' original *ex parte*.  [*See* Dkt. 118.]

<u>First</u>, Plaintiffs have failed to show that they were diligent in attempting to comply with this Court's case management deadlines in this matter.  Rather, Plaintiffs did not notice (or even communicate with Defendants regarding) the individual defendants' depositions, which Plaintiffs cite as a basis for the need for a continuance. Additionally, Plaintiffs failed to show that they were diligent in seeking amendment of this Court's scheduling order once it became apparent Plaintiffs could not comply with the order.  Rather, Plaintiffs waited until less than a month prior to the fact discovery cut-off in this matter to meet and confer with Defendants about a continuance of all case management deadlines in this matter and during a time where

---

[1]     The subject *Ex Parte* Motion was also filed on behalf of Plaintiff S.L., however S.L. has already settled their claims in this action with Defendants and S.L.'s *ex parte* petition to approve minor's compromise was approved on May 7, 2024.  [Dkt. 115.]

140113249.1                                                     1
DEFTS.' OPPOSITION TO PLTFS.' EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER

the Parties' counsel were all currently in a weeks-long trial in another matter (with some of Plaintiffs' counsel), which ran from April 16, 2024 to April 30, 2024.

Second, Plaintiffs' request for a continuance of all case management deadlines in this matter (sans the pre-trial conference and trial dates) is premature and lacks good cause because the Parties are scheduled to go to mediation on May 14, 2024. If the Parties settle this matter, there is no need for Plaintiffs' requested relief. Moreover, if the Parties cannot reach an agreement regarding settlement, Defendants have repeatedly advised Plaintiffs that we are willing to revisit a stipulation for continuance if a good-faith mediation fails to resolve the case. But, Defendants are unwilling to agree to a stipulation to continuance *before* the May 14, 2024 mediation: as Defendants are entitled to a good-faith mediation attempt to resolve this case, and Plaintiffs' presumption of failure and the necessity of a continuance runs contrary to the goal of good faith in settlement negotiations – particularly after Plaintiffs previously cancelled a prior mediation after 5:00 p.m. the day prior to the mediation.

## 2. RELEVANT FACTUAL AND PROCEDURAL HISTORY.

On January 18, 2024, this Court granted Defendants' Motion to Continue Case Management Deadlines in this matter by approximately three months, citing Defendants' demonstration of diligence in pursuing some discovery and filing the Motion, as well as: (1) defense counsel's unavailability for the May 14, 2024 trial date; (2) the additional time needed to depose the individual defendants in this matter; and (3) to allow for another mediation between the parties and a possible settlement. [Dkt. 110.][2]

---

[2] It is worth noting here that, before current defense counsel substituted into the case, a global settlement involving *all* of the plaintiffs (including the parent plaintiffs) appeared to be within reach. However, despite repeated requests, the parent plaintiffs have still failed to provide any numerical counteroffer to the Anaheim Defendants' last settlement offer. [*See* McLaughlin Decl., ¶5, Exh. B at p. 1.] Defendants are thus understandably skeptical of the parent plaintiffs' interest in and commitment to a good-faith settlement of this case: particularly when their counsel has not yet (footnote continued)

1  Defendants will have completed their fact discovery in this matter by the
2  current May 10, 2024 discovery cut-off, as Defendants took the deposition of Plaintiff
3  Antonio Lopez on January 15, 2024; served written discovery on Plaintiffs on March
4  4, 2024, and received responses to the same on April 29, 2024; and will be taking
5  Plaintiff Johanna Lopez's deposition on May 8, 2024.  [McLaughlin Decl., ¶2.]
6  Notably, even after the discovery deadlines were extended, neither the settling
7  plaintiffs nor the parent plaintiffs noticed any of the depositions of the shooting-
8  involved Anaheim officers.  [*Id.* at ¶3.]

