# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10,<br><br>Defendants. | Case No. 8:22-cv-1351-JVS-ADS<br>[*Hon. James V. Selna, Dist. Judge; Hon. Autumn D. Spaeth, M. Judge*]<br><br>**[PROPOSED] ORDER GRANTING MOTION BY DEFENDANTS FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>*Filed Concurrently with Motion for Summary Judgment or Partial Summary Judgment; Separate Statement of Undisputed Facts; Declaration of Abigail J.R. McLaughlin; and Notice of Lodging*<br><br>Date:      August 12, 2024<br>Time:     1:30 p.m.<br>Crtrm.:   10C<br><br>FPTC Date:       September 9, 2024<br>Trial Date:        September 17, 2024 |

After reading and considering the papers filed in support of and in opposition to the motion of Defendants CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV ("Anaheim Defendants") for summary judgment or, in the alternative, partial

summary judgment on Plaintiffs ANTONIO LOPEZ and JOHANNA LOPEZ's ("Plaintiffs") Complaint, and good cause appearing,

IT IS HEREBY ORDERED THAT Defendants' motion for summary judgment or, in the alternative, partial summary judgment is granted based on the following grounds:

1. Plaintiffs' claim for relief under 42 U.S.C. § 1983 for interference with familial relationships against Defendants JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, AND CATALIN PANOV ("Anaheim Officer Defendants") lacks merit because the Anaheim Officer Defendants used objectively reasonable force during the incident. Additionally, the Anaheim Officer Defendants' actions during the incident at issue in this action did not shock the conscience.

2. Plaintiffs' claim for relief for under 42 U.S.C. § 1983 for municipal liability and supervisory liability for unconstitutional custom or policy against Defendants CITY OF ANAHEIM and JORGE CISNEROS lacks merit because, absent any constitutional violations by its deputies, there can be no *Monell* liability against Defendants CITY OF ANAHEIM and JORGE CISNEROS. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). Even assuming, arguendo, that Plaintiffs' and/or their decedent's constitutional rights were violated, there is no evidence to establish that Defendants CITY OF ANAHEIM and JORGE CISNEROS' policy, practice, or custom caused a violation of Plaintiffs' civil rights. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

3. Plaintiffs' claim for relief for under 42 U.S.C. § 1983 for municipal liability and supervisory liability for ratification against Defendants CITY OF ANAHEIM and JORGE CISNEROS lacks merit because, absent any constitutional violations by its deputies, there can be no *Monell* liability against Defendants CITY OF ANAHEIM and JORGE CISNEROS. *See City of Los Angeles v. Heller*, 475 U.S.

796, 799 (1986) (per curiam); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). Even assuming, arguendo, that Plaintiffs' and/or their decedent's constitutional rights were violated, there is no evidence to establish that Defendants CITY OF ANAHEIM and JORGE CISNEROS ratified the Anaheim Officer Defendants' actions during the incident. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

4. Plaintiffs' claim for relief for under 42 U.S.C. § 1983 for municipal liability and supervisory liability for failure to train against Defendants CITY OF ANAHEIM and JORGE CISNEROS lacks merit because, absent any constitutional violations by its deputies, there can be no *Monell* liability against Defendants CITY OF ANAHEIM and JORGE CISNEROS. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). Even assuming, arguendo, that Plaintiffs' and/or their decedent's constitutional rights were violated, there is no evidence to establish that Defendants CITY OF ANAHEIM and JORGE CISNEROS' failure to train caused a violation of Plaintiffs' civil rights. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

5. Plaintiff JOHANNA LOPEZ's claim for relief under California state law for negligent infliction of emotional distress (bystander negligence) against the Anaheim Defendants lacks merit because, at the time of the incident, Plaintiff JOHANNA LOPEZ was not present at the scene of the incident and was not aware that the Anaheim Officer Defendants were harming Brandon Lopez at the time of the incident.

6. Plaintiffs' claim for punitive damages lacks merit because there is no evidence the Anaheim Officer Defendants acted with malice, oppression, fraud, or reckless disregard toward Plaintiffs and/or their decedent.

7. Pursuant to Fed. R. Civ. P. 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), all Defendants are entitled to judgment as a matter of law on the federal and state claims.



IT IS FURTHER ORDERED THAT:

Defendants' motion for summary judgment or, in the alternative, partial summary judgment is GRANTED. Defendants are to prepare a proposed judgment.

DATED: _____, 2024

_____
Hon. James V. Selna,
UNITED STATES DISTRICT JUDGE