**BURRIS, NISENBAUM, CURRY & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY & LACY LLP**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

Attorneys for Plaintiff
Antonio Lopez, Johanna Lopez, & S.L. by and through his guardian ad litem Rocio Flores

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successors in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,<br><br>          Plaintiff,<br><br>vs. | Case No.: 8:22-cv-01351-JVS-ADS<br><br>*(Honorable James V. Selna; Magistrate Judge Autumn D. Spaeth)*<br><br>**PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR**<br>**PARTIAL SUMMARY JUDGMENT** |

Case No. 8:22-cv-01351-JVS-ADS
**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| | |
|---|---|
| CITY OF ANAHEIM, a municipal corporation; CITY OF SANTA ANA, a municipal corporation; DAVID VALENTIN, individually and in his official capacity as the Chief of Police for the CITY OF SANTA ANA Police Department; JORGE CISNEROS, individually and in his official capacity as the Chief of Police for the CITY OF ANAHEIM Police Department; PAUL DELGADO, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; KENNETH WEBER, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; CAITLIN PANOV, individually and in her official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; DOES 1-10, individually and in their official capacity as law enforcement officers for the CITY OF ANAHEIM Police Department and CITY OF SANTA ANA Police Department,<br><br>Defendants. | *(Filed concurrently with Plaintiffs' Opposition to Defendants' Motion for Summary Judgement; Declaration of Lena P. Andrews and attached exhibits; and Plaintiffs' Statement of Additional Material Facts)*<br><br>Date:     August 12, 2024<br>Time:    1:30 p.m.<br>Crtrm.:   10C<br><br>FPTC Date: September 9, 2024<br>Trial Date:  September 17, 2024 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Plaintiffs respectfully submit the following Statement of Additional Material Fact, together with references to supporting evidence, in support of their Opposition to Defendants Motion for Summary Judgement pursuant to Fed. R. CIV. Proc. 56, Central District of California Local Rules 56-1 et seq.:

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | On September 28, 2021, at approximately 5:15 pm dispatch received a 911 call accusing Brandon Lopez of stealing his then-girlfriend's car. | Exhibit A – Anaheim Police Department Computer Aided Dispatch Report (hereinafter "Ex A - CAD Report") at p.6 |
| 2. | City of Anaheim police officers, as well as officers from other jurisdictions, pursued Brandon as he drove into the City of Santa Ana. | Ex A - CAD report at p.6-10 |
| 3. | Around the intersection of Santa Ana Blvd. and Bristol St., in Santa Ana, California, Brandon's vehicle became stuck in a railway construction zone. | Ex A - CAD report at p. 10 |
| 4. | An armored vehicle was quickly called to the scene and Brandon's vehicle was surrounded by police vehicles. | Ex A - CAD report at p.11<br><br>Exhibit B – Photographs of Scene from Department of Justice Report and Recommendations (hereinafter "Ex B – DOJ Scene Photos") |
| 5. | Though officers gave commands for Brandon to exit the vehicle, he remained inside. | Ex A - CAD report at p. 11 |
| 6. | Minutes after Brandon's vehicle became disabled, one Santa Ana police officer aired over the radio that he believed he observed a gun in Brandon's right hand. | Ex A - CAD report at p. 13 |
| 7. | However, this was a mistake as it is undisputed that Brandon was not armed with any weapons and did not have any firearms in his vehicle. | Exhibit C – Anaheim Police Department Report re Evidence |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | | Collection (hereinafter "Ex C – Evidence Report). |
| 8. | There were no additional reports from any officer that they believed they observed Brandon with a firearm or any other weapons at any other point during the four hours that he was in the vehicle. | Ex A - CAD report, generally |
| 9. | No officer saw Brandon point the alleged firearm at anyone or make any movements that made them believe Brandon intended to harm anyone. Moreover, Brandon was never observed making any aggressive or threatening movements during the incident. | Ex A - CAD report, generally |
| 10. | Shortly after Brandon's vehicle became stuck, Brandon's mother, Johanna Lopez, as well as several other family members, arrived on scene and congregated approximately one block from Brandon's car. Ms. Lopez stood just on the other side of the police perimeter, as close as she could legally be to her son, and could see the intersection and at least three police cars and an armored vehicle. | Exhibit D – Deposition of Plaintiff Johanna Lopez at 39:1-5, 42:3-13, 44:20-24, 46:22-47:4, 48:1-49:16, 50:22-6, 55:6-56:5 (hereinafter "Ex D – Johanna Lopez Depo) |
| 11. | Ms. Lopez knew that her son was in the intersection and knew that he was surrounded by officers. | Ex D – Johanna Lopez Depo at 39:24-40:18, 44:20-24, 46:22-47:4, 48:1-49:16, 50:22-6, 66:9-67:14. |

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 12. | Ms. Lopez remained on scene for the duration of the Incident, pleading with officers to allow her to speak to her son. | Ex D – Johanna Lopez Depo at 43:1-7, 51:25-52:25 |
| 13. | Several hours later, the Anaheim SWAT team, including the Defendant Officers, arrived on scene. | Ex A – CAD Log at p. 20<br><br>Exhibit E – Defendant Panov's Body Worn Camera Footage at 0:00:00-0:02:00 (hereinafter "Ex E – Panov BWC")<br><br>Exhibit F – Defendant Delgado's Body Worn Camera Footage at 00:00-02:00 (hereinafter "Ex F – Delgado BWC")<br><br>Exhibit G – Defendant Weber's Body Worn Camera Footage at 00:00-02:00 (hereinafter "Ex G – Weber BWC") |
| 14. | At this time at least two additional armored vehicles were brought in to further surround the vehicle. | Ex B – DOJ Scene Photos<br><br>Ex E – Panov BWC at 14:26-15:10. |
| 15. | Upon arriving on scene, the Defendant Officers and the rest of | Ex E – Panov BWC at 22:15-24:20, 27:30-28:00 |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | the SWAT team met to discuss their tactics. | |
| 16. | The Defendant officers knew that when they forced Brandon out of the car that his only potential avenue of escape was through the police perimeter. | Ex E – Panov BWC at 22:15-24:20, 27:30-28:00 |
| 17. | The Defendant officers also discussed the terrain of the construction zone and knew that it would force Brandon to zigzag to avoid the obstacles. | Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40 |
| 18. | The Defendants knew that these could be potential problems regardless of whether Brandon was armed, thus the plan was for less lethal to begin firing to subdue Brandon before he reached the perimeter to avoid the use of lethal force. | Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40 |
| 19. | Law enforcement also planned to deploy the police service dog off lead if he approached the perimeter to ensure the officers could safely take Brandon into custody. | Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40 |
| 20. | Lethal force was designated as cover. | Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40 |
| 21. | Ms. Lopez was informed by an officer that law enforcement would be deploying a flashbang into Brandon's vehicle to attempt to get him to exit the car. Ms. Lopez immediately started crying. | Ex D – Johanna Lopez Depo at 57:18-25, 58:6-10, 58:23-59:12. |
| 22. | Prior to the flashbang being deployed, Brandon had been sitting | Ex A – CAD Report |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | calmly had not engaged in any threatening or assaultive conduct, and was completely surrounded by armed officers, including the City of Anaheim SWAT Team, and armored vehicles. | Ex E - Panov BWC at 0:00:00-1:20:00<br><br>Ex F - Delgado BWC at 00:00-55:00.<br><br>Ex G – Weber BWC at 0:00:00 – 1:40:00 |
| 23. | Each of the Defendant Officers was armed with deadly force, some with handguns, others with rifles. | Ex E - Panov BWC at 1:15:00 – 1:18:00.<br><br>Ex F - Delgado BWC at 54:22-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55 |
| 24. | In addition to lethal cover, the less lethal 40 mm launcher, police service dog, and a ballistic shield were staged with the Defendant Officer, hidden behind one of the armored vehicles. | Ex A – CAD Report<br><br>Ex E – Panov BWC at 24:30-25:15, 1:15:00.<br><br>Ex F – Delgado BWC at 02:30-03:00. |
| 25. | Shortly after Ms. Lopez was informed of the flashbang, at approximately 10:00 pm, law enforcement deployed the flashbang and smoke bomb into Brandon's vehicle with the intent to force him to exit. | Ex D – Johanna Lopez Deposition at 58:6-10, 58:23-59:12, 59:23-7.<br><br>Ex E – Panov BWC at 1:18:00-1:18:05. |

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | | Ex F – Delgado BWC at 54:22-54:27. |
| | | Ex G – Weber BWC at 1:35:00 – 1:38:00. |
| 26. | The flashbang set off two audible explosions. | Ex D – Johanna Lopez Deposition at 60:6-24. |
| | | Ex E - Panov BWC at 1:18:00-1:18:05. |
| | | Ex F - Delgado BWC at 54:22-54:27. |
| | | Ex G – Weber BWC at 1:35:00 – 1:38:00. |
| 27. | There were no exigent circumstances or other legitimate law enforcement objectives that required the removal of Brandon at that time. | Ex A – CAD Report, generally |
| | | Ex E – Panov BWC at 0:00:00-1:18:00. |
| | | Ex F – Delgado BWC at 00:00-55:00. |
| | | Ex G – Weber BWC at 0:00:00 – 1:40:00 |
| 28. | In fact, the Defendant Officers had been hiding behind the armored vehicle for almost an hour prior to shots being fired and no assaultive or threatening behavior by Brandon | Ex A – CAD Report, generally |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | was reported or observed. By forcing Brandon out of the car, the Defendants forced an unnecessary confrontation and escalated the situation. | Ex E – Panov BWC at 0:00:00-1:18:00.<br><br>Ex F – Delgado BWC at 00:00-55:00.<br><br>Ex G – Weber BWC at 0:00:00 – 1:40:00 |
| 29. | Moreover, it was clear that Brandon was in crisis as he was seen crying in the vehicle. | Ex A – CAD Report at p.21 |
| 30. | Brandon exited his vehicle holding only a small bag containing a plastic water bottle held down at his side. | Ex C – Evidence Report<br><br>Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames") |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| | Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames") |
| | Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") |
| 31. As Brandon exited, he began to jog in a line parallel to where the Defendant Officers were standing. | Ex E – Panov BWC at 1:18:07-18:11. |
| | Ex F – Delgado BWC at 54:28-54:35. |
| | Ex G – Weber BWC at 1:38:46-1:38:55 |
| | Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames") |
| | Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames") |

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | | Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") |
| 32. | The Defendant Officers were still hidden behind an armored vehicle and there were several bright lights pointing directly at Brandon, obfuscating their location. | Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") |

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 33. | As Brandon exited the car, several officers began simultaneously yelling, including "hands up" and "go, go, go". | Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55 |
| 34. | As Brandon moved forward, he was not looking in the direction of the Defendant Officers. | Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | | Camera (hereinafter "Weber BWC Still Frames") |
| 35. | When Brandon did look towards the lights, his hands were down by his side, moving only with the natural movement of his body. | Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") |
| 36. | As Brandon crossed the tracks on the ground, his path of travel was blocked by a car and construction | Ex E – Panov BWC at 1:18:07-18:11. |

| PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| equipment, thus he changed direction slightly to attempt to run past the car and toward the open street. | Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55 |
| 37. He was not running at the officers, lunging, nor making aggressive movements towards anyone. Brandon never raised, swung, or pointed the bag at anyone. | Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55. |
| 38. Despite Brandon not presenting an immediate threat that would justify the use of deadly force, the defendants failed to follow their plan to use less lethal force first and did not utilize any of the options available to them. | Ex E – Panov BWC at 1:18:07-18:12.<br><br>Ex F – Delgado BWC at 54:28-54:35. |
| 39. Instead, within four seconds of Brandon exiting his vehicle, all four of the Defendant Officer's fired their guns at Brandon multiple times, spraying Brandon in a hail of gunfire. | Ex E – Panov BWC at 1:18:07-18:14.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55. |

| | PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 40. | Brandon immediately started falling when the first shot struck him and hit the ground unresponsive, still, and bleeding profusely. | Ex E – Panov BWC at 1:18:07-18:14.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55. |
| 41. | Instead of providing medical care for Brandon as laid bleeding out on the cold pavement, officers fired a less lethal round at him approximately two minutes later. Brandon did not move. | Ex E – Panov BWC at 1:18:14-1:20:14<br><br>Ex F – Delgado BWC at 54:35-56:25.<br><br>Ex G – Weber BWC at 1:38:46-1:40:55. |
| 42. | After searching Brandon, medical attention was summoned, and he was pronounced dead on scene at approximately 10:11 pm. | Exhibit K – Autopsy Report for Decedent Brandon Lopez (hereinafter "Autopsy Report") |
| 43. | Brandon, who was unarmed during the entire incident, was shot in the back four times, the right side eight times, the chest six times, and the right arm, hand, and shoulder area twelve times, for a total of at least 30 gunshot wounds. | Ex C – Evidence Report.<br><br>Exhibit K – Autopsy Report 17-19 |
| 44. | Ms. Lopez was still standing approximately one block away when her son was shot. Ms. Lopez heard both the flashbang explosions | Ex D – Johanna Lopez Depo at 59:23-62:24. |

| PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| and the gunshots from where she stood. | |
| 45. Ms. Lopez knew the first sounds were flashbangs because she had been told that they would be deployed shortly before and they sounded like explosions or fireworks. | Ex D – Johanna Lopez Depo at 58:23-62:24. |
| 46. Ms. Lopez thereafter heard the gunshots from the intersection. | Ex D – Johanna Lopez Depo at 61:16-62:8 |
| 47. Ms. Lopez immediately "knew what gunshots meant" and knew that her son had been shot by the Defendant Officers. | Ex D – Johanna Lopez Depo at 68:20-24. |
| 48. Ms. Lopez immediately fell to the ground and began screaming. | Ex D – Johanna Lopez Depo at 63:4-8, 64:12-17. |
| 49. Ms. Lopez remained on scene until approximately 2:00 am when law enforcement confirmed that Brandon had died as a result of the gunfire. | Ex D – Johanna Lopez Depo at 65:1-14. |
| 50. As a result of the Incident, Ms. Lopez was diagnosed with Post Traumatic Stress Disorder and continues to experience vivid flashbacks of the sounds of gunshots. Mr. Lopez has sought treatment for her emotional damages, including therapy and medication. | Ex D – Johanna Lopez Depo at 88:10-89:14, 90:4-18, 91:6-92:12, 93:14-20. |
| 51. Ms. Lopez also continues to experience depression and anxiety symptoms. | Ex D – Johanna Lopez Depo at 92:13-94:2. |

| PLAINTIFFS' ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 52. In addition, Plaintiffs lost their only son and will forever be deprived of his love, companionship, support, and guidance. | Ex K – Autopsy Report<br><br>Ex D – Johanna Lopez Depo at 74:20-22, 88:10-18. |

Dated: July 22, 2024

**BURRIS, NISENBAUM, CURRY & LACY LLP**

By: /s/ *Lena Andrews*
    DeWITT M. LACY
    JOHN L. BURRIS
    JULIA N. QUESADA
    LENA P. ANDREWS
    Attorneys for Plaintiff,
    Antonio Lopez, Johanna Lopez, &
    S.L. by and through his guardian ad litem Rocio Flores