**BURRIS, NISENBAUM, CURRY & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY & LACY LLP**
DEWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

Attorneys for Plaintiff
Antonio Lopez, Johanna Lopez, & S.L. by and through his guardian ad litem Rocio Flores

## UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successors in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,, <br><br> Plaintiff, <br><br> vs. | Case No.: 8:22-cv-01351-JVS-ADS <br><br> *(Honorable James V. Selna; Magistrate Judge Autumn D. Spaeth)* <br><br> **PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

CITY OF ANAHEIM, a municipal corporation; CITY OF SANTA ANA, a municipal corporation; DAVID VALENTIN, individually and in his official capacity as the Chief of Police for the CITY OF SANTA ANA Police Department; JORGE CISNEROS, individually and in his official capacity as the Chief of Police for the CITY OF ANAHEIM Police Department; PAUL DELGADO, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; KENNETH WEBER, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; CAITLIN PANOV, individually and in her official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; DOES 1-10, individually and in their official capacity as law enforcement officers for the CITY OF ANAHEIM Police Department and CITY OF SANTA ANA Police Department,

Defendants.

*(Filed concurrently with Plaintiffs' Opposition to Defendants' Motion for Summary Judgement; Declaration of Lena P. Andrews and attached exhibits; and Plaintiffs' Statement of Additional Material Facts)*

Date:      August 12, 2024
Time:    1:30 p.m.
Crtrm.: 10C

FPTC Date: September 9, 2024
Trial Date:  September 17, 2024

## **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Plaintiffs respectfully submit the following Statement of Genuine Disputes of Material Fact, together with references to supporting evidence, in support of their Opposition to Defendants Motion for Summary Judgement pursuant to Fed. R. CIV. Proc. 56, Central District of California Local Rules 56-1 et seq.:

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|---|
| A | | Mr. Lopez Is Suspected of Vehicular Theft and Flees Traffic Stop, Leading APD Officers On Vehicular Pursuit. | Disputed. This is argument, not a fact, and Defendant cites no evidence to support this alleged "fact." |
| 1. | | On September 28, 2021, at about 3:00 p.m., the APD received a stolen vehicle report regarding a black Dodge Charger.<br><br>Exh. 1, Composite Video at 00:00-00:05; Exh. 2, Audio Interview of Anaheim Police Investigator Ricky Reynoso ("Reynoso Interview"); Exh. 11, Dispatch Audio of Pursuit; Exh. 19, Transcript of Interview of Anaheim Police Investigator Ricky Reynoso ("Reynoso Interview Transcript") at pp. 4-5. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2. |
| 2. | | Brandon Lopez was identified as the suspect regarding the theft of the black Dodge Charger.<br><br>Exh. 2, Reynoso Interview; Exh. 3, Audio Interview of Santa Ana Police Department Officer Kenny Aguilar ("Aguilar Interview"); Exh. 11, Dispatch Audio of Pursuit; Exh. 19, Reynoso Interview Transcript at p. 5; Exh. 20, Transcript of Interview of Santa Ana Police Department Officer Kenny Aguilar ("Aguilar Interview Transcript") at p. 6. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 3. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | 3. | Mr. Lopez had an active warrant for armed robbery.<br><br>Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Audio Interview of Defendant Sergeant Paul Delgado ("Delgado Interview"); Exh. 19, Reynoso Interview Transcript at pp. 5-6, 12; Exh. 20, Aguilar Interview Transcript at p. 6; Exh. 21, Transcript of Audio Interview of Defendant Sergeant Paul Delgado ("Delgado Interview Transcript") at 15:12-16:17. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 3, 4. |
| | 4. | APD officers located the stolen Dodge Charger in Santa Ana, California and, at about 5:15 p.m., tried to conduct a traffic stop.<br><br>Exh. 1, Composite Video at 00:05-00:19; Exh. 2, Reynoso Interview; Exh. 11, Dispatch Audio of Pursuit; Exh. 19, Reynoso Interview Transcript at p. 6. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2. |
| | 5. | The driver of the stolen vehicle, later confirmed to be Mr. Lopez, fled the stop: leading officers on a vehicle pursuit for approximately 30 minutes through Tustin, Irvine, and Santa Ana.<br><br>Exh. 1, Composite Video at 00:19-00:49; Exh. 2, Reynoso Interview; Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Delgado Interview; Exh. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 4. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP

9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | 19, Reynoso Interview Transcript at pp. 6-7; Exh. 21, Delgado Interview Transcript at 15:12-16:17. | |
| 6. | During the vehicle pursuit, Mr. Lopez ran red lights and stop signs, and he drove into oncoming traffic.<br><br>Exh. 1, Composite Video at 00:19-00:49; Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 15:12-16:17. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 4. |
| 7. | Mr. Lopez was also involved in a traffic collision, but he drove away from the scene of the collision.<br><br>Exh. 4, Cell Phone Video of Collision; Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 15:12-16:17 | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement. |
| 8. | This information was radioed to the APD officers, along with his criminal history/warrants.<br><br>Exh. 2, Reynoso Interview; Exh. 5, Audio Interview of Defendant Sergeant Kenneth Weber ("Weber Interview"); Exh. 11, Dispatch Audio of Pursuit; Exh. 14, Audio Interview of Defendant Officer Catalin Panov ("Panov Interview"); Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 12; Exh. 21, Delgado Interview Transcript at 15:12-16:17; Exh. 22, Transcript of Audio Interview of | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 4, 5, 6. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | Defendant Sergeant Kenneth Weber ("Weber Interview Transcript") at 17:23-18:7; Exh. 23, Transcript of Audio Interview of Defendant Officer Catalin Panov ("Panov Interview Transcript") at 19:22-20:12. | |
| 9. | At about 5:49 p.m., Mr. Lopez's vehicle became disabled/immobilized on partially constructed train tracks, after driving into a construction zone.<br><br>Exh. 1, Composite Video at 00:49-01:25; Exh. 2, Reynoso Interview; Exh. 6, Audio Interview of Santa Ana Police Department Officer Sergio Martinez ("Martinez Interview"); Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 7; Exh. 21, Delgado Interview Transcript at 15:12-16:17; Exh. 24, Transcript of Interview of Santa Ana Police Department Officer Sergio Martinez ("Martinez Interview Transcript") at pp. 4, 12. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 4, 5, 6, 7. |
| B | Mr. Lopez's Stand Off With Law Enforcement. | Disputed. This is argument, not a fact, and Defendant cites no evidence to support this alleged "fact." |
| 10. | APD Officers arrived to execute a high risk vehicle stop on Mr. Lopez and the stolen vehicle. | Disputed in part as to "high risk" Undisputed that the APD Officers |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | **DEFENDANTS' FACT AND SUPPORTING EVIDENCE** | **PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE** |
|---|---|---|
| | Exh. 1, Composite Video at 01:25-01:52; Exh. 2, Reynoso Interview; Exh. 6, Martinez Interview; Exh. 12, Dispatch Audio of Stand Off; Exh. 19, Reynoso Interview Transcript at p. 7; Exh. 24, Martinez Interview Transcript at p. 4. | executed a vehicle stop during the incident. <br><br> See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 7. |
| 11. | However, Mr. Lopez would not comply with commands to exit the vehicle or to surrender. <br><br> Exh. 1, Composite Video at 01:25-01:52; Exh. 2, Reynoso Interview; Exh. 6, Martinez Interview; Exh. 7, Audio Interview of Santa Ana Police Department Corporal Luis Galeana ("Galeana Interview"); Exh. 12, Dispatch Audio of Stand Off; Exh. 13, Heitman Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 7; Exh. 21, Delgado Interview Transcript at 15:12-16:17; Exh. 24, Martinez Interview Transcript at pp. 4-5; Exh. 25, Transcript of Interview of Santa Ana Police Department Corporal Luis Galeana ("Galeana Interview Transcript") at p. 11; Exh. 26, Heitman Interview Transcript at 30:20-31:5. | Undisputed. <br><br> See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 4, 7, 8, 9. |
| 12. | APD officers continued to try to negotiate with Mr. Lopez to surrender peacefully for approximately 3 hours: trying to | Undisputed. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | convince Mr. Lopez to exit his vehicle and giving commands in both English and Spanish; but Mr. Lopez remained in the vehicle.<br><br>Exh. 1, Composite Video at 01:25-02:13; Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 5, Sgt. Weber Audio Interview; Exh. 6, Martinez Interview; Exh. 7, Galeana Interview; Exh. 9, Mullins Interview; Exh. 12, Dispatch Audio of Stand Off; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 13-14; Exh. 20, Aguilar Interview Transcript at pp. 10-12, 15-16, 17-18; Exh. 21, Delgado Interview Transcript at 25:10-26:19; Exh. 22, Weber Interview Transcript at 25:5-19, 35:19-36:18, 38:4-12, 38:18-39:5; Exh. 23, Panov Interview Transcript at 27:21-28:5; Exh. 24, Martinez Interview Transcript at pp. 5-7; Exh. 25, Galeana Interview Transcript at p. 22; Exh. 27, Mullins Interview Transcript at pp. 8-9. | See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 3, 4, 5, 6, 7, 8, 10. |
| 13. | Mr. Lopez also responded to commands by shaking his head, indicating that he would not exit the stranded vehicle.<br><br>Exh. 3, Aguilar Interview; Exh. 6, Martinez Interview; Exh. 15, Delgado Interview; Exh. 20, | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of |

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | Aguilar Interview Transcript at pp. 10-12, 17-18; Exh. 21, Delgado Interview Transcript at 26:20-27:5; Exh. 24, Martinez Interview Transcript at pp. 5-7, 25-26. | Defendants Motion for Summary Judgement at ¶ 3, 4, 7. |
| 14. | At a certain point, law enforcement officers saw Mr. Lopez inside of the Dodge Charger with what they believed to be a gun in his right hand and reported the same over the radio.<br><br>Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 8, Audio Interview of Santa Ana Police Officer Nelson Menendez ("Menendez Interview"); Exh. 9, Audio Interview of Anaheim Police Officer Brandon Mullins ("Mullins Interview"); Exh. 13, Audio Interview of Defendant Officer Brett Heitman ("Heitman Interview"); Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 7-8, 12-13; Exh. 20, Aguilar Interview Transcript at pp. 19-25; Exh. 21, Delgado Interview Transcript at 44:16-45:9; Exh. 22, Weber Interview Transcript at 18:20-19:21, 39:6-40:24; Exh. 24, Martinez Interview Transcript at p. 15; Exh. 26, Heitman Interview Transcript at 17:8-19:1; Exh. 27, Mullins Interview Transcript at pp. 3-4; Exh. 28, Transcript of | Disputed is part as to whether officers saw a gun.<br><br>It is undisputed that Mr. Lopez was not armed during the Incident and no firearms were recovered from his vehicle. Defendant cites to no body worn camera footage depicting Mr. Lopez inside of the Dodge Charger with what could appear to be a gun nor do they city to any evidence showing more than one officer saw a gun. Only Officer Aguilar reported seeing the alleged firearm and he only saw the object from a distance for a brief moment. This was reported to Officer Menendez who aired the information over the radio.<br><br>Exhibit A – Anaheim Police Department Computer Aided |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | **DEFENDANTS' FACT AND SUPPORTING EVIDENCE** | **PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE** |
|---|---|---|
| | Interview of Santa Ana Police Officer Nelson Menendez ("Officer Menendez Interview Transcript") at pp. 8-11. | Dispatch Report (hereinafter "Ex A - CAD Report"). Defendants' Exh. 3, 20 at 19-25. See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 3, 4, 5, 7, 9, 10, 11. |
| 15. | The officers also observed Mr. Lopez smoking something from a foil and through a pipe, suggesting that Mr. Lopez was taking illegal drugs. Exh. 1, Composite Video at 02:21-02:26; Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 10, Audio Interview of Anaheim Police Officer James Lopez ("Officer Lopez Interview"); Exh. 13, Heitman Interview; Exh. 19, Reynoso Interview Transcript at p. 9; Exh. 20, Aguilar Interview Transcript at pp. 13-14, 20; Exh. 22, Weber Interview Transcript at 39:6-40:24; Exh. 24, Martinez Interview Transcript at pp. 5-7, 15-16; Exh. 26, Heitman Interview Transcript at 31:19-32:9;  Exh. 29, Transcript of Interview of Anaheim Police Officer James Lopez ("Officer | Undisputed. See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 3, 5, 7, 9, 12 |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | | Lopez Interview Transcript") at p. 5. | |
| | 16. | Officers also reported seeing Mr. Lopez making furtive movements, such as reaching under the front passenger seat with both hands and talking on a cell phone.<br><br>Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 10, Officer Lopez Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 9; Exh. 20, Aguilar Interview Transcript at pp. 20-21; Exh. 21, Delgado Interview Transcript at 24:5-25:9; Exh. 22, Weber Interview Transcript at 39:6-40:24; Exh. 24, Martinez Interview Transcript at pp. 5-7. | Disputed in part as to "furtive movements."<br><br>Talking on a cell phone is not a furtive movement. Mr. Lopez was reported to be moving around, smoking, looking out the windows, crying, and putting up mats on the windows. He was never reported making any aggressive or threatening movements.<br><br>Ex A – CAD Report, generally.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 3, 4, 5, 7, 9, 12. |
| | 17. | Officers also observed Mr. Lopez take a pen from the center console and write something, which was discovered to be a suicide note after the incident.<br><br>Exh. 5, Weber Interview; Exh. 22, Weber Interview Transcript at 39:6-40:24. | Disputed in part as to "suicide note." The evidence cited by Defendant does not support their alleged "fact."<br><br>Weber in his interview states only that it was reported to him that Mr. Lopez had been writing something |

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | down on a piece of paper, like a note. The Defendants had no knowledge of the substance of the note at the time they used deadly force as Mr. Lopez maintained possession of it inside the car. Defendants' Exh. 5, 22 at 39:6-40:24. See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 4. |
| 18. | Mr. Lopez then placed his vehicle's floor mats over the car's windows: to obscure officers' views. Exh. 1, Composite Video at 2:14-2:20; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 10, Officer Lopez Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 20:14-24, 46:1-20; Exh. 22, Weber Interview Transcript at 37:10-16; Exh. 23, Panov Interview Transcript at 62:8-63:12; Exh. 24, Martinez Interview Transcript at p. 29; Exh. 29, Officer Lopez Interview Transcript at p. 5. | Undisputed. See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 4, 5, 6, 7, 12. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| | | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | 19. | This information about Mr. Lopez's behavior was relayed to the officers responding to the scene, who viewed Lopez's conduct as indicating a threatening intent.<br><br>Exh. 1, Composite Video at 2:14-2:20; Exh. 5, Weber Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 20:14-24; Exh. 22, Weber Interview Transcript at 37:10-16; Exh. 23, Panov Interview Transcript at 62:8-63:12. | Disputed in part as to "viewed it as indicating a threating intent."<br><br>Mr. Lopez was never reported to be making any threatening or aggressive gestures. Mr. Lopez was reported to be moving around a lot and crying, indicating that he was in some kind of crisis.<br><br>Ex A – CAD Report<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 4, 5, 6. |
| | 20. | As a result, APD SWAT was called to respond to the scene and took control of the scene at approximately 9:07 p.m.<br><br>Exh. 6, Martinez Interview; Exh. 7, Galeana Interview; Exh. 24, Martinez Interview Transcript at pp. 14, 21; Exh. 25, Galeana Interview Transcript at pp. 19-20. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 7, 8. |
| | 21. | At approximately 9:34 p.m., APD SWAT was informed that Mr. Lopez had advised a family member that he intended to commit "suicide by cop": which raised the officers | Disputed.<br><br>The family member never reported that he intended to commit "suicide |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | concerns that he might try to seriously injure someone in order to provoke the officers to shoot him.<br><br>Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 10, Officer Lopez Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 15;  Exh. 21, Delgado Interview Transcript at 21:10-20; Exh. 22, Weber Interview Transcript at 39:6-40:24; Exh. 23, Panov Interview Transcript at 26:3-13, 64:15-21; Exh. 26, Heitman Interview Transcript at 31:19-32:9; Exh. 29, Officer Lopez Interview Transcript at p. 7. | by cop;" a concerned family member asked *if he was trying* suicide by cop when asking officers what was going on.<br><br>Ex L – Body Worn Camera Video of Santa Ana Police Officer Jose Arias.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 4, 5, 6, 9, 12. |
| 22. | Shortly thereafter, notwithstanding the obstruction of the mats in the car windows, Mr. Lopez was seen shifting to the back seat of the vehicle.<br><br>Exh. 2, Reynoso Interview; Exh. 5, Sgt. Weber Audio Interview; Exh. 10, Officer Lopez Interview; Exh. 19, Reynoso Interview Transcript at p. 9; Exh. 22, Weber Interview Transcript at 37:3-38:3; Exh. 29, Officer Lopez Interview Transcript at p. 5. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 4, 5, 12. |
| 23. | The officers at the scene, including the defendant officers, viewed the totality of Lopez's aforementioned conduct up to that point as | Disputed. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | | threatening and potentially pre-assaultive.<br><br>Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 19, Reynoso Interview Transcript at pp. 7-10, 12-13; Exh. 20, Aguilar Interview Transcript at pp. 23-24. | Mr. Lopez was never reported to be making any threatening or aggressive gestures. Mr. Lopez was reported to be moving around a lot and crying, indicating that he was in some kind of crisis.<br><br>Ex A – CAD Report, generally.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 3. |
| C | | APD SWAT Officers Attempt to Detain Mr. Lopez, Who Proceeds to Run Towards APD SWAT Officers While Pointing a Black Object At Officers With Mr. Lopez's Right Hand, Believed To Be A Gun. | Disputed. This is argument, not a fact, and Defendant cites no evidence to support this alleged "fact." |
| | 24. | APD SWAT members then lined up near the Dodge Charger in the following order: Defendant Officer Brett Heitmann, Defendant Sergeant Paul Delgado, non-defendant APD Officer Ricky Reynoso (armed with a less-lethal 40 mm weapon), Defendant Officer Catalin Panov, and Defendant Sergeant Kenneth, and non-defendant APD K-9 Officer Brandon Mullins. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 4, 5, 6, 9, 10. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | Exh. 2, Reynoso Interview; Exh. 5, Weber Audio Interview; Exh. 9, Mullins Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 8, 14; Exh. 21, Delgado Interview at 19:25-20:13; Exh. 22, Weber Interview Transcript at 31:7-33:3, 35:5-10, 46:5-15; Exh. 23, Panov Interview Transcript at 26:3-24; ; Exh. 26, Heitman Interview Transcript at 37:13-22; Exh. 27, Mullins Interview Transcript at pp. 3-4, 9-10. | |
| 25. | At 10:00 p.m., officers deployed a flash-bang on the hood of the Dodge Charger and a chemical agent akin to pepper spray through the rear windshield.<br><br>Exh. 1, Composite Video at 02:26-02:38; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 8;  Exh. 21, Delgado Interview Transcript at 27:22-28:2; Exh. 22, Weber Interview Transcript at 44:22-46:15; Exh. 23, Panov Interview at 28:16-30:7; Exh. 24, Martinez Interview Transcript at pp. 27-28; Exh. 26, Heitman Interview at 40:2-43:16. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 4, 5, 6, 7, 9. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | **DEFENDANTS' FACT AND SUPPORTING EVIDENCE** | **PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE** |
|---|---|---|
| 26. | Mr. Lopez then finally emerged from the rear door driver's side of the vehicle and he began fleeing from the SWAT officers.<br><br>Exh. 1, Composite Video at 02:36-02:42; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 7-8; Exh. 21, Delgado Interview Transcript at 28:3-17; Exh. 22, Weber Interview Transcript at 46:16-25; Exh. 24, Martinez Interview Transcript at pp. 28, 31. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 4, 5, 6, 7, 9. |
| 27. | The officers commanded Mr. Lopez to put his hands up.<br><br>Exh. 1, Composite Video at 02:36-02:43; Exh. 13, Heitman Interview; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 28:13-17, 47:3-14; Exh. 26, Heitman Interview Transcript at 43:6-44:7, 46:23-47:3, 65:17-24. | Disputed in part.<br><br>Several officers began yelling at once, including officers yelling "hands up" and "go, go, go."<br><br>Exhibit E – Defendant Panov's Body Worn Camera Footage at 0:00:00-0:02:00 (hereinafter "Ex E – Panov BWC")<br><br>Exhibit F – Defendant Delgado's Body Worn Camera Footage at 00:00-02:00 (hereinafter "Ex F – Delgado BWC") |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 4, 9. |
| 28. | Ignoring the officers' commands, Mr. Lopez stopped running away from the officers, instead turning towards the SWAT officers and quickly pointed at them with a black object in his right hand while beginning to run in the officers' direction.<br><br>Exh. 1, Composite Video at 02:42-02:43; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 10, Officer Lopez Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 8-11, 14, 16-17; Exh. 21, Delgado Interview Transcript at 28:3-17; Exh. 22, Weber Interview Transcript at 46:16-47:6, 50:2-20, 65:19-67:8; Exh. 23, Panov Interview Transcript at 36:1-18, 36:25-39:23; Exh. 24, Martinez Interview Transcript at pp. 8, 31; Exh. 26, Heitman Interview Transcript at 43:6-44:7, 47:10-48:25, 64:10-65:16, 67:17-25; Exh. 29, Officer Lopez Interview Transcript at pp. 5-6. | Disputed as to the reason Defendant Officers fired.<br><br>Mr. Lopez was moving in a parallel line to the officers through the construction area. When Mr. Lopez encountered piles of dirt on the ground, construction equipment, and a parked car, he was forced to change his direction slightly to move around the obstacles. Mr. Lopez was not running towards the SWAT officers. Moreover, there were several objects obstructing Mr. Lopez's view of the officers including a large road sign and several bright lights being pointed at him. The object was a small soft bag that any reasonable SWAT officer should recognize is not a firearm. Mr. Lopez did not raise or point the small bag containing a |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the construction site. |
| | | Ex E – Panov BWC at 1:18:07-18:17. |
| | | Ex F - Delgado BWC at 54:24-54:33. |
| | | Ex G – Weber BWC at 1:38:46-1:38:55. |
| | | Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames") |
| | | Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames") |
| | | Exhibit J – Still Frames from Defendant Weber's Body Worn |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Camera (hereinafter "Weber BWC Still Frames") |
| | | Exhibit M – Photograph of Bag from DOJ Report |
| | | See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 4, 5, 6, 7, 9, 12 |
| 29. | Seeing this, Defendant Officer Catalin Panov responded by shouting, "Gun, gun, gun."<br><br>Exh. A, Composite Video at 02:42-02:43; Exh. 5, Weber Interview; Exh. 10, Officer Lopez Interview; Exh. 14, Panov Interview; Exh. 22, Weber Interview Transcript at 56:4-22; Exh. 23, Panov Interview Transcript 36:25-39:23, 43:17-22; Exh. 29, Officer Lopez Interview Transcript at pp. 5-6. | Disputed in part as to what Defendant Panov observed.<br><br>The object was a small soft bag that any reasonable SWAT officer should recognize is not a firearm.<br><br>Ex E – Panov BWC at 1:18:07-18:17.<br><br>Ex F - Delgado BWC at 54:24-54:33.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55.<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")<br><br>Exhibit M – Photograph of Bag from DOJ Report.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 5, 6, 12. |
| 30. | In that split-second moment, the APD SWAT officers present believed that Lopez was about to fire a gun at them.<br><br>Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso | Disputed as to the reason Defendant Officers fired.<br><br>Mr. Lopez was moving in a parallel line to the officers through the construction area. When Mr. Lopez encountered piles of dirt on the |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|
| Interview Transcript at pp. 8-10, 14-15; Exh. 21, Delgado Interview Transcript at 28:16-21; Exh. 22, Weber Interview Transcript at 47:7-48:10, 50:2-20, 56:23-57:8, 68:5-12; Exh. 23, Panov Interview Transcript at 36:1-18, 36:25-39:23; Exh. 25, Heitman Interview Transcript at 47:10-48:25, 49:3-9, 51:6-13. | ground, construction equipment, and a parked car, he was forced to change his direction slightly to move around the obstacles. Mr. Lopez was not running towards the SWAT officers. Moreover, there were several objects obstructing Mr. Lopez's view of the officers including a large road sign and several bright lights being pointed at him. The object was a small soft bag that any reasonable SWAT officer should recognize is not a firearm. Mr. Lopez did not raise or point the small bag containing a plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the construction site.

Ex E – Panov BWC at 1:18:07-18:17.

Ex F - Delgado BWC at 54:24-54:33. |

PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Ex G – Weber BWC at 1:38:46-1:38:55

Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")

Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")

Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")

Exhibit M – Photograph of Bag from DOJ Report.

See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 2, 4, 5, 6, 9. |
| 31. | Accordingly, Defendant Officer Heitman fired 4 to 5 shots from his rifle; Defendant Officer Panov also concurrently fired 10 shots from his | Disputed as to the reason Defendant Officers fired. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | handgun; Defendant Sergeant Weber also concurrently fired 5 shots from his handgun; and Defendant Sergeant Delgado concurrently fired four shots from his rifle.<br><br>Exh. 1, Composite Video at 02:42-02:46; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 13, Heitman Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 11; Exh. 21, Delgado Interview at 29:22-30:5; Exh. 22, Sgt. Weber Interview Transcript at 49:11-22, 52:18-53:3; Exh. 24, Martinez Interview Transcript at p. 32; Exh. 26, Heitman Interview Transcript at 14:19-21. 51:12-13, 53:1-54:1. | Mr. Lopez was moving in a parallel line to the officers through the construction area. When Mr. Lopez encountered piles of dirt on the ground, construction equipment, and a parked car, he was forced to change his direction slightly to move around the obstacles. Mr. Lopez was not running towards the SWAT officers. Moreover, there were several objects obstructing Mr. Lopez's view of the officers including a large road sign and several bright lights being pointed at him. The object was a small soft bag that any reasonable SWAT officer should recognize is not a firearm. Mr. Lopez did not raise or point the small bag containing a plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the construction site. |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Ex E – Panov BWC at 1:18:07-18:17. |
| | | Ex F - Delgado BWC at 54:24-54:33. |
| | | Ex G – Weber BWC at 1:38:46-1:38:55 |
| | | Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames") |
| | | Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames") |
| | | Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") |
| | | Exhibit M – Photograph of Bag from DOJ Report. |
| | | See Plaintiff's Objections to Evidence Cited in Support of |

PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Defendants Motion for Summary Judgement at ¶ 1, 2, 4, 5, 7, 9. |
| 32. | All shots were fired in about 2.2 seconds.

Exh. 1, Composite Video at 02:42-02:46. | Undisputed.

See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1. |
| 33. | Mr. Lopez then fell to the ground with his arms under his front torso.

Exh. 1, Composite Video at 02:46-3:37; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 9, Mullins Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 11; Exh. 21, Delgado Interview Transcript at 40:10-23; Exh. 22, Weber Interview Transcript at 54:1-19; Exh. 23, Panov Interview Transcript at 48:5-13; Exh. 24, Martinez Interview Transcript at p. 36; Exh. 26, Heitman Interview Transcript at 55:1-56:24; Exh. 27, Mullins Interview Transcript at p. 10. | Undisputed.

See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 4, 5, 6, 7, 9, 10. |
| 34. | Because the APD SWAT officers present could not see where the black object they perceived as a gun was now located, and because Mr. | Disputed in part as Mr. Lopez threatening the officers. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | Lopez had just threatened them and appeared to be ignoring additional commands, Officer Reynoso deployed a 40 mm (non-lethal) foam-tipped round against Mr. Lopez's lower body: to determine his responsiveness and to redress the threat they still believed Mr. Lopez posed: as officers on the scene believed that there was a firearm under Lopez's body.

Exh. 1, Composite Video at 02:46-04:29; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 9, Mullins Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 11, 17-18; Exh. 21, Delgado Interview Transcript at 40:10-23; Exh. 22, Sgt. Weber Interview Transcript at 54:1-55:5; Exh. 23, Panov Interview Transcript at 48:5-13, 48:19-49:1; Exh. 24, Martinez Interview Transcript at p. 36; Exh. 26, Heitman Interview Transcript at 55:1-56:24, 59:1-6; Exh. 27, Mullins Interview Transcript at p. 10. | Mr. Lopez was moving in a parallel line to the officers through the construction area. When Mr. Lopez encountered piles of dirt on the ground, construction equipment, and a parked car, he was forced to change his direction slightly to move around the obstacles. Mr. Lopez was not running towards the SWAT officers. Moreover, there were several objects obstructing Mr. Lopez's view of the officers including a large road sign and several bright lights being pointed at him. The object was a small soft bag that any reasonable SWAT officer should recognize is not a firearm. Mr. Lopez did not raise or point the small bag containing a plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the construction site. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Mr. Lopez clearly no longer posed a threat when the 40 mm was fired. Mr. Lopez had been shot thirty times and was visibly bleeding. |
| | | Ex E – Panov BWC at 1:18:07-18:17. |
| | | Ex F - Delgado BWC at 54:24-54:33. |
| | | Ex G – Weber BWC at 1:38:46-1:38:55 |
| | | Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames") |
| | | Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames") |
| | | Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Exhibit M – Photograph of Bag from DOJ Report. Exhibit K – Autopsy Report for Decedent Brandon Lopez at 17-19 (hereinafter "Autopsy Report") See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 4, 5, 6, 7, 9, 10. |
| 35. | However, Mr. Lopez did not move in response to the 40mm deployment. Exh. 1, Composite Video at 04:29-04:35; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 9, Mullins Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 11; Exh. 21, Delgado Interview Transcript at 40:24-41:7; Exh. 22, Weber Interview Transcript at 54:1-55:5; Exh. 23, Panov Interview Transcript at 49:2-4; Exh. 26, Heitman Interview Transcript at 59:5-60:6; Exh. 27, Mullins Interview Transcript at p. 10. | Undisputed. See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 4, 5, 6, 7, 9, 10. |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 36. | | Seeing this, APD SWAT officers then approached, handcuffed, and searched Mr. Lopez.<br><br>Exh. 1 Exh. 5, Weber Interview; Exh. 2, Reynoso Interview; Exh. 6, Martinez Interview; Exh. 9, Mullins Interview; Exh. 19, Reynoso Interview Transcript at pp. 11, 17-18; Exh. 22, Weber Interview Transcript at 55:6-56:3; Exh. 24, Martinez Interview Transcript at pp. 36-37; Exh. 27, Mullins Interview Transcript at p. 10. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 1, 2, 5, 7, 10. |
| 37. | | At around 10:06 p.m., APD SWAT officers then determined that Mr. Lopez was deceased at the scene.<br><br>Dkt. 71 at ¶29 ("DECEDENT was shot and killed."). | Undisputed. |
| 38. | | A firearm was not found in Mr. Lopez's possession.<br><br>Exh. 14, Panov Interview; Exh. 23, Panov interview Transcript at 49:21-25. | Undisputed.<br><br>See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 6. |
| 39. | | After the shooting, the black object was determined to be a black pouch; however, at all times before shots were fired, the defendant officers had believed that object held by Mr. Lopez to be a gun that he was raising to fire at them. | Disputed in part as to officers reasonably believing the object was a gun and that Mr. Lopez raised the object at them. |

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|
| Exh. 15, Delgado Interview; Exh. 22, Delgado Interview Transcript at 52:18-53:4. | The object was clearly a small soft bag that any reasonable SWAT officer should recognize is not a firearm. Mr. Lopez did not raise or point the small bag containing a plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the construction site.<br><br>Ex E – Panov BWC at 1:18:07-18:17.<br><br>Ex F - Delgado BWC at 54:24-54:33.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn |

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Camera (hereinafter "Delgado BWC Still Frames") |
| | | Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") |
| | | Exhibit M – Photograph of Bag from DOJ Report. |
| | | See Plaintiff's Objections to Evidence Cited in Support of Defendants Motion for Summary Judgement at ¶ 4. |
| 40. | APD's policies clearly demonstrate that APD trains its officers to act in accordance to the appropriate legal standard, including, but not limited to, the factors to determine the reasonableness of force and when lethal force should be used.<br><br>Exh. 30, Anaheim Police Department Policy 300: Use of Force. | Undisputed. |
| 41. | Plaintiff Johanna Lopez admits that she did not see any aspect of the shooting incident; rather, she alleges that she heard gunshots and assumed that Mr. Lopez was being injured and/or killed at that time. | Disputed.<br><br>Ms. Lopez testified that she heard both the flashbang explosions and |

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| | DEFENDANTS' FACT AND SUPPORTING EVIDENCE | PLAINTIFFS' DISPUTES AND SUPPORTING EVIDENCE |
|---|---|---|
| | Exh. 31, Deposition of Plaintiff Johanna Lopez, taken on May 8, 2024 at 38:17-39:5, 39:13-40:8, 40:19-24, 42:22-25, 47:15-25, 51:7-17, 52:15-22, 58:23-59:9, 59:23-62:22, 65:1-11, 66:2-8, 68:13-69:18 | the gunshots from where she stood, approximately one block from the incident. Ms. Lopez also testified that she fell to the ground screaming as soon as she heard the shots because she knew her son had been shot. Ms. Lopez remained on scene until approximately 2:00 am to receive confirmation of what she knew.

Exhibit D – Deposition of Johanna Lopez at 39:1-5, 42:3-13, 43:1-7, 44:20-24, 46:22-47:4, 48:1-49:16, 50:22-6, 51:25-52:25, 55:6-56:5, 57:18-25, 58:6-10, 58:23-59:12, 59:23-62:24, 63:4-8, 64:12-17, 65:1-14, 66:9-67:14, 68:20-24, 74:20-22, 88:10-89:14, 90:4-18, 91:6-92:12, 93:14-20, 92:13-94:2, 95:16-96:11. |

///
///
///
///
///

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

Dated:  July 22, 2024

**BURRIS, NISENBAUM, CURRY & LACY LLP**


By: /s/ *Lena Andrews*
      DeWITT M. LACY
      JOHN L. BURRIS
      JULIA N. QUESADA
      LENA P. ANDREWS
      Attorneys for Plaintiff,
      Antonio Lopez, Johanna Lopez, &
      S.L. by and through his guardian ad
      litem Rocio Flores

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**