**BURRIS, NISENBAUM, CURRY & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY & LACY LLP**
DEWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

Attorneys for Plaintiff
Antonio Lopez, Johanna Lopez, & S.L. by and through his guardian ad litem
Rocio Flores

## UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successors in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,, <br><br> Plaintiff, <br><br> vs. | Case No.: 8:22-cv-01351-JVS-ADS <br><br> *(Honorable James V. Selna; Magistrate Judge Autumn D. Spaeth)* <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL** |

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED
EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY
SANCTIONS AGAINST ALL DEFENDANTS

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

CITY OF ANAHEIM, a municipal corporation; CITY OF SANTA ANA, a municipal corporation; DAVID VALENTIN, individually and in his official capacity as the Chief of Police for the CITY OF SANTA ANA Police Department; JORGE CISNEROS, individually and in his official capacity as the Chief of Police for the CITY OF ANAHEIM Police Department; PAUL DELGADO, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; KENNETH WEBER, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; CAITLIN PANOV, individually and in her official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN, individually and in his official capacity as an officer for the CITY OF ANAHEIM Police Department; BRETT HEITMAN; DOES 1-10, individually and in their official capacity as law enforcement officers for the CITY OF ANAHEIM Police Department and CITY OF SANTA ANA Police Department,,

Defendants.

**PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**

Hearing Date:  August 26, 2024
Hearing Time: 1:30 p.m.
Courtroom:     10C

MSJ Hearing:  August 12, 2024
FPTC:              September 9, 2024
Trial:              September 17, 2024

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 26, 2024, at 1:30 pm, or as soon as this matter may be heard, in the courtroom of the Honorable James V. Selna located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516, Courtroom 10C, Plaintiffs ANTONIO LOPEZ and JOHANNA LOPEZ will move this Court for an order striking certain exhibits attached to the Declaration of Abigial McGlaughlin filed in support of Defendants' Motion for Summary Judgment [Dkt. 129 et seq] and for the imposition of non-monetary sanctions under Fed. R. Civ. P. Rule 37 on the grounds that:

Case No. 8:22-cv-01351-JVS-ADS

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**

1. The fact discovery cutoff was June 7, 2024;

2. In support of their Motion for Summary Judgment Defendants, filed, and thereby disclosed for the first time, the composite video (Exhibit 1), the interviews of Defendant officers and law enforcement witnesses (Exhibits 2 through 10, 13 through 15), and the associated transcripts of those interviews. (Exhibits 9 through 29); and

3. These exhibits were never produced during discovery despite Plaintiff issuing Request for Production of Documents that specifically requested these documents.

Plaintiff requests non-monetary sanctions against the Defendants in the form of striking the above exhibits and all information derived from these exhibits from the record and from the Court's consideration of Defendants' Motion for Summary Judgment.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on July 19, 2024.

This motion is based on this Notice of Motion, attached memorandum of points and authorities, the declaration of Lena P. Andrews (hereinafter "Andrews Decl.") and attached exhibits, and any additional oral argument and evidence this Court permits.

Dated: July 26, 2024                    BURRIS, NISENBAUM, CURRY & LACY LLP

                                        By: /s/ *Lena Andrews*
                                            DeWITT M. LACY
                                            JOHN L. BURRIS
                                            JULIA N. QUESADA
                                            LENA P. ANDREWS
                                            Attorneys for Plaintiff,
                                            Ymelda Elena

*Left margin (vertical):* **BURRIS, NISENBAUM, CURRY & LACY LLP** 9701 Wilshire Boulevard, Suite 1000 Beverly Hills, California 90212

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

## INTRODUCTION

This is a civil rights case arising out of an officer involved shooting that resulted in the death Brandon Lopez. The City of Anaheim, Anaheim City Attorney's Office, and its retained private counsel from Lewis Brisbois are seasoned in this type of litigation and are fully aware of their discovery obligations. Despite this, the City of Anaheim Defendants, collectively, failed to uphold their discovery obligations by producing all relevant documents, including those responsive to Plaintiffs' Request for Production of Documents, that they intended to use to support their Motion for Summary Judgement. Instead, Defendants hid the ball until the time of summary judgment where they filed and relied on several documents that were never produced to Plaintiffs during discovery. This gamesmanship, especially in a serious case of a fatal officer involved shooting, is not only contrary to the Rules of Civil Procedure but highly prejudicial to Plaintiffs.

There was no substantial justification for Defendants to fail to produce these documents during discovery and then attempt to rely on them for their Motion for Summary Judgment. This failure certainly is not harmless as it hampered not only Plaintiffs' discovery but their ability to prepare for the Motion for Summary Judgment and trial.

Accordingly, Plaintiffs respectfully request this Court strike the previously undisclosed exhibits from the record; strike any portions of Defendants Motion for Summary Judgment and supporting declarations that rely on these undisclosed exhibits; and order that these exhibits are not be considered in deciding on Defendants' Motion for Summary Judgement.

## STATEMENT OF RELEVANT FACTS

In October of 2022, prior to both Burris, Nisenbaum, Curry & Lacy and Lewis Brisbois entering their appearance in the litigation, Defendant City of Anaheim propounded its initial disclosure Statements. (Exhibit A to Andrews Decl.) Defendant City of Anaheim's Initial Disclosures, propounded by the Anaheim City

Attorney's Office, identified 22 separate interviews, including interviews of the Defendant Officers, percipient Santa Ana and Anaheim law enforcement witnesses, and civilian witnesses. *Id*. No documents were produced with the initial disclosure statement. Andrews Decl. at ¶ 3.

Thereafter, Burris, Nisenbaum, Curry & Lacy substituted as counsel for Plaintiffs Antonio Lopez, Johanna Lopez, and S.L on September 13, 2023, and Lewis Brisbois substituted in as counsel for the City of Anaheim Defendants on November 2, 2023. [Dkt 90-92, 100]. The Anaheim City Attorney's Office remained as counsel of record for the City. *Id*.

On November 17, 2023, Plaintiff Antonio Lopez propounded his Request for Production of Documents to Defendant City of Anaheim, Set One. (Exhibit B to Andrews Decl.) Request No. 5 sought "a complete copy of ALL statements and/or interviews of civilian witnesses PERTAINING TO the INCIDENT." *Id*. Request No. 7 sought "a complete copy of ALL statements and/or interviews of law enforcement personnel PERTAINING TO the INCIDENT." *Id*. Request No. 8 sought "a complete copy of ALL statements and/or interviews by Defendants Paul Delgado, Brett Heitmann, Caitlin Panov, and Kenneth Weber PERTAINING TO the INCIDENT." *Id*.

On December 11, 2023, Defendant City propounded their responses. (Exhibit C to Andrews Decl.) Defendants responded with only objections to the above requests and did not produce any responsive documents. *Id*. Moreover, though the Defendants asserted several claims of privilege in their responses, no privilege log was produced. *Id*.

Thereafter on January 17, 2024, Defendant City propounded its Supplemental Disclosure Pursuant to Federal Rule of Civil Procedure 26(A)(1). (Exhibit D to Andrews Decl.) In it, Defendant City listed out each document that it had produced thus far. *Id.* The interviews appear nowhere on the list, putting Defendants further on notice that the interviews had not been produced. *Id.* Discovery thereafter closed

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

on June 7, 2024, with Defendants never having produced any of the interviews described in the City's initial disclosure statement. Andrews Decl. at ¶ 4.

On July 15, 2024, Defendants filed their Motion for Summary Judgment. [Dkt. 129 et seq]. In support of their Motion for Summary Judgment Defendants, filed the composite video (Exhibit 1), the interviews of Defendant officers and law enforcement witnesses (Exhibits 2 through 10, 13 through 15), and the associated transcripts of those interviews (Exhibits 9 through 29). This was the first time any of these documents had been disclosed to Plaintiff as they were never produced during discovery despite them being directly responsive to several of Plaintiff's Request for Production of Documents and likely to lead to the discovery of admissible evidence. (See Andrews Decl. at ¶ 5; Exhibits B and C to Andrews Decl.)

## ARGUMENT

A. <u>PLAINTIFFS HAVE COMPLIED WITH THEIR OBLIGATIONS UNDER LOCAL RULE 7-3</u>

On July 19, 2024, the parties met and conferred telephonically regarding Plaintiff's anticipated Motion to Strike after exchanging their written positions on the motion. (Exhibit E to Andrews Decl., Andrews Decl. at ¶ 6). The parties could not come to an agreement. *Id.* This motion is being filed on July 26, 2024, seven days after the meet and confer conference took place.

Accordingly, this motion is made following the conference of counsel pursuant to Local Rule 7-3.

B. <u>DEFENDANTS' USE OF THE EXHIBITS VIOLATES FED. R. CIV. P. 37 AND THE EXHIBITS SHOULD BE STRUCK FROM THE RECORD</u>

Federal Rule of Civil Procedure § 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26, then that party cannot use that information or witness as evidence in a motion, hearing, or at trial, unless the failure was substantially justified or harmless. See e.g., *Algaier v. Bank of America*, N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**

plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.*, 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified).

Here, fact discovery closed on June 7, 2024. [Dkt. 126]. Defendant City and their counsel from Lewis Brisbois know that parties are obligated to disclose, without the need for any discovery requests, any relevant documents that they intend to use to support claims and defenses at trial. *See* Fed. R. Civ. P. Rule 26. Moreover, under Fed. R. Civ. P. Rule 34, Defendants are obligated to produce all relevant and non-privileged documents that are responsive to a proper Request for Production of Documents. Despite this knowledge, Defendants inexcusably and without justification failed to produce documents that they intended to rely on in their Motion for Summary Judgment and at trial to support their claims and defenses.

The failure to disclose is not harmless and Plaintiff is substantially prejudiced by their lack of disclosure as Plaintiff did not have an opportunity to rely on this evidence during depositions, take depositions based on the content, or to conduct investigations into the truth and veracity.

Instead of complying with their discovery obligations or the rules regarding the failure to disclosure, Defendants instead filed the exact interviews Plaintiffs had sought in their discovery requests, but Defendant City had failed to produce. As it was clear from the initial disclosure statement that Defendant City has had possession, custody, or control of these documents since October of 2022, the failure to produce them in a disclosure or in response to Plaintiffs pointed Request for Production of Documents is entirely unjustified and without reasonable excuse. This in and of itself is sufficient under Rule 37 to grant Plaintiffs' Motion to Strike.

Case No. 8:22-cv-01351-JVS-ADS

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

C. The Court Should Also Strike All Portions of Defendants' Motion for Summary Judgment that Make Reference to the Previously Undisclosed Exhibits

This Court can "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Some of the sanctions allowed are to strike pleadings in whole or part, and prohibiting the disobedient party from introducing designated matters in evidence. *Id*.

As discussed *supra*., the exhibits were never produced in discovery and thus should be struck. It would be a windfall for Defendants to be permitted to include in their motion or supporting declaration information that is wholly derived from these previously undisclosed documents.

Accordingly, Plaintiffs respectfully request this Court strike all portions of Defendants' statement of facts [Dkt. 129] and Statement of Undisputed Facts [Dkt. 129-1] that discuss facts obtained solely from the offending exhibits. Specifically, facts nos. 13 through 17, 19 through 24, 28, 30, and 34.

D. Defendants' Arguments put Forth During the Meet and Confer Process are Not Persuasive

During the meet and confer process, Defendants set forth several unpersuasive arguments. (Exhibit D to Andrews Decl.) First, Defendant City argued that the interviews were timely disclosed because they were identified in Defendant City's initial disclosure statement from October 2022. Defendants argued that counsel is not required to produce any documents with its initial disclosure statement, but just to identify the documents, and thereafter a party must seek the documents through discovery requests. Though it may be true that the City complied with Fed. R. Civ. P. 26(a)(1) in describing the documents in its initial disclosures, this does not end the inquiry as Defendants clearly failed to comply with Fed. R. Civ. P. Rules 26(e) and Rule 34, and its obligation to produce all relevant discovery that it intended to reply on in a motion or at the time of trial.

PG. 5                                        Case No. 8:22-cv-01351-JVS-ADS

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

Second, Defendants argued, without citing to any rule or case law, that because Plaintiff did not file a motion to compel in response to Defendant's deficient responses that Plaintiff has waived their right Rule 37 sanctions. Again, this is not correct. Plaintiffs' proverbial stick for failing to meet and confer regarding the lack of production is that the documents are not produced and thus not admissible at trial. The failure to meet and confer does not somehow transform this stick for Plaintiff into a carrot for Defendants and allow them to use documents that were not previously disclosed. Moreover, under Rule 26(e) a party *must* supplement or correct any disclosure or response without the need for a motion to compel.

As the documents were not produced and Plaintiff did not seek an order compelling production, the result is that no one is permitted to use the undisclosed documents to support a motion or at trial. This outcome is fundamentally fair to all parties and avoids undue prejudice to both sides.

Third, Defendants seem to argue that the interviews are not responsive to any of Plaintiffs' discovery requests. This is simply not true. Plaintiffs Request No. 5, 7, and 8 sought "a complete copy of ALL statements and/or interviews of" civilian witnesses, law enforcement personnel, and the Defendant Officers "PERTAINING TO the INCIDENT." It is difficult to conceive of discovery requests which could be more pointed to discover the exact interviews at issue here. Thus, Defendants clearly failed in their obligation to participate in discovery in good faith. *See Cortez v. Chipotle Mexican Grill, Inc.,* No. CV 17-4787-GW(JPRX), 2018 WL 6017033, at *13 (C.D. Cal. May 7, 2018) (holding Rule 37(c)(1) is implicated when a party fails to produce documents responsive to a request for production because "the documents Plaintiff describes were required to be produced pursuant to Rule 26(e) as the documents are responsive to Plaintiff's requests for production.")

Fourth, Defendants argued that their failure was justified because Defendant City's private counsel from Lewis Brisbois claims it was allegedly unaware that the documents had not been produced. However, this is not a justification but further

PG. 6                    Case No. 8:22-cv-01351-JVS-ADS

evidence of Defendant City's lack of diligence in fulfilling their discovery obligations. Inadvertence is not a substantial justification. *Sanchez v. Stryker Corp.*, No. 210CV8832ODWJCGX, 2012 WL 13006186, at *3 (C.D. Cal. Mar. 28, 2012) (citing *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008)) (holding "Rule 37(c) includes no requirement for bad faith or willfulness, inadvertence is not a substantial justification to avoid the exclusion remedy.")

Moreover, this excuse rings hallow when you consider the facts in the record. Though the records were identified in Defendants initial disclosures, as Defendants themselves argued during the meet and confer process, production is not required with initial disclosures unless and until there is a discovery request that seeks this document. Thus, by their own admission, it would be unreasonable to assume these documents were produced with Defendant City's initial disclosures.

Thereafter Defendants received timely and pointed discovery requests seeking these interviews. Defendants have an obligation to make diligent, reasonable, and timely searches for documents in response to discovery requests. Fed. R. Civ. P. 26(g). Defendant City and its counsel clearly breached this duty by failing to propound documents that it intended to rely on and already had in its possession, custody, or control. Thereafter, Defendant City had another opportunity to correct its mistake when it propounded its Supplemental Disclosures on January 17, 2024. Defendant City was clearly on notice at the time of this production that the interviews had not been produced as the disclosure listed all of the documents that Defendant City had produced thus far, and the interviews were not listed.

Even assuming, *in arguendo,* that counsel from Lewis Brisbois was not aware that the interviews had not been produced, this inadvertence is neither reasonable, professional, or substantially justified. This is especially true as the City Attorney's Office has represented Defendant City throughout the litigation and should have been aware of its discovery obligations. Defendant City's failure evidences a lack of diligence during the discovery process, which is not a substantial justification.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

1   Fifth, Defendants argued that Plaintiffs have no grounds to strike pursuant to

2   Fed. R. Civ. P. 37 because their production of the documents was merely untimely

3   and does not amount to a failure to produce. Defendants rely on *Van Steenwyk v.*

4   *Van Steenwyk*, 2022 U.S. Dist. LEXIS 17781, at *10-11 (C.D. Cal. July 11, 2022)[1]

5   to support their contention that "Rule 37 evidentiary sanctions are implicated by non-

6   production, not late production." However, the *Steenwyk* case is easily

7   distinguishable from the case at bar. In *Steenwyk*, the Defendants failed to produce

8   meeting minutes from a meeting that the Plaintiff attended during discovery and

9   thereafter used the minutes to support their Motion for Summary Judgment. *Id.* The

10  parties met and conferred and Defendants stated the failure was due to inadvertence

11  and they had planned to produce it during discovery. *Id.* The Court decided that

12  Defendants had not met their discovery obligations, the failure was not substantially

13  justified, and inadvertence is not a defense thus Rule 37(c) was implicated. *Id.* The

14  Court ultimately recommended that striking the exhibit was not the appropriate

15  sanction in that case as it would decimate Defendants' statute of limitations claim

16  for a one-page document regarding a meeting that Plaintiff had personal knowledge

17  of. *Id.* The Court instead recommended that discovery be re-opened to allow Plaintiff

18  to take deposition regarding the document, designate an expert to analyze the

19  document, and monetary sanctions be assessed against Defendants for the expense

    of bringing the motion. *Id.*

20  This case is clearly dissimilar where the documents at issue are interviews of

21  the Defendants and percipient law enforcement witness regarding the Incident that

22  Plaintiffs had no way of knowing the content of. While striking the documents was

23  not warranted in *Steenwyk,* it is certainly warranted here where Plaintiff was

24  deprived of documents relevant to the litigation, directly responsive to Plaintiffs'

25

26

27  [1] The case cited by Defendants during the meet and confer process is not controlling authority as the citation refers to a report and recommendation by a magistrate judge that was later edited by the District Judge.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**

Request for Production, and undisputably in the possession, custody, and control of Defendant City of Anaheim.

## CONCLUSION

In conclusion, Defendants' clear gamesmanship should not be rewarded under these circumstances. Accordingly, Plaintiffs respectfully request this Court strike Exhibits 1 through 10, 13 through 15, and 19 through 29, Defendants' statement of facts and statement of undisputed facts nos. 13 through 17, 19 through 24, 28, 30, and 34, and all portions of Defendants' Motion for Summary Judgment that rely on these facts from the record and order that these interviews and facts are not to be considered in ruling on Defendants Motion for Summary Judgment.

Dated:  July 26, 2024                    **BURRIS, NISENBAUM, CURRY & LACY LLP**

By: /s/ *Lena Andrews*
    DeWITT M. LACY
    JOHN L. BURRIS
    JULIA N. QUESADA
    LENA P. ANDREWS
    Attorneys for Plaintiff,
    Antonio Lopez, Johanna Lopez, &
    S.L. by and through his guardian ad
    litem Rocio Flores

**BURRIS, NISENBAUM, CURRY & LACY LLP**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**