# EXHIBIT C

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for DEFENDANTS CITY OF ANAHEIM, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10,<br><br>　　　　Defendants. | Case No. 8:22-cv-1351<br>[*Assigned for All Purposes to*: *Hon. James V. Selna* ]<br><br>**DEFENDANT CITY OF ANAHEIM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Non-Expert DCO: 02/16/2024<br>Trial Date:　　　05/14/2024 |

/ / /

/ / /

132349857.1

1

PROPOUNDING PARTY: Plaintiff ANTONIO LOPEZ

RESPONDING PARTY: Defendant CITY OF ANAHEIM

SET NO.: ONE

Defendant CITY OF ANAHEIM ("Defendant" or "Responding Party") hereby provides its Responses to Plaintiff's Requests for Production of Documents, Set One, pursuant to Rule 34 of the Federal *Rules of Civil Procedure*.

## PRELIMINARY STATEMENT

It should be noted that Responding Party has not fully completed its investigation of the facts relating to the case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to Responding Party and disclose only those contentions which presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which may later develop.

The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contention as is presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research or analysis.

## GENERAL OBJECTIONS

The following responses are made solely for the purposes of this action. Each response is subject to any and all objections as to competence, relevance, materiality, propriety and admissibility, and any and all objections on grounds that would require the exclusion of any statement or material herein, if any question

1  were asked of, or any statement or material contained herein were made by, a
2  witness present and testifying in court, all of which objections and grounds are
3  reserved and may be interposed at the time of trial.
4  / / /
5  / / /
6  / / /
7  / / /
8  / / /
9  / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

# RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Produce a complete copy of ALL police reports pertaining to the arrest and/or detention of PLAINTIFF Antonio Lopez during the INCIDENT.

**RESPONSE TO REQUEST NO. 1:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 2:**

Produce a complete copy of ALL video footage, including but not limited to body worn camera footage, depicting the arrest and/or detention of PLAINTIFF Antonio Lopez during the INCIDENT.

**RESPONSE TO REQUEST NO. 2:**

OBJECTION: This request is compound as phrased. Additionally, this request

calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 3:**

Produce a complete copy of ALL photographs depicting the arrest and/or detention of PLAINTIFF Antonio Lopez during the INCIDENT.

**RESPONSE TO REQUEST NO. 3:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and

official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 4:**

Produce a complete copy of ALL statements and/or interviews of civilian witnesses PERTAINING TO the arrest and/or detention of PLAINTIFF Antonio Lopez during the INCIDENT.

**RESPONSE TO REQUEST NO. 4:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including

but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 5:**

Produce a complete copy of ALL statements and/or interviews of civilian witnesses PERTAINING TO the INCIDENT.

**RESPONSE TO REQUEST NO. 5:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 6:**

Produce a complete copy of ALL statements and/or interviews of law enforcement personnel PERTAINING TO the arrest and/or detention of PLAINTIFF Antonio Lopez during the INCIDENT.

**RESPONSE TO REQUEST NO. 6:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 7:**

Produce a complete copy of ALL statements and/or interviews of law enforcement personnel PERTAINING TO the INCIDENT.

**RESPONSE TO REQUEST NO. 7:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of

documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 8:**

Produce a complete copy of ALL statements and/or interviews by Defendants Paul Delgado, Brett Heitmann, Caitlin Panov, and Kenneth Weber PERTAINING TO the INCIDENT.

**RESPONSE TO REQUEST NO. 8:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the

associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 9:**

Produce a complete copy of ALL video footage taken by journalists on scene during the INCIDENT.

**RESPONSE TO REQUEST NO. 9:**

OBJECTION: This request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 10:**

Produce a complete copy of ALL documents pertaining to ALL extraction and/or analysis of DECEDENT's cellphone.

**RESPONSE TO REQUEST NO. 10:**

OBJECTION: This request is vague, ambiguous, and overbroad as phrased. Further, this request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 11:**

Produce a complete copy of the note addressed to DECEDENT's children found in the car DECEDENT was in during the INCIDENT.

**RESPONSE TO REQUEST NO. 11:**

OBJECTION: This request is vague, ambiguous, and overbroad as phrased. .

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel

records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

DATED: December 11, 2023     LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ *Tori L.N. Bakken*
TONY M. SAIN
TORI L. N. BAKKEN
Attorneys for DEFENDANTS CITY OF ANAHEIM, et al.

**FEDERAL COURT PROOF OF SERVICE**
LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.
Case No. 8:22-cv-1351

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 11, 2023, I served the following document(s): **DEFENDANT CITY OF ANAHEIM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Renee V. Masongsong, Esq.<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, CA  91367<br>Tel: (818) 347-3333<br>Fax: (818)  347-4118<br>dalekgalipo@yahoo.com<br>rvalentine@galipolaw.com | **ATTORNEYS FOR PLAINTIFFS:<br>B.L., J.L., and M.R.** |

The documents were served by the following means:

☒ (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 11, 2023, at Los Angeles, California.

/s/ *Curfew F. Wilson*
Curfew F. Wilson

132349857.1

1

DEFENDANT CITY OF ANAHEIM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE