# EXHIBIT E



Tony M. Sain
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Tony.Sain@lewisbrisbois.com
Direct: 213.358.6041

July 18, 2024

File No. 37563.06

**VIA E-MAIL**

Lena P. Andrews
BURRIS, NISENBAUM, CURRY AND LACY LLP
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
E-Mail: lena.anderws@bncllaw.com

  Re: **LOPEZ, Johanna, et al. v. City of ANAHEIM, et al.**
    Case No. 8:22-cv-1351-JVS-ADS

Dear Ms. Andrews:

  This correspondence is to address your July 18, 2024 e-mail where you requested a meet and confer regarding a motion to strike certain exhibits used in support of Defendants' Motion for Summary Judgment ("MSJ") on the grounds that the exhibits were never produced during discovery and thus are inadmissible under Rule 37(c). I am available for a meet and confer regarding this matter tomorrow (July 18, 2024) prior to 11:00 a.m. If you are not available then, you will need to coordinate with my colleague, Tori Bakken, regarding a meet and confer on Monday, July 22, 2024, as I am out of the office thereafter for several days.

  In order to ensure that this meet and confer is as productive as possible, however, Defendants lay out their grounds for why the exhibits are admissible and not subject to striking as follows:

  **Discovery Sanctions Are Inappropriate For Records That Have Been Produced**. First and foremost, the sanction you propose is not appropriate where, as here, the records at issue have been produced.

  *Disclosure Duty Recap*. As relevant to Plaintiffs' allegations, Fed. R. Civ. P. 37(c) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure are substantially justified or is harmless." Under Fed. R. Civ. P. 26(a),

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

142959231.1

Plaintiffs' Counsel
*Lopez v. City of Anaheim*
July 18, 2024
Page 2

parties are required to make initial disclosures, which include "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" Per Fed. R. Civ. P. 26(e), a party must supplement these initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and the additional or corrective information has not otherwise been made known to the other parties during the discovery response or in writing[.]"

*The Audio Recordings At Issue Were Timely Disclosed*. As stated in your July 18, 2024 e-mail, the audio interviews used in support of Defendants' MSJ were identified in Defendant City of Anaheim's Initial Disclosures, which were timely served by Defendant City of Anaheim's *prior* law firm on October 10, 2022. Specifically, these Initial Disclosures provided a description of identified documents relevant to this matter, including, but not limited to (1) Interview of APD Inv. Ricky Reynoso; (2) Interview of APD Officer Brandon Mullins; (3) Interview of SAPD Officer Kenny Aguilar; (4) Interview of APD Officer Nelson Menendez; (5) Interview of APD Officer James Lopez; (6) Interview of SAPD Corporal Luis Galeana; (7) Interview of SAPD Officer Sergio Martinez; (8) Interview of Officer Panov by Special Agents Estrada and Cryar; (9) Interview of Officer Weber by Special Agents Estrada and Carlos; (10) Interview of Officer Delegado by Special Agents Cryar and Carlos; and (11) Interview of Officer Heitmann by Special Agents Black and Estrada.

Of note, per Fed. R. Civ. P. 26(a), the description of these documents was enough to satisfy Defendant City of Anaheim's duties regarding initial disclosures. Significantly, barring some Rule 29 agreement to the contrary, the Rule 26 disclosure duty does not require unilateral *production* of the disclosed items. Rather, barring such agreement, the duty to produce arises only where a party has served a valid request for production ("RFP"). *Compare* Fed. R. Civ. P. 26(a) *with* Fed. R. Civ. P. 34. Here, current City counsel are unaware of any agreement that would transform the City's Rule 26(a) disclosure duty into a production duty, absent a valid/timely RFP by plaintiffs.

*Plaintiffs Failed To Seek Timely Relief For Production Failures Relative To Their RFP*. Furthermore, as to Plaintiff Antonio Lopez's Requests for Production, Set One (wherein Request No. 7 arguably embraced/required production of the audio recordings now at issue), if Plaintiffs had an issue with Defendants' responses to these Requests, a Motion to Compel ("MTC") should have been brought within the appropriate deadlines. Here, the sum of the Court's orders required plaintiffs to meet-and-confer pursuant to L.R. 37-1 and then to file plaintiffs' MTC no later than July 15, 2024. However, we see no record of any MTC being so timely filed.

Indeed, we have no record that there was any correspondence from Plaintiffs about any issue with Defendants' responses to the RFP, even though Plaintiffs were on notice of the audio interview from Defendant City of Anaheim's initial disclosures. Plaintiffs have thus waived their right to Rule 37 discovery related sanctions, particularly as to timeliness. Thus, Plaintiffs cannot now use the post-

Plaintiffs' Counsel
*Lopez v. City of Anaheim*
July 18, 2024
Page 3

discovery-closure production of the recordings at issue as a basis to strike such recordings as exhibits to defendants' motion for summary judgment ("MSJ").

*Current Defense Counsel Was Unaware That The Recordings Had Not Been Produced Prior To The MSJ Service*. However, even if the documents' description in the defense disclosures was not enough to satisfy defendants' discovery obligations here, current counsel for Defendant City of Anaheim was unaware that former counsel never produced these documents to Plaintiffs; as the initial disclosures specifically stated that such would be produced once a Protective Order was entered by the Court, which occurred on December 8, 2022. Thus, as there is no record in the file of any associated disputed, current defense counsel reasonably believed that such production had timely occurred on or after that Order entry date.

However, to our surprise, on July 18, 2024, Plaintiffs' counsel's correspondence was the first time that we were notified that such recording production did not occur prior to the time when Defendants produced this interview audio with their MSJ on July 15, 2024. Thus, Defendants did not become aware that their prior discovery responses were incomplete until July 18, 2024.

*Plaintiffs Have No Grounds For Rule 37 or Rule 56 Relief Here*. While, unbeknownst to current defense counsel, plaintiffs did not receive production of the recordings at issue until July 15, 2024 – the service date of the defendants' MSJ – Rule 37 does not require evidentiary sanctions, such as the one plaintiffs implicitly suggest, for untimely production of responsive records. *See* Fed. R. Civ. P. 37; *Van Steenwyk v. Van Steenwyk*, 2022 U.S. Dist. LEXIS 17781, at *10-11 (C.D. Cal. July 11, 2022). Rather, Rule 37 evidentiary sanctions are implicated by non-production, not late production. *See id*.

Similarly, Rule 56(d) additional discovery is not available where, as here, the recordings at issue were produced before plaintiffs' opposition was due – and on the service date of the MSJ. *See* Fed. R. Civ. P. 56(d)(2); *see Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). The issue plaintiffs raise here is that they did not have the discovery earlier, not that they need more time to get the discovery now. Moreover, in compliance with Fed. R. Civ. P. 26(e), we have also produced transcripts of the recordings at issue: to further facilitate the utility of the recordings produced.

Plaintiffs have failed to cite, and we are unaware of any other, a lawful basis for striking any exhibits to MSJ simply because they were produced with the MSJ, but were not produced in discovery where, as here, plaintiffs never timely challenged the alleged non-production by MTC and Defendants complied with their initial disclosure duties.

Accordingly, there are no grounds for striking the MSJ exhibits here, and thusly defendants will <u>not</u> stipulate to such.

Plaintiffs' Counsel
*Lopez v. City of Anaheim*
July 18, 2024
Page 4

      *Plaintiffs Cannot Identify Any Prejudice Resulting From The Allegedly Untimely Production*. Moreover, even if Defendants were not in compliance with Fed. R. Civ. P. 26(a) or (e) (which they are), the failure to provide copies of these audio interviews was substantially justified and harmless. First, as noted above, we were not on notice that copies of these audio interviews had not been provided to Plaintiffs, despite being identified in Defendant City of Anaheim's initial disclosures, until July 18, 2024, when you notified us of the same. Upon on such notification, copies of these audio interviews had *already* been provided and we are now providing copies of the transcripts on the same day of the notification. Second, because these audio interviews were provided with Defendants' MSJ, Plaintiffs were placed on more enough notice to successfully oppose the MSJ by the filing deadline of July 29, 2024; and there is thus no prejudice to Plaintiffs in regards to other proceedings as well, as the Parties are currently discussing a continuance of the trial date in this matter.

      In sum, while Defendants apologize for any inadvertent error in reasonably believing that Plaintiffs were provided with all of the documents listed in Defendant City of Anaheim's initial disclosures and although we were not put on notice that such production did not occur until today, July 18, 2024, this error has now been remedied and there is no prejudice to Plaintiffs or applicable rule or law that requires that subject exhibits be stricken and no longer used in support of Defendants' MSJ. Thus, Defendants are unwilling to file a Notice of Errata or agree to any striking.

      Respectfully,

*Abigail McLaughlin*

Tony M. Sain
Tori L.N. Bakken
Abigail J.R. McLaughlin
LEWIS BRISBOIS BISGAARD & SMITH LLP

Encl.: Audio Interview Transcripts via box.com link and password