**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,

Plaintiffs,

vs.

CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10,

Defendants.

Case No. 8:22-cv-1351-JVS-ADS
[*Hon. James V. Selna, Dist. Judge; Hon. Autumn D. Spaeth, M. Judge*]

**REPLY IN SUPPORT OF MOTION BY DEFENDANTS FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT**

*Filed Concurrently with Defendants' Response to Plaintiffs' Statement of Genuine Disputes of Material Fact and Statement of Additional Material Facts; Defendants' Response to Plaintiffs' Evidentiary Objections; Defendants' Evidentiary Objections*

Date: August 12, 2024
Time: 1:30 p.m.
Crtrm.: 10C

FPTC Date: September 9, 2024
Trial Date: September 17, 2024

///



LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**TO THE HONORABLE COURT, PLAINTIFFS, AND COUNSEL OF RECORD:**

Defendants CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV ("Anaheim Defendants" or "Defendants") hereby present their Reply in Support of Defendants' Motion for Summary Judgment, or Partial Summary Judgment ("MSJ"), and in response to Plaintiffs' Opposition to Defendants' MSJ [Dkt. 130] and state as follows:



# TABLE OF CONTENTS

**Page**


1. INTRODUCTION AND SUMMARY OF THE REPLY ARGUMENT......... 1

2. PLAINTIFFS FAIL TO CREATE A MATERIAL DISPUTE OF FACT. .......... 1

3. ANAHEIM OFFICER DEFENDANTS REMAIN ENTITLED TO JUDGMENT ON PLAINTIFFS' 14TH AMENDMENT CLAIM FOR INTERFERENCE WITH FAMILIAL RELATIONSHIPS.......... 3

   A. The "Purpose to Harm" Standard Remains Applicable to this Matter, as the Anaheim Officer Defendants Faced an Escalating, Rapidly-Evolving Situation When Mr. Lopez Exited the Car.......... 3

   B. Even Under the Deliberate Indifference Standard, the Anaheim Officer Defendants Are Entitled to Judgment on Plaintiffs' Fourteenth Amendment Violation Claim. .......... 6

   C. Anaheim Officer Defendants Remain Entitled to Qualified Immunity and it is Appropriate for this Court to Render Such Decision.......... 8

4. PLAINTIFFS FAIL TO MAKE ANY ARGUMENT IN SUPPORT OF THEIR *MONELL* AND SUPERVISORY LIABILITY CLAIMS AND, THUS, JUDGMENT MUST BE ENTERED FOR DEFENDANTS CITY OF ANAHEIM AND CHIEF JORGE CISNEROS ON THOSE CLAIMS.......... 11

5. DEFENDANTS REMAIN ENTITLED TO JUDGMENT ON THE CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BECAUSE MS. LOPEZ HAD NO PERSONAL KNOWLEDGE THAT MR. LOPEZ WAS HARMED AT THE TIME OF THE INCIDENT. .......... 11

6. PLAINTIFFS CONCEDE THEIR REQUEST FOR PUNITIVE DAMAGES LACKS MERIT.......... 13

7. CONCLUSION. .......... 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*A.D. v. California Highway Patrol*, 712 F.3d 446 (9th Cir. 2013) .......................... 10

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .............................................. 1

*Barragan v. City of Eureka*, 2016 U.S. Dist. LEXIS 118603 (N.D. Cal. Sept. 1, 2016) .......................................................................................... 5

*Bryan v. MacPherson*, 630 F.3d 805 (9th Cir. 2015) ................................................ 7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......................................................... 1

*Conservation Force v. Salazar*, 677 F. Supp. 2d 1203 (N.D. Cal. 2009) ................ 13

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ............................................... 3

*Curnow v. Ridgecrest Police*, 952 F.2d 321 (9th Cir. 1991) ...................................... 9

*Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146 (C.D. Cal. 2013) ...................... 1

*Estate of Lopez v. Gelhause*, 871 F.3d 998 (9th Cir. 2017) ................................... 6, 9

*Estate of Tucker*, 515 F.3d 1019 (9th Cir. 2008) ....................................................... 1

*F.C. v. Cty. of Los Angeles*, 2010 U.S. Dist. LEXIS 136259 (C.D. Cal. Dec. 13, 2010) .......................................................................................... 6

*Farmer v. Brennan*, 511 U.S. 825 (1994) ................................................................... 7

*Forrester v. City of San Diego*, 25 F.3d 804 (9th Cir. 1994) ..................................... 7

*Galen v. Cty. of Los Angeles*, 477 F.3d 652 (9th Cir. 2007) .................................. 1, 5

*George v. Morris*, 736 F.3d 829 (9th Cir. 2013) ........................................................ 9

*Hardage v. CBS Broad, Inc.*, 427 F.3d 1177 (9th Cir. 2006) ...................................... 2

*Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997) .................................................... 9

*Hayes v. Cty. of San Diego*, 736 F.3d 1223 (9th Cir. 2013) ....................................... 4

*Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938 (9th Cir. 2017) ........................ 9

*Jenkins v. Cty. of Riverside*, 398 F.3d 1093 (9th Cir. 2005) ............................... 11, 13

*Kisela v. Hughes*, 138 S. Ct. 1148 (2018) .................................................................. 9

*Lam v. City of Los Banos*, 976 F.3d 986 (9th Cir. 2020) ............................................ 6



*N.E.M. v. City of Salinas*, 751 Fed. Appx. 698 (9th Cir. 2019) .................................9

*Nicholson v. City of L.A.*, 935 F.3d 685 (9th Cir. 2019) ..........................................9

*Nissan & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099 (9th Cir. 2000)....................2

*Ochoa v. City of Mesa*, 26 F.4th 1050 (9th Cir. 2022) ..............................................4

*Peck v. Montoya*, 51 F.4th 877 (9th Cir. 2022) .....................................................3, 4

*Porter v. Osborn*, 546 F.3d 1131 (9th Cir. 2008)..............................................3, 4, 5

*Powell v. Cty. of Orange*, 2022 U.S. Dist. LEXIS 151580 (C.D. Cal. July 7, 2022).........................................................................................................11

*Ramirez v. Cty. of San Diego*, 2009 U.S. Dist. LEXIS 32363 (S.D. Cal. Apr. 15, 2009)..........................................................................................................5

*Rivas-Villegas v. Cortesluna*, 595 U.S. 1 (2021) ....................................................10

*Robertson v. Cty. of Los Angeles*, 2017 U.S. Dist. LEXIS 221396 (C.D. Cal. Oct. 17, 2017)...................................................................................................3

*Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008)...............................................11, 13

*Tennesee v. Garner*, 471 U.S. 1 (1985).....................................................................9

*Torres v. City of Madera*, 648 F.3d 1119 (9th Cir. 2011)..........................................8

*Wilkins v. City of Oakland*, 350 F.3d 949 (9th Cir. 2003)..........................................8

*Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010)....................................................7

*Wilks v. Hom*, 2 Cal.App.4th 1264 (1992)...............................................................12

*Wilson v. Layne*, 526 U.S. 503 (1999)......................................................................9

*Zion v. Cty. of Orange*, 874 F.3d 1072 (9th Cir. 2017)..........................................6, 7

**STATUTES**

Cal. Code Civ. Proc. § 377.11 ...............................................................................11

Cal. Code Civ. Proc. § 377.32 ...............................................................................11

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION AND SUMMARY OF THE REPLY ARGUMENT.

Plaintiffs fails to present any *material* disputes of material fact preventing the Court from granting summary judgment on all causes of action in this matter and, even if such material disputes existed (they do not), and even if such "facts" were considered in the light most favorable to Plaintiffs, summary judgment remains due because Plaintiffs' causes of action fail as a matter of law: notwithstanding Plaintiffs' attempt to shift the controlling legal goalposts beyond the bounds of the law.

## 2. PLAINTIFFS FAIL TO CREATE A MATERIAL DISPUTE OF FACT.

If the party moving for summary judgment carries its initial burden, the burden of production shifts to the nonmoving party to set forth facts showing a genuine dispute of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A fact is *material* when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is *genuine* if a reasonable jury could return a verdict for the nonmoving party on the fact at issue based on *admissible* evidence. *Id.*

The opposing party cannot "rest upon the mere allegations or denials of [its] pleading but must instead produce evidence that set forth specific facts showing that there is a genuine issue for trial." *See Estate of Tucker*, 515 F.3d 1019, 1030 (9th Cir. 2008) (cleaned up). While all reasonable inferences that may be drawn from the facts placed before a court must be drawn in favor of the opposing party, "[b]ald assertions that genuine issues of material fact exist are insufficient." *See Galen v. Cty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007); *see also Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1159 (C.D. Cal. 2013) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.") Further, a "motion for summary judgment may not be defeated . . . by evidence that is 'merely colorable' or 'is not significantly probative.'" *See Anderson*, 477 U.S. at 249-50; *see also Hardage v. CBS Broad, Inc.*, 427 F.3d 1177,

1183 (9th Cir. 2006) (same). If the nonmoving party fails to produce *admissible evidence* sufficient enough to create a genuine dispute of material fact, the moving party is entitled to summary judgment. *See Nissan & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

Here, without basis, Plaintiffs allege that Defendants "rely on interpretations of the objective evidence that favor them." To the contrary, Defendants rely on the objective evidence to demonstrate what is undisputed in this matter: (1) the Anaheim Officer Defendants reasonably believed that decedent Brandon Lopez was armed during the incident based on the totality of the circumstances, including, but not limited to, being told that Mr. Lopez was armed prior to their arrival at the incident; and (2) the Anaheim Officer Defendants reasonably believed Mr. Lopez posed an immediate threat of serious bodily harm to themselves and/or others when he abruptly advanced toward them holding/raising a black object the officers believed to be a gun.

Moreover, Plaintiffs' purported "material" disputes are simply not relevant to this matter, where the issue is not solely whether the Anaheim Officer Defendants' uses of lethal force during the incident were reasonable as a matter of law (though they were), but whether the Anaheim Officer Defendants' actions "shocked the conscience" under the Fourteenth Amendment and whether Plaintiff Johanna Lopez was aware that injury was being caused to Mr. Lopez during the incident. Per the below, based on the undisputed, *material* facts in this matter, and as discussed in Defendants' MSJ, the answers to both these questions is "No".

///

///

///

**3. ANAHEIM OFFICER DEFENDANTS REMAIN ENTITLED TO JUDGMENT ON PLAINTIFFS' 14TH AMENDMENT CLAIM FOR INTERFERENCE WITH FAMILIAL RELATIONSHIPS.**

**A. The "Purpose to Harm" Standard Remains Applicable to this Matter, as the Anaheim Officer Defendants Faced an Escalating, Rapidly-Evolving Situation When Mr. Lopez Exited the Car.**

While Plaintiffs are correct that "deliberation" for purposes of the shocks the conscience test is not a literal concept, they fail to acknowledge that "actual deliberation" means where deliberation is *practical* in the context of the circumstances. *Porter v. Osborn*, 546 F.3d 1131, 1139 (9th Cir. 2008); *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998). "In circumstances where the officer must act fast over a short period of time and is presented with competing obligations, actual deliberation is not practical." *Robertson v. Cty. of Los Angeles*, 2017 U.S. Dist. LEXIS 221396, at *34 (C.D. Cal. Oct. 17, 2017) (citing *Porter*, 545 F.3d at 1139).

While it is undisputed that law enforcement officers were locked in a lengthy stalemate with Mr. Lopez *before* he exited the car –where Mr. Lopez continually refused to exit the car, was seen with a gun, repeatedly moved around in the vehicle as if reaching for an object, and ultimately positioned the car floor mats where he could not be seen – what occurred at the time of the Anaheim Officer Defendants' use of lethal force was a snap judgment because of a rapidly-evolved escalation in the situation. Specifically, Mr. Lopez abruptly exited the stolen car, moved as though to flee from officers, but then changed direction – running *towards* the Anaheim Defendant Officers with what they believed to be a gun beginning to raise in a threatening manner, as if Mr. Lopez was about to shoot. [SUF 26-32; *see Peck v. Montoya*, 51 F.4th 877, 893 (9th Cir. 2022) ("We apply the purpose-to-harm standard when officials were required to make 'repeated split-second decisions' about how best to respond to a risk, such as during a high-speed car chase or when confronting a threatening, armed suspect.")]

As discussed in Defendants' MSJ (and not addressed *at all* by Plaintiffs), even where much of an encounter was spent in a stalemate, as here, if only a short time elapsed between when the Anaheim Officer Defendants observed what they believed to be a firearm being raised and when they opened fire, and mere seconds separated Anaheim Officer Defendants' related commands and the fatal shots, such constituted a situation where the Anaheim Officer Defendants "were required to develop a concrete tactical response quickly, making repeated snap judgments and assessing [the suspect's] every move. In such a fast-paced environment, deliberate action within the meaning of [Ninth Circuit case law] was not possible." *Id.* at 894. In other words, on these facts, deliberation was impossible once Mr. Lopez abruptly exited the car and, in split-seconds, advanced toward the Anaheim Officer Defendants making what they perceived as a gun-draw move.

Moreover, as to Plaintiffs' argument that the proper "purpose to harm" standard is inapplicable where law enforcement officers, and not the suspect, caused a situation to escalate, such is unsupported by current, applicable law. Rather, "the purpose-to-harm standard can apply even where 'the officer may have helped to create an emergency situation by his own excessive actions.'" *Id.* (citing *Porter*, 546 F.3d at 1132; *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013) (applying the purpose-to-harm standard to a lethal shooting even though officers "could have potentially avoided the incident by obtaining more information about Hayes or requesting a psychiatric emergency response team . . . before entering the house")).

Therefore, under the "purpose to harm" standard, Plaintiffs' claim still fails because Plaintiffs make no showing of such an illegitimate law enforcement purpose. No evidence suggests that the Anaheim Officer Defendants shot Mr. Jackson for any other purpose than their perception of the need for self-defense: a legitimate law enforcement purpose. *See Ochoa v. City of Mesa*, 26 F.4th 1050, 1058 (9th Cir. 2022) (noting that, where there was no direct evidence to support plaintiffs' allegations that



law enforcement officers had an improper purpose to harm, a genuine issue of material fact was not created) (citing *Galen*, 477 F.3d at 658).

Likewise, the cases Plaintiffs cite to support that the Anaheim Officer Defendants acted with an illegitimate purpose to harm should be treated with short shrift, as they are not applicable to the facts of this matter. *See Porter*, 546 F.3d at 1141 (The "denial of due process 'is to be tested by an appraisal of the totality of facts in a given case.'") (quoting *Lewis*, 523 U.S. at 850). First, in *Barragan v. City of Eureka*, the law enforcement officer used lethal force "when he had no information that [the suspect] had committed any crime other than having a purported gun in his waistband, when he did not observe the gun come out of the waistband, when he did not observe the gun come out of the waistband, and when [the suspect] was attempting to comply with conflicting instructions from the officers." *Barragan*, 2016 U.S. Dist. LEXIS 118603, at *15 (N.D. Cal. Sept. 1, 2016). Here, the Anaheim Officer Defendants had knowledge that Mr. Lopez was armed, that he had a warrant for armed robbery, and he had continuously refused to exit his vehicle – despite hours of commands requesting him to do so. Moreover, at the time of the use of lethal force, all of the Anaheim Officer Defendants believed they observed a gun in Mr. Lopez's hand, which was being pointed at the Anaheim Officer Defendants, in contradiction to the orders to Mr. Lopez to put his hands up. Thus, the Anaheim Officer Defendants' use of lethal force was within the bounds of a legitimate law enforcement objective and such had more basis than the law enforcement officer in *Barragan.*

Second, in *Ramirez v. County of San Diego*, the suspect was being pursued on foot by a single officer, who did not call for back-up and had voluntarily cut-off his portable radio transitions. *Ramirez*, 2009 U.S. Dist. LEXIS 32363, at *18 (S.D. Cal. Apr. 15, 2009). Additionally, the officer continued to shoot at the suspect after the suspect was already down on the ground. *Id.* Such is a <u>vastly</u> difference scenario than our incident: where it was known that reportedly-armed Mr. Lopez had an active warrant for armed robbery, had led law enforcement officers on a vehicular pursuit



that resulted in reckless driving and at least one accident, and then participated in a stand-off for hours. Moreover, there is *no* material evidence that Mr. Lopez was running *away* when he proceeded to begin to raise/point what appeared to be a weapon at the Anaheim Officer Defendants. Rather, as the video shows, Mr. Lopez was running *towards* the Anaheim Officer Defendants: and all witnesses to that moment believed that Mr. Lopez had a gun and was going to fire it. [SUF 28-30.]

Third,[1] in *F.C. v. County of Los Angeles*, the Court denied summary judgment on the Fourteenth Amendment claim because it found that a question of material fact existed "as to what occurred when decedent was on the ground in the market and the immediate events thereafter that led to his shooting." *F.C.*, 2010 U.S. Dist. LEXIS 136259, at *20 (C.D. Cal. Dec. 13, 2010). No such question of material fact exists here, where Plaintiffs do *not* have any material evidence to support that Defendants acted with a purpose to harm Mr. Lopez outside of a legitimate law enforcement objective. Thus, judgment for Defendants should be granted on this claim.

**B. Even Under the Deliberate Indifference Standard, the Anaheim Officer Defendants Are Entitled to Judgment on Plaintiffs' Fourteenth Amendment Violation Claim.**

Curiously, in attempting to support that the Anaheim Officer Defendants' use of lethal force during this incident shocked the conscience under the deliberate indifference standard, Plaintiffs cite a case that did *not* consider a Fourteenth Amendment violation, only a *Fourth* Amendment violation. *See generally Estate of Lopez v. Gelhause*, 871 F.3d 998 (9th Cir. 2017). However, the Fourteenth Amendment "shocks the conscience" standard is different from a Fourth Amendment inquiry. *Lam v. City of Los Banos*, 976 F.3d 986, 1003 (9th Cir. 2020); *see Farmer*

---

[1] Plaintiffs' citation to *Zion v. Cty. of Orange*, 874 F.3d 1072 (9th Cir. 2017) is nonsensical: as the officer's use of lethal force was determined not to be a Fourteenth Amendment violation, just the head stomps *after* the use of lethal force. *Zion*, 874 F.3d at 1077.



*v. Brennan*, 511 U.S. 825, 837 (1994) (finding that, unlike the objective reasonableness standard an excessive force claim, the "shocks the conscience" standard requires a subjective inquiry into whether an "official kn[ew] of and disregarded an excessive risk"). "Thus, there may be a Fourth Amendment violation because of an unreasonable use of force, but the circumstances may not rise to the level of a Fourteenth Amendment 'shock the conscience' violation." *Id.* (citing *Zion*, 874 F.3d at 1077). When an officer has time to deliberate, the standard for shocking the conscience is "deliberate indifference or reckless disregard for [an individual's] rights," meaning a "conscious or reckless disregard of the consequences of one's acts or omissions." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).

It is undisputed that these Plaintiffs (decedent's parents) have no actual or viable Fourth Amendment claim in this action. [*See* Dkt. 71.] Here, as to their Fourteenth Amendment claim, Plaintiffs present no material evidence that the Anaheim Officer Defendants had a conscious or reckless disregard of the consequences of their actions during the incident. Rather, Plaintiffs improperly rely on irrelevant statements unsupported by applicable case law. First, Plaintiffs argue that the number of times Mr. Lopez was shot by Anaheim Officer Defendants shows that their actions were deliberately indifferent. Yet, there is no Fourteenth Amendment violation where an officer empties their weapon at a suspect in rapid succession, without time for reflection, where the shootings served the legitimate purpose of stopping a dangerous suspect. *Zion*, 874 F.3d at 1077. Second, Plaintiffs argue that the Anaheim Officer Defendants had alternative measures at their disposal; however, it is a settled principle that police officers "are not required to use the least intrusive degree of force possible." *Forrester v. City of San Diego*, 25 F.3d 804, 807-08 (9th Cir. 1994); *Bryan v. MacPherson*, 630 F.3d 805, 813 (9th Cir. 2015). Third, and finally, Plaintiffs argue that the Anaheim Officer Defendants' use of a 40 mm less-lethal weapon also supports a finding of deliberate indifference. However, not only is the individual who used the 40 mm less-lethal weapon *not* a defendant in this



action (APD Officer Ricky Reynoso), but also **such use of the 40 mm less-lethal weapon was *not* alleged as a constitutional violation in Plaintiffs' Complaint**. [*See* Dkt. 71.]

There is also no material evidence that the Anaheim Officer Defendants had a conscious or reckless disregard of the consequences of their actions during the incident. Rather, under the undisputed facts in this matter as actually supported by the material *evidence* in this case, the Anaheim Officer Defendants acted reasonably under the totality of the circumstances with which they were confronted: a reportedly armed suspect who had refused to follow the commands of law enforcement officers' for hours, barricaded himself in his car while making furtive/armed movements and appearing to use illegal substances, who then ran *toward* officers with what was believed to be a weapon in his hand, beginning to be pointed at the Anaheim Officer Defendants. Thus, judgment for that Anaheim Officer Defendants' is warranted on Plaintiffs' Fourteenth Amendment violation claim here, even under the deliberate indifference standard.

**C. Anaheim Officer Defendants Remain Entitled to Qualified Immunity and it is Appropriate for this Court to Render Such Decision.**

Plaintiffs wrongfully assert that "[w]hether a mistake of fact is reasonable is question of fact for the jury." [Dkt. 130 at 19:20-21.] Rather, "[w]here the objective reasonableness of an officer's conduct turns on disputed issues of material fact, it is a 'question of fact best resolved by a jury.'" *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (quoting *Wilkins v. City of Oakland*, 350 F.3d 949, 955 (9th Cir. 2003)). Here, where the question is whether the Anaheim Defendant Officers are entitled to qualified immunity on Plaintiffs' Fourteenth Amendment interference with familial relations claim, such is an appropriate question for this Court to address. *See id.* at 1123, 1127 (noting that qualified immunity questions must be resolved at the earliest possible stage in litigation).

Thus, the qualified immunity analysis remains the same: whether the Anaheim Defendant Officers violated Plaintiffs' Fourteenth Amendment due process right to associate with their son, Mr. Lopez (which, as discussed above, no such violation occurred), and (2) whether the Fourteenth Amendment due process right was clearly established at the time of the alleged misconduct. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017). As to the "clearly established" prong, the focus is on whether the officer had fair notice that their conduct was unlawful, for example, through any cases of controlling authority in their jurisdiction at the time of the incident." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam); *Wilson v. Layne*, 526 U.S. 503, 617 (1999).

Here, Plaintiffs fail to identify *any* authority that rendered the contours of the substantive due process right at issue "sufficiently definite that any reasonable official in defendant's shoes would have understood he was violating it." *See Kisela*, 138 S. Ct. at 1153. Of the cases cited by Plaintiffs, *none* are comparable to this matter. Furthermore, the *Fourth* Amendment cases cited by Plaintiffs – *N.E.M. v. City of Salinas*, 751 Fed. Appx. 698 (9th Cir. 2019), *Estate of Lopez*, 871 F.3d 998, *George v. Morris*, 736 F.3d 829 (9th Cir. 2013), *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997), *Curnow v. Ridgecrest Police*, 952 F.2d 321 (9th Cir. 1991), and *Tennesee v. Garner*, 471 U.S. 1 (1985) – do *not* clearly establish the contours of the *Fourteenth* Amendment substantive due process rights at hand. *Nicholson v. City of L.A.*, 935 F.3d 685, 695-696 & fn. 5 (9th Cir. 2019).

As to their singular Fourteenth Amendment case, *A.D. v. California Highway Patrol* has no bearing on this matter and did not put the Anaheim Officer Defendants on notice that their conduct during the incident was unlawful. In *A.D.*, the jury explicitly found that the defendant officer committed a due process violation by acting "with a purpose to harm unrelated to a legitimate law enforcement objective based on evidence that: (1) Eklund's car was contained in a dead-end street; (2) Eklund refused to get out of her car and repeatedly said, "Fuck you" to Markgraf; (3) the officers were

positioned such that they were not in the path of Eklund's car; (4) other officers testified they did not feel threatened nor did they perceive an immediate threat at the time of the shooting; (5) five other officers had their guns drawn but none fired other than Markgraf; (6) Eklund's car was either stopped or going forward at the time of the shooting; (7) the location of Eklund's car was not consistent with Markgraf's testimony; and (8) Markgraf shot Eklund twelve times, emptying his gun." *A.D.*, 712 F.3d 446, 450, 452 (9th Cir. 2013). In this case, there is no comparable evidence that the Anaheim Officer Defendants acted with a purpose to harm Mr. Lopez outside the legitimate law enforcement objective of self-defense and defense of others. Unlike in *A.D.*, here, there is no dispute among the Anaheim Officer Defendants that, in his split-second advance, Mr. Lopez appeared to be threatening their lives with a gun; nor is there any dispute that, at that moment, he was advancing *toward* the officers, *not* away from them; nor is there any dispute about Mr. Lopez's relative location, which is corroborated independently on the police videos. [SUF 28.] Put simply, the facts of this case are so distinguishable from *A.D.*, that *A.D.* cannot possibly satisfy the clearly established law defense to qualified immunity.

Moreover, this Court is not confined to any factual finding that the Anaheim Officer Defendants acted with a purpose to cause Mr. Lopez's death unrelated to any legitimate law enforcement objective, so it is not compelled to deny qualified immunity, as the *A.D.* Court was. *Id.*at 454. Thus, *A.D.* did not clearly establish that the Anaheim Officer Defendants' actions in this matter were unlawful.

Accordingly, because Plaintiffs fail to identify a case that put the Anaheim Officer Defendants on notice that their specific conduct was unlawful, the Anaheim Officer Defendants are entitled to qualified immunity. *See Rivas-Villegas v. Cortetluna*, 595 U.S. 1, 7 (2021).

///

///

///



**4. PLAINTIFFS FAIL TO MAKE ANY ARGUMENT IN SUPPORT OF THEIR *MONELL* AND SUPERVISORY LIABILITY CLAIMS AND, THUS, JUDGMENT MUST BE ENTERED FOR DEFENDANTS CITY OF ANAHEIM AND CHIEF JORGE CISNEROS ON THOSE CLAIMS.**

Plaintiffs did not oppose or even mention Defendants' arguments that Plaintiffs' *Monell* and supervisory liability claims in this action fail as a matter of law. Therefore, this Court must find such claims abandoned and enter judgment on these claims for Defendants City of Anaheim and Chief Jorge Cisneros accordingly. *See Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (holding that a plaintiff abandoned claims by not raising them in opposition to the defendant's MSJ); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (same).

**5. DEFENDANTS REMAIN ENTITLED TO JUDGMENT ON THE CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BECAUSE MS. LOPEZ HAD NO PERSONAL KNOWLEDGE THAT MR. LOPEZ WAS HARMED AT THE TIME OF THE INCIDENT.**

As an initial matter, Plaintiff Johanna Lopez improperly attempts to convert her Negligent Infliction of Emotional Distress claim into a pure negligence-in-force claim. Yet, Ms. Lopez did not plead a negligence claim in this matter; nor could she, as she is *not* Mr. Lopez's successor-in-interest in this matter: her grandchildren are. [Dkt. 71 at 46:16-18.] *See* Cal. Code Civ. Proc. §§ 377.11, 377.32. Further, Ms. Lopez cannot add new claims or theories of liability in an *opposition* to a motion for summary judgment and, thus, any purported general negligence claim asserted in said Opposition cannot be considered by this Court. *Powell v. Cty. of Orange*, 2022 U.S. Dist. LEXIS 151580, at *6-9 (C.D. Cal. July 7, 2022).

Moreover, Plaintiff Johanna Lopez herself admits that whether the Anaheim Officer Defendants were negligent in their pre-use of force tactics and use of force (which is *not* at issue here) is not an essential element of her Negligent Infliction of Emotional Distress claim – which requires that: she (1) is closely related to the victim;

(2) was present at the scene of the incident at the time it occurred and was contemporaneously aware that injury was being caused to the victim; and (3) suffered emotional distress beyond that which would be anticipated in a disinterested witness as a result. [Dkt. 130 at 23:26-24:1.]

Here, however, Ms. Lopez testified at her deposition that, other than hearing what she *believed* to be gunshots, she (1) did not know what was occurring at Mr. Lopez's location at that moment; (2) did not know who was firing; (3) did not know that anyone had been struck. [Dkt. 129-3, Exh. 31 at 69:3-18.] In fact, Plaintiffs *admit* in their Opposition that Ms. Lopez could not confirm that Mr. Lopez had been shot until *later*. Thus, at no time contemporaneous to the incident was Plaintiff Johanna Lopez aware that injury had been caused to Mr. Lopez. Rather, Ms. Lopez *speculated* that Mr. Lopez had been shot: she heard a sound that *might* have been a gunshot and she *assumed* the worst. While the plaintiff in *Wilks v. Hom* knew where her children were located at the time of the explosion and heard one child's voice just before the explosion and one child's scream just afterward, as well as experiencing the force of the explosion and that seeing the flash that emanated from one child's room, Plaintiff Johanna Lopez could *not* see (and was a city block away from) Mr. Lopez; she never had contact with Mr. Lopez during the incident; and she only discovered that Mr. Lopez was injured during the incident *after* the shooting, when she asked an officer what was going on. *Wilks*, 2 Cal.App.4th 1264, 1273 (1992); Dkt. 129-3, Exh. 31 at 42:22-25, 47:15-25, 51:7-9, 52:19-22, 65:1-11. Further, there is no material evidence that Ms. Lopez knew that Mr. Lopez was in a car surrounded by armed officers. Since Ms. Lopez did not know that Mr. Lopez was seriously injured during the incident until *after* such incident occurred, her negligent infliction of emotional distress claim ("NIED") is *not* actionable as to her, and judgment should thus be entered for Defendants.

///

///

**6. PLAINTIFFS CONCEDE THEIR REQUEST FOR PUNITIVE DAMAGES LACKS MERIT.**

Plaintiffs fail to provide any argument in support of their request for punitive damages and, thus, they concede that such request is improper. Additionally, "[w]here plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009); *see Shakur*, 514 F.3d at 892; *Jenkins*, 398 F.3d at 1095 fn.4. Accordingly, this Court should find that Plaintiffs have waived their request for punitive damages and thereby grant Defendants' MSJ as to such request.

**7. CONCLUSION.**

Accordingly, based on the foregoing and the additional reasons articulated in Defendants' Motion, this Court should grant summary judgment in favor of the moving Defendants on Plaintiffs' claims in this action.

DATED: July 29, 2024

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Abigail J.R. McLaughlin*
DANA ALDEN FOX
TONY M. SAIN
TORI L. N. BAKKEN
ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants,
CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV

**FEDERAL COURT PROOF OF SERVICE**
LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.
Case No. 8:22-cv-1351

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 29, 2024, I served the following document(s): REPLY IN SUPPORT OF MOTION BY DEFENDANTS FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 29, 2024, at Los Angeles, California.

/s/ Corinne Taylor
Corinne Taylor

**SERVICE LIST**
**LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.**
**Case No. 8:22-cv-1351**

BURRIS, NISENBAUM, CURRY & LACY **LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

**ATTORNEYS FOR PLAINTIFFS:**
Antonio Lopez, Johanna Lopez, & S.L. by and through his guardian ad litem Rocio Flores

BURRIS, NISENBAUM, CURRY & LACY **LLP**
DEWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

**ATTORNEYS FOR PLAINTIFFS:**
Antonio Lopez, Johanna Lopez, & S.L. by and through his guardian ad litem Rocio Flores

Gregg M. Gaudet, Assistant City Attorney
City of Anaheim
200 South Anaheim Boulevard, Suite 356
Anaheim, CA 92805
Telephone: (714) 765-5169
gaudet@anaheim.net
RFabela@anaheim.net
KPelletier@anaheim.net
MMerrill@anaheim.net
TMatthews@anaheim.net

**ATTORNEYS FOR DEFENDANTS:**
City of Anaheim