1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
2 |   E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
3 |   E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
4 |   E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
5 |   E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
6 | Los Angeles, California 90071
Telephone: 213.250.1800
7 | Facsimile: 213.250.7900

8 | Attorneys for Defendants,
CITY OF ANAHEIM, JORGE
9 | CISNEROS, PAUL DELGADO, BRETT
HEITMAN, KENNETH WEBER, and
10 | CATALIN PANOV

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez, | Case No. 8:22-cv-1351-JVS-ADS [*Hon. James V. Selna, Dist. Judge; Hon. Autumn D. Spaeth, M. Judge*]  **DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT [DKT. 130-2] AND PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS [DKT. 130-1] IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** |
|                    Plaintiffs,  vs.  CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10,                     Defendants. | *Filed Concurrently with Reply in Support of Motion for Summary Judgment; Response to Plaintiffs' Evidentiary Objections; Defendants' Evidentiary Objections*  Date:        August 12, 2024 Time:        1:30 p.m. Crtrm.:     10C  FPTC Date:        September 9, 2024 Trial Date:        September 17, 2024 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

In accordance with C.D. Cal. L.R. 56-3, Defendants CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV ("Defendants" or "Anaheim Defendants") submit their responses to Plaintiffs' Separate Statement of Genuine Disputes of Material Fact in Support of their Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment [Dkt. 130-2] and Plaintiffs' Statement of Additional Material Facts in Support of their Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment [Dkt. 130-1] and state as follows:

## STATEMENT OF UNDISPUTED FACTS

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| **A.** | **Mr. Lopez Is Suspected of Vehicular Theft and Flees Traffic Stop, Leading APD Officers On Vehicular Pursuit.** | |
| 1. | On September 28, 2021, at about 3:00 p.m., the APD received a stolen vehicle report regarding a black Dodge Charger.<br><br>Exh. 1, Composite Video at 00:00-00:05; Exh. 2, Audio Interview of Anaheim Police Investigator Ricky Reynoso ("Reynoso Interview"); Exh. 11, Dispatch Audio of Pursuit; Exh. 19, Transcript of Interview of Anaheim Police Investigator Ricky Reynoso ("Reynoso Interview Transcript") at pp. 4-5. | Undisputed. |
| 2. | Brandon Lopez was identified as the suspect regarding the theft of the black Dodge Charger.<br><br>Exh. 2, Reynoso Interview; Exh. 3, | Undisputed. |

143292731.1

2

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Audio Interview of Santa Ana Police Department Officer Kenny Aguilar ("Aguilar Interview"); Exh. 11, Dispatch Audio of Pursuit; Exh. 19, Reynoso Interview Transcript at p. 5; Exh. 20, Transcript of Interview of Santa Ana Police Department Officer Kenny Aguilar ("Aguilar Interview Transcript") at p. 6. | |
| 3. | Mr. Lopez had an active warrant for armed robbery.<br><br>Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Audio Interview of Defendant Sergeant Paul Delgado ("Delgado Interview"); Exh. 19, Reynoso Interview Transcript at pp. 5-6, 12; Exh. 20, Aguilar Interview Transcript at p. 6; Exh. 21, Transcript of Audio Interview of Defendant Sergeant Paul Delgado ("Delgado Interview Transcript") at 15:12-16:17. | Undisputed. |
| 4. | APD officers located the stolen Dodge Charger in Santa Ana, California and, at about 5:15 p.m., tried to conduct a traffic stop.<br><br>Exh. 1, Composite Video at 00:05-00:19; Exh. 2, Reynoso Interview; Exh. 11, Dispatch Audio of Pursuit; Exh. 19, Reynoso Interview Transcript at p. 6. | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 5. | The driver of the stolen vehicle, later confirmed to be Mr. Lopez, fled the stop: leading officers on a vehicle pursuit for approximately 30 minutes through Tustin, Irvine, and Santa Ana.<br><br>Exh. 1, Composite Video at 00:19-00:49; Exh. 2, Reynoso Interview; Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 6-7; Exh. 21, Delgado Interview Transcript at 15:12-16:17. | Undisputed. |
| 6. | During the vehicle pursuit, Mr. Lopez ran red lights and stop signs, and he drove into oncoming traffic.<br><br>Exh. 1, Composite Video at 00:19-00:49; Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 15:12-16:17. | Undisputed. |
| 7. | Mr. Lopez was also involved in a traffic collision, but he drove away from the scene of the collision.<br><br>Exh. 4, Cell Phone Video of Collision; Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 15:12-16:17. | Undisputed. |
| 8. | This information was radioed to the APD officers, along with his criminal history/warrants.<br><br>Exh. 2, Reynoso Interview; Exh. 5, | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Audio Interview of Defendant Sergeant Kenneth Weber ("Weber Interview"); Exh. 11, Dispatch Audio of Pursuit; Exh. 14, Audio Interview of Defendant Officer Catalin Panov ("Panov Interview"); Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 12; Exh. 21, Delgado Interview Transcript at 15:12-16:17; Exh. 22, Transcript of Audio Interview of Defendant Sergeant Kenneth Weber ("Weber Interview Transcript") at 17:23-18:7; Exh. 23, Transcript of Audio Interview of Defendant Officer Catalin Panov ("Panov Interview Transcript") at 19:22-20:12. | |
| 9. | At about 5:49 p.m., Mr. Lopez's vehicle became disabled/immobilized on partially constructed train tracks, after driving into a construction zone.<br><br>Exh. 1, Composite Video at 00:49-01:25; Exh. 2, Reynoso Interview; Exh. 6, Audio Interview of Santa Ana Police Department Officer Sergio Martinez ("Martinez Interview"); Exh. 11, Dispatch Audio of Pursuit; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 7; Exh. 21, Delgado Interview Transcript at 15:12-16:17; Exh. 24, Transcript of Interview of Santa Ana Police Department Officer Sergio Martinez ("Martinez Interview Transcript") at | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | pp. 4, 12. | |
| **B.** | **Mr. Lopez's Stand Off With Law Enforcement.** | |
| 10. | APD Officers arrived to execute a high risk vehicle stop on Mr. Lopez and the stolen vehicle.<br><br>Exh. 1, Composite Video at 01:25-01:52; Exh. 2, Reynoso Interview; Exh. 6, Martinez Interview; Exh. 12, Dispatch Audio of Stand Off; Exh. 19, Reynoso Interview Transcript at p. 7; Exh. 24, Martinez Interview Transcript at p. 4. | Disputed in part as to "high risk"<br><br>Undisputed that the APD Officers executed a vehicle stop during the incident. |
| | Moving Party's Response<br><br>Plaintiffs fail to materially dispute this fact, as they provide no evidence in support of their *partial* dispute of this fact that the vehicle stop executed on Mr. Lopez was "high risk."  Thus, this fact remains undisputed. | |
| 11. | However, Mr. Lopez would not comply with commands to exit the vehicle or to surrender.<br><br>Exh. 1, Composite Video at 01:25-01:52; Exh. 2, Reynoso Interview; Exh. 6, Martinez Interview; Exh. 7, Audio Interview of Santa Ana Police Department Corporal Luis Galeana ("Galeana Interview"); Exh. 12, Dispatch Audio of Stand Off; Exh. 13, Heitman Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 7; Exh. 21, Delgado Interview Transcript at 15:12-16:17; Exh. 24, Martinez Interview Transcript at pp. 4-5; Exh. 25, Transcript of | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Interview of Santa Ana Police Department Corporal Luis Galeana ("Galeana Interview Transcript") at p. 11; Exh. 26, Heitman Interview Transcript at 30:20-31:5. | |
| 12. | APD officers continued to try to negotiate with Mr. Lopez to surrender peacefully for approximately 3 hours: trying to convince Mr. Lopez to exit his vehicle and giving commands in both English and Spanish; but Mr. Lopez remained in the vehicle.<br><br>Exh. 1, Composite Video at 01:25-02:13; Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 5, Sgt. Weber Audio Interview; Exh. 6, Martinez Interview; Exh. 7, Galeana Interview; Exh. 9, Mullins Interview; Exh. 12, Dispatch Audio of Stand Off; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 13-14; Exh. 20, Aguilar Interview Transcript at pp. 10-12, 15-16, 17-18; Exh. 21, Delgado Interview Transcript at 25:10-26:19; Exh. 22, Weber Interview Transcript at 25:5-19, 35:19-36:18, 38:4-12, 38:18-39:5; Exh. 23, Panov Interview Transcript at 27:21-28:5; Exh. 24, Martinez Interview Transcript at pp. 5-7;  Exh. 25, Galeana Interview Transcript at p. 22; Exh. 27, Mullins Interview Transcript at pp. 8-9. | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 13. | Mr. Lopez also responded to commands by shaking his head, indicating that he would not exit the stranded vehicle.<br><br>Exh. 3, Aguilar Interview; Exh. 6, Martinez Interview; Exh. 15, Delgado Interview; Exh. 20, Aguilar Interview Transcript at pp. 10-12, 17-18; Exh. 21, Delgado Interview Transcript at 26:20-27:5; Exh. 24, Martinez Interview Transcript at pp. 5-7, 25-26. | Undisputed. |
| 14. | At a certain point, law enforcement officers saw Mr. Lopez inside of the Dodge Charger with what they believed to be a gun in his right hand and reported the same over the radio.<br><br>Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 8, Audio Interview of Santa Ana Police Officer Nelson Menendez ("Menendez Interview"); Exh. 9, Audio Interview of Anaheim Police Officer Brandon Mullins ("Mullins Interview"); Exh. 13, Audio Interview of Defendant Officer Brett Heitman ("Heitman Interview"); Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 7-8, 12-13; Exh. 20, Aguilar Interview Transcript at pp. 19-25; Exh. 21, Delgado Interview Transcript at 44:16-45:9; Exh. 22, Weber | Disputed is [sic] part as to whether officers saw a gun.<br><br>It is undisputed that Mr. Lopez was not armed during the Incident and no firearms were recovered from his vehicle.  Defendant cites to no body worn camera footage depicting Mr. Lopez inside the Dodge Charger with what could appear to be a gun nor do they city [sic] to any evidence showing more than one officer saw a gun.  Only Officer Aguilar reported seeing the alleged firearm and he only saw the object from a distance for a brief moment.  This was reported to Officer Menendez who aired the information over the radio.<br><br>Exhibit A – Anaheim Police Department Computer Aided Dispatch Report (hereinafter "Ex A – CAD Report"). |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Interview Transcript at 18:20-19:21, 39:6-40:24; Exh. 24, Martinez Interview Transcript at p. 15; Exh. 26, Heitman Interview Transcript at 17:8-19:1; Exh. 27, Mullins Interview Transcript at pp. 3-4; Exh. 28, Transcript of Interview of Santa Ana Police Officer Nelson Menendez ("Officer Menendez Interview Transcript") at pp. 8-11. | Defendants' Exh. 3, 20 at 19-25. |
| | **Moving Party's Response** Plaintiffs do not materially dispute this fact as stated.  Plaintiffs claim that their dispute is as to whether officers saw a gun, but this fact specifically states that law enforcement officers saw Mr. Lopez with *what they believed to be a gun*, not that officers actually saw a gun.  Additionally, Plaintiffs do not dispute the crux of this fact: it was reported over the radio that Mr. Lopez was seen with a firearm.  Dkt. 140-5, Pltfs.' Exh. A at COA 000090 ("417 Right Hand", referring to Cal. Pen. Code § 417, which makes it a crime to brandish a firearm or a deadly weapon.) | |
| 15. | The officers also observed Mr. Lopez smoking something from a foil and through a pipe, suggesting that Mr. Lopez was taking illegal drugs. Exh. 1, Composite Video at 02:21-02:26; Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 10, Audio Interview of Anaheim Police Officer James Lopez ("Officer Lopez Interview"); Exh. 13, Heitman Interview; Exh. 19, Reynoso Interview Transcript at p. 9; Exh. 20, Aguilar Interview Transcript at pp. 13-14, 20; Exh. 22, | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Weber Interview Transcript at 39:6-40:24; Exh. 24, Martinez Interview Transcript at pp. 5-7, 15-16; Exh. 26, Heitman Interview Transcript at 31:19-32:9;  Exh. 29, Transcript of Interview of Anaheim Police Officer James Lopez ("Officer Lopez Interview Transcript") at p. 5. | |
| 16. | Officers also reported seeing Mr. Lopez making furtive movements, such as reaching under the front passenger seat with both hands and talking on a cell phone.<br><br>Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 10, Officer Lopez Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 9; Exh. 20, Aguilar Interview Transcript at pp. 20-21; Exh. 21, Delgado Interview Transcript at 24:5-25:9; Exh. 22, Weber Interview Transcript at 39:6-40:24; Exh. 24, Martinez Interview Transcript at pp. 5-7. | Disputed in part as to "furtive movements."<br><br>Talking on a cell phone is not a furtive movement.  Mr. Lopez was reported to be moving around, smoking, looking out the windows, crying, and putting mats on the windows.  He was never reported making any aggressive or threatening movements.<br><br>Ex. A – CAD Report, generally. |
| | **Moving Party's Response**<br><br>Plaintiffs do not materially dispute this fact.  Plaintiffs' own cited evidence confirms that Mr. Lopez was using both hands to reach underneath the seats of the vehicle, that law enforcement officers could not always see Mr. Lopez's hands (despite their commands to Mr. Lopez to show his hands), and that it appeared Mr. Lopez was reaching for an unknown object.  Dkt. 130-5, Pltfs.' Exh. A at COA 000089-90, 93-94, | |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | 98-99. | |
| 17. | Officers also observed Mr. Lopez take a pen from the center console and write something, which was discovered to be a suicide note after the incident.<br><br>Exh. 5, Weber Interview; Exh. 22, Weber Interview Transcript at 39:6-40:24. | Disputed in part as to "suicide note." The evidence cited by Defendant does not support their alleged "fact."<br><br>Weber in his interview states only that it was reported to him that Mr. Lopez had been writing something down on a piece of paper, like a note. The Defendants had no knowledge of the substance of the note at the time they used deadly force as Mr. Lopez maintained possession of it inside the car.<br><br>Defendants' Exh. 5, 22 at 39:6-40:24. |

Moving Party's Response

Plaintiffs do not materially dispute this fact as stated. Plaintiffs *partial* purported dispute is in regards to the fact that Defendants did not have knowledge of Plaintiffs' suicide note when they used deadly force during the incident, but this fact explicitly stated that the suicide note was not discovered until after the incident. Moreover, Plaintiffs' own evidence supports that Mr. Lopez was suicidal, as he told family members he intended to commit suicide by cop and such was reported to the Anaheim Officer Defendants during the incident. Dkt. 130-5, Pltfs.' Exh. A at COA 000103 ("220 TO CCP FAMILY MEMEBER [sic] ADV'ING AS OF 1900 HRS WHEN THEY SPOKE TO HIM VIA 10-21 AND STATED HE WANTS 914A BY COP").

| | | |
|---|---|---|
| 18. | Mr. Lopez then placed his vehicle's floor mats over the car's windows: to obscure officers' views.<br><br>Exh. 1, Composite Video at 2:14-2:20; Exh. 5, Weber Interview; Exh. | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | 6, Martinez Interview; Exh. 10, Officer Lopez Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 20:14-24, 46:1-20; Exh. 22, Weber Interview Transcript at 37:10-16; Exh. 23, Panov Interview Transcript at 62:8-63:12; Exh. 24, Martinez Interview Transcript at p. 29; Exh. 29, Officer Lopez Interview Transcript at p. 5. | |
| 19. | This information about Mr. Lopez's behavior was relayed to the officers responding to the scene, who viewed Lopez's conduct as indicating a threatening intent.<br><br>Exh. 1, Composite Video at 2:14-2:20; Exh. 5, Weber Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 20:14-24; Exh. 22, Weber Interview Transcript at 37:10-16; Exh. 23, Panov Interview Transcript at 62:8-63:12. | Disputed in part as to "viewed it as indicating a threating [sic] intent."<br><br>Mr. Lopez was never reported to be making any threatening or aggressive gestures. Mr. Lopez was reported to be moving around a lot and crying, indicating that he was in some kind of crisis.<br><br>Ex A – CAD Report |

Moving Party's Response

Plaintiffs do not materially dispute this fact as stated. In regards to Mr. Lopez's conduct indicating threatening intent, this fact makes that statement in regards to how the officers *viewed* Mr. Lopez's conduct, which is supported by Defendants' cited evidence. Additionally, Plaintiffs' own cited evidence supported the actions by Mr. Lopez that the responding officers viewed to be indicating a threatening intent. Thus, this fact remains undisputed.

143292731.1

12

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 20. | As a result, APD SWAT was called to respond to the scene and took control of the scene at approximately 9:07 p.m.<br><br>Exh. 6, Martinez Interview; Exh. 7, Galeana Interview; Exh. 24, Martinez Interview Transcript at pp. 14, 21; Exh. 25, Galeana Interview Transcript at pp. 19-20. | Undisputed. |
| 21. | At approximately 9:34 p.m., APD SWAT was informed that Mr. Lopez had advised a family member that he intended to commit "suicide by cop": which raised the officers concerns that he might try to seriously injure someone in order to provoke the officers to shoot him.<br><br>Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 10, Officer Lopez Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 15;  Exh. 21, Delgado Interview Transcript at 21:10-20; Exh. 22, Weber Interview Transcript at 39:6-40:24; Exh. 23, Panov Interview Transcript at 26:3-13, 64:15-21; Exh. 26, Heitman Interview Transcript at 31:19-32:9; Exh. 29, Officer Lopez Interview Transcript at p. 7. | Disputed.<br><br>The family member never reported that he intended to commit "suicide by cop;" a concerned family member asked *if he was trying* suicide by cop when asking officers what was going on.<br><br>Ex L – Body Worn Camera Video of Santa Ana Police Officer Jose Arias. |
| | Moving Party's Response<br><br>Plaintiffs do not materially dispute this fact as stated.  In fact, Plaintiffs' | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | own evidence supports that it was reported to APD SWAT that Mr. Lopez intended to commit suicide by cop. Dkt. 130-5, Pltfs.' Exh. A at COA 000103 ("220 TO CCP FAMILY MEMEBER [sic] ADV'ING AS OF 1900 HRS WHEN THEY SPOKE TO HIM VIA 10-21 AND STATED HE WANTS 914A BY COP"). Plaintiffs' cited body worn camera video does not dispute this fact. Rather, one family member could have asked if Mr. Lopez intended to commit suicide by cop, while another affirmatively stated the same to law enforcement. In any event, such body worn camera video does not change what was reported to APD SWAT and how that could have affected the officers' assessment of the situation and how to respond. | |
| 22. | Shortly thereafter, notwithstanding the obstruction of the mats in the car windows, Mr. Lopez was seen shifting to the back seat of the vehicle.<br><br>Exh. 2, Reynoso Interview; Exh. 5, Sgt. Weber Audio Interview; Exh. 10, Officer Lopez Interview; Exh. 19, Reynoso Interview Transcript at p. 9; Exh. 22, Weber Interview Transcript at 37:3-38:3; Exh. 29, Officer Lopez Interview Transcript at p. 5. | Undisputed. |
| 23. | The officers at the scene, including the defendant officers, viewed the totality of Lopez's aforementioned conduct up to that point as threatening and potentially pre-assaultive.<br><br>Exh. 2, Reynoso Interview; Exh. 3, Aguilar Interview; Exh. 19, Reynoso Interview Transcript at pp. 7-10, 12-13; Exh. 20, Aguilar | Disputed.<br><br>Mr. Lopez was never reported to be making any threatening or aggressive gestures. Mr. Lopez was reported to be moving around a lot and crying, indicating that he was in some kind of crisis.<br><br>Ex A – CAD Report, generally. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Interview Transcript at pp. 23-24. | |
| | **Moving Party's Response**<br><br>Plaintiffs do not materially dispute this fact as stated.  This fact in regards to how the officers viewed Mr. Lopez's actions preceding the use of lethal force, which, as supported by Defendants' cited evidence, was that Mr. Lopez's conduct was threatening and potentially pre-assaultive.  Further, Plaintiffs' cited evidence does not dispute this fact at all and, instead, supports that Mr. Lopez's actions prior to the use of lethal force could be considered threatening.  *See generally* Dkt. 130-5, Pltfs.' Exh. A. | |

**C.    APD SWAT Officers Attempt to Detain Mr. Lopez, Who Proceeds to Run Towards APD SWAT Officers While Pointing a Black Object At Officers With Mr. Lopez's Right Hand, Believed To Be A Gun.**

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 24. | APD SWAT members then lined up near the Dodge Charger in the following order: Defendant Officer Brett Heitmann, Defendant Sergeant Paul Delgado, non-defendant APD Officer Ricky Reynoso (armed with a less-lethal 40 mm weapon), Defendant Officer Catalin Panov, and Defendant Sergeant Kenneth, and non-defendant APD K-9 Officer Brandon Mullins.<br><br>Exh. 2, Reynoso Interview; Exh. 5, Weber Audio Interview; Exh. 9, Mullins Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 8, 14; Exh. 21, Delgado Interview at 19:25-20:13; Exh. 22, Weber Interview Transcript at 31:7-33:3, 35:5-10, 46:5-15; Exh. 23, Panov | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Interview Transcript at 26:3-24; ; Exh. 26, Heitman Interview Transcript at 37:13-22; Exh. 27, Mullins Interview Transcript at pp. 3-4, 9-10. | |
| 25. | At 10:00 p.m., officers deployed a flash-bang on the hood of the Dodge Charger and a chemical agent akin to pepper spray through the rear windshield.<br><br>Exh. 1, Composite Video at 02:26-02:38; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 8;  Exh. 21, Delgado Interview Transcript at 27:22-28:2; Exh. 22, Weber Interview Transcript at 44:22-46:15; Exh. 23, Panov Interview at 28:16-30:7; Exh. 24, Martinez Interview Transcript at pp. 27-28; Exh. 26, Heitman Interview at 40:2-43:16. | Undisputed. |
| 26. | Mr. Lopez then finally emerged from the rear door driver's side of the vehicle and he began fleeing from the SWAT officers.<br><br>Exh. 1, Composite Video at 02:36-02:42; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | 7-8; Exh. 21, Delgado Interview Transcript at 28:3-17; Exh. 22, Weber Interview Transcript at 46:16-25; Exh. 24, Martinez Interview Transcript at pp. 28, 31. | |
| 27. | The officers commanded Mr. Lopez to put his hands up.

Exh. 1, Composite Video at 02:36-02:43; Exh. 13, Heitman Interview; Exh. 15, Delgado Interview; Exh. 21, Delgado Interview Transcript at 28:13-17, 47:3-14; Exh. 26, Heitman Interview Transcript at 43:6-44:7, 46:23-47:3, 65:17-24. | Disputed in part.

Several officers began yelling at once, including officers yelling "hands up" and "go, go, go."

Exhibit E – Defendant Panov's Body Worn Camera Footage at 0:00:00-0:02:00 (hereinafter "Ex E – Panov BWC")

Exhibit F – Defendant Delgado's Body Worn Camera Footage at 00:00-02:00 (hereinafter "Ex F – Delgado BWC") |
| | Moving Party's Response

Plaintiffs do not dispute this fact; rather, Plaintiffs support that the officers commanded Mr. Lopez to put his hands up by confirming the officers yelled "hands up" and citing evidence that supports the same. | |
| 28. | Ignoring the officers' commands, Mr. Lopez stopped running away from the officers, instead turning towards the SWAT officers and quickly pointed at them with a black object in his right hand while beginning to run in the officers' direction.

Exh. 1, Composite Video at 02:42-02:43; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, | Disputed as to the reason Defendant Officers fired.

Mr. Lopez was moving in a parallel line to the officers through the construction area. When Mr. Lopez encountered piles of dirt on the ground, construction equipment, and a parked car, he was forced to change his direction slightly to move around the obstacles. Mr. Lopez was not running towards the |

17

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Martinez Interview; Exh. 10, Officer Lopez Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 8-11, 14, 16-17; Exh. 21, Delgado Interview Transcript at 28:3-17; Exh. 22, Weber Interview Transcript at 46:16-47:6, 50:2-20, 65:19-67:8; Exh. 23, Panov Interview Transcript at 36:1-18, 36:25-39:23; Exh. 24, Martinez Interview Transcript at pp. 8, 31; Exh. 26, Heitman Interview Transcript at 43:6-44:7, 47:10-48:25, 64:10-65:16, 67:17-25; Exh. 29, Officer Lopez Interview Transcript at pp. 5-6. | SWAT officers. Moreover, there were several objects obstructing Mr. Lopez's view of the officers including a large road sign and several bright lights being pointed at him. The object was a small soft bag that any reasonable SWAT officer should recognize is not a firearm. Mr. Lopez did not raise or point the small bag containing a plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the construction site.<br><br>Ex E – Panov BWC at 1:18:07-18:17.<br><br>Ex F - Delgado BWC at 54:24-54:33.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55.<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC |

143292731.1

18

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | | Still Frames") |
| | | Exhibit M – Photograph of Bag from DOJ Report |
| | **Moving Party's Response**<br><br>Plaintiffs' stated dispute is only "as to the reason Defendant Officers fired," which is not a dispute, as this fact does not state anything about the reason Defendant Officers used lethal force during the incident.  Instead, this fact is in regards to Mr. Lopez's actions after the officers issued commands for him to put his hands up.  All other statements in response to this fact is improper and irrelevant, as they do not materially dispute this fact as stated <u>and</u> do not support Plaintiffs' stated dispute.  Thus, this fact remains undisputed. | |
| 29. | Seeing this, Defendant Officer Catalin Panov responded by shouting, "Gun, gun, gun."<br><br>Exh. A, Composite Video at 02:42-02:43; Exh. 5, Weber Interview; Exh. 10, Officer Lopez Interview; Exh. 14, Panov Interview; Exh. 22, Weber Interview Transcript at 56:4-22; Exh. 23, Panov Interview Transcript at 36:25-39:23, 43:17-22; Exh. 29, Officer Lopez Interview Transcript at pp. 5-6. | Disputed in part as to what Defendant Panov observed.<br><br>The object was a small soft bag that any reasonable SWAT officer should recognize is not a firearm.<br><br>Ex E – Panov BWC at 1:18:07-18:17.<br><br>Ex F – Delgado BWC at 54:24-54:33.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

143292731.1

19

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | | BWC Still Frames") |
| | | Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") |
| | | Exhibit M – Photograph of Bag from DOJ Report. |
| | **Moving Party's Response** Plaintiffs do not materially dispute this fact as stated.  The crux of this fact is that Defendant Officer Catalin Panov shouted "Gun, gun, gun" during the incident, based on his observation of Mr. Lopez.  Plaintiffs cannot dispute that Defendant Officer Panov made such statement, as it is reflected on all video regarding the incident related to the Anaheim Officer Defendants' use of lethal force and, therefore, this fact remains undisputed. | |
| 30. | In that split-second moment, the APD SWAT officers present believed that Lopez was about to fire a gun at them. Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 8-10, 14-15; Exh. 21, Delgado Interview Transcript at 28:16-21; Exh. 22, Weber Interview Transcript at 47:7-48:10, 50:2-20, 56:23-57:8, 68:5-12; Exh. 23, Panov Interview Transcript at 36:1-18, 36:25-39:23; Exh. 25, Heitman Interview Transcript at 47:10-48:25, 49:3-9, | Disputed as to the reason Defendant Officers fired. Mr. Lopez was moving in parallel line to the officers through the construction area.  When Mr. Lopez encountered piles of dirt on the ground, construction equipment, and a parked car, he was forced to change his direction slightly to move around the obstacles. Mr. Lopez was not running towards the SWAT officers. Moreover, there were several objects obstructing Mr. Lopez's view of the officers including a large road sign and several bright lights being pointed at him. The object was a small soft bag that any reasonable SWAT officer should recognize is not a |

143292731.1

20

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | 51:6-13. | firearm. Mr. Lopez did not raise or point the small bag containing a plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the construction site.

Ex E – Panov BWC at 1:18:07-18:17.

Ex F – Delgado BWC at 54:24-54:33.

Ex G – Weber BWC at 1:38:46-1:38:55

Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")

Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")

Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")

Exhibit M – Photograph of Bag from DOJ Report. |
| | Moving Party's Response

Plaintiffs do not materially dispute this fact as stated.  None of Plaintiffs' cited evidence disputes that all the Anaheim Officer Defendants stated | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Line numbers: 1–28

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | that they believed that Mr. Lopez was about to fire a gun at them prior to their use of lethal force.  Therefore, this fact remains undisputed.  Additionally, Plaintiffs' additional commentary as to Mr. Lopez's movements during the incident is not relevant to this fact about the Anaheim Officer Defendants' beliefs during the incident that caused them to use lethal force. | |
| 31. | Accordingly, Defendant Officer Heitman fired 4 to 5 shots from his rifle; Defendant Officer Panov also concurrently fired 10 shots from his handgun; Defendant Sergeant Weber also concurrently fired 5 shots from his handgun; and Defendant Sergeant Delgado concurrently fired four shots from his rifle.

Exh. 1, Composite Video at 02:42-02:46; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 13, Heitman Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 11; Exh. 21, Delgado Interview at 29:22-30:5; Exh. 22, Sgt. Weber Interview Transcript at 49:11-22, 52:18-53:3; Exh. 24, Martinez Interview Transcript at p. 32; Exh. 26, Heitman Interview Transcript at 14:19-21. 51:12-13, 53:1-54:1. | Disputed as to the reason Defendant Officers fired.

Mr. Lopez was moving in a parallel line to the officers through the construction area. When Mr. Lopez encountered piles of dirt on the ground, construction equipment, and a parked car, he was forced to change his direction slightly to move around the obstacles. Mr. Lopez was not running towards the SWAT officers. Moreover, there were several objects obstructing Mr. Lopez's view of the officers including a large road sign and several bright lights being pointed at him. The object was a small soft bag that any reasonable SWAT officer should recognize is not a firearm. Mr. Lopez did not raise or point the small bag containing a plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the construction site.

Ex E – Panov BWC at 1:18:07-18:17. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | | Ex F - Delgado BWC at 54:24-54:33.

Ex G – Weber BWC at 1:38:46-1:38:55

Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")

Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")

Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")

Exhibit M – Photograph of Bag from DOJ Report. |
| | **Moving Party's Response**

Plaintiffs purportedly dispute this fact "as to the reason Defendant Officers fired," but this fact makes no statement as to the reason the Anaheim Officer Defendants used lethal force.  Rather, this fact is solely in regards to how many shots were made by each Anaheim Officer Defendant during the incident.  Therefore, this fact remains undisputed. | |
| 32. | All shots were fired in about 2.2 seconds.

Exh. 1, Composite Video at 02:42-02:46. | Undisputed. |
| 33. | Mr. Lopez then fell to the ground with his arms under his front torso. | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Exh. 1, Composite Video at 02:46-3:37; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 9, Mullins Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 11; Exh. 21, Delgado Interview Transcript at 40:10-23; Exh. 22, Weber Interview Transcript at 54:1-19; Exh. 23, Panov Interview Transcript at 48:5-13; Exh. 24, Martinez Interview Transcript at p. 36; Exh. 26, Heitman Interview Transcript at 55:1-56:24; Exh. 27, Mullins Interview Transcript at p. 10. | |
| 34. | Because the APD SWAT officers present could not see where the black object they perceived as a gun was now located, and because Mr. Lopez had just threatened them and appeared to be ignoring additional commands, Officer Reynoso deployed a 40 mm (non-lethal) foam-tipped round against Mr. Lopez's lower body: to determine his responsiveness and to redress the threat they still believed Mr. Lopez posed: as officers on the scene believed that there was a firearm under Lopez's body.

Exh. 1, Composite Video at 02:46-04:29; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 6, Martinez Interview; Exh. 9, Mullins | Disputed in part as to Mr. Lopez threatening the officers.

Mr. Lopez was moving in a parallel line to the officers through the construction area. When Mr. Lopez encountered piles of dirt on the ground, construction equipment, and a parked car, he was forced to change his direction slightly to move around the obstacles. Mr. Lopez was not running towards the SWAT officers. Moreover, there were several objects obstructing Mr. Lopez's view of the officers including a large road sign and several bright lights being pointed at him. The object was a small soft bag that any reasonable SWAT officer should recognize is not a |

143292731.1

24

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at pp. 11, 17-18; Exh. 21, Delgado Interview Transcript at 40:10-23; Exh. 22, Sgt. Weber Interview Transcript at 54:1-55:5; Exh. 23, Panov Interview Transcript at 48:5-13, 48:19-49:1; Exh. 24, Martinez Interview Transcript at p. 36; Exh. 26, Heitman Interview Transcript at 55:1-56:24, 59:1-6; Exh. 27, Mullins Interview Transcript at p. 10. | firearm. Mr. Lopez did not raise or point the small bag containing a plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the construction site.  Mr. Lopez clearly no longer posed a threat when the 40 mm was fired. Mr. Lopez had been shot thirty times and was visibly bleeding.<br><br>Ex E – Panov BWC at 1:18:07-18:17.<br><br>Ex F - Delgado BWC at 54:24-54:33.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")<br><br>Exhibit M – Photograph of Bag from DOJ Report. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | | Exhibit K – Autopsy Report for Decedent Brandon Lopez at 17-19 (hereinafter "Autopsy Report") |
| | **Moving Party's Response** Plaintiffs purportedly *partially* dispute this fact in regards to Mr. Lopez threatening the officers.  However, such statement is in regards to the Anaheim Officer Defendants' reasoning in using the 40 mm non-lethal weapon and their beliefs during the incident and it is undisputed (as Plaintiffs' cited evidence fails to dispute this fact as stated) that the Anaheim Officer Defendants also stated that the 40 mm non-lethal weapon was used because they were concerned Mr. Lopez may still pose a threat.  Thus, this fact remains undisputed. | |
| 35. | However, Mr. Lopez did not move in response to the 40mm deployment. Exh. 1, Composite Video at 04:29-04:35; Exh. 2, Reynoso Interview; Exh. 5, Weber Interview; Exh. 9, Mullins Interview; Exh. 13, Heitman Interview; Exh. 14, Panov Interview; Exh. 15, Delgado Interview; Exh. 19, Reynoso Interview Transcript at p. 11; Exh. 21, Delgado Interview Transcript at 40:24-41:7; Exh. 22, Weber Interview Transcript at 54:1-55:5; Exh. 23, Panov Interview Transcript at 49:2-4; Exh. 26, Heitman Interview Transcript at 59:5-60:6; Exh. 27, Mullins Interview Transcript at p. 10. | Undisputed. |
| 36. | Seeing this, APD SWAT officers then approached, handcuffed, and searched Mr. Lopez. | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Exh. 1 Exh. 5, Weber Interview; Exh. 2, Reynoso Interview; Exh. 6, Martinez Interview; Exh. 9, Mullins Interview; Exh. 19, Reynoso Interview Transcript at pp. 11, 17-18; Exh. 22, Weber Interview Transcript at 55:6-56:3; Exh. 24, Martinez Interview Transcript at pp. 36-37; Exh. 27, Mullins Interview Transcript at p. 10. | |
| 37. | At around 10:06 p.m., APD SWAT officers then determined that Mr. Lopez was deceased at the scene.

Dkt. 71 at ¶29 ("DECEDENT was shot and killed."). | Undisputed. |
| 38. | A firearm was not found in Mr. Lopez's possession.

Exh. 14, Panov Interview; Exh. 23, Panov interview Transcript at 49:21-25. | Undisputed. |
| 39. | After the shooting, the black object was determined to be a black pouch; however, at all times before shots were fired, the defendant officers had believed that object held by Mr. Lopez to be a gun that he was raising to fire at them.

Exh. 15, Delgado Interview; Exh. 22, Delgado Interview Transcript at 52:18-53:4. | Disputed in part as to officers reasonably believing the object was a gun and that Mr. Lopez raised the object at them.

The object was clearly a small soft bag that any reasonable SWAT officer should recognize is not a firearm. Mr. Lopez did not raise or point the small bag containing a plastic water bottle at the Defendants; any movement of the object was caused by the natural movement of him jogging and navigating the terrain of the |

143292731.1

27

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | | construction site.<br><br>Ex E – Panov BWC at 1:18:07-18:17.<br><br>Ex F - Delgado BWC at 54:24-54:33.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")<br><br>Exhibit M – Photograph of Bag from DOJ Report. |
| | Moving Party's Response<br><br>Plaintiffs' purported *partial* dispute is actually an improper legal conclusion.  This fact appropriately states that, based on the evidence in this matter, it is undisputed that the Anaheim Officer Defendants believed that the object held by Mr. Lopez was a gun that he was raising to fire at them.  Plaintiffs cited evidence does not dispute this fact. | |
| 40. | APD's policies clearly demonstrate that APD trains its officers to act in accordance to the appropriate legal standard, including, but not limited | Undisputed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | to, the factors to determine the reasonableness of force and when lethal force should be used.<br><br>Exh. 30, Anaheim Police Department Policy 300: Use of Force. | |
| 41. | Plaintiff Johanna Lopez admits that she did not see any aspect of the shooting incident; rather, she alleges that she heard gunshots and assumed that Mr. Lopez was being injured and/or killed at that time.<br><br>Exh. 31, Deposition of Plaintiff Johanna Lopez, taken on May 8, 2024 at 38:17-39:5, 39:13-40:8, 40:19-24, 42:22-25, 47:15-25, 51:7-17, 52:15-22, 58:23-59:9, 59:23-62:22, 65:1-11, 66:2-8, 68:13-69:18. | Disputed.<br><br>Ms. Lopez testified that she heard both the flashbang explosions and the gunshots from where she stood, approximately one block from the incident. Ms. Lopez also testified that she fell to the ground screaming as soon as she heard the shots because she knew her son had been shot. Ms. Lopez remained on scene until approximately 2:00 am to receive confirmation of what she knew.<br><br>Exhibit D – Deposition of Johanna Lopez at 39:1-5, 42:3-13, 43:1-7, 44:20-24, 46:22-47:4, 48:1-49:16, 50:22-6, 51:25-52:25, 55:6-56:5, 57:18-25, 58:6-10, 58:23-59:12, 59:23-62:24, 63:4-8, 64:12-17, 65:1-14, 66:9-67:14, 68:20-24, 74:20-22, 88:10-89:14, 90:4-18, 91:6-92:12, 93:14-20, 92:13-94:2, 95:16-96:11. |
| | Moving Party's Response<br><br>Plaintiffs do not materially dispute this fact as stated.  First, Plaintiffs' own cited evidence supports that Plaintiff Johanna Lopez did not see any aspect of the shooting incident and that she only heard gunshots.  Second, Plaintiffs cited evidence also supports that Ms. Lopez testified that she | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defs.' SUF No. | Fact & Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | *assumed* that Mr. Lopez had been harmed during the incident, but did not actually know such harm occurred until well after the incident occurred. Thus, this fact remains undisputed. | |

## **DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS**

| Opposing Party's Undisputed Material Facts and Supporting Evidence | Moving Party's Response and Supporting Evidence |
|---|---|
| 1.  On September 28, 2021, at approximately 5:15 p.m. dispatch received a 911 call accusing Brandon Lopez of stealing his then-girlfriend's car.<br><br>Exhibit A – Anaheim Police Department Computer Aided Dispatch Report (hereinafter "Ex A – CAD Report") at p. 6. | Undisputed for purposes of summary judgment.<br><br>However, Defendants note that Plaintiffs' cited evidence does not dispute this fact as stated.  Moreover, this fact is duplicative of SUF Nos. 1-2, which are undisputed by Plaintiffs. |
| 2.  City of Anaheim police officers, as well as officers from other jurisdictions, pursued Brandon as he drove into the City of Santa Ana.<br><br>Ex A – CAD report at p. 6-10 | Undisputed for purposes of summary judgment.<br><br>However, Defendants note that this fact is duplicative of SUF Nos. 5-6, which are undisputed by Plaintiffs. |
| 3.  Around the intersection of Santa Ana Blvd. and Bristol St., in Santa Ana, California, Brandon's vehicle became stuck in a railway construction zone.<br><br>Ex A – CAD Report at p. 10 | Undisputed for purposes of summary judgment.<br><br>However, Defendants note that this fact is duplicative of SUF No. 9, which is undisputed by Plaintiffs. |
| 4.  An armored vehicle was quickly called to the scene and Brandon's vehicle was surrounded by police | Undisputed for purposes of summary judgment.<br><br>*See* Defts.' Evidentiary Objections |



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| vehicles.<br><br>Ex A – CAD report at p. 11<br><br>Exhibit B – Photographs of Scene from Department of Justice Report and Recommendations (hereinafter "Ex B – DOJ Scene Photos") | (filed concurrently). |
| 5.  Though officers gave commands for Brandon to exit the vehicle, he remained inside.<br><br>Ex A – CAD report at p. 11 | Undisputed for purposes of summary judgment.<br><br>However, Defendants note that this fact is duplicative of SUF Nos. 11-13, which are undisputed by Plaintiffs. |
| 6.  Minutes after Brandon's vehicle became disabled, one Santa Ana police officer aired over the radio that he believed he observed a gun in Brandon's right hand.<br><br>Ex A – CAD report at p. 13 | Undisputed for purposes of summary judgment.<br><br>However, Defendants note that this fact is duplicative of SUF No. 14, which Plaintiffs purportedly partially disputed, but did <u>not</u> materially dispute based on their cited evidence.  This fact further demonstrates that Plaintiffs do not actually dispute SUF No. 14. |
| 7.  However, this was a mistake as it is undisputed that Brandon was not armed with any weapons and did not have any firearms in his vehicle.<br><br>Exhibit C – Anaheim Police Department Report re Evidence Collection (hereinafter "Ex C – Evidence Report"). | Undisputed for purposes of summary judgment that Mr. Lopez was not armed with any weapons and did not have any firearms in his vehicle.<br><br>*See* Defts.' Evidentiary Objections. |
| 8.  There were no additional reports from any officer that they believed they observed Brandon with a firearm or any other weapons at any other point during the four hours that he was in the vehicle. | Undisputed for purposes of summary judgment. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| Ex A – CAD report, generally. | |
| 9. No officer saw Brandon point the alleged firearm at anyone or make any movements that made them believe Brandon intended to harm anyone. Moreover, Brandon was never observed making any aggressive or threatening movements during the incident.<br><br>Ex A – CAD report, generally. | Plaintiffs' cited evidence does not support this purported additional material fact as stated. Rather, as discussed and supported by extensive evidence in Defendants' Undisputed Material Facts, Mr. Lopez consistently made movements that the officers deemed to be threatening and pre-assaultive and that it was believed Mr. Lopez intended to harm others due to his actions during the incident and other information received by the officers. *See* SUF Nos. 3, 5-8, 11-19, 21-23.<br><br>*See* Defts.' Evidentiary Objections. |
| 10. Shortly after Brandon's vehicle became stuck, Brandon's mother, Johanna Lopez, as well as several other family members, arrived on scene and congregated approximately one block from Brandon's car. Ms. Lopez stood just on the other side of the police perimeter, as close as she could legally be to her son, and could see the intersection and at least three police cars and an armored vehicle.<br><br>Exhibit D – Deposition of Plaintiff Johanna Lopez at 39:1-5, 42:3-13, 44:20-24, 46:22-47:4, 48:1-49:16, 50:22-6, 55:6-56:5 (hereinafter "Ex D – Johanna Lopez Depo") | Undisputed for purposes of summary judgment that Ms. Lopez and other family members were approximately one block away from where Mr. Lopez was during the incident and that she could see at least three police cars and the top of an armored vehicle.<br><br>However, as to the remainder of this fact, Plaintiffs' cited evidence does not support such statements, *i.e.* when Ms. Lopez arrived at the scene and that Ms. Lopez was as close as she could legally be to her son. Further, Ms. Lopez testified that her vision was blocked at various times. Dkt. 130-8, Pltfs.' Exh. D at 50:22-51:6.<br><br>*See* Defts.' Evidentiary Objections. |
| 11. Ms. Lopez knew that her son was in the intersection and knew that he was surrounded by officers. | As an initial matter, Plaintiffs did not include page 40 of Exhibit D, so it cannot be considered as evidence in this |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| Ex D – Johanna Lopez Depo at 39:24-40:18, 44:20-24, 46:22-47:4, 48:1-49:16, 50:22-6, 66:9-67:14. | matter.<br><br>Undisputed for purposes of summary judgment that Ms. Lopez was told by others that Mr. Lopez was in a vehicle in the intersection at the time of the incident and that there were officers in the area.<br><br>Otherwise, Plaintiffs' cited evidence does not support this fact.  Moreover, Ms. Lopez stated that, though she was told by an officer that Mr. Lopez was "in the car," she was not given any context as to what car Mr. Lopez was in.  Dkt. 130-8, Pltfs.' Exh. D at 66:22-67:20.<br><br>*See* Defts.' Evidentiary Objections. |
| 12.  Ms. Lopez remained on scene for the duration of the Incident, pleading with the officers to allow her to speak to her son.<br><br>Ex D – Johanna Lopez Depo. at 43:1-7, 51:25-52:25 | Undisputed for purposes of summary judgment that Ms. Lopez remained at her location a clock away during the incident.<br><br>However, Plaintiffs' cited evidence does not support that Ms. Lopez "plead[ed] with the officers to allow her to speak to her son."  Thus, such statement should not be considered by this Court.<br><br>*See* Defts.' Evidentiary Objections. |
| 13.  Several hours later, the Anaheim SWAT team, including the Defendant Officers, arrived on scene.<br><br>Ex A – CAD Log at p. 20<br><br>Exhibit E – Defendant Panov's Body Worn Camera Footage at 0:00:00-0:02:00 (hereinafter "Ex E – Panov | Undisputed for purposes of summary judgment.<br><br>However, Defendants note that this fact is duplicative of SUF No. 20, which is undisputed by Plaintiffs. |



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| BWC") | |
| Exhibit F – Defendant Delgado's Body Worn Camera Footage at 00:00-02:00 (hereinafter "Ex F – Delgado BWC") | |
| Exhibit G – Defendant Weber's Body Worn Camera Footage at 00:00-02:00 (hereinafter "Ex G – Weber BWC") | |
| 14.  At this time at least two additional armored vehicles were brought in to further surround the vehicle. Ex B – DOJ Scene Photos Ex E – Panov BWC at 14:26-15:10 | Undisputed for purposes of summary judgment. *See* Defts.' Evidentiary Objections. |
| 15.  Upon arriving on scene, the Defendant Officers and the rest of the SWAT team met to discuss their tactics. Ex E – Panov BWC at 22:15-24:20, 27:30-28:00 | Undisputed for purposes of summary judgment. . |
| 16.  The Defendant officers knew that when they forced Brandon out of the car that his only potential avenue of escape was through the police perimeter. Ex E – Panov BWC at 22:15-24:20, 27:30-28:00 | Undisputed for purposes of summary judgment. *See* Defts.' Evidentiary Objections. |
| 17.  The Defendant officers also discussed the terrain of the construction zone and knew that it would force Brandon to zigzag to avoid the obstacles. Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40 | Undisputed for purposes of summary judgment. *See* Defts.' Evidentiary Objections. |


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

143292731.1                                     34
DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

| | |
|---|---|
| 18.  The Defendants knew that these could be potential problems regardless of whether Brandon was armed, thus the plan was for less lethal to begin firing to subdue Brandon before he reached the perimeter to avoid the use of lethal force.<br><br>Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40 | Undisputed for purposes of summary judgment.<br><br>*See* Defts.' Evidentiary Objections. |
| 19.  Law enforcement also planned to deploy the police service dog off lead if he approached the perimeter to ensure the officers could safely take Brandon into custody.<br><br>Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40 | Undisputed for purposes of summary judgment.<br><br>*See* Defts.' Evidentiary Objections. |
| 20.  Lethal force was designated as cover.<br><br>Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40 | Undisputed for purposes of summary judgment.<br><br>*See* Defts.' Evidentiary Objections. |
| 21.  Ms. Lopez was informed by an officer that law enforcement would be deploying a flashbang into Brandon's vehicle to attempt to get him to exit the car.  Ms. Lopez immediately started crying.<br><br>Ex D – Johanna Lopez Depo at 57:18-25, 58:6-10, 58:23-59:12 | Undisputed for purposes of summary judgment that Ms. Lopez was informed by an officer that law enforcement would be deploying a flashbang to try to get Mr. Lopez out of the car and that she testified that she believed she started crying in response to this information. |
| 22.  Prior to the flashbang being deployed, Brandon had been sitting calmly had not engaged in any threatening or assaultive conduct, and was completely surrounded by armed officers, including the City of Anaheim | Undisputed for purposes of summary judgment that Mr. Lopez's vehicle was surrounded by armed officers.<br><br>Otherwise, Plaintiffs' cited evidence does not support the rest of this fact as stated.  As discussed above and |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| SWAT Team, and armored vehicles.<br><br>Ex A – CAD Report<br><br>Ex E – Panov BWC at 0:00:00-1:20:00<br><br>Ex F – Delgado BWC at 00:00-55:00<br><br>Ex G – Weber BWC at 0:00:00-1:40:00 | supported by extensive evidence, Mr. Lopez had engaged in threatening conduct during the incident. SUF Nos. 3, 5-8, 11-19, 21-23. |
| 23.  Each of the Defendant Officers was armed with deadly force, some with handguns, others with rifles.<br><br>Ex E – Panov BWC at 1:15:00-1:18:00<br><br>Ex F – Delgado BWC at 54:22-54:35<br><br>Ex G – Weber BWC at 1:38:46-1:38:55 | Undisputed for purposes of summary judgment. |
| 24.  In addition to lethal cover, the less lethal 40 mm launcher, police service dog, and a ballistic shield were staged with the Defendant Officer, hidden behind one of the armored vehicles.<br><br>Ex A – CAD Report<br><br>Ex E – Panov BWC at 24:30-25:15, 1:15:00<br><br>Ex F – Delgado BWC at 02:30-03:00 | Undisputed for purposes of summary judgment that APD Officer Ricky Reynoso was armed with a less-lethal 40 mm weapon and APD K-9 Officer Brandon Mullins was present at the incident with his K-9.<br><br>Otherwise, the remainder of this fact is not supported by Plaintiffs' cited evidence and should not be considered by this Court.<br><br>See Defts.' Evidentiary Objections. |
| 25.  Shortly after Ms. Lopez was informed of the flashbang, at approximately 10:00 p.m., law enforcement deployed the flashbang and smoke bomb into Brandon's vehicle with the intent to force him to exit.<br><br>Ex D – Johanna Lopez Deposition at 58:6-10, 58:23-59:12, 59:23-7 | Undisputed for purposes of summary judgment. |

LEWIS<br>BRISBOIS<br>BISGAARD<br>& SMITH LLP<br>ATTORNEYS AT LAW

| | |
|---|---|
| Ex E – Panov BWC at 1:18:00-1:18:05 | |
| 26. The flashbang set off two audible explosions.<br><br>Ex D – Johanna Lopez Deposition at 60:6-24<br><br>Ex E – Panov BWC at 1:18:00-1:18:05<br><br>Ex F – Delgado BWC at 54:22-54:27<br><br>Ex G – Weber BWC at 1:35:00-1:38:00 | Undisputed for purposes of summary judgment. |
| 27. There were no exigent circumstances or other legitimate law enforcement objectives that required the removal of Brandon at that time.<br><br>Ex A – CAD Report, generally<br><br>Ex E – Panov BWC at 0:00:00-1:18:00<br><br>Ex F – Delgado BWC at 00:00-55:00<br><br>Ex G – Weber BWC at 0:00:00-1:40:00 | This is not an appropriate additional material fact, but an improper legal conclusion. Moreover, Plaintiffs' cited evidence does not support this statement. This "fact" should not be considered by this Court.<br><br>*See* Defts.' Evidentiary Objections. |
| 28. In fact, the Defendant Officers had been hiding behind the armored vehicle for almost an hour prior to shots being fired and no assaultive or threatening behavior by Brandon was reported or observed. By forcing Brandon out of the car, the Defendants forced an unnecessary confrontation and escalated the situation.<br><br>Ex A – CAD Report, generally<br><br>Ex E – Panov BWC at 0:00:00-1:18:00<br><br>Ex F – Delgado BWC at 00:00-55:00<br><br>Ex G – Weber BWC at 0:00:00-1:40:00 | Plaintiffs' cited evidence does not support this purported additional material fact as stated. Rather, as discussed and supported by extensive evidence in Defendants' Undisputed Material Facts, Mr. Lopez consistently made movements that the officers deemed to be threatening and pre-assaultive and that it was believed Mr. Lopez intended to harm others due to his actions during the incident and other information received by the officers. *See* SUF Nos. 3, 5-8, 11-19, 21-23. Moreover, Mr. Lopez had been inside the car for hours, refusing to respond to commands, so the decision to use a flashbang to remove Mr. Lopez from |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | | the car was necessary and did not escalate the situation.<br><br>*See* Defts.' Evidentiary Objections. |
| | 29.  Moreover, it was clear that Brandon was in crisis as he was seen crying in the vehicle.<br><br>Ex A – CAD Report at p.21 | Undisputed for purposes of summary judgment that Mr. Lopez was seen crying in the vehicle.<br><br>Otherwise, the remainder of this purported "fact" is unsupported by Plaintiffs' cited evidence and should not be considered by this Court.<br><br>*See* Defts.' Evidentiary Objections. |
| | 30.  Brandon exited his vehicle holding only a small bag containing a plastic water bottle held down at his side.<br><br>Ex C – Evidence Report<br><br>Ex E – Panov BWC at 1:18:07-18:11<br><br>Ex F – Delgado BWC at 54:28-54:35<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") | Undisputed for purposes of summary judgment that Mr. Lopez exited the vehicle holding a black pouch.<br><br>Of note, this fact is duplicative of SUF Nos. 28 and 39, which Plaintiffs purportedly (though did not materially) dispute.<br><br>*See* Defts.' Evidentiary Objections. |

143292731.1

38

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 31.  As Brandon exited, he began to jog in a line parallel to where the Defendant Officers were standing.<br><br>Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") | Undisputed for purposes of summary judgment that Mr. Lopez ran towards the Defendant Officers during the incident.<br><br>Of note, this fact is duplicative of SUF No. 28, which Plaintiffs purportedly (though did not materially) dispute.<br><br>*See* Defts.' Evidentiary Objections. |
| 32.  The Defendant Officers were still hidden behind an armored vehicle and there were several bright lights pointing directly at Brandon, obfuscating their location.<br><br>Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames") | Plaintiffs' cited evidence does not support this material fact as stated and, thus, this Court should not consider it in evaluating Defendants' Motion for Summary Judgment.<br><br>*See* Defts.' Evidentiary Objections. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") | |
| 33.  As Brandon exited the car, several officers began simultaneously yelling, including "hands up" and "go, go, go".<br><br>Ex E – Panov BWC at 1:18:07-18:11<br><br>Ex F – Delgado BWC at 54:28-54:35<br><br>Ex G – Weber BWC at 1:38:46-1:38:55 | Undisputed for purposes of summary judgment.<br><br>Of note, this fact is duplicative of SUF No. 27, which Plaintiffs purportedly, but did not actually, dispute in part. |
| 34.  As Brandon moved forward, he was not looking in the direction of Defendant Officers.<br><br>Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still | Plaintiffs' cited evidence does not support this material fact as stated and, thus, this Court should not consider it in evaluating Defendants' Motion for Summary Judgment.<br><br>*See* Defts.' Evidentiary Objections. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| Frames") | |
| 35.  When Brandon did look towards the lights, his hands were down by his side, moving only with the natural movement of his body.<br><br>Ex E – Panov BWC at 1:18:07-18.11.<br><br>Ex F – Delgado BWC at 54:28-54.35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames") | Plaintiffs' cited evidence does not support this material fact as stated and, thus, this Court should not consider it in evaluating Defendants' Motion for Summary Judgment.<br><br>*See* Defts.' Evidentiary Objections. |
| 36.  As Brandon crossed the tracks on the ground, his path of travel was blocked by a car and construction equipment, thus he changed direction slightly to attempt to run past the car and toward the open street.<br><br>Ex E – Panov BWC at 1:18:07-18.11<br><br>Ex F – Delgado BWC at 54:28-54.35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55 | Undisputed for purposes of summary judgment that Mr. Lopez changed directions after exiting the vehicle, causing him to be running towards the Anaheim Defendant Officers.<br><br>Of note, this fact is duplicative to SUF No. 28, which Plaintiffs purportedly (but did not materially) dispute.<br><br>*See* Defts.' Evidentiary Objections. |

143292731.1

41

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 37.  He was not running at the officers, lunging, nor making aggressive movements towards anyone.  Brandon never raised, swung, or pointed the bag at anyone.<br><br>Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55. | Plaintiffs' cited evidence does not support this material fact as stated and, thus, this Court should not consider it in evaluating Defendants' Motion for Summary Judgment.<br><br>*See* Defts.' Evidentiary Objections. |
| 38.  Despite Brandon not presenting an immediate threat that would justify the use of deadly force, the defendants failed to follow their plan to use less lethal force first and did not utilize any of the options available to them.<br><br>Ex E – Panov BWC at 1:18:07-18:12.<br><br>Ex F – Delgado BWC at 54:28-54:35. | Undisputed for purposes of summary judgment that the Anaheim Officer Defendants did not use less lethal force during the incident.<br><br>Otherwise, the rest of this purported "fact" is an improper legal conclusion and not supported by Plaintiffs' cited evidence and, thus, should not be considered by this Court.<br><br>*See* Defts.' Evidentiary Objections. |
| 39.  Instead, within four seconds of Brandon exiting his vehicle, all four of the Defendant Officer's [sic] fired their guns at Brandon multiple times, spraying Brandon in a hail of gunfire.<br><br>Ex E – Panov BWC at 1:18:07-18:14<br><br>Ex F – Delgado BWC at 54:28-54:35<br><br>Ex G – Weber BWC at 1:38:46-1:38:55 | Undisputed for purposes of summary judgment that, shortly after Mr. Lopez exited his vehicle, the Anaheim Officer Defendants used lethal force on Mr. Lopez, firing multiple times.<br><br>Of note, this fact is duplicative of SUF Nos. 31 and 32, which Plaintiffs do not materially dispute. |
| 40.  Brandon immediately started falling when the first shot struck him and hit the ground unresponsive, still, and bleeding profusely.<br><br>Ex E – Panov BWC at 1:18:07-18:14. | Undisputed for purposes of summary judgment that, after the Anaheim Officer Defendants used lethal force, Mr. Lopez fell to the ground.<br><br>Otherwise, Plaintiffs' cited evidence does not support the rest of the fact as |

143292731.1

42

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46-1:38:55. | stated and should not be considered by this Court.<br><br>*See* Defts.' Evidentiary Objections. |
| 41.  Instead of providing medical care for Brandon as laid bleeding out on the cold pavement, officers fired a less lethal round at him approximately two minutes later. Brandon did not move.<br><br>Ex E – Panov BWC at 1:18:14-1:20:14<br><br>Ex F – Delgado BWC at 54:35-56:25.<br><br>Ex G – Weber BWC at 1:38:46-1:40:55. | Undisputed for purposes of summary judgment that a less lethal 40 mm round was deployed and Mr. Lopez was unresponsive.<br><br>Of note, this fact is duplicative of SUF Nos. 34 and 25, which are not materially disputed by Plaintiffs. |
| 42.  After searching Brandon, medical attention was summoned, and he was pronounced dead on scene at approximately 10:11 p.m.<br><br>Exhibit K – Autopsy Report for Decedent Brandon Lopez (hereinafter "Autopsy Report") | Undisputed for purposes of summary judgment. |
| 43.  Brandon, who was unarmed during the entire incident, was shot in the back four times, the right side eight times, the chest six times, and the right arm, hand, and shoulder area twelve times, for a total of at least 30 gunshot wounds.<br><br>Ex C – Evidence Report.<br><br>Exhibit K – Autopsy Report 17-19 | Undisputed for purposes of summary judgment.<br><br>*See* Defts.' Evidentiary Objections. |
| 44.  Ms. Lopez was still standing approximately one block away when her son was shot.  Ms. Lopez heard both the flashbang explosions and the gunshots from where she stood. | Undisputed for purposes of summary judgment that Ms. Lopez heard what she assumed to be flashbang explosions and gunshots from where she stood one block away during the incident. |

43

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| Ex D – Johanna Lopez Depo at 59:23-62:24 | *See* Defts.' Evidentiary Objections. |
| 45.  Ms. Lopez knew the first sounds were flashbangs because she had been told that they would be deployed shortly before and they sounded like explosions or fireworks.<br><br>Ex D – Johanna Lopez Depo at 58:23-62:24 | Undisputed for purposes of summary judgment. |
| 46.  Ms. Lopez thereafter heard the gunshots from the intersection.<br>Ex D – Johanna Lopez Depo at 61:16-62:8 | Undisputed for purposes of summary judgment that Ms. Lopez heard what she assumed to be gunshots during the incident.<br><br>*See* Defts.' Evidentiary Objections. |
| 47.  Ms. Lopez immediately "knew what gunshots meant" and knew that her son had been shot by Defendant Officers.<br>Ex D – Johanna Lopez Depo at 68:20-24 | Plaintiffs' cited evidence does not support this purported "fact" as stated and should not be considered by this Court.  Rather, Ms. Lopez testified that she *assumed* that Mr. Lopez had been harmed during the incident, but did not actually know such harm occurred until well after the incident occurred. Defts.' Exh. 31, Deposition of Plaintiff Johanna Lopez, taken on May 8, 2024 at 38:17-39:5, 39:13-40:8, 40:19-24, 42:22-25, 47:15-25, 51:7-17, 52:15-22, 58:23-59:9, 59:23-62:22, 65:1-11, 66:2-8, 68:13-69:18. |
| 48.  Ms. Lopez immediately fell to the ground and began screaming.<br>Ex D – Johanna Lopez Depo at 63:4-8, 64:12-17 | Undisputed for purposes of summary judgment that Ms. Lopez fell to the floor and screamed after she heard noises she assumed to be a flash bang and gunshots. |
| 49.  Ms. Lopez remained on scene until approximately 2:00 a.m. when law | Undisputed for purposes of summary |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

143292731.1

44

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.

| | |
|---|---|
| enforcement confirmed that Brandon had died as a result of the gunfire.<br><br>Ex D – Johanna Lopez Depo at 65:1-14 | judgment. |
| 50.  As a result of the Incident, Ms. Lopez was diagnosed with Post Traumatic Stress Disorder and continues to experience vivid flashbacks of the sounds of gunshots. Mr. Lopez has sought treatment for her emotional damages, including therapy and medication.<br><br>Ex D – Johanna Lopez Depo at 88:10-89:14, 90:4-18, 91:6-92:12, 93:14-20 | Undisputed for purposes of summary judgment. |
| 51.  Ms. Lopez also continues to experience depression and anxiety symptoms.<br><br>Ex D – Johanna Lopez Depo at 92:13-94:2 | Undisputed for purposes of summary judgment. |
| 52.  In addition, Plaintiffs lost their only son and will forever be deprived on his love, companionship, support, and guidance.<br><br>Ex K – Autopsy Report<br><br>Ex D – Johanna Lopez Depo at 74:20-22, 88:10-18 | Undisputed for purposes of summary judgment. |

DATED:  July 29, 2024

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  ___/s/ Abigail J.R. McLaughlin___

    DANA A. FOX & TONY M. SAIN
    TORI L. N. BAKKEN
    ABIGAIL J. R. McLAUGHLIN
    Attorneys for Defendants,
    CITY OF ANAHEIM, et al.

143292731.1

45

DEFTS' RESPONSE TO PLTFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, ETC.