**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10,<br><br>Defendants. | Case No. 8:22-cv-1351-JVS-ADS<br>[*Hon. James V. Selna, Dist. Judge; Hon. Autumn D. Spaeth, M. Judge*]<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF EVIDENTIARY OBJECTIONS**<br><br>*Filed Concurrently with Reply in Support of Motion for Summary Judgment; Response to Plaintiffs' Statements of Genuine Disputes of Material Fact and Additional Material Facts; Defendants' Evidentiary Objections*<br><br>Date: August 12, 2024<br>Time: 1:30 p.m.<br>Crtrm.: 10C<br><br>FPTC Date:       September 9, 2024<br>Trial Date:        September 17, 2024 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Defendants CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV hereby submit the following Response to Plaintiffs' Statement of Evidentiary Objections in Support of their Opposition to Defendants' Motion for Summary Judgment. [Dkt. 130-3.]

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| 1. Exh. 1, Composite Video | FRE 403 – cumulative and unduly prejudicial<br><br>FRE 801, 802.<br><br>FRE 1002 at to the transcript.<br><br>Fed. R. Civ. P. Rule 37(c)(1); *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment | Plaintiffs fail to provide any basis for their allegation that the Composite Video is unduly prejudicial. Further, the Composite Video is not duplicative, but appropriately provides the finder of fact in this matter with all video footage incident played simultaneously ,the same video footage used by Plaintiffs themselves as evidence.<br><br>Additionally, Plaintiffs do not provide any evidence that such Composite Video includes hearsay.<br><br>Finally, as stated in the McLaughlin Declaration filed in support of Defendants' Motion |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
|  | since the email was not produced in discovery, and failure to produce was not justified). | for Summary Judgment ("MSJ"), the Composite Video was timely and appropriately produced to Plaintiffs with Defendants' Supplemental Expert Disclosures on July 12, 2024. [Dkt. 129-2, ¶3.] |
| 2. Exh 2, Audio Interview of Anaheim Police Investigator Ricky Reynoso ("Reynoso Interview")<br><br>Exh. 19, Transcript of Interview of Anaheim Police Investigator Ricky Reynoso ("Reynoso Interview Transcript"). | FRE 403 – cumulative and unduly prejudicial.<br><br>FRE 701.<br><br>FRE 801, 802.<br><br>FRE 1002 as to the transcript.<br><br>Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 | Plaintiffs fail to provide any basis for their allegation that the Reynoso Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Reynoso Interview was included for the Court's ease.<br><br>Plaintiffs fail to identify any specific hearsay in the Reynoso Interview.<br><br>Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| | F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | recording of the Reynoso Interview.<br><br>Defendants did not fail to provide information in the discovery stage. The Reynoso Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs failed to raise any timely objection regarding Defendants' responses to written discovery. [*See* Dkt. 129-2 at ¶4.] |
| 3. Exh. 3, Audio Interview of Santa Ana Police Department Officer Kenny Aguilar ("Aguilar Interview")<br><br>Exh. 20, Transcript of Interview of Santa Ana Police Department Officer Kenny Augilar ("Aguilar Interview Transcript") | FRE 403 – cumulative and unduly prejudicial.<br><br>FRE 701.<br><br>FRE 801, 802.<br><br>FRE 1002 as to the transcript.<br><br>Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to | Plaintiffs fail to provide any basis for their allegation that the Aguilar Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Aguilar Interview was included for the Court's ease.<br><br>Plaintiffs fail to identify any specific |

143331701.1

4

DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF EVIDENTIARY OBJECTIONS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| | summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | hearsay in the Aguilar Interview.<br><br>Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a recording of the Aguilar Interview.<br><br>Defendants did not fail to provide information in the discovery stage. The Aguilar Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs failed to raise any timely objection regarding Defendants' responses to written discovery. [*See* Dkt. 129-2 at ¶5.]<br><br>Additionally, of note, Plaintiffs themselves cite to this exhibit in support of their purported dispute of Defendants' SUF No. 14. |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| 4. Exh. 15, Audio Interview of Defendant Sergeant Paul Delgado ("Delgado Interview") <br><br> Exh. 21, Transcript of Audio Interview of Defendant Sergeant Paul Delgado ("Delgado Interview Transcript") | FRE 403 – cumulative and unduly prejudicial. <br><br> FRE 701. <br><br> FRE 801, 802. <br><br> FRE 1002 as to the transcript. <br><br> Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at \*6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | Plaintiffs fail to provide any basis for their allegation that the Delgado Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Delgado Interview was included for the Court's ease. <br><br> Plaintiffs fail to identify any specific hearsay in the Delgado Interview. <br><br> Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a recording of the Delgado Interview. <br><br> Defendants did not fail to provide information in the discovery stage. The Delgado Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| | | failed to raise any timely objection regarding Defendants' responses to written discovery. [*See* Dkt. 129-2 at ¶17.] |
| 5. Exh. 5, Audio Interview of Defendant Sergeant Kenneth Weber ("Weber Interview")<br><br>Exh. 22, Transcript of Audio Interview of Defendant Sergeant Kenneth Weber ("Weber Interview Transcript") | FRE 403 – cumulative and unduly prejudicial.<br><br>FRE 701.<br><br>FRE 801, 802.<br><br>FRE 1002 as to the transcript.<br><br>Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of | Plaintiffs fail to provide any basis for their allegation that the Weber Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Weber Interview was included for the Court's ease.<br><br>Plaintiffs fail to identify any specific hearsay in the Weber Interview.<br><br>Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a recording of the Weber Interview.<br><br>Defendants did not fail to provide information in the discovery stage. The |

143331701.1

7

DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF EVIDENTIARY OBJECTIONS

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| | opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | Weber Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs failed to raise any timely objection regarding Defendants' responses to written discovery.  [*See* Dkt. 129-2 at ¶7.]

Additionally, of note, Plaintiffs themselves cite to this exhibit in support of their purported dispute of Defendants' SUF No. 17. |
| 6. Exh. 14, Audio Interview of Defendant Officer Catalin Panov ("Panov Interview")

Transcript of Audio Interview of Defendant Officer Catalin Panov ("Panov Interview Transcript") | FRE 403 – cumulative and unduly prejudicial.

FRE 701.

FRE 801, 802.

FRE 1002 as to the transcript.

Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in | Plaintiffs fail to provide any basis for their allegation that the Panov Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Panov Interview was included for the Court's ease.

Plaintiffs fail to identify any specific |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
|  | support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | hearsay in the Panov Interview. Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a recording of the Panov Interview. Defendants did not fail to provide information in the discovery stage. The Panov Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs failed to raise any timely objection regarding Defendants' responses to written discovery. [*See* Dkt. 129-2 at ¶16.] |
| 7. Exh. 6, Audio Interview of Santa Ana Police Department Officer Sergio Martinez ("Martinez Interview") Exh. 24, Transcript of Interview of Santa Ana Police Department | FRE 403 – cumulative and unduly prejudicial. FRE 701. FRE 801, 802. | Plaintiffs fail to provide any basis for their allegation that the Martinez Interview is unduly prejudicial. Additionally, neither of these exhibits are |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| Officer Sergio Martinez ("Martinez Interview Transcript") | FRE 1002 as to the transcript.<br><br>Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | cumulative – the transcript of the Martinez Interview was included for the Court's ease.<br><br>Plaintiffs fail to identify any specific hearsay in the Martinez Interview.<br><br>Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a recording of the Martinez Interview.<br><br>Defendants did not fail to provide information in the discovery stage. The Martinez Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs failed to raise any timely objection regarding Defendants' responses to written discovery. [*See* Dkt. 129-2 at ¶8.] |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| 8. Exh. 7, Audio Interview of Santa Ana Police Department Corporal Luis Galeana ("Galeana Interview")<br><br>Exh. 25, Transcript of Interview of Santa Ana Police Department Corporal Luis Galeana ("Galeana Interview Transcript") | FRE 403 – cumulative and unduly prejudicial.<br><br>FRE 701.<br><br>FRE 801, 802.<br><br>FRE 1002 as to the transcript.<br><br>Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | Plaintiffs fail to provide any basis for their allegation that the Galeana Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Galeana Interview was included for the Court's ease.<br><br>Plaintiffs fail to identify any specific hearsay in the Galeana Interview.<br><br>Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a recording of the Galeana Interview.<br><br>Defendants did not fail to provide information in the discovery stage. The Galeana Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| | | failed to raise any timely objection regarding Defendants' responses to written discovery. [*See* Dkt. 129-2 at ¶9.] |
| 9. Exh. 13, Audio Interview of Defendant Officer Brett Heitman ("Heitman Interview")<br><br>Exh. 26, Transcript of Interview of Defendant Officer Brett Heitman ("Heitman Interview Transcript") | FRE 403 – cumulative and unduly prejudicial.<br><br>FRE 701.<br><br>FRE 801, 802.<br><br>FRE 1002 as to the transcript.<br><br>Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of | Plaintiffs fail to provide any basis for their allegation that the Heitman Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Heitman Interview was included for the Court's ease.<br><br>Plaintiffs fail to identify any specific hearsay in the Heitman Interview.<br><br>Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a recording of the Heitman Interview.<br><br>Defendants did not fail to provide information in the |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| | opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | discovery stage. The Heitman Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs failed to raise any timely objection regarding Defendants' responses to written discovery. [See Dkt. 129-2 at ¶15.] |
| 10. Exh. 9, Audio Interview of Anaheim Police Officer Brandon Mullins ("Mullins Interview")<br><br>Exh. 27, Transcript of Interview of Anaheim Police Officer Brandon Mullins ("Mullins Interview Transcript") | FRE 403 – cumulative and unduly prejudicial.<br><br>FRE 701.<br><br>FRE 801, 802.<br><br>FRE 1002 as to the transcript.<br><br>Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial | Plaintiffs fail to provide any basis for their allegation that the Mullins Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Mullins Interview was included for the Court's ease.<br><br>Plaintiffs fail to identify any specific hearsay in the Mullins Interview.<br><br>Plaintiffs' objection on the basis that the transcript is not original is |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| | justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | nonsensical, as the transcript is just a recording of the Mullins Interview.<br><br>Defendants did not fail to provide information in the discovery stage. The Mullins Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs failed to raise any timely objection regarding Defendants' responses to written discovery. [*See* Dkt. 129-2 at ¶11.] |
| 11. Exh. 8, Audio Interview of Santa Ana Police Officer Nelson Menendez ("Menendez Interview")<br><br>Exh. 28, Transcript of Interview of Santa Ana Police Officer Nelson Menendez ("Officer Menendez Interview Transcript") | FRE 403 – cumulative and unduly prejudicial.<br><br>FRE 701.<br><br>FRE 801, 802.<br><br>FRE 1002 as to the transcript.<br><br>Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in | Plaintiffs fail to provide any basis for their allegation that the Menendez Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Menendez Interview was included for the Court's ease. |

143331701.1

14

DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF EVIDENTIARY OBJECTIONS

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
|  | support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | Plaintiffs fail to identify any specific hearsay in the Menendez Interview.<br><br>Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a recording of the Menendez Interview.<br><br>Defendants did not fail to provide information in the discovery stage. The Menendez Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs failed to raise any timely objection regarding Defendants' responses to written discovery. [*See* Dkt. 129-2 at ¶10.] |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| 12. Exh. 10, Audio Interview of Anaheim Police Officer James Lopez ("Officer Lopez Interview")<br><br>Exh. 29, Transcript of Interview of Anaheim Police Officer James Lopez ("Officer Lopez Interview Transcript") | FRE 403 – cumulative and unduly prejudicial.<br><br>FRE 701.<br><br>FRE 801, 802.<br><br>FRE 1002 as to the transcript.<br><br>Fed. R. Civ. P Rule 37(c)(1) *Algaier v. Bank of America,* N.A., 2015 WL 5944177 at *6-7 (excluding five exhibits submitted in support of the plaintiff's opposition to summary judgment because the exhibits were not produced in discovery in violation of Rule 37, and there was no substantial justification for doing so); *Chisolm v. 7-Eleven, Inc.,* 383 F.Supp.3d 1032, 1044-45 (S.D. Cal. 2019) (excluding email submitted by the plaintiff in support of opposition to motion for summary judgment since the email was not produced in discovery, and failure to produce was not justified). | Plaintiffs fail to provide any basis for their allegation that the Lopez Interview is unduly prejudicial. Additionally, neither of these exhibits are cumulative – the transcript of the Lopez Interview was included for the Court's ease.<br><br>Plaintiffs fail to identify any specific hearsay in the Lopez Interview.<br><br>Plaintiffs' objection on the basis that the transcript is not original is nonsensical, as the transcript is just a recording of the Lopez Interview.<br><br>Defendants did not fail to provide information in the discovery stage. The Lopez Interview was identified on Defendant City of Anaheim's Initial Disclosures on or about October 10, 2022 and Plaintiffs failed to raise any |

| Defendants' Evidence | Plaintiffs' Objection | Defts.' Response |
|---|---|---|
| | | timely objection regarding Defendants' responses to written discovery.  [*See* Dkt. 129-2 at ¶12.] |

DATED:  July 29, 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    */s/ Abigail J.R. McLaughlin*
          DANA A. FOX
          TONY M. SAIN
          TORI L. N. BAKKEN
          ABIGAIL J.R. McLAUGHLIN
Attorneys for Defendants,
CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV