# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10,<br><br>Defendants. | Case No. 8:22-cv-1351-JVS-ADS<br>[*Hon. James V. Selna, Dist. Judge; Hon. Autumn D. Spaeth, M. Judge*]<br><br>**[PROPOSED] ORDER ON DEFENDANTS' EVIDENTIARY OBJECTIONS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    August 12, 2024<br>Time:   1:30 p.m.<br>Crtrm.:  10C<br><br><br>FPTC Date:    September 9, 2024<br>Trial Date:    September 17, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV's Motion for Summary Judgment or Partial Summary Judgment came on for hearing before this

143358302.1                                           1
[PROPOSED] ORDER ON DEFS.' EVID. OBJS. ISO M.S.J.

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

1 Court on August 12, 2024. Defendants timely filed evidentiary objections to
2 Plaintiffs' papers filed in support of their Opposition to Defendants' Motion for
3 Summary Judgment.
4     The Court, having read and considered Defendants' evidentiary objections to
5 certain evidence filed in support of Plaintiffs' Opposition to Defendants' Motion for
6 Summary Judgment, rules as follows on each of Defendants' objections:

| Evidence | Objection | Court's Ruling |
|---|---|---|
| 1. "An armored vehicle was quickly called to the scene and Brandon's vehicle was surrounded by police vehicles.<br><br>Ex A – CAD report at p. 11<br><br>Exhibit B – Photographs of Scene from Department of Justice Report and Recommendations (hereinafter 'Ex B – DOJ Scene Photos')"<br><br>[Dkt. 130-1, AMF No. 4 & Supporting Evidence.] | Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403.<br><br>Relevance as to Plaintiffs' Exhibit B. F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |
| 2. "However, this was a mistake as it is undisputed that Brandon was not armed with any weapons and did not have any firearms with his vehicle.<br><br>Exhibit C – Anaheim Police Department Report re Evidence Collection (hereinafter 'Ex C – Evidence Report')." | Vague and ambiguous as to "mistake."<br><br>Relevance. F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| [Dkt. 130-1, AMF No. 7 & Supporting Evidence] | than with the 20/20 vision of hindsight."). | |
| 3. "No officer saw Brandon point the alleged firearm at anyone or make any movements that made them believe Brandon intended to harm anyone.  Moreover, Brandon was never observed making any aggressive or threatening movements during the incident.<br><br>Ex A – CAD report, generally."<br><br>[Dkt. 130-1, AMF No. 9 & Supporting Evidence.] | Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403. | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |
| 4. "Shortly after Brandon's vehicle became stuck, Brandon's mother, Johanna Lopez, as well as several other family members, arrived on scene and congregated approximately one block from Brandon's car.  Ms. Lopez stood just on the other side of the police perimeter, as close as she could legally be to her son, and could see the intersection and at least three police cars and an armored vehicle.<br><br>Exhibit D – Deposition of Plaintiff Johanna Lopez at 39:1-5, 42:3-13, 44:20-24, 46:22-47:4, 48:1-49:16, 50:22- | Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403. | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| 6, 55:6-56:5 (hereinafter 'Ex D – Johanna Lopez Depo')" <br><br> [Dkt. 130-1, AMF No. 10 & Supporting Evidence.] | | |
| 5. "Ms. Lopez knew that her son was in the intersection and knew that he was surrounded by officers. <br><br> Ex D – Johanna Lopez Depo at 39:24-40:18, 44:20-24, 46:22-47:4, 48:1-49:16, 50:22-6, 66:9-67:14." <br><br> [Dkt. 130-1, AMF No. 11 & Supporting Evidence.] | Misstates evidence. *See generally* F.R.E. 403. <br><br> Lacks foundation. F.R.E. 403. | Sustained ____ <br><br> Overruled ____ |
| 6. "Ms. Lopez remained on scene for the duration of the Incident, pleading with the officers to allow her to speak to her son. <br><br> Ex D – Johanna Lopez Depo. at 43:1-7, 51:25-52:25" <br><br> [Dkt. 130-1, AMF No. 12 & Supporting Evidence.] | Misstates evidence. *See generally* F.R.E. 403. <br><br> Lacks foundation. F.R.E. 403. | Sustained ____ <br><br> Overruled ____ |
| 7. "At this time at least two additional armored vehicles were brought in to further surround the vehicle. <br><br> Ex B – DOJ Scene Photos" <br><br> [Dkt. 130-1, AMF No. 14 & Supporting Evidence.] | Relevance as to Plaintiffs' Exhibit B. F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather | Sustained ____ <br><br> Overruled ____ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| | than with the 20/20 vision of hindsight."). | |
| 8. "The Defendant officers knew that when they forced Brandon out of the car that his only potential avenue of escape was through the police perimeter.<br><br>Ex E – Panov BWC at 22:15-24:20, 27:30-28:00"<br><br>[Dkt. 130-1, AMF No. 16 & Supporting Evidence.] | Conclusory unsupported opinion. F.R.E. 701.<br><br>Lacks foundation. F.R.E. 403.<br><br>Speculation. F.R.E. 701.<br><br>Relevance.  F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). | Sustained ____<br><br>Overruled ____ |
| 9. "The Defendant officers also discussed the terrain of the construction zone and knew that it would force Brandon to zigzag to avoid the obstacles.<br><br>Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40"<br><br>[Dkt. 130-1, AMF No. 17 & Supporting Evidence.] | Conclusory unsupported opinion. F.R.E. 701.<br><br>Lacks foundation. F.R.E. 403.<br><br>Speculation. F.R.E. 701.<br><br>Relevance.  F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). | Sustained ____<br><br>Overruled ____ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| 10. "The Defendants knew that these could be potential problems regardless of whether Brandon was armed, thus the plan was for less lethal to begin firing to subdue Brandon before he reached the perimeter to avoid the use of lethal force.<br><br>Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40"<br><br>[Dkt. 130-1, AMF No. 18 & Supporting Evidence.] | Conclusory unsupported opinion. F.R.E. 701.<br><br>Lacks foundation. F.R.E. 403.<br><br>Speculation. F.R.E. 701.<br><br>Relevance.  F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). | Sustained ____<br><br>Overruled ____ |
| 11. "Law enforcement also planned to deploy the police service dog off lead if he approached the perimeter to ensure the officers could safely take Brandon into custody.<br><br>Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40"<br><br>[Dkt. 130-1, AMF No. 19 & Supporting Evidence.] | Speculation. F.R.E. 701.<br><br>Relevance.  F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). | Sustained ____<br><br>Overruled ____ |
| 12. "Lethal force was designated as cover.<br><br>Ex E – Panov BWC at 22:15-24:20, 27:30-28:00, 33:50-34:40" | Relevance.  F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather | Sustained ____<br><br>Overruled ____ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| [Dkt. 130-1, AMF No. 20 & Supporting Evidence.] | than with the 20/20 vision of hindsight."). | |
| 13. "In addition to lethal cover, the less lethal 40 mm launcher, police service dog, and a ballistic shield were staged with the Defendant Officer, hidden behind one of the armored vehicles.<br><br>Ex A – CAD Report<br><br>Ex E – Panov BWC at 24:30-25:15, 1:15:00<br><br>Ex F – Delgado BWC at 02:30-03:00"<br><br>[Dkt. 130-1, AMF No. 24 & Supporting Evidence.] | Conclusory unsupported opinion. F.R.E. 701.<br><br>Lacks foundation. F.R.E. 403.<br><br>Speculation. F.R.E. 701.<br><br>Relevance.  F.R.E. 401-402; *Forrester v. City of San Diego*, 25 F.3d 804, 807-08 (9th Cir. 1994) (police officers "are not required to use the least intrusive degree of force possible"); *Bryan v. MacPherson*, 630 F.3d 805, 813 (9th Cir. 2015). | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |
| 14. "There were no exigent circumstances or other legitimate law enforcement objectives that required the removal of Brandon at that time.<br><br>Ex A – CAD Report, generally<br><br>Ex E – Panov BWC at 0:00:00-1:18:00<br><br>Ex F – Delgado BWC at 00:00-55:00<br><br>Ex G – Weber BWC at 0:00:00-1:40:00" | Conclusory unsupported opinion.  F.R.E. 702.<br><br>Argumentative.<br><br>Lacks foundation. F.R.E. 403.<br><br>Speculation. F.R.E. 701. | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| [Dkt. 130-1, AMF No. 27 & Supporting Evidence.] | | |
| 15. "In fact, the Defendant Officers had been hiding behind the armored vehicle for almost an hour prior to shots being fired and no assaultive or threatening behavior by Brandon was reported or observed.  By forcing Brandon out of the car, the Defendants forced an unnecessary confrontation and escalated the situation.<br><br>Ex A – CAD Report, generally<br><br>Ex E – Panov BWC at 0:00:00-1:18:00<br><br>Ex F – Delgado BWC at 00:00-55:00<br><br>Ex G – Weber BWC at 0:00:00-1:40:00"<br><br>[Dkt. 130-1, AMF No. 28 & Supporting Evidence.] | Relevance.  F.R.E. 401-403.<br><br>Conclusory unsupported opinion.  F.R.E. 702.<br><br>Argumentative.<br><br>Lacks foundation. F.R.E. 403.<br><br>Speculation. F.R.E. 701. | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |
| 16. "Moreover, it was clear that Brandon was in crisis as he was seen crying in the vehicle.<br><br>Ex A – CAD Report at p.21"<br><br>[Dkt. 130-1, AMF No. 29 & Supporting Evidence.] | Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403.<br><br>Conclusory unsupported opinion.  F.R.E. 702.<br><br>Speculation. F.R.E. 701. | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| 17. "Brandon exited his vehicle holding only a small bag containing a plastic water bottle held down at his side.<br><br>Ex C – Evidence Report<br><br>Ex E – Panov BWC at 1:18:07-18:11<br><br>Ex F – Delgado BWC at 54:28-54:35<br><br>Ex G – Weber BWC at 1:38:46-1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")"<br><br>[Dkt. 130-1, AMF No. 30 & Supporting Evidence.] | Relevance.  F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of hindsight.").  At the time of the incident, the Anaheim Officer Defendants did not know that Mr. Lopez was not armed, in fact, it had been expressly reported to them that Mr. Lopez *was armed*. | Sustained ____<br><br>Overruled ____ |
| 18. "As Brandon exited, he began to jog in a line parallel to where the Defendant Officers were standing.<br><br>Ex E – Panov BWC at 1:18:07-18:11. | Invades the province of the finder of fact.  *See A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *6 (S.D. Cal. July 31, 2020); *Zeen v. Cnty. of Sonoma*, 2018 U.S. Dist. LEXIS | Sustained ____<br><br>Overruled ____ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46- 1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")"<br><br>[Dkt. 130-1, AMF No. 31 & Supporting Evidence.] | 13744, at *5-6 (N.D. Cal. Aug. 9, 2018).<br><br>Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403.<br><br>Conclusory unsupported opinion. F.R.E. 702. | |
| 19. "The Defendant Officers were still hidden behind an armored vehicle and there were several bright lights pointing directly at Brandon, obfuscating their location.<br><br>Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46- 1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body | Invades the province of the finder of fact. *See A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *6 (S.D. Cal. July 31, 2020); *Zeen v. Cnty. of Sonoma*, 2018 U.S. Dist. LEXIS 13744, at *5-6 (N.D. Cal. Aug. 9, 2018).<br><br>Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403.<br><br>Conclusory unsupported opinion. F.R.E. 702. | Sustained ____<br><br>Overruled ____ |

| | Evidence | Objection | Court's Ruling |
|---|---|---|---|
| 1 | | | |
| 2-11 | Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")"<br><br>[Dkt. 130-1, AMF No. 32 & Supporting Evidence.] | Speculation. F.R.E. 701. | |
| 12-28 | 20. "As Brandon moved forward, he was not looking in the direction of Defendant Officers.<br><br>Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46- 1:38:55<br><br>Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames")<br><br>Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames")<br><br>Exhibit J – Still Frames from Defendant Weber's Body | Invades the province of the finder of fact. *See A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *6 (S.D. Cal. July 31, 2020); *Zeen v. Cnty. of Sonoma*, 2018 U.S. Dist. LEXIS 13744, at *5-6 (N.D. Cal. Aug. 9, 2018).<br><br>Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403.<br><br>Conclusory unsupported opinion. F.R.E. 702.<br><br>Speculation. F.R.E. 701. | Sustained ____<br><br>Overruled ____ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| Worn Camera (hereinafter "Weber BWC Still Frames")" [Dkt. 130-1, AMF No. 34 & Supporting Evidence.] | | |
| 21. "When Brandon did look towards the lights, his hands were down by his side, moving only with the natural movement of his body. Ex E – Panov BWC at 1:18:07-18:11. Ex F – Delgado BWC at 54:28-54:35. Ex G – Weber BWC at 1:38:46- 1:38:55 Exhibit H – Still Frames from Defendant Panov's Body Worn Camera (hereinafter "Panov BWC Still Frames") Exhibit I – Still Frames from Defendant Delgado's Body Worn Camera (hereinafter "Delgado BWC Still Frames") Exhibit J – Still Frames from Defendant Weber's Body Worn Camera (hereinafter "Weber BWC Still Frames")" [Dkt. 130-1, AMF No. 35 & Supporting Evidence.] | Invades the province of the finder of fact.  *See A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *6 (S.D. Cal. July 31, 2020); *Zeen v. Cnty. of Sonoma,* 2018 U.S. Dist. LEXIS 13744, at *5-6 (N.D. Cal. Aug. 9, 2018).  Misstates evidence.  *See generally* F.R.E. 403.  Lacks foundation. F.R.E. 403.  Conclusory unsupported opinion.  F.R.E. 702.  Speculation. F.R.E. 701. | Sustained \_\_\_\_  Overruled \_\_\_\_ |
| 22. "As Brandon crossed the tracks on the ground, his path of travel was blocked by a car | Invades the province of the finder of fact. *See A.B. v. Cty. of San Diego*, 2020 U.S. | Sustained \_\_\_\_ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| and construction equipment, thus he changed direction slightly to attempt to run past the car and toward the open street.<br><br>Ex E – Panov BWC at 1:18:07-18:11<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46- 1:38:55"<br><br>[Dkt. 130-1, AMF No. 36 & Supporting Evidence.] | Dist. LEXIS 136760, at *6 (S.D. Cal. July 31, 2020); *Zeen v. Cnty. of Sonoma,* 2018 U.S. Dist. LEXIS 13744, at *5-6 (N.D. Cal. Aug. 9, 2018).<br><br>Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403.<br><br>Conclusory unsupported opinion. F.R.E. 702.<br><br>Speculation. F.R.E. 701. | Overruled \_\_\_\_ |
| 23. "He was not running at the officers, lunging, nor making aggressive movements towards anyone. Brandon never raised, swung, or pointed the bag at anyone.<br><br>Ex E – Panov BWC at 1:18:07-18:11.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46- 1:38:55."<br><br>[Dkt. 130-1, AMF No. 37 & Supporting Evidence.] | Invades the province of the finder of fact. *See A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *6 (S.D. Cal. July 31, 2020); *Zeen v. Cnty. of Sonoma,* 2018 U.S. Dist. LEXIS 13744, at *5-6 (N.D. Cal. Aug. 9, 2018).<br><br>Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403.<br><br>Conclusory unsupported opinion. F.R.E. 702.<br><br>Speculation. F.R.E. 701. | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |
| 24. "Despite Brandon not presenting an immediate threat that would justify the use of deadly force, the defendants | Relevance. F.R.E. 401-402; *Forrester v. City of San Diego*, 25 F.3d 804, 807-08 (9th Cir. 1994) (police | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| failed to follow their plan to use less lethal force first and did not utilize any of the options available to them.<br><br>Ex E – Panov BWC at 1:18:07-18:12.<br><br>Ex F – Delgado BWC at 54:28-54:35."<br><br>[Dkt. 130-1, AMF No. 38 & Supporting Evidence.] | officers "are not required to use the least intrusive degree of force possible"); *Bryan v. MacPherson*, 630 F.3d 805, 813 (9th Cir. 2015).<br><br>Conclusory unsupported opinion. F.R.E. 702.<br><br>Argumentative. | |
| 25. "Brandon immediately started falling when the first shot struck him and hit the ground unresponsive, still, and bleeding profusely.<br><br>Ex E – Panov BWC at 1:18:07-18:14.<br><br>Ex F – Delgado BWC at 54:28-54:35.<br><br>Ex G – Weber BWC at 1:38:46- 1:38:55."<br><br>[Dkt. 130-1, AMF No. 40 & Supporting Evidence.] | Misstates evidence. *See generally* F.R.E. 403.<br><br>Lacks foundation. F.R.E. 403.<br><br>Conclusory unsupported opinion. F.R.E. 702. | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |
| 26. "Brandon, who was unarmed during the entire incident, was shot in the back four times, the right side eight times, the chest six times, and the right arm, hand, and shoulder area twelve times, for a total of at least 30 gunshot wounds.<br><br>Ex C – Evidence Report. | Relevance. F.R.E. 401-403; *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). At the time of the incident, the Anaheim | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |

| Evidence | Objection | Court's Ruling |
|---|---|---|
| Exhibit K – Autopsy Report 17-19"<br><br>[Dkt. 130-1, AMF No. 43 & Supporting Evidence.] | Officer Defendants did not know that Mr. Lopez was not armed, in fact, it had been expressly reported to them that Mr. Lopez *was armed*. | |
| 27. "Ms. Lopez was still standing approximately one block away when her son was shot. Ms. Lopez heard both the flashbang explosions and the gunshots from where she stood.<br><br>Ex D – Johanna Lopez Depo at 59:23-62:24"<br><br>[Dkt. 130-1, AMF No. 44 & Supporting Evidence.] | Misstates evidence. *See generally* F.R.E. 403. | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |
| 28. "Ms. Lopez thereafter heard the gunshots from the intersection.<br><br>Ex D – Johanna Lopez Depo at 61:16-62:8"<br><br>[Dkt. 130-1, AMF No. 46 & Supporting Evidence.] | Misstates evidence. *See generally* F.R.E. 403. | Sustained \_\_\_\_<br><br>Overruled \_\_\_\_ |

**IT IS SO ORDERED**

DATED: _____, 2024

By: _____
Hon. James V. Selna
U.S. DISTRICT COURT JUDGE