**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
　E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
　E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
　E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
　E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF ANAHAIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10,<br><br>　　　　Defendants. | Case No. 8:22-cv-1351-JVS-ADS<br>[*Hon. James V. Selna, Dist. Judge*; *Hon. Autmn D. Spaeth*, *M. Judge*]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE UNDISCLOSED EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37; REQUEST FOR NON-MONETARY SANCTIONS AGAINST ALL DEFENDANTS**<br><br>*Filed Concurrently With Declaration of Abigail J.R. McLaughlin; Exhibits*<br><br>Date:　August 19, 2024<br>Time:　1:30 p.m.<br>Crtrm.:　10C<br><br>FPTC:　　　September 9, 2024<br>Trial Date:　September 17, 2024 |

143694480.1

DEFTS.' OPP. TO PLTFS.' MTN. TO STRIKE M.S.J. EXHIBITS PER FRCP 37

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

Defendants CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV ("Defendants" or "Anaheim Defendants") hereby present their Opposition to Plaintiffs ANTONIO LOPEZ and JOHANNA LOPEZ's ("Plaintiffs") Motion to Strike Previously Undisclosed Exhibits Submitted in Support of Defendants' Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 37; Request for Non-Monetary Sanctions Against All Defendants [Dkt. 135].

Of note, Plaintiffs' Motion was originally noticed for hearing on August 26, 2024 at 1:30 p.m., making Defendants' Opposition due on August 5, 2024.  However, on the date of this filing and that deadline, the Court issued, on its own Motion, an Order advancing the hearing date to August 19, 2024 at 1:30 p.m.  [Dkt. 138.] Accordingly, Defendants timely file this Opposition based on the original hearing date and will not object to Plaintiffs filing their Reply based on the original hearing date as well, making the deadline to do so August 12, 2024.



143694480.1

DEFTS.' OPP. TO PLTFS.' MTN. TO STRIKE M.S.J. EXHIBITS PER FRCP 37

# TABLE OF CONTENTS

Page

1. INTRODUCTION & SUMMARY OF THE ARGUMENT. ........................... 1

2. RELEVANT FACTUAL AND PROCEDURAL HISTORY. ......................... 1

3. DEFENDANTS ARE NOT SUBJECT TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37, THUS THERE ARE NO GROUNDS TO STRIKE THE M.S.J. EXHIBITS AND ANY REFERENCES TO THE SAME FROM THE RECORD. ............................... 4

   A. Defendants Timely Disclosed The Officer Interviews. .......................... 4

   B. Defendants Timely Supplemented Their Production As Soon As A Defect Was Brought To The Attention Of Current Counsel. ............. 5

   C. Defendant City Served Timely Objections To Requests For Production That Were Not Overruled. ...................................................... 6

   D. Sanctions Are Not Available Where, As Here, Plaintiffs Can Point To No Prejudice From The Inadvertently Delayed Production Of The Officers' Interviews. ................................................. 6

   E. Exclusion Is Too Severe A Sanction Under These Circumstances. ........................................................................................ 9

4. CONCLUSION. ............................................................................................ 10

## 1. INTRODUCTION & SUMMARY OF THE ARGUMENT.

Plaintiffs seek sanctions where none are warranted because the exhibits at issue were produced to Plaintiffs, and they have suffered no prejudice here.

First, the audio interview recordings were timely *disclosed* (but not produced) when Defendants were represented by prior counsel. Second, Defendant City of Anaheim ("Defendant City") then timely served appropriate objections to Plaintiff Antonio Lopez's requests for production for such recordings and Mr. Lopez never timely brought any discovery motion thereon (additionally, at that time, current counsel for Defendant City believed the audio recordings had been produced). Third, as part of Defendants' Motion for Summary Judgment ("MSJ"), such recordings were produced by current counsel, such that Plaintiffs had them in-hand before their opposition was due: and, once the absence of a prior production was brought to the attention of current defense counsel, current defense counsel also produced the full transcripts of those recordings. As Rule 37 sanctions are meant to penalize a *failure* to produce, not a delay in pre-trial production due to an inadvertent error that current counsel only learned of after filing the MSJ, and since Plaintiffs can point to no prejudice they have suffered in opposing the MSJ by such delayed production of the officers' interviews – particularly where (as here) Plaintiffs sought extensions of time to depose the officers and failed to notice or take such depositions, Plaintiffs' motion to strike the audio interviews should be denied.

## 2. RELEVANT FACTUAL AND PROCEDURAL HISTORY.

On October 10, 2022, when it was represented by a different law firm, Defendant City served its Initial Disclosures in this matter, which included a description of documents relevant to this matter featuring the interviews of various Anaheim Police Department ("APD") and Santa Ana Police Department officers ("SAPD") about the incident at issue in this matter in full satisfaction of the requirements of Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 26(a)(1)(A) (stating "a party must, without awaiting a discovery request, provide to the other

1 parties: . . . a copy—*or* a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ) (emphasis added). Of note, at the time of Defendant City's service of its Initial Disclosures, undersigned counsel was <u>not</u> counsel of record.[1] [McLaughlin Decl., ¶2, Exh. A.]

On November 17, 2023, Plaintiff Antonio Lopez propounded his Request for production of Documents, Set One on Defendant City – which included requests for interview recordings that arguably embrace the eleven officer audio interviews at issue in Plaintiffs' motion. [McLaughlin Decl., ¶3.] On December 11, 2023, Defendant City timely provided its responses. [*Id.*, Exh. B.] However, after this service of Defendant City of Anaheim's responses, at no point did Plaintiff Antonio Lopez timely allege that there were deficiencies in the responses – such as by any meet-and-confer correspondence current defense counsel can locate, or by any discovery motion. Plaintiff Antonio Lopez never initiated a meet and confer about his purported issues with Defendant City's responses pursuant to Local Rule 37-1, nor did Plaintiff Antonio Lopez ever file a motion regarding any alleged deficiencies prior to the June 7, 2024 fact discovery cut-off or the August 12, 2024 law and motion cut-off in this matter. [*See* Dkt. 126; McLaughlin Decl., ¶4.]

On January 17, 2024, Defendant City of Anaheim *supplemented* its initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1), as Defendant City was disclosing/identifying two *additional* items that Plaintiffs had informed Defendant

---

[1] However, current defense counsel are familiar with the procedures for the prior counsel of record, having worked at that law firm before, and we would normally expect that production of Rule 26 disclosed incident-related documents would follow shortly after entry of the operative protective order in the case. Nevertheless, since none of Defendants' current counsel worked at the prior firm while it was still attorney for Defendants, we cannot say why the normal disclosure-production procedure was not followed here.



143694480.1

2

DEFTS.' OPP. TO PLTFS.' MTN. TO STRIKE M.S.J. EXHIBITS PER FRCP 37

1 City that had not been previously produced. [McLaughlin Decl., ¶5, Exh. C.] This supplemental disclosure also identified items that were previously disclosed with Defendant City's responses to requests for production for clarity. [*Id.*]

On July 15, 2024, Defendants filed and served their MSJ, which included, as part of Defendants' Notice of Lodging, overnight delivery of the officer interview audio recordings now at issue. [McLaughlin Decl., ¶6; Exh. D.]

On July 17, 2024, two days after Defendants filed their MSJ and provided Plaintiffs with a USB with all video and audio exhibits used in support of Defendants' MSJ, Plaintiffs requested that Defendants provide the complete copies of the interview and video transcripts used by Defendants in support of their MSJ. [McLaughlin Decl., ¶7, Exh. E.] At that time, defense counsel believed that all such documents in support of Defendants' MSJ had been identified and/or already provided to Plaintiffs, but stated Defendants would look into the issue and provide the same. [*Id.*] On July 18, 2024, for the first time, Plaintiffs informed Defendants that the audio-recorded interviews listed on Defendant City of Anaheim's Initial Disclosures had never been produced to Plaintiffs and that they would be bringing the subject Motion to Strike. [*Id.*] That same day, Defendants provided a link to the complete copies of the interview and video transcripts used by Defendants in support of their MSJ, along with lengthy correspondence explaining that Defendants had not violated Federal Rule of Civil Procedure 37 and that Defendants' MSJ exhibits were not subject to striking. [McLaughlin Decl., ¶8, Exh. F; *id.*, Exh. E.]

As stated by Plaintiffs in their Motion, the Parties then complied with Local Rule 7-3 by meeting and conferring via telephone. Unfortunately, an agreement could not be reached to avoid the subject Motion and Defendants' opposition thereto. [McLaughlin Decl., ¶9.]

///

///

///

## 3. DEFENDANTS ARE NOT SUBJECT TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37, THUS THERE ARE NO GROUNDS TO STRIKE THE M.S.J. EXHIBITS AND ANY REFERENCES TO THE SAME FROM THE RECORD.

Federal Rule of Civil Procedure 37(c)(1) states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Under Federal Rule of Civil Procedure 26(a), parties are required to make initial disclosures, which include "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" Per Federal Rule of Civil Procedure 26(e), a party must supplement these initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and the additional or corrective information has not otherwise been made known to the other parties during the discovery response or in writing[.]"

Notably, Rule 26 is about *disclosure*, *not* production.

### A. Defendants Timely Disclosed The Officer Interviews.

As Plaintiffs admit in their Motion, Defendants were in compliance with Federal Rule of Civil Procedure 26(a) when they identified the officer interviews in their Initial Disclosures. [Dkt. 135 at 5:23-24.] Specifically, these Initial Disclosures provided a description of identified documents relevant to this matter, including, but not limited to: (1) Interview of APD Inv. Ricky Reynoso; (2) Interview of APD Officer Brandon Mullins; (3) Interview of SAPD Officer Kenny Aguilar; (4) Interview of APD Officer Nelson Menendez; (5) Interview of APD Officer James Lopez; (6) Interview of SAPD Corporal Luis Galeana; (7) Interview of SAPD Officer Sergio Martinez; (8) Interview of Officer Panov by Special Agents Estrada and Cryar;

(9) Interview of Officer Weber by Special Agents Estrada and Carlos; (10) Interview of Officer Delegado by Special Agents Cryar and Carlos; and (11) Interview of Officer Heitmann by Special Agents Black and Estrada. [*See* Exh. A.]

Nevertheless, Plaintiffs erroneously and incongruously argue that Defendants were not in compliance with Federal Rules of Civil Procedure 26(e) and 34. As an initial matter, there was no need for Defendants to supplement their disclosures where the exhibits at issue had already been identified in Defendant City of Anaheim's supplemental disclosures.

### B. Defendants Timely Supplemented Their Production As Soon As A Defect Was Brought To The Attention Of Current Counsel.

Moreover, even if a supplement was required, Defendants timely supplemented their initial disclosures with production: on July 18, 2024, when Plaintiffs informed Defendants that certain MSJ exhibits had not been produced during discovery, which Defendants learned *for the first time*. [McLaughlin Decl., ¶¶7-8, Exh. E.] At that time, Defendants had *already* produced the audio interview *recordings* that Plaintiffs stated they were lacking via USB on July 15, 2024 and then immediately produced the *transcripts* of these audio interviews on July 18, 2024.[2] [*Id.*]

Thus, to the extent that Rule 26(e) could be construed as supporting production rather than just disclosure (it does not), then Defendants satisfied their obligations under Federal Rule of Civil Procedure 26(e) when, immediately after discovering the lack of production of the officer interviews, Defendants ensured such production occurred (and, in fact, such had already occurred).

///

///

---

[2] Though, in regards to the transcripts, Defendants note such were being provided for the ease of the Court and the Parties, as the audio interviews themselves are the best evidence of the interviews of law enforcement officers regarding the incident at issue in this matter.



## C. Defendant City Served Timely Objections To Requests For Production That Were Not Overruled.

Further, Defendant City's Responses to Plaintiff Antonio Lopez's Responses to Requests for Production ("RFP"), Set One were also in compliance with Federal Rule of Civil Procedure 34. Under Federal Rule of Civil Procedure 34, "the response must *either* state that inspection and related activities will be permitted as requested *or* state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). Thus, Defendant City was in compliance with Federal Rule of Civil Procedure 34 when it responded to Plaintiff Antonio Lopez's Responses to Requests for Production with specific objections. [*See* Exh. B.] At no time prior to the meet and confer on the subject Motion did Plaintiff Antonio Lopez take issue with these responses, even though, from Defendant City of Anaheim's Initial Disclosures, Plaintiffs were on notice that responsive documents existed (though, at that time, Defendants erroneously believed such had already been produced by prior counsel). [McLaughlin Decl., ¶¶4, 7.] In other words, by serving valid objections to the RFP, and because Plaintiffs never timely sought a Court order overruling those objections before discovery closed, Defendant City was not yet obligated to produce the interviews at issue.

Accordingly, because Defendants are not in violation of their discovery obligations, there is no basis for Plaintiffs' request for sanctions under Federal Rule of Civil Procedure 37(c)(1) and Plaintiffs' motion for the same must be denied.

## D. Sanctions Are Not Available Where, As Here, Plaintiffs Can Point To No Prejudice From The Inadvertently Delayed Production Of The Officers' Interviews.

Even assuming *arguendo* that Defendants were not in compliance with their discovery obligations, as stated above, when determining if sanctions are warranted under Federal Rule of Civil Procedure 37, if the failure to disclose "was substantially justified or is harmless," sanctions are not appropriate. Fed. R. Civ. P. 37(c)(1).

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

Moreover, "evidence preclusion [under Rule 37(c)(1)] is a 'harsh[]' sanction," *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012), and "[e]xclusion . . . [is] not a foregone conclusion [even] if a substantial justification or harmlessness have not been established," *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017).

First, Plaintiffs were not prejudiced by surprise from Defendants' exhibits in support of MSJ. Plaintiffs were on notice beginning on October 10, 2022 that these interviews existed via Defendant City of Anaheim's Initial Disclosures and could have brought up the lack of the production of the same after Defendant City's timely and proper service of its Responses to Plaintiff Antonio Lopez's Requests for Production, Set One. [*See* Exh. A.] Indeed, such evidence is typical of an investigation to an officer involved shooting incident such as this one. Thus, Plaintiffs cannot claim that the existence or late production was a surprise that prejudiced Plaintiffs; and this factor thus fails to support sanctions here.

Moreover, Plaintiffs fail to explain how lack of the officer interview audio recordings before the date the MSJ was filed created any meaningful prejudice for them. The interviews were produced on the same day the MSJ was filed. [Exh. D.] Even if Plaintiffs failed to obtain any deposition testimony (which they did), Plaintiffs could not know whether the audio interviews figured into any potential MSJ opposition need until after Plaintiffs were served with the MSJ itself. While being unfamiliar with the interview contents theoretically presents some prejudice,

Plaintiffs are not without fault in creating such prejudice by failing to seek the interviews sooner and/or by deposing the officers before the discovery cut-off: neither of which were undertaken by Plaintiffs.

Second, any prejudice here was cured by Defendants' timely production of the interviews on the MSJ filing date, and production of transcripts thereof two days later: plenty to time to use such in preparation of Plaintiff's Opposition to MSJ. [*See* Exh. D, E.] Moreover, Plaintiffs could have cured any such prejudice earlier by either bringing a motion to compel production of the interviews or by deposing the officers: neither of which Plaintiffs bothered to do, even with the many-times-extended discovery deadlines. Yet, other than serving RFP, which Defendant City timely and appropriately answered, Plaintiffs slept on their rights rather than take action. [*See* McLaughlin Decl., ¶4.] This factor thus also fails to support sanctions here.

Third, the delayed production of the interviews poses no risk to disrupting trial here that is still months away: where the issue is a delay affecting MSJ, and Plaintiffs has not made any credible contention to the contrary. In fact, these interviews are likely to not even be necessary at trial (beyond purposes of impeachment): as those witnesses would be testifying live in court, not having their interview played. This factor thus also fails to support sanctions.

Fourth, there is no *evidence* here of a bad faith or willful delay in producing the officer interviews.[3] Neither current defense counsel, nor Defendants, were aware that the disclosures that referenced the officer audio interviews had not resulted in production thereof; and, immediately upon receiving a report that such was the case, current defense counsel cured any such defect by timely production in response to the notice thereof. [McLaughlin Decl. ¶7.]

---

[3] Plaintiffs' unsupported allegations of Defendants' gamesmanship in this matter are a red herring to distract from the fact that Plaintiffs failed to work up their case prior to Defendant's Motion for Summary Judgment are stuck with the evidence they have, which necessarily includes the at-issue interviews.



It is undisputed that Plaintiffs were able to timely oppose Defendants' MSJ. Additionally, the mere existence of these interviews do not change anything that the Parties did not already know, as demonstrated by Plaintiffs' lack of disputes with Defendant's Separate Statement of Undisputed Fact filed in support of Defendant's MSJ based on Defendant's citation to the evidence, including the subject audio interviews. [*See generally* Dkt. 136-1.]

### E. Exclusion Is Too Severe A Sanction Under These Circumstances.

If this Court finds that Defendants are subject to sanctions under Federal Rule of Civil Procedure 37(c)(1) (which it should not), Plaintiffs' requested evidentiary sanction is still too particularly harsh, as it would effectively eliminate the majority of the evidence in support of Defendants' MSJ – as such interviews are the only officer statements about the incident where Plaintiffs failed to depose any law enforcement officers, including Defendants, about the at-issue incident. *R&R Sails, Inc.*, 673 F.3d at 1247. Indeed, given the extremity of Plaintiffs' request, it is more than apparent that the only gamesmanship to found here is on Plaintiffs' side: where Plaintiffs seek to exaggerate a technicality into a disingenuous MSJ-gutting weapon.

The gamesmanship of Plaintiffs' overreach is clear. By sleeping on Plaintiffs' rights – failing to follow up on reportedly unproduced officer interviews, failing to bring the associated discovery motion, failing to take depositions – and then by sand-bagging the defense and bringing up this delayed production as though it were a non-production that impaired Plaintiffs' ability to oppose the MSJ – when it does not – Plaintiff seeks to exploit the unavoidable gaps that come when a public entity client elects to replace its defense counsel: and the new counsel is unaware, because such was not adequately (or, here, at all) documented in the case file, of any lack of production. Notably, Plaintiffs does not expressly ask for monetary sanctions, nor does Plaintiffs ask for more time to oppose the MSJ: the reason for this is clear. Plaintiffs are not really prejudiced or injured by the delayed production here.

1     Furthermore, here, Plaintiffs have not been able to satisfy even one of the
2 threshold elements by which Rule 37 exclusionary sanctions might be justified: let
3 alone meeting all four. As such, the Court should deny Plaintiffs' motion to
4 strike/sanctions in its entirety.

**4. CONCLUSION.**

    Based on the foregoing, Defendants respectfully request that the Court deny Plaintiffs' Motion in its entirety.

DATED: August 5, 2024         LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    */s/ Abigail J.R. McLaughlin*
     DANA ALDEN FOX
     TONY M. SAIN
     TORI L. N. BAKKEN
     ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants,
CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV