# EXHIBIT A

Eugene P. Ramirez (State Bar No. 134865)
epr@manningllp.com
Craig Smith (State Bar No. 265676)
ges@manningllp.com
Anita Clark (State Bar No. 32015)
akc@manningllp.com
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Tel: (213) 624-6900 Fax: (213) 624-6999

ANAHEIM CITY ATTORNEY'S OFFICE
MOSES W. JOHNSON, IV (SBN 118769)
Assistant Attorney
E-mail: mjohnson@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants, CITY OF
ANAHEIM, JORGE CISNEROS; PAUL
DELGADO; BRETT HITMAN; KENNETH
WEBER; and CAITLIN PANOV

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNA LOPEZ, et al., | Case No.:   8:22-cv-01351-JVS-ADS |
| Plaintiffs, | **DEFENDANT CITY OF ANAHEIM'S INITIAL DISCLOSURES** |
| v. | |
| CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; Does 1-10, , | Scheduling Conf. Date:  October 17, 2022 Time:  10:30 a.m. Ctrm:  10C |
| Defendants. | Action Filed:   July 21, 2022 Trial Date:   None set |

Pursuant to FRCP 26(a)(1), Defendants, CITY OF ANAHEIM, JORGE

CISNEROS; PAUL DELGADO; BRETT HITMAN; KENNETH WEBER; and

CAITLIN PANOV, makes the following initial disclosures:

1.      Witnesses.  Defendants' witnesses are:

All Witnesses identified in APD Police Reports GO# 2021-142831 (OIS open investigation), GO#21-142757 (stolen vehicle report), Santa Ana Police Report #21-020830, OCDA OIS Investigation #21-004162 (not complete), DOJ #BI-RI2021-00030 (OIS not complete), Crime Lab FR #21-52738 and Coroner's Report #21-05765-MT, including, but not limited to:

1) Paul Delgado, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

2) Kenneth Weber, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

3) Catalin Panov, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

4) Brett Heitmann, former APD Police Officer, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

5) Jorge Cisneros, APD Chief of Police, 425. S. Harbor Blvd., Anaheim, CA 92805 (714) 765-1900

6) Garret Melberg, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

7) Phillip Vargas, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

8) Ricky Reynoso, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

9) Brandon Mullins, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

10) Ernesto Sena, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

11) Frank Ramirez, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

1       12) James Lopez, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

2   765-1900

3       13) Steve Salicos, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

4   765-1900

5       14) Michael Williams, APD, 425 S. Harbor Blvd., Anaheim, CA 92005,

6   (714) 765-1900

7       15) Curt Ledesma, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

8   765-1900

9       16) Brent Sporn, 370 S. Wilde St., Anaheim, CA 92802 (714) 240-3473

10      17) OCFA Captain/Paramedic Christopher Jaime, 120 W. Walnut St.,

11  Santa Ana, CA 92701 (714) 567-3255

12      18) Kenny Aguilar, SAPD Officer, 60 Civic Center Plaza, Santa Ana, CA

13  92701 (714) 245-8665

14      19) Nelson Menendez, SAPD Officer, 60 Civic Center Plaza, Santa Ana,

15  CA 92701 (714) 245-8665

16      20) Luis Galeana, SAPD Corporal, 60 Civic Center Plaza, Santa Ana, CA

17  92701 (714) 245-8049

18      21) Manuel Pardo, SAPD Officer, 60 Civic Center Plaza, Santa Ana, CA

19  92701 (714) 245-8049

20      22) Sergio Martinez, SAPD Officer, 60 Civic Center Plaza, Santa Ana, CA

21  92701 (714) 245-8049

22      23) Randy Lucio, 1245 W. Santa Ana Blvd., Santa Ana, CA 92703, (714)

23  542-8428

24      24) Dr. Yong-son Kim, OC Coroner's Office, 1071 W. Santa Ana Blvd.,

25  Santa Ana, CA 92703

26      25) Vanessa Havro, OC Crime Lab, 320 N. Flower St., Santa Ana, CA

27  92703 (714) 834-4510

28      26) Sharon Mae Marissa Cortez, 678 S. Breezy Way, Orange, CA 92869

1   (714) 473-2635

2       27) Alex Hernandez Cortez, 678 S. Breezy Way, Orange, CA 92869 (714)

3   814-5358

4       28) Jeff Mundy, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

5   765-1900

6       29) Jimmy Elliott, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

7   765-1900

8       30) Michael Dohmann, APD, 425 S. Harbor Blvd., Anaheim, CA 92005,

9   (714) 765-1900

10      31) Anthony McGlade, APD, 425 S. Harbor Blvd., Anaheim, CA 92005,

11  (714) 765-1900

12      32) Nathaniel Cox, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

13  765-1900

14      33) John Duran, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

15  765-1900

16      34) Mark Gell, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

17  765-1900

18      35) Jared Dewald, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

19  765-1900

20      36) Shane Spielman, APD, 425 S. Harbor Blvd., Anaheim, CA 92005,

21  (714) 765-1900

22      37) Sonia Ceniceros, 317 E. La Palma Ave. Anaheim, CA 92801 (714)

23  737-9232

24      38) Rossi Elena Ceniceros, 814 S. Dakota St. Anaheim, CA 92805 (714)

25  678-8952

26      39) Joseph Gross, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714)

27  765-1900

28      40) Antonio Lopez, Plaintiff

4

41) Johnanna Lopez, Plaintiff

42) April Rodriguez, Plaintiff

43) Rachel Perez, Plaintiff

44) Rocio Flores, Plaintiff

45) Minor Plaintiffs M.R., B.L., J.L., and S.L.

46) David Valentin, SAPD Chief of Police, 60 Civic Center Plaza, Santa Ana, CA 92701

47) Ryan Hunter, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

48) Brian Leist, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

49) Jeff Hemerson, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

50) Eric Trapp, APD, 425 S. Harbor Blvd., Anaheim, CA 92005, (714) 765-1900

51) Abelardo Oropeza, SAPD Sgt., 60 Civic Center Plaza, Santa Ana, CA 92701

52) Johnathan Hernandez, SA City Councilmember, 22 Civic Center Plaza, Santa Ana, CA 92701 (714) 647-6900

53)  All Witnesses disclosed by the Plaintiffs and Co-Defendants.

2.      Documents.  Defendants provide the following description of their documents required by FRCP 26(a)(1)(B):

The complete APD Police Report GO# 2021-142831 (OIS open investigation), GO#21-142757 (stolen vehicle report) and DOJ #BI-R!2021-00030 (OIS investigation not complete)/OCDA Investigation #21-004162 (OIS investigation not complete), will be produced to Plaintiffs' counsel once completed and a Protective Order is entered by the Court, including, but not limited to the following documents:

1)  OCDA #21-004162 (OIS Investigation, not complete)

2)  DOJ #BI-RI2021-00030 (OIS Investigation/Report, not complete)

3)  SAPD #21-020830

4)  Interview of APD Inv. Garrett Melberg

5)  Interview of APD Inv. Phil Vargas

6)  Interview of APD Inv. Ricky Reynoso

7)  Interview of OCFA Captain/Paramedic Christopher Jaime

8)  Interview of APD Officer Brandon Mullins

9)  Interview of APD Officer Ernesto Sena

10)  Interview of SAPD Officer Kenny Aguilar

11)  Interview of SAPD Officer Nelson Menendez

12)  Interview of APD Officer Frank Ramirez

13)  Interview of APD Officer James Lopez

14)  Interview of APD Officer Steve Salicos

15)  Interview of APD Officer Mike Williams

16)  Interview of SAPD Corporal Luis Galeana

17)  Interview of APD Sgt. Curt Ledesma

18)  Interview of SAPD Officer Manuel Pardo

19)  Interview of SAPD Officer Sergio Martinez

20)  Interview of witness Brentt Sporn

21)  Interview of witness Randy Lucio

22)  Black Guess bag and plastic water bottle-OC Crime Lab

23)  Handwritten Suicide Note/photo-OC Crime Lab

24)  Drug Paraphernalia-OC Crime Lab

25)  Autopsy Report by Coroner Yong-son Kim Case #21-05765-TM

26)  OC Crime Lab Reports FR#21-52851, including, but not limited to, Tox Exam Report by Forensic Scientist Vanessa Havro

27)  Autopsy Photos (194) OC Crime Lab

6

28) Post Embalming Photos (54) OC Crime Lab

29) Officer Processing Photos (108) OC Crime Lab

30) Scene Photos (117) OC Crime Lab

31) Scene Photos (289) OC Crime Lab

32) Vehicle Processing Photos (47) OC Crime Lab

33) Aerial Photos/Videos by SAPD

34) GO#21-142831 (OIS open investigation)

35) CAD 21-142831

36) GO#21-142757 (stolen vehicle report)

37) CAD 21-142757

38) APD BWC-Officers Paul J. Delgado, Catalin M. Panov, Kenneth A. Weber, and Sgt. Mundy, John Duran, James R. Elliott (Angel helicopter video), Vicent Nguyen, Ryan Hunter, James Lopez, Dale Miller, Anthony McGlade, Brandon Mullins, Ernesto J. Sena, Michael R. Dohmann, Michael Williams, Frank Ramirez, Nathaniel Cox, Randy N. Sany, Patrick Bradley, Phillip M. Vargas, Ricardo Reynoso, Lorenzo Uribe and Joseph Gross

39) Booking Photos of Brandon Lopez

40) Criminal history-Brandon Lopez, including, but not limited to, OCSC Cases 21NF0446, 20NM01327, 19WM05718 and 17NM08088 and related Warrants.

41) Critical Incident Video #21-142831: https://www.youtube.com/watch?v=iLmnmgjeHik&t=258s

42) Interview of Officer Panov by Special Agents Estrada and Cryar

43) Interview of Officer Weber by Special Agents Estrada and Carlos

44) Interview of Officer Delgado by Special Agents Cryar and Carlos

45) Interview of Officer Heitmann by Special Agents Black and Estrada

46) APD Dispatch audio

7

| | |
|---|---|
| 47) | APD Radio traffic |
| 48) | 2-Orange-3 Radio traffic audio |
| 49) | OC Crime Lab Reports FR #219-52738 |
| 50) | OnSceneTV video by Brent Sporn |
| 51) | APD GO#2021-6797 (211 PC Robbery) |
| 52) | Declaration in Support of Arrest Warrant (GO#21-6797) |
| 53) | APD GO#2021-11552 (211 PC Robbery) |
| 54) | APD GO#2021-13451 (211 PC Robbery) |
| 55) | APD GO#2021-14211 (211 PC Robbery) |
| 56) | APD GO#2020-17378 (Domestic Violence) |
| 57) | SAPD Report 2021-20827 |
| 58) | SAPD Traffic Collision Report 2021-20871 |
| 59) | SAPD CAD |
| 60) | SAPD BWC (numerous officers, including, but not limited to Sgt. Oropeza, Officers Sanudo, Hatziefstratiou, Arias). |
| 61) | SAPD Drone Photos and Videos |
| 62) | SAPD Scene Photos |
| 63) | OCFA Report Incident #21-119028 |
| 64) | All Documents disclosed by the Plaintiffs and Co-Defendants. |

3.    Damages.  None, except costs and attorney's fees.

4.    Insurance.  Defendant City of Anaheim is self-insured for $1 million.

Defendants maintain the right to supplement these disclosures to the extent new witnesses, documents and evidence may be obtained or discovered during the discovery process.  Pursuant to the Court's entry of a protective order in this action and completion of the investigations, Defendants will amend their initial disclosures and send a copy of the completed DOJ/DA's investigations and APD reports/BWCs to Plaintiffs' counsel.

Dated:  October 10, 2022         ROBERT FABELA, CITY ATTORNEY


By: _____/s/  Moses W. Johnson, IV_____
Moses W. Johnson, IV
Assistant City Attorney
Attorneys for Defendants
CITY OF ANAHEIM, JORGE
CISNEROS; PAUL DELGADO;
BRETT HITMAN; KENNETH WEBER;
and CAITLIN PANOV

146895

City of Anaheim's Initial Disclosures                    Case No. 8:22-cv-01351-JVS-ADS

## PROOF OF SERVICE
*Lopez v. City of Anaheim;*
USDC, Central Dist. Case No.: 8:22-cv-01351-JVS-ADS

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 200 S. Anaheim Boulevard, Suite 356, Anaheim, California 92805.

On October 10, 2022, I served the foregoing document described as: **DEFENDANT CITY OF ANAHEIM'S INITIAL DISCLOSURES**

on interested parties in this action by placing the original/a true copy thereof enclosed in sealed envelope(s) addressed as follows:

### SEE ATTACHED SERVICE LIST

☒    BY MAIL: As follows: I am readily familiar with the City's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice correspondence is deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Anaheim, California in the ordinary course of business. The correspondence described above was placed for deposit at 200 S. Anaheim Boulevard, Anaheim, California 92805, on the date set forth above.

☒    BY ELECTRONIC MAIL TRANSMISSION: By electronic mail submission by transmitting a PDF format copy of such document(s) to each such person at the email addresses listed. The document(s) was transmitted by electronic transmission and such transmission was reported as complete and without error.

☐    BY FACSIMILE: I caused the contents of said envelope to be delivered by facsimile transmission to the above addressee(s).

☐    BY METHOD OF OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered via Express Mail or other method of delivery providing for overnight delivery to the addressee(s) designated.

I declare under penalty of perjury that the above is true and correct.

Executed at Anaheim, California.

_____/s/   *Maria Segovia*_____
Maria Segovia

146894

## **SERVICE LIST**

*Lopez v. City of Anaheim;*
USDC, Central Dist. Case No.: 8:22-cv-01351-JVS-ADS

LAW OFFICES OF DALE K. GALIPO          *Attorneys for Plaintiffs*
Dale K. Galipo, Esq. (SBN
144074)dalekgalipo@yahoo.com
Renee V. Masongsong
Rvalentine@galipolaw.com
21800 Burbank Blvd., Ste 310
Woodland Hills, CA  91367
Tel: (818) 347-333; Fax: (818) 347-4118

Eugene P. Ramirez (State Bar No. 134865)          *Co-Counsel for Defendants*
epr@manningllp.com
Craig Smith (State Bar No. 265676)
ges@manningllp.com
Anita Clark (State Bar No. 32015)
akc@manningllp.com
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Christopher Lee, Esq.
clee@everettdorey.com
EVERETT DOREY LLP
18300 Von Karman Ave., Suite 900
Irvine, CA 92612

# EXHIBIT B

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for DEFENDANTS CITY OF ANAHEIM, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTONIO LOPEZ, individually; JOHANNA LOPEZ, individually; M.R., by and through his guardian ad litem, April Rodriguez, individually and as successor in interest to Brandon Lopez; B.L. and J.L., by and through their guardian ad litem Rachel Perez, individually and as successor in interest to Brandon Lopez; S.L., by and through his guardian ad litem, Rocio Flores, individually and as successor in interest to Brandon Lopez, | Case No. 8:22-cv-1351 [*Assigned for All Purposes to*: *Hon. James V. Selna* ] **DEFENDANT CITY OF ANAHEIM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** Non-Expert DCO:  02/16/2024 Trial Date:        05/14/2024 |
| Plaintiffs, | |
| vs. | |
| CITY OF ANAHEIM; CITY OF SANTA ANA; DAVID VALENTIN; JORGE CISNEROS; PAUL DELGADO; BRETT HEITMAN; KENNETH WEBER; CAITLIN PANOV; DOES 1-10, | |
| Defendants. | |

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  PROPOUNDING PARTY:  Plaintiff ANTONIO LOPEZ

2  RESPONDING PARTY:    Defendant CITY OF ANAHEIM

3  SET NO.:                       ONE

4      Defendant CITY OF ANAHEIM ("Defendant" or "Responding Party")

5  hereby provides its Responses to Plaintiff's Requests for Production of Documents,

6  Set One, pursuant to Rule 34 of the Federal *Rules of Civil Procedure*.

7  ## PRELIMINARY STATEMENT

8      It should be noted that Responding Party has not fully completed its

9  investigation of the facts relating to the case, has not fully completed discovery in

10 this action, and has not completed preparation for trial.  All of the responses

11 contained herein are based only upon such information and documents which are

12 presently available to and specifically known to Responding Party and disclose only

13 those contentions which presently occur to Responding Party.  It is anticipated that

14 further discovery, independent investigation, legal research, and analysis will supply

15 additional facts, add meaning to known facts, and establish entirely new factual

16 conclusions and legal contentions, all of which may lead to substantial additions to,

17 changes in, and variations from the contentions herein set forth.  The following

18 responses are given without prejudice to Responding Party's right to produce

19 evidence of any subsequently discovered fact or facts which may later develop.

20     The responses contained herein are made in a good faith effort to supply as

21 much factual information and as much specification of legal contention as is

22 presently known, but should in no way be to the prejudice of Responding Party in

23 relation to further discovery, research or analysis.

24 ## GENERAL OBJECTIONS

25     The following responses are made solely for the purposes of this action.  Each

26 response is subject to any and all objections as to competence, relevance,

27 materiality, propriety and admissibility, and any and all objections on grounds that

28 would require the exclusion of any statement or material herein, if any question

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

132349857.1                                    2

1  were asked of, or any statement or material contained herein were made by, a

2  witness present and testifying in court, all of which objections and grounds are

3  reserved and may be interposed at the time of trial.

4  / / /

5  / / /

6  / / /

7  / / /

8  / / /

9  / / /

10  / / /

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /



DEFENDANT CITY OF ANAHEIM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Produce a complete copy of ALL police reports pertaining to the arrest and/or detention of PLAINTIFF Antonio Lopez during the INCIDENT.

**RESPONSE TO REQUEST NO. 1:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 2:**

Produce a complete copy of ALL video footage, including but not limited to body worn camera footage, depicting the arrest and/or detention of PLAINTIFF Antonio Lopez during the INCIDENT.

**RESPONSE TO REQUEST NO. 2:**

OBJECTION: This request is compound as phrased. Additionally, this request

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4

calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 3:**

Produce a complete copy of ALL photographs depicting the arrest and/or detention of PLAINTIFF Antonio Lopez during the INCIDENT.

**RESPONSE TO REQUEST NO. 3:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and



1  official information privileges, the federal and California constitutional right to
2  **privacy** (as underscored and/or augmented by the statutory peace officer personnel
3  records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through
4  832.8, as well as California Evidence Code sections 1040 through 1048, and the
5  associated case law), and/or – in light of its broad phrasing so as to potentially include
6  Defendants' *attorneys*– potentially including the attorney-client privilege (including
7  but not limited to its investigative aspect) and/or the attorney work product protection.
8    Defendants incorporate by reference here each of the objections stated in the
9  General Objections section, *supra*.

10 **REQUEST NO. 4:**

11   Produce a complete copy of ALL statements and/or interviews of civilian
12 witnesses PERTAINING TO the arrest and/or detention of PLAINTIFF Antonio
13 Lopez during the INCIDENT.

14 **RESPONSE TO REQUEST NO. 4:**

15   OBJECTION: This request is compound as phrased. Additionally, this request
16 calls for documents from multiple sources, some of which would not in the
17 possession, custody, or control of the responding party. As such, this request seeks
18 documents that are equally available to the propounding party as the responding
19 party.

20   Further, as phrased, this request potentially calls for the production of
21 documents or information that are privileged from disclosure under the federal law
22 enforcement investigative privilege, the federal executive-deliberative process and
23 official information privileges, the federal and California constitutional right to
24 **privacy** (as underscored and/or augmented by the statutory peace officer personnel
25 records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through
26 832.8, as well as California Evidence Code sections 1040 through 1048, and the
27 associated case law), and/or – in light of its broad phrasing so as to potentially include
28 Defendants' *attorneys*– potentially including the attorney-client privilege (including

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  but not limited to its investigative aspect) and/or the attorney work product protection.

2      Defendants incorporate by reference here each of the objections stated in the

3  General Objections section, *supra*.

4  **REQUEST NO. 5:**

5      Produce a complete copy of ALL statements and/or interviews of civilian

6  witnesses PERTAINING TO the INCIDENT.

7  **RESPONSE TO REQUEST NO. 5:**

8      OBJECTION: This request is compound as phrased. Additionally, this request

9  calls for documents from multiple sources, some of which would not in the

10  possession, custody, or control of the responding party. As such, this request seeks

11  documents that are equally available to the propounding party as the responding

12  party.

13      Further, as phrased, this request potentially calls for the production of

14  documents or information that are privileged from disclosure under the federal law

15  enforcement investigative privilege, the federal executive-deliberative process and

16  official information privileges, the federal and California constitutional right to

17  **privacy** (as underscored and/or augmented by the statutory peace officer personnel

18  records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through

19  832.8, as well as California Evidence Code sections 1040 through 1048, and the

20  associated case law), and/or – in light of its broad phrasing so as to potentially include

21  Defendants' *attorneys*– potentially including the attorney-client privilege (including

22  but not limited to its investigative aspect) and/or the attorney work product protection.

23      Defendants incorporate by reference here each of the objections stated in the

24  General Objections section, *supra*.

25  **REQUEST NO. 6:**

26      Produce a complete copy of ALL statements and/or interviews of law

27  enforcement personnel PERTAINING TO the arrest and/or detention of

28  PLAINTIFF Antonio Lopez during the INCIDENT.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST NO. 6:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 7:**

Produce a complete copy of ALL statements and/or interviews of law enforcement personnel PERTAINING TO the INCIDENT.

**RESPONSE TO REQUEST NO. 7:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 8:**

Produce a complete copy of ALL statements and/or interviews by Defendants Paul Delgado, Brett Heitmann, Caitlin Panov, and Kenneth Weber PERTAINING TO the INCIDENT.

**RESPONSE TO REQUEST NO. 8:**

OBJECTION: This request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  associated case law), and/or – in light of its broad phrasing so as to potentially include

2  Defendants' *attorneys*– potentially including the attorney-client privilege (including

3  but not limited to its investigative aspect) and/or the attorney work product protection.

4      Defendants incorporate by reference here each of the objections stated in the

5  General Objections section, *supra*.

6  **REQUEST NO. 9:**

7      Produce a complete copy of ALL video footage taken by journalists on scene

8  during the INCIDENT.

9  **RESPONSE TO REQUEST NO. 9:**

10      OBJECTION: This request calls for documents from multiple sources, some

11  of which would not in the possession, custody, or control of the responding party.

12  As such, this request seeks documents that are equally available to the propounding

13  party as the responding party.

14      Further, as phrased, this request potentially calls for the production of

15  documents or information that are privileged from disclosure under the federal law

16  enforcement investigative privilege, the federal executive-deliberative process and

17  official information privileges, the federal and California constitutional right to

18  **privacy** (as underscored and/or augmented by the statutory peace officer personnel

19  records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through

20  832.8, as well as California Evidence Code sections 1040 through 1048, and the

21  associated case law), and/or – in light of its broad phrasing so as to potentially include

22  Defendants' *attorneys*– potentially including the attorney-client privilege (including

23  but not limited to its investigative aspect) and/or the attorney work product protection.

24      Defendants incorporate by reference here each of the objections stated in the

25  General Objections section, *supra*.

26  **REQUEST NO. 10:**

27      Produce a complete copy of ALL documents pertaining to ALL extraction

28  and/or analysis of DECEDENT's cellphone.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

132349857.1

10

DEFENDANT CITY OF ANAHEIM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

**RESPONSE TO REQUEST NO. 10:**

OBJECTION: This request is vague, ambiguous, and overbroad as phrased. Further, this request is compound as phrased. Additionally, this request calls for documents from multiple sources, some of which would not in the possession, custody, or control of the responding party. As such, this request seeks documents that are equally available to the propounding party as the responding party.

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

**REQUEST NO. 11:**

Produce a complete copy of the note addressed to DECEDENT's children found in the car DECEDENT was in during the INCIDENT.

**RESPONSE TO REQUEST NO. 11:**

OBJECTION: This request is vague, ambiguous, and overbroad as phrased. .

Further, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel

132349857.1

11

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through

2  832.8, as well as California Evidence Code sections 1040 through 1048, and the

3  associated case law), and/or – in light of its broad phrasing so as to potentially include

4  Defendants' *attorneys*– potentially including the attorney-client privilege (including

5  but not limited to its investigative aspect) and/or the attorney work product protection.

6      Defendants incorporate by reference here each of the objections stated in the

7  General Objections section, *supra*.

8

9  DATED:  December 11, 2023         LEWIS BRISBOIS BISGAARD & SMITH LLP

10

11

12                                By:  ____/ s / *Tori L.N. Bakken*____

13                                TONY M. SAIN
                                   TORI L. N. BAKKEN
14                                Attorneys for DEFENDANTS CITY OF
                                   ANAHEIM, et al.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CITY OF ANAHEIM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# FEDERAL COURT PROOF OF SERVICE
LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.
Case No. 8:22-cv-1351

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 11, 2023, I served the following document(s):  **DEFENDANT CITY OF ANAHEIM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Dale K. Galipo, Esq.
Renee V. Masongsong, Esq.
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Tel: (818) 347-3333
Fax: (818)  347-4118
dalekgalipo@yahoo.com
rvalentine@galipolaw.com

**ATTORNEYS FOR PLAINTIFFS:**
**B.L., J.L., and M.R.**

The documents were served by the following means:

☒ (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 11, 2023, at Los Angeles, California.

/s/ *Curfew F. Wilson*
_____
Curfew F. Wilson

132349857.1

1

DEFENDANT CITY OF ANAHEIM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

# EXHIBIT C

1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
   E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
   E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
   E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
   E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

2

3

4

5

6

7

8

Attorneys for Defendants,
CITY OF ANAHEIM, JORGE CISNEROS,
PAUL DELGADO, BRETT HEITMAN,
KENNETH WEBER, and CATALIN PANOV

9

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13

14   ANTONIO LOPEZ, individually;
JOHANNA LOPEZ, individually;
15   M.R., by and through his guardian ad
litem, April Rodriguez, individually and
16   as successor in interest to Brandon
Lopez; B.L. and J.L., by and through
17   their guardian ad litem Rachel Perez,
individually and as successor in interest
18   to Brandon Lopez; S.L., by and through
his guardian ad litem, Rocio Flores,
19   individually and as successor in interest
to Brandon Lopez,

20         Plaintiffs,

21      vs.

22   CITY OF ANAHEIM; CITY OF
SANTA ANA; DAVID VALENTIN;
23   JORGE CISNEROS; PAUL
DELGADO; BRETT HEITMAN;
24   KENNETH WEBER; CAITLIN
PANOV; DOES 1-10,

25         Defendants.

Case No. 8:22-cv-1351

**DEFENDANT CITY OF
ANAHEIM'S SUPPLEMENTAL
DISCLOSURE PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 26(A)(1)**

Trial Date:        Not Set

26

27

28

Defendant CITY OF ANAHEIM, JORGE CISNEROS; PAUL DELGADO;

134655531.2                                1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

BRETT HITMAN; KENNETH WEBER; and CAITLIN PANOV hereby provide these **supplemental disclosures** as required pursuant to Federal Rule of Civil Procedure 26(a)(1).

1. <u>**POTENTIAL WITNESSES.**</u>

Defendants are informed and believe that the following list represents the last known names, addresses, and telephone numbers of individuals likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings and identifying the subjects of the information, to the extent known to defendants at present.  Upon information and belief, there may be other witnesses identified in the pending criminal investigation by the California Department of Justice and, thus, such identities, if any, are not currently in possession of Defendants and will be supplemented at time the investigation is complete. Defendants reserve the right to amend and/or supplement these disclosures as discovery is ongoing.

| NO | NAME | ADDRESS | TELEPHONE | SUBJECT OF KNOWLEDGE |
|---|---|---|---|---|
| 1. | **Lopez, Antonio** | Through Counsel | Through Counsel | π |
| 2. | **Lopez, Johanna** | Through Counsel | Through Counsel | π |
| 3. | **Lopez, B.** | Through Counsel | Through Counsel | Minor π |
| 4. | **Lopez, J.** | Through Counsel | Through Counsel | Minor π |
| 5. | **Lopez, S.** | Through Counsel | Through Counsel | Minor π |
| 6. | **Flores, Rocio** | Through Counsel | Through Counsel | π |
| 7. | **Perez, Rachel** | Through Counsel | Through Counsel | Guardian Ad Litem |
| 8. | **Rodriguez, April** | Through Counsel | Through Counsel | π |

NOTE: All witnesses herein above and marked with an asterisk (*) are

**DEFENDANT CITY OF ANAHEIM'S SUPPLEMENTAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

believed to be currently employed by Defendant County of Riverside, and thus should be contacted only through the defendant's counsel of record in this action. See, Cal. R. Prof. Conduct 2-100.

**2.** **DOCUMENTS AND RECORDS**.

| NO | ITEMS 1-46 PREVIOUSLY DISCLOSED WITH DEFENDANTS' RRFP |
|---|---|
| 1. | APD Report, Stolen Vehicle-OIS, Compiled, 09/28/21 **COA 000001-12** |
| 2. | OC Crime Lab, Vehicle Examination by OC Crime Lab Doretti, B., 01/14/22 **COA 000013** |
| 3. | OC Crime Lab, Vehicle Examination by OC Crime Lab Ramirez, M., 11/24/21 **COA 000014** |
| 4. | OC Coroner, Autopsy (1), Lopez, B. by Kim, Yong-son, 09/30/21 **COA 000015-34** |
| 5. | OC Coroner, Autopsy Photographs by OC Crime Lab Flores, S., 09/30/21 **COA 000035-52** |
| 6. | OC Crime Lab, Coroner re Lopez by Yong-son, K., 09/30/21 **COA 000053** |
| 7. | OC Crime Lab, Embalming Photographs by OC Crime Lab Espenoza, S., 10/03/21 **COA 000054** |
| 8. | OC Fire, EMS by OC Fire re OIS by Compton, M., 09/30/21 **COA 000055-61** |
| 9. | OC Crime Lab, Evidence Collection at Autopsy by OC Crime Lab Zoccoli, J., 11/13/21 **COA 000062** |
| 10. | OC Crime Lab, Scene of OIS by OC Crime Lab Leon, K., 09/28/21 **COA 000063-64** |
| 11. | OC Crime Lab, Scene of OIS by OC Crime Lab Ramirez, M., 03/04/22 **COA 000065-68** |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| 12. | OC Crime Lab, Scene of OIS by OC Crime Lab Walker, S., 02/16/22 **COA 000069-72** |
| --- | --- |
| 13. | OC Crime Lab, Tox re Lopez by F.S. Havro, 12/01/21 **COA 000073** |
| 14. | OC Crime Lab, Officer Processing by OC Crime Lab Peplowski, H., 10/18/21 **COA 000074-75** |
| 15. | APD CAD Call Hardcopy re OIS Follow-Up Investigation, 09/28/21 **COA 000076-144** |
| 16. | APD CAD Call Hardcopy re OIS, 09/28/21 **COA 000145 -173** |
| 17. | Cell Phone, Collision with Bystander Vehicles, 09/28/21 **COA 000174** |
| 18. | Critical Incident Community Briefing Video, 11/12/21 **COA 000175** |
| 19. | OCSD Booking Photo of Lopez, 02/07/21 **COA 000176** |
| 20. | OCSD Photos, Additional Scene, 09/29/21 **COA 000177-293** |
| 21. | OCSD Photos, Analyst Casework **COA 000294-383** |
| 22. | OC Crime Lab Photos, Autopsy, 09/30/21 **COA 000384-577** |
| 23. | OC Crime Lab Photos, CSI Crime Scene, 09/28/21 **COA 000578-645** |
| 24. | OC Crime Lab Photos, Scene, 09/29/21 **COA 000646-721** |
| 25. | APD, Policy Manual, 09/22/21 **COA 000722-780** |
| 26. | OC Chiefs' of Police & Sheriff's Association Protocol Policy, Governing Inter City SWAT Operations #110 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4134655531.2

4

**DEFENDANT CITY OF ANAHEIM'S SUPPLEMENTAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)**

| | | COA 000781-784 |
|---|---|---|
| 27. | APD Records, Training re Delgado, P., 12/32/21 | COA 000785-793 |
| 28. | APD Records, Training re Heitmann, B., 11/20/21 | COA 000794-799 |
| 29. | APD Records, Training re Panov, C., 12/31/21 | COA 000800-806 |
| 30. | APD Records, Training re Weber, K., 11/19/21 | COA 000807-813 |
| 31. | Driver's License, Lopez, B., 02/17/15 | COA 000814 |
| 32. | Docket, Criminal Case, Warrant, 02/09/21 | COA 000815-822 |
| 33. | Docket, Criminal Case, Warrant, 02/04/20 | COA 000823-828 |
| 34. | APD Report, Prior re Armed Robbery-Business, Compiled, 01/29/21 | COA 000829-908 |
| 35. | FDP Report, Prior re Assault-Battery, Compiled, 07/19/14 | COA 000909-923 |
| 36. | APD Report, Prior re Domestic Violence, Compiled, 02/01/20 | COA 000924-953 |
| 37. | APD Report, Prior re Robbery, Compiled, 01/14/21 | COA 000954-967 |
| 38. | FPD Report, Prior re Robbery-Handgun, Compiled, 01/21/21 | COA 000968-991 |
| 39. | APD Report, Prior re Robbery-Handgun, Compiled, 01/27/21 | COA 000992-1010 |
| 40. | APD Report, Prior re Robbery-Handgun, Compiled, 01/29/21 | COA 001011-1087 |
| 41. | APD Arrest Warrant, Prior Incident, Declaration by Inv. Celello, 02/09/21 | COA 001088 |

134655531.2

5

**DEFENDANT CITY OF ANAHEIM'S SUPPLEMENTAL DISCLOSURE PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 26(A)(1)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| 42. | APD OIS & In Custody Death Investigation Online Links<br><br>**COA 001089 -1094** |
|---|---|
| 43. | APD UOF Memo re 10 Year Review of UOF Cases with Reprimands and Terminations by Lt. Starke, B., 12/07/2022<br><br>**COA 001095-1196** |
| 44. | BWC re OIS by Delgado, 09/28/21<br><br>**COA 001097** |
| 45. | BWC re OIS by Panov, C., 09/29/21<br><br>**COA 001098** |
| 46. | BWC re OIS by Weber. 09/29/21<br><br>**COA 001099** |
| *** | **NEWLY DISCLOSED ITEMS START AT 47** |
| 47. | Video BWC from Officer Patrick Bradley; 09/28/2021<br>**COA 001100** |
| 48. | Video BWC from Officer Lorenzo Uribe; 09/28/2021<br>**COA 001101** |

In addition, Defendant identifies the following categories of documents that may exist relevant to this matter.  Defendant reserves the right to amend and/or supplement these disclosures as discovery is ongoing.

1.     All reports prepared by peace officers and public safety personnel who may have been involved with the incident alleged in the operative Complaint.

2.     All reports prepared by law enforcement personnel and public safety personnel who may have investigated the incident alleged in the operative Complaint.

3.     All medical records of any plaintiff, decedent, or individual involved in the underlying incident.

4.     All pleadings filed in this matter.

5.     All answers/responses to interrogatories, requests for production of documents, and requests for admission in this matter, including all amendments

134655531.2

6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

and/or supplements thereto, and including any and all documents attached thereto.

6.      All transcripts and recordings of depositions and any document marked as an exhibit to a deposition.

7.      Reports of all parties' experts and all supporting documentation, date, video presentations, learned treatises, publications, studies, etc.

8.      Enlargements of graphs, photographs or other exhibits.

9.      All exhibits identified through future discovery including any items produced pursuant to a protective order in this matter.

10.      Documents and materials identified in the Rule 26 disclosure statements of the other parties in this case.

**3.      <u>COMPUTATION OF DAMAGES TO DISCLOSING PARTY</u>.**

At present, the Rule 26 requirement to disclose the computation of any category of damages claimed to the disclosing party does not apply to the defendants.

**4.      <u>INSURANCE</u>.**

Defendant County is insured up to a certain point per California Government Code § 990.

**5.      <u>ONGOING DISCOVERY</u>.**

Investigation and discovery by the defendants is continuing and is not yet complete.  Defendants reserve the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all witnesses, facts, and evidence, notwithstanding the absence of a reference to such witnesses, evidence, or facts within these or any disclosures.

///

///

///



1    All disclosures herein are to the best knowledge, information, and belief

2 formed after reasonable inquiry by defendants, and the defendants are informed and

3 believe that these disclosures are complete and correct as of the time made or

4 supplemented.

5

6 DATED:  January 17, 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8

9                                          By:    *Tori L.N. Bakken*
                                                 _____
10                                               TONY M. SAIN
                                                 TORI L.N. BAKKEN
11                                               Attorneys for DEFENDANTS CITY OF
                                                 ANAHEIM, et al.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT CITY OF ANAHEIM'S SUPPLEMENTAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# FEDERAL COURT PROOF OF SERVICE
## LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.
### Case No. 8:22-cv-1351

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 17, 2024, I served the following document(s):  DEFENDANT CITY OF ANAHEIM'S SUPPLEMENTAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Renee V. Masongsong, Esq.<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, CA  91367<br>Tel: (818) 347-3333<br>Fax: (818)  347-4118<br>dalekgalipo@yahoo.com<br>rvalentine@galipolaw.com | **ATTORNEYS FOR PLAINTIFFS: B.L., J.L., and M.R.** |

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 17, 2024, at Los Angeles, California.

/s/ *Curfew F. Wilson*
_____
Curfew F. Wilson

134655531.2

1

**DEFENDANT CITY OF ANAHEIM'S SUPPLEMENTAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT D

Case 8:22-cv-01351-JVS-ADS   Document 139-2   Filed 08/05/24   Page 38 of 59   Page ID
#:2483
Case 8:22-cv-01351-JVS-ADS   Document 113-4   Filed 07/15/24   Page 1 of 3   Page ID
#:2038

1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
DANA ALDEN FOX, SB# 119761
2 |   E-Mail: Dana.Fox@lewisbrisbois.com
TONY M. SAIN, SB# 251626
3 |   E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
4 |   E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
5 |   E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
6 | Los Angeles, California 90071
Telephone: 213.250.1800
7 | Facsimile: 213.250.7900

8 | Attorneys for Defendants,
CITY OF ANAHEIM, JORGE
9 | CISNEROS, PAUL DELGADO, BRETT
HEITMAN, KENNETH WEBER, and
10 | CATALIN PANOV

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 |

14 | ANTONIO LOPEZ, individually;
JOHANNA LOPEZ, individually;
15 | M.R., by and through his guardian ad
litem, April Rodriguez, individually and
16 | as successor in interest to Brandon
Lopez; B.L. and J.L., by and through
17 | their guardian ad litem Rachel Perez,
individually and as successor in interest
18 | to Brandon Lopez; S.L., by and through
his guardian ad litem, Rocio Flores,
19 | individually and as successor in interest
to Brandon Lopez,
20 |
            Plaintiffs,
21 |
        vs.
22 |
CITY OF ANAHEIM; CITY OF
23 | SANTA ANA; DAVID VALENTIN;
JORGE CISNEROS; PAUL
24 | DELGADO; BRETT HEITMAN;
KENNETH WEBER; CAITLIN
25 | PANOV; DOES 1-10,
26 |
            Defendants.

Case No. 8:22-cv-1351-JVS-ADS
[*Hon. James V. Selna, Dist. Judge; Hon.
Autumn D. Spaeth, M. Judge*]

**NOTICE OF LODGING OF NON-
PAPER EXHIBITS IN SUPPORT
OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OR
PARTIAL SUMMARY JUDGMENT**

*Filed Concurrently with Defendants'
Motion for Summary Judgment or
Partial Summary Judgment; Statement
of Undisputed Facts; Declaration of
Abigail J.R. McLaughlin; and
[Proposed] Order*

Date:      August 12, 2024
Time:      1:30 p.m.
Crtrm.:   10C

FPTC Date:        September 9, 2024
Trial Date:          September 17, 2024

27 |
28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case 8:22-cv-01351-JVS-ADS   Document 139-2   Filed 08/05/24   Page 39 of 59   Page ID
#:2484
Case 8:22-cv-01351-JVS-ADS   Document 84   Filed 07/15/24   Page 2 of 3   Page ID
#:2039

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

In accordance with C.D. Cal. Local Rules 5-4.2(b)(1) and 11-5.1, CITY OF ANAHEIM, JORGE CISNEROS, PAUL DELGADO, BRETT HEITMAN, KENNETH WEBER, and CATALIN PANOV ("Defendants") hereby lodge the following non-paper physical exhibits in support of their Motion for Summary Judgment or Partial Summary Judgment via USB:

1.    Exhibit 1: Composite Video of September 28, 2021 Incident.

2.    Exhibit 2: Audio of interview with non-party witness Anaheim Police Investigator Ricky Reynoso regarding the incident.

3.    Exhibit 3: Audio of interview with non-party witness Santa Ana Police Department Officer Kenny Aguilar regarding the incident.

4.    Exhibit 4: Non-party witness' cell phone video footage regarding the September 28, 2021 incident.

5.    Exhibit 5: Audio of interview with Defendant Sergeant Kenneth Weber regarding the incident.

6.    Exhibit 6: Audio of interview with non-party witness Santa Ana Police Department Officer Sergio Martinez regarding the incident.

7.    Exhibit 7: Audio of interview with non-party witness Santa Ana Police Department Corporal Luis Galeana regarding the incident.

8.    Exhibit 8: Audio of interview with non-party witness Santa Ana Police Department Officer Nelson Menendez regarding the incident.

9.    Exhibit 9: Audio of interview with non-party witness Anaheim Police Department Officer Brandon Mullins regarding the incident.

10.    Exhibit 10: Audio of interview with non-party witness Anaheim Police Department Officer James Lopez regarding the incident.

11.    Exhibit 11: Dispatch audio regarding the September 28, 2021 incident related to the vehicular pursuit.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

142758607.1

NTC. OF LODGING OF EXHIBITS ISO DEFTS.' MTN. FOR SUMMARY JUDGMENT

Case 8:22-cv-01351-JVS-ADS   Document 139-2   Filed 08/05/24   Page 40 of 59   Page ID
#:2485
Case 8:22-cv-01351-JVS-ADS   Document 123-4   Filed 07/15/24   Page 3 of 3   Page ID
#:2040

1      12.    Exhibit 12: Dispatch audio regarding the September 28, 2021 incident
2 related to the stand-off.

3      13.    Exhibit 13: Audio of interview with Defendant Officer Brett Heitman
4 regarding the incident.

5      14.    Exhibit 14: Audio of interview with Defendant Officer Catalin Panov
6 regarding the incident.

7      15.    Exhibit 15: Audio of interview with Defendant Officer Paul Delgado
8 regarding the incident.

9      16.    Exhibit 16: Defendant Sergeant Paul Delgado's Body Worn Camera
10 footage regarding the September 28, 2021 incident.

11      17.    Exhibit 17: Defendant Officer Catalin Panov's Body Worn Camera
12 footage regarding the September 28, 2021 incident.

13      18.    Exhibit 18: Defendant Sergeant Kenneth Weber's Body Worn Camera
14 footage regarding the September 28, 2021 incident.

15

16 DATED: July 15, 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP

17

18

19             By:     */s/ Abigail J.R. McLaughlin*
                          DANA ALDEN FOX
20                          TONY M. SAIN
21                          TORI L. N. BAKKEN
                          ABIGAIL J. R. McLAUGHLIN
22                          Attorneys for Defendants,
23                          CITY OF ANAHEIM, JORGE
                          CISNEROS, PAUL DELGADO, BRETT
24                          HEITMAN, KENNETH WEBER, and
25                          CATALIN PANOV

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FEDERAL COURT PROOF OF SERVICE**
LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.
Case No. 8:22-cv-1351

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 15, 2024, I served the following document(s):  **NOTICE OF LODING OF NON-PAPER EXHIBITS IN SUPPORT OF DEFENDANT'S' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒     (BY OVERNIGHT DELIVERY) Based on an agreement of the parties to accept service by overnight delivery, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 15, 2024, at Los Angeles, California.

*Curfew F. Wilson*
Curfew F. Wilson

1

**SERVICE LIST**
**LOPEZ, ANTONIO, et al. v. CITY OF ANAHEIM, et al.**
**Case No. 8:22-cv-1351**

2

3   BURRIS, NISENBAUM, CURRY &           **ATTORNEYS FOR PLAINTIFFS:**
    LACY **LLP**                           Antonio Lopez, Johanna Lopez, & S.L. by
4   DEWITT M. LACY, Esq. (SBN 258789)    and through his guardian ad litem
    JULIA N. QUESADA, Esq. (SBN          Rocio Flores
5   337872)
    LENA P. ANDREWS, Esq. (SBN
6   342471)
    9701 Wilshire Blvd., Suite 1000
7   Beverly Hills, California 90212
    Telephone: (310) 601-7070
8   Facsimile: (510) 839-3882
    dewitt@bncllaw.com
9   julia.quesada@bncllaw.com
    lena.andrews@bncllaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT E

## McLaughlin, Abigail

| | |
|---|---|
| **From:** | McLaughlin, Abigail |
| **Sent:** | Thursday, July 18, 2024 4:42 PM |
| **To:** | Lena Andrews |
| **Cc:** | Sain, Tony; Bakken, Tori; Irvin Aguirre; Julia Quesada; DeWitt Lacy |
| **Subject:** | RE: Lopez (PC) M&C re Plaintiffs' Motion to Strike MSJ Exhibits |

My direct line is (213) 358-6001.  Talk to you then.

**Abigail J. R. McLaughlin** (She/Her)
**Partner**
Los Angeles
213.358.6001 or x2136001

**From:** Lena Andrews <lena.andrews@bncllaw.com>
**Sent:** Thursday, July 18, 2024 4:40 PM
**To:** McLaughlin, Abigail <Abigail.McLaughlin@lewisbrisbois.com>
**Cc:** Sain, Tony <Tony.Sain@lewisbrisbois.com>; Bakken, Tori <Tori.Bakken@lewisbrisbois.com>; Irvin Aguirre
<irvin.aguirre@bncllaw.com>; Julia Quesada <julia.quesada@bncllaw.com>; DeWitt Lacy <dewitt@bncllaw.com>
**Subject:** Re: Lopez (PC) M&C re Plaintiffs' Motion to Strike MSJ Exhibits

> EXTERNAL

I can be available at 10:30 am tomorrow. What is the best number for me to reach you at?

Regards,

Lena P. Andrews
*Attorney*



**Burris, Nisenbaum, Curry and Lacy LLP**

9701 Wilshire Blvd., Suite 1000

Beverly Hills, CA 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
Website: www.johnburrislaw.com

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and
may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any
action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability.

If you received this communication in error, please contact us immediately at (310) 601-7070, and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

On Thu, Jul 18, 2024 at 3:42 PM McLaughlin, Abigail <Abigail.McLaughlin@lewisbrisbois.com> wrote:

Good afternoon:

Please see the attached correspondence regarding the below.  Additionally, below is the box.com link and password referenced in the correspondence.

While the correspondence includes this, for ease, I am available from 9 a.m. to 11 a.m. tomorrow for a meet and confer.  If this does not work for you, please coordinate with Tori Bakken regarding availability on Monday, as I will be out of the office starting Monday for several days.

Link: https://lewisbrisbois.box.com/s/4r7y1qmqi93rxgcx5pqnhlt2in4emjn0

The link will expire on Aug 17, 2024 and cannot be extended or renewed.  The link is password protected.  It is imperative that the link and password be transmitted in separate e-mails, and that the two attached Box instructional guides be provided when sending your email.

Password:  TE1XNWsO0Eemtu4U

Best,

Abigail



**Abigail J. R. McLaughlin** (She/Her)
**Partner**
**Abigail.McLaughlin@lewisbrisbois.com**

**T: 213.358.6001 F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Lena Andrews <lena.andrews@bncllaw.com>
**Sent:** Thursday, July 18, 2024 11:34 AM
**To:** McLaughlin, Abigail <Abigail.McLaughlin@lewisbrisbois.com>; Sain, Tony <Tony.Sain@lewisbrisbois.com>; Bakken, Tori <Tori.Bakken@lewisbrisbois.com>
**Cc:** Irvin Aguirre <irvin.aguirre@bncllaw.com>; Julia Quesada <julia.quesada@bncllaw.com>; DeWitt Lacy <dewitt@bncllaw.com>
**Subject:** Re: Lopez - Word Copy of 129-1

EXTERNAL

Good morning:

I am writing to request to meet and confer regarding a motion to strike certain exhibits used in support of Defendants' MSJ on the grounds that the exhibits were never produced during discovery and thus are inadmissible under Rule 37(c). In particular, I have no record of Ex 2 (Reynoso Interview), Ex 3 (Aguilar Interview), Ex 5 (Weber Interview), Ex 6 (Martinez  Interview), Ex 7 (Galeana Interview), Ex 8 (Menendez Interview), Ex 9 (Mullins Interview), Ex 10 (James Lopez Interview), Ex 12 (Heitman Interview), Ex 14 (Panov Interview), Ex 15 (Delgado Interview), or any of the accompanying transcripts (Ex 19-29) being produced during discovery despite specific discovery requests requesting all law enforcement interviews.

Though Defendant identified the interviews in its initial disclosures, no documents were produced with Defendants' initial disclosures. Thereafter, Defendants propounded COA 1-1099 in response to Plaintiffs' RFPDS. None of the interviews used by Defendants as Exhibits were contained in the disclosure. Thereafter Plaintiff Antonio Lopez propounded his first set RFPDs requesting specifically  "a complete copy of ALL statements

3

and/or interviews of law enforcement personnel PERTAINING TO THE INCIDENT" (RFPD no. 7) and "a complete copy of ALL statements and/or interviews by Defendants Paul Delgado, Brett Heitmann, Caitlin Panov, and Kenneth Weber PERTAINING TO the INCIDENT" (RFPD no 8). Defendant City propounded only objections, produced no interviews, and did not state that the interviews had already been produced in discovery. Finally, on January 17, 2024, Defendant City propounded a supplemental disclosure listing all of the documents produced by the City thus far. Again, None of the interviews used by Defendants as Exhibits were listed or contained in that disclosure. In addition, I have no other record of these interviews and transcripts having been produced to Plaintiffs at any point during discovery.

I have also reviewed Santa Ana's disclosures and the interviews listed as exhibits do not appear there either.

Accordingly, I have no record that the interviews or their transcripts were ever produced to Plaintiffs during discovery. The interviews and transcripts cannot be admissible at trial and thus cannot be used to support a motion for summary judgment. Plaintiffs request that you file a notice of errata withdrawing all of the offending exhibits immediately. If you choose not to correct this, Plaintiff will have no choice but to move to strike all of the offending exhibits under Rule 37 and applicable California caselaw.

I am available to meet and confer today, tomorrow, and Monday at various times throughout the day. Please advise of your soonest availability so Plaintiff is not further prejudiced.

Regards,

Lena P. Andrews

*Attorney*



**Burris, Nisenbaum, Curry and Lacy LLP**

9701 Wilshire Blvd., Suite 1000

Beverly Hills, CA 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
Website: www.johnburrislaw.com

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at (310) 601-7070, and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

On Wed, Jul 17, 2024 at 4:09 PM Lena Andrews <lena.andrews@bncllaw.com> wrote:

Can you please confirm the date of production and bates stamps for Ex 2 (Reynoso Interview), Ex 3 (Aguilar Interview), Ex 5 (Weber Interview), Ex 6 (Martinez  Interview), Ex 7 (Galeana Interview), Ex 8 (Menendez Interview), Ex 9 (Mullins Interview), Ex 10 (James Lopez Interview), Ex 12 (Heitman Interview), Ex 14 (Panov Interview), and Ex 15 (Delgado Interview)?

Regards,

Lena P. Andrews

*Attorney*



**Burris, Nisenbaum, Curry and Lacy LLP**

9701 Wilshire Blvd., Suite 1000

Beverly Hills, CA 90212
Telephone:  (310) 601-7070
Facsimile:  (510) 839-3882
Website: www.johnburrislaw.com

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at (310) 601-7070, and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

On Wed, Jul 17, 2024 at 2:55 PM Lena Andrews <lena.andrews@bncllaw.com> wrote:

Thank you. I have the audio of the interviews, it is just the full copies of the transcripts that I am unable to locate.

Regards,

Lena P. Andrews

*Attorney*



**Burris, Nisenbaum, Curry and Lacy LLP**

9701 Wilshire Blvd., Suite 1000

Beverly Hills, CA 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
Website: www.johnburrislaw.com

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at (310) 601-7070, and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

On Wed, Jul 17, 2024 at 2:52 PM McLaughlin, Abigail <Abigail.McLaughlin@lewisbrisbois.com> wrote:

I'll look into the transcript issue for you.  On the interview audio, your office should be receiving a USB with a Notice of Lodging via FedEx today or tomorrow.  The password to access is:

G1veM3@ccE55



**Abigail J. R. McLaughlin** (She/Her)
**Partner**
**Abigail.McLaughlin@lewisbrisbois.com**

**T: 213.358.6001 F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Lena Andrews <lena.andrews@bncllaw.com>
**Sent:** Wednesday, July 17, 2024 2:47 PM
**To:** McLaughlin, Abigail <Abigail.McLaughlin@lewisbrisbois.com>
**Subject:** Re: Lopez - Word Copy of 129-1

EXTERNAL

Thank you.

Could you also forward complete copies of the interview and video transcripts cited by Defendants in support of the MSJ? I do not see any Bates numbers on them and I have not been able to locate them in the City's previous document productions.

Regards,

Lena P. Andrews

*Attorney*



**Burris, Nisenbaum, Curry and Lacy LLP**

9701 Wilshire Blvd., Suite 1000

Beverly Hills, CA 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
Website: [www.johnburrislaw.com](www.johnburrislaw.com)

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at (310) 601-7070, and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

On Wed, Jul 17, 2024 at 2:11 PM McLaughlin, Abigail <[Abigail.McLaughlin@lewisbrisbois.com](mailto:Abigail.McLaughlin@lewisbrisbois.com)> wrote:

Here you go!


Best,


Abigail



**Abigail J. R. McLaughlin** (She/Her)
**Partner**
[Abigail.McLaughlin@lewisbrisbois.com](mailto:Abigail.McLaughlin@lewisbrisbois.com)

**T: 213.358.6001 F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

**Mansfield Rule**
Certified 2022-2023 Powered by DIVERSITYLAB

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Lena Andrews <lena.andrews@bncllaw.com>
**Sent:** Wednesday, July 17, 2024 2:10 PM
**To:** McLaughlin, Abigail <Abigail.McLaughlin@lewisbrisbois.com>
**Subject:** Lopez - Word Copy of 129-1

EXTERNAL

Hi Abigail:

Could you please forward a word version of Defendants' Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgement, Dkt. 129-1?

Thank you.

Regards,

Lena P. Andrews

*Attorney*

9



**Burris, Nisenbaum, Curry and Lacy LLP**

9701 Wilshire Blvd., Suite 1000

Beverly Hills, CA 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
Website: www.johnburrislaw.com

**Facsimile or Email Confidentiality Notice**

The information transmitted by this email/facsimile communication, including any additional pages or attachments, is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, disclosure, dissemination, or other use and/or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at (310) 601-7070, and delete the communication from any computer or network system or dispose of the documents as directed. Thank you.

"CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any access, use, disclosure or distribution of this email message by anyone other than the intended recipient(s) is unauthorized and prohibited. If you are not an intended recipient (or an agent acting on an intended recipient's behalf), please contact the sender by reply e-mail and immediately destroy all copies of the original message. Virus scanning is recommended on all email attachments."

"CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any access, use, disclosure or distribution of this email message by anyone other than the intended recipient(s) is unauthorized and prohibited. If you are not an intended recipient (or an agent acting on an intended recipient's behalf), please contact the sender by reply e-mail and immediately destroy all copies of the original message. Virus scanning is recommended on all email attachments."

"CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any access, use, disclosure or distribution of this email message by anyone other than the intended recipient(s) is unauthorized and prohibited. If you are not an intended recipient (or an agent acting on an intended recipient's behalf), please contact the sender by reply e-mail and immediately destroy all copies of the original message. Virus scanning is recommended on all email attachments."

"CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any access, use, disclosure or distribution of this email message by anyone other than the

intended recipient(s) is unauthorized and prohibited. If you are not an intended recipient (or an agent acting on an intended recipient's behalf), please contact the sender by reply e-mail and immediately destroy all copies of the original message. Virus scanning is recommended on all email attachments."

# EXHIBIT F



Tony M. Sain
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Tony.Sain@lewisbrisbois.com
Direct: 213.358.6041

July 18, 2024                                                    File No. 37563.06

**VIA E-MAIL**

Lena P. Andrews
BURRIS, NISENBAUM, CURRY AND
LACY LLP
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
E-Mail: lena.anderws@bncllaw.com

> Re:   **LOPEZ, Johanna, et al. v. City of ANAHEIM, et al.**
> Case No. 8:22-cv-1351-JVS-ADS

Dear Ms. Andrews:

This correspondence is to address your July 18, 2024 e-mail where you requested a meet and confer regarding a motion to strike certain exhibits used in support of Defendants' Motion for Summary Judgment ("MSJ") on the grounds that the exhibits were never produced during discovery and thus are inadmissible under Rule 37(c). I am available for a meet and confer regarding this matter tomorrow (July 18, 2024) prior to 11:00 a.m. If you are not available then, you will need to coordinate with my colleague, Tori Bakken, regarding a meet and confer on Monday, July 22, 2024, as I am out of the office thereafter for several days.

In order to ensure that this meet and confer is as productive as possible, however, Defendants lay out their grounds for why the exhibits are admissible and not subject to striking as follows:

**Discovery Sanctions Are Inappropriate For Records That Have Been Produced**. First and foremost, the sanction you propose is not appropriate where, as here, the records at issue have been produced.

*Disclosure Duty Recap*. As relevant to Plaintiffs' allegations, Fed. R. Civ. P. 37(c) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure are substantially justified or is harmless." Under Fed. R. Civ. P. 26(a),

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

142959231.1

Plaintiffs' Counsel
*Lopez v. City of Anaheim*
July 18, 2024
Page 2

parties are required to make initial disclosures, which include "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]"  Per Fed. R. Civ. P. 26(e), a party must supplement these initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and the additional or corrective information has not otherwise been made known to the other parties during the discovery response or in writing[.]"

        *The Audio Recordings At Issue Were Timely Disclosed*.  As stated in your July 18, 2024 e-mail, the audio interviews used in support of Defendants' MSJ were identified in Defendant City of Anaheim's Initial Disclosures, which were timely served by Defendant City of Anaheim's *prior* law firm on October 10, 2022.  Specifically, these Initial Disclosures provided a description of identified documents relevant to this matter, including, but not limited to (1) Interview of APD Inv. Ricky Reynoso; (2) Interview of APD Officer Brandon Mullins; (3) Interview of SAPD Officer Kenny Aguilar; (4) Interview of APD Officer Nelson Menendez; (5) Interview of APD Officer James Lopez; (6) Interview of SAPD Corporal Luis Galeana; (7) Interview of SAPD Officer Sergio Martinez; (8) Interview of Officer Panov by Special Agents Estrada and Cryar; (9) Interview of Officer Weber by Special Agents Estrada and Carlos; (10) Interview of Officer Delegado by Special Agents Cryar and Carlos; and (11) Interview of Officer Heitmann by Special Agents Black and Estrada.

        Of note, per Fed. R. Civ. P. 26(a), the description of these documents was enough to satisfy Defendant City of Anaheim's duties regarding initial disclosures.  Significantly, barring some Rule 29 agreement to the contrary, the Rule 26 disclosure duty does not require unilateral *production* of the disclosed items.  Rather, barring such agreement, the duty to produce arises only where a party has served a valid request for production ("RFP").  *Compare* Fed. R. Civ. P. 26(a) *with* Fed. R. Civ. P. 34.  Here, current City counsel are unaware of any agreement that would transform the City's Rule 26(a) disclosure duty into a production duty, absent a valid/timely RFP by plaintiffs.

        *Plaintiffs Failed To Seek Timely Relief For Production Failures Relative To Their RFP*.  Furthermore, as to Plaintiff Antonio Lopez's Requests for Production, Set One (wherein Request No. 7 arguably embraced/required production of the audio recordings now at issue), if Plaintiffs had an issue with Defendants' responses to these Requests, a Motion to Compel ("MTC") should have been brought within the appropriate deadlines.  Here, the sum of the Court's orders required plaintiffs to meet-and-confer pursuant to L.R. 37-1 and then to file plaintiffs' MTC no later than July 15, 2024.  However, we see no record of any MTC being so timely filed.

        Indeed, we have no record that there was any correspondence from Plaintiffs about any issue with Defendants' responses to the RFP, even though Plaintiffs were on notice of the audio interview from Defendant City of Anaheim's initial disclosures.  Plaintiffs have thus waived their right to Rule 37 discovery related sanctions, particularly as to timeliness.  Thus, Plaintiffs cannot now use the post-

Plaintiffs' Counsel
*Lopez v. City of Anaheim*
July 18, 2024
Page 3

discovery-closure production of the recordings at issue as a basis to strike such recordings as exhibits to defendants' motion for summary judgment ("MSJ").

<u>*Current Defense Counsel Was Unaware That The Recordings Had Not Been Produced Prior To The MSJ Service*</u>.  However, even if the documents' description in the defense disclosures was not enough to satisfy defendants' discovery obligations here, current counsel for Defendant City of Anaheim was unaware that former counsel never produced these documents to Plaintiffs; as the initial disclosures specifically stated that such would be produced once a Protective Order was entered by the Court, which occurred on December 8, 2022.  Thus, as there is no record in the file of any associated disputed, current defense counsel reasonably believed that such production had timely occurred on or after that Order entry date.

However, to our surprise, on July 18, 2024, Plaintiffs' counsel's correspondence was the first time that we were notified that such recording production did not occur prior to the time when Defendants produced this interview audio with their MSJ on July 15, 2024.  Thus, Defendants did not become aware that their prior discovery responses were incomplete until July 18, 2024.

<u>*Plaintiffs Have No Grounds For Rule 37 or Rule 56 Relief Here*</u>.  While, unbeknownst to current defense counsel, plaintiffs did not receive production of the recordings at issue until July 15, 2024 – the service date of the defendants' MSJ – Rule 37 does not require evidentiary sanctions, such as the one plaintiffs implicitly suggest, for untimely production of responsive records.  *See* Fed. R. Civ. P. 37;*Van Steenwyk v. Van Steenwyk*, 2022 U.S. Dist. LEXIS 17781, at *10-11 (C.D. Cal. July 11, 2022).  Rather, Rule 37 evidentiary sanctions are implicated by non-production, not late production.  *See id*.

Similarly, Rule 56(d) additional discovery is not available where, as here, the recordings at issue were produced before plaintiffs' opposition was due.  *See* Fed. R. Civ. P. 56(d)(2); *see Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004).  The issue plaintiffs raise here is that they did not have the discovery earlier, not that they need more time to get the discovery now.  Moreover, in compliance with Fed. R. Civ. P. 26(e), we have also produced transcripts of the recordings at issue: to further facilitate the utility of the recordings produced.

Plaintiffs have failed to cite, and we are unaware of any other, a lawful basis for striking any exhibits to MSJ simply because they were produced with the MSJ, but were not produced in discovery where, as here, plaintiffs never timely challenged the alleged non-production by MTC and Defendants complied with their initial disclosure duties.

Accordingly, there are no grounds for striking the MSJ exhibits here, and thusly defendants will <u>not</u> stipulate to such.

Plaintiffs' Counsel
*Lopez v. City of Anaheim*
July 18, 2024
Page 4


    *Plaintiffs Cannot Identify Any Prejudice Resulting From The Allegedly Untimely Production*. Moreover, even if Defendants were not in compliance with Fed. R. Civ. P. 26(a) or (e) (which they are), the failure to provide copies of these audio interviews was substantially justified <u>and</u> harmless. First, as noted above, we were not on notice that copies of these audio interviews had not been provided to Plaintiffs, despite being identified in Defendant City of Anaheim's initial disclosures, until July 18, 2024, when you notified us of the same.  Upon on such notification, copies of these audio interviews had *already* been provided and we are now providing copies of the transcripts on the same day of the notification.  Second, because these audio interviews were provided with Defendants' MSJ, Plaintiffs were placed on more enough notice to successfully oppose the MSJ by the filing deadline of July 29, 2024; and there is thus no prejudice to Plaintiffs in regards to other proceedings as well, as the Parties are currently discussing a continuance of the trial date in this matter.

    In sum, while Defendants apologize for any inadvertent error in reasonably believing that Plaintiffs were provided with all of the documents listed in Defendant City of Anaheim's initial disclosures and although we were not put on notice that such production did not occur until today, July 18, 2024, this error has now been remedied and there is no prejudice to Plaintiffs or applicable rule or law that requires that subject exhibits be stricken and no longer used in support of Defendants' MSJ.  Thus, Defendants are unwilling to file a Notice of Errata or agree to any striking.


        Respectfully,

        *Abigail McLaughlin*
        Tony M. Sain
        Tori L.N. Bakken
        Abigail J.R. McLaughlin
        LEWIS BRISBOIS BISGAARD & SMITH LLP


Encl.: Audio Interview Transcripts via box.com link and password