9  Significantly, on or about March 27, 2024, the Parties (the parent plaintiffs and
10 the Anaheim Defendants) agreed to participate in a second mediation in this matter
11 before the Hon. Joseph Biderman on April 2, 2024 beginning at 10:00 a.m.  [*Id.* at
12 ¶4.]  However, after previously confirming that such mediation would proceed, on
13 April 1, 2024 at 5:04 p.m. (less than 24 hours prior), Plaintiffs' counsel informed both
14 Defendants and Judge Biderman that they were "recently informed of a new conflict
15 that one of our clients has with the scheduled mediation for tomorrow and therefore
16 [are] not available to proceed with the mediation session." [*Id.*, Exh. A at p. 1.]

17 Though Plaintiffs remained open to a second mediation, they did not reach out
18 about alternative dates until Defendants informed Plaintiffs that they would not agree
19 to any continuances of the case management deadlines and trial date in this matter
20 unless and until the mediation has been rescheduled and completed.  [*Id.*, ¶5, Exh. B
21 at pp. 7-12.]  Notably, Defendants made a pre-mediation offer to Plaintiffs prior to
22 the April 2, 2024 mediation, but never received a counter offer.  [Exh. B at p. 1.]

---

confirmed that the parent plaintiffs themselves will be attending the scheduled May 14 mediation with mediator (Ret.) Judge Biderman; and particularly when, rather than focus upon laying sufficient groundwork for a productive settlement at the upcoming mediation, and possible complete resolution of the dispute, the parent plaintiffs are instead focused upon the instant *ex parte* and the (untimely*)* "need" for further discovery that would only be relevant/necessary if the May 14 mediation failed.



140113249.1

3

DEFTS.' OPPOSITION TO PLTFS.' EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER

While the Parties currently intend to participate in mediation with Judge Biderman on May 14, 2024, due to Plaintiffs' prior last-minute cancellation of the earlier mediation, Defendants remain concerned that Plaintiffs will not attend the May 14, 2024 mediation, or will not proceed in good faith to try to resolve this issue: particularly when, given the challenges for the parent plaintiffs to assert the claims that survived the other plaintiffs' settlement, the parent plaintiffs' remaining claims appear to be of lesser value than the settling plaintiffs. Thus, Defendants have repeatedly told Plaintiffs that they are unwilling to stipulate to any continuance in this matter until after the completion of a good-faith mediation as scheduled on May 14, 2024. [*See generally* Exh. B, C.]

On May 8, 2024, Plaintiffs informed Defendants of their intention to bring the subject Amended *Ex Parte* Motion to Modify Scheduling Order via e-mail. [Dkt. 121-4 at pp. 1-2.] Despite it being pointed out in Defendants' Opposition to Plaintiffs' original *Ex Parte* Motion to Modify Scheduling Order that Plaintiffs provided an incorrect address and phone number for defense counsel in violation of C.D. Cal. Local Rule 7-19, Plaintiffs' Amended *Ex Parte* Motion <u>still</u> does not contain the correct address or phone number for Defendant's counsel. [Dkt. 121 at 5:9-10; *see* Dkt. 118 at 6:4-7.]

### 3. PLAINTIFFS FAIL TO DEMONSTRATE THE NECESSARY DILIGENCE TO SUPPORT THEIR REQUEST FOR MODIFICATION OF THE SCHEDULING ORDER.

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2022) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the

diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.3d at 609); *see also Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (holding that "the focus of the Rule 16 'good cause' inquiry is on the moving party's diligence, or lack thereof, in seeking amendment").

Accordingly, to demonstrate diligence, the moving party is required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Here, **Plaintiffs have demonstrated an utter lack of diligence in pursuing discovery in this matter** despite the current May 10, 2024 fact discovery cut-off. Plaintiffs state that they have "been diligently pursuing discovery in this case," including "propound[ing] significant written discovery." [Dkt. 117 at 6:26-7:1.] Yet, Plaintiffs' last written discovery to Defendants was served on November 17, 2023, prior to the Court's Order extending the case management deadlines in this matter per Defendants' request. Additionally, Plaintiffs have utterly failed to notice or communicate with Defendants about the depositions of the individual defendant officers in this matter, despite being on notice of the approaching May 10, 2024 fact discovery cut-off; this is especially true given the Defendants' scheduling of Plaintiff Johanna Lopez's deposition on May 8, 2024. [*See* McLauglin Decl., ¶¶3, 7, Exh. D.]

Moreover, Plaintiffs' counsel were aware of both Parties' counsel's trial conflict from April 16, 2024 to April 30, 2024 (for the *Nunis* trial involving most of the same counsel) since on or about July 13, 2023. [McLaughlin Decl., ¶8.] Thus,

when the Court granted Defendants' request for continuance on January 18, 2024, Plaintiffs' counsel, like Defendants' counsel, were well-aware of the immovable scheduling conflict created by this trial (*Nunis*) and could have reached out about the individual defendants' depositions at any point in the approximately three (3) months preceding that conflict; and yet, Plaintiffs did <u>not</u> do so. [*See id.*, ¶3.]

Additionally, Plaintiffs attempt to blame Defendants for their need to bring the subject *ex parte*. However, it is clear that it is Plaintiffs' own lack of diligence that is to blame. Plaintiffs claim that they sought a stipulation to continue the case management deadlines in this matter to avoid the additional costs of depositions and retaining experts. Yet, as stated above, Defendants have completed their fact discovery in this matter and the Parties' expert disclosures are not due until <u>after</u> the May 14, 2024 mediation. Thus, if the Parties come to a settlement on May 14, the need for *any* discovery would be mooted. Additionally, as stated by Defendants, once mediation occurs, Defendants are willing to revisit a continuance of case management deadlines in this matter, which would necessarily include the expert disclosure deadline. [*See* Dkt. 110 (setting initial disclosure of experts as "not later than May 17, 2024").]

Significantly, Plaintiffs' lack of diligence also applies to Plaintiffs' last-minute *ex parte* regarding this matter. Plaintiffs attempt to blame Defendants for a change in position. Yet, Defendants repeatedly told Plaintiffs their concerns about any continuance in light of the lack of re-scheduling the second mediation in this matter. [*See generally* Exh. B, C.] Furthermore, Plaintiffs waited until the Parties' trial counsel were in the middle of another trial (*Nunis*) to request that Defendants stipulate to a continuance. [*See* Dkt. 117 at 1:22-2:8.] As discussed above, Plaintiffs' counsel knew that the Parties' counsel was in trial (Mr. Sain, Ms. Bakken, Mr. Lacy, Ms. Andrews, and Ms. Quesada were all in trial together in San Diego for about 3 weeks) and Plaintiffs could have reached out about a continuance and/or filed the appropriate motion to obtain the continuance Plaintiffs now desire at a time that did not conflict

with that other matter (*Nunis*); and yet Plaintiffs did not do so. Instead, Plaintiffs waited until three (3) days before the fact discovery cut-off in this matter to seek such a continuance.

Accordingly, Plaintiffs' alleged need to continue the case management deadlines in this matter is created solely through their lack of diligence; and thus the Court should deny Plaintiffs' *ex parte* in its entirety for lack of diligence/good cause.

**4. PLAINTIFFS' REQUEST FOR CONTINUANCE OF THE CASE MANAGEMENT DEADLINES IN THIS MATTER IS PREMATURE & LACKS GOOD CAUSE.**

As stated above, the Parties are scheduled to attend mediation in this matter on May 14, 2024. Due to Plaintiffs' prior last-minute cancellation of mediation, Defendants are rightfully concerned about Plaintiffs repeating this same evasion of good-faith settlement after obtaining their requested continuance of all case management deadlines and the trial date in this matter. If Defendants stipulated to Plaintiffs' requested continuance prior to the Parties completing in good faith the May 14, 2024 mediation and then Plaintiffs again cancelled such mediation, such stipulation would effectively reward Plaintiffs for their lack of diligence in discovery in this matter while providing <u>no</u> benefit to Defendants; who, as discussed, are in compliance with the Court's current case management deadlines.

If the Parties are able to reach a settlement on May 14, then Plaintiffs' request for continuance of the case management deadlines in this matter is mooted. If the Parties are not able to reach a settlement, Defendants are willing to revisit a stipulation for a continuance of all case management deadlines in this matter in that unlikely event. As a result, there is no prejudice to Plaintiffs if the subject *ex parte* is denied. Plaintiffs' purported "urgency" is of their own making and there is thus no good cause basis for the Court to grant the extraordinary relief requested at this time.

Indeed, the moving plaintiffs utterly fail to show why their requested relief would result in undue prejudice absent hearing shorter than a noticed motion. Surely,

if the May 14 mediation fails, Plaintiffs could then bring a regularly-noticed motion seeking leave to "reopen" discovery and push out all of the related deadlines. When mediation on May 14 may very well completely resolve the case – assuming the parent plaintiffs are in attendance and all parties enter such mediation in a good faith attempt to resolve the dispute – Plaintiffs cannot establish the requisite good cause, and/or irreparable prejudice, which is a threshold requirement for establishing the necessity of ex parte relief. *Cervantes v. Zimmerman*, 2020 U.S. Dist. LEXIS 1498 at *3 (S.D. Cal., Jan. 6, 2020) (citing *in re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)).

For the foregoing reasons, Plaintiffs' *ex parte* should be denied for lack of good cause.

## 5. CONCLUSION.

Based on the foregoing, Defendants respectfully request that Plaintiffs' Amended *Ex Parte* Motion to Modify the Scheduling Order be denied *in its entirety*.

DATED: May 10, 2024            LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    */s/ Abigail J.R. McLaughlin*
     DANA ALDEN FOX
     TONY M. SAIN
     TORI L. N. BAKKEN
     ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants,
CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CAITLIN PANOV

**FEDERAL COURT PROOF OF SERVICE**
LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.
Case No. 8:22-cv-1351

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 10, 2024, I served the following document(s): DEFENDANTS' OPPOSITION TO PLAINTIFFS' AMENDED EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER [DKT. 121]

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 10, 2024, at Los Angeles, California.

/s/ Corinne Taylor
Corinne Taylor

140113249.1

1

DEFTS.' OPPOSITION TO PLTFS.' EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER

**SERVICE LIST**
**LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.**
**Case No. 8:22-cv-1351**

| | |
|---|---|
| BURRIS, NISENBAUM, CURRY & LACY **LLP**<br>JOHN L. BURRIS, Esq. (SBN 69888)<br>Airport Corporate Centre<br>7677 Oakport Street, Suite 1120<br>Oakland, California 94621<br>Telephone: (510) 839-5200<br>Facsimile: (510) 839-3882<br>john.burris@johnburrislaw.com | **ATTORNEYS FOR PLAINTIFFS:**<br>Antonio Lopez, Johanna Lopez, & S.L. by and through his guardian ad litem Rocio Flores |
| BURRIS, NISENBAUM, CURRY & LACY **LLP**<br>DEWITT M. LACY, Esq. (SBN 258789)<br>JULIA N. QUESADA, Esq. (SBN 337872)<br>LENA P. ANDREWS, Esq. (SBN 342471)<br>9701 Wilshire Blvd., Suite 1000<br>Beverly Hills, California 90212<br>Telephone: (310) 601-7070<br>Facsimile: (510) 839-3882<br>dewitt@bncllaw.com<br>julia.quesada@bncllaw.com<br>lena.andrews@bncllaw.com | **ATTORNEYS FOR PLAINTIFFS:**<br>Antonio Lopez, Johanna Lopez, & S.L. by and through his guardian ad litem Rocio Flores |
| Gregg M. Gaudet, Assistant City Attorney<br>City of Anaheim<br>200 South Anaheim Boulevard, Suite 356<br>Anaheim, CA 92805<br>Telephone: (714) 765-5169<br>gaudet@anaheim.net<br>RFabela@anaheim.net<br>KPelletier@anaheim.net<br>MMerrill@anaheim.net<br>TMatthews@anaheim.net | **ATTORNEYS FOR DEFENDANTS:**<br>City of Anaheim |

ATTORNEYS AT LAW

140113249.1

2

DEFTS.' OPPOSITION TO PLTFS.' EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